**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GOLDEN HORN ASSET AND MANAGEMENT LTD, Individually and On Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br>    v.<br><br>D-MARKET ELEKTRONIK HIZMETLER VE TICARET ANONIM ŞIRKETI a/k/a D-MARKET ELECTRONIC SERVICES & TRADING d/b/a/ HEPSIBURADA, MEHMET MURAT EMIRDAĞ, HALIL KORHAN ÖZ, HANZADE VASFIYE DOGAN BOYNER, ERMAN KALKANDELEN, MEHMET EROL ÇAMUR, CEMAL AHMET BOZER, VUSLAT DOĞAN SABANCI, MUSTAFA AYDEMIR, TOLGA BABALI, MORGAN STANLEY & CO. LLC, J.P. MORGAN SECURITIES LLC, GOLDMAN, SACHS & CO. LLC, BOFA SECURITIES, INC. and UBS SECURITIES LLC,<br><br>      Defendants. | Case No.<br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Golden Horn Asset and Management Ltd ("Plaintiff"), individually and on behalf of all others similarly situated, by and through its attorneys, alleges the following upon information and belief, except as to those allegations concerning Plaintiff, which are alleged upon personal knowledge. Plaintiff's information and belief is based upon, among other things, its counsel's investigation, which includes without limitation: (a) review and analysis of regulatory filings made by D-MARKET Elektronik Hizmetler ve Ticaret Anonim Şirketi a/k/a D-MARKET Electronic Services & Trading d/b/a/ Hepsiburada ("Hepsiburada" or the "Company") with the United States ("U.S.") Securities and Exchange Commission ("SEC"); (b) review and analysis of press releases and media reports issued by and disseminated by Hepsiburada; and (c) review of other publicly available information concerning Hepsiburada.

## NATURE OF THE ACTION AND OVERVIEW

1. This is a class action on behalf of persons and entities that purchased or otherwise acquired Hepsiburada American Depositary Receipts ("ADRs") pursuant and/or traceable to the registration statement and prospectus (collectively, the "Registration Statement") issued in connection with the Company's July 2021 initial public offering ("IPO" or the "Offering"). Plaintiff pursues claims against the Defendants under the Securities Act of 1933 (the "Securities Act").

2. Hepsiburada operates an ecommerce platform in Turkey, where it is known as the "Amazon of Turkey."

3. On July 1, 2021, the Company filed its prospectus on Form 424B4 with the SEC, which forms part of the Registration Statement. In the IPO, the Company sold approximately 62,251,000 ADRs at a price of $12.00 per ADR. Each ADR represents one Class B ordinary share. The Company received proceeds of approximately $783 million from the Offering. The

proceeds from the IPO were purportedly to be used for general corporate purposes, including working capital, operating expenses, and capital expenditures.

4. On August 26, 2021, Hepsiburada announced its second quarter 2021 financial results—the quarter which had ended before the IPO closed—reporting that revenue grew 5.2%, reflecting "the shift in GMV mix in favor of Marketplace." The Company also reported that EBITDA was "negative TRY 188.6 million in Q2 2021 compared to positive TRY 71.1 million in Q2 2020 . . . due to lower gross contribution driven primarily by investments to fortify our position in electronics, investments to penetrate in high frequency categories as well as higher customer demand for low margin products."[1]

5. On this news, the Company's ADR price fell $3.05, or 25%, to close at $8.97 per ADR on August 26, 2021, on unusually heavy trading volume.

6. By the commencement of this action, the Company's ADRs were trading as low as $5.30 per ADR, a nearly 56% decline from the $12 per ADR IPO price.

7. The Registration Statement was materially false and misleading and omitted to state: (1) that Hepsiburada suffered a sharp deceleration in operational and sales growth during second quarter 2021; (2) that, as a result, the Company initiated certain actions to fortify its competitive position, including investing in electronics and high frequency categories and discounting certain categories; (3) that, as a result of the foregoing, Hepsiburada's revenue and GMV had declined during second quarter 2021; and (4) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects, were materially misleading and/or lacked a reasonable basis.

---

[1] TRY is the abbreviation for the Turkish lira.

2

8. As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## JURISDICTION AND VENUE

9. The claims asserted herein arise under and pursuant to Sections 11 and 15 of the Securities Act (15 U.S.C. §§ 77k and 77o).

10. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and Section 22 of the Securities Act (15 U.S.C. § 77v).

11. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b).

12. In connection with the acts, transactions, and conduct alleged herein, Defendants directly and indirectly used the means and instrumentalities of interstate commerce, including the United States mail, interstate telephone communications, and the facilities of a national securities exchange.

## PARTIES

13. Plaintiff Golden Horn Asset and Management Ltd, as set forth in the accompanying certification, incorporated by reference herein, purchased Hepsiburada ADRs pursuant or traceable to the Registration Statement issued in connection with the Company's IPO, and suffered damages as a result of the federal securities law violations and false and/or misleading statements and/or material omissions alleged herein.

14. Defendant Hepsiburada is incorporated under the laws of Turkey with its principal executive offices located in Istanbul, Turkey. Hepsiburada's ADRs trade on the NASDAQ exchange under the symbol "HEPS."

15. Defendant Mehmet Murat Emirdağ ("Emirdağ") was, at all relevant times, the Chief Executive Officer ("CEO") and a director of the Company, and signed or authorized the signing of the Company's Registration Statement filed with the SEC.

16. Defendant Halil Korhan Öz ("Öz") was, at all relevant times, the Chief Financial Officer ("CFO") and a director of the Company, and signed or authorized the signing of the Company's Registration Statement filed with the SEC.

17. Defendant Hanzade Vasfiye Doğan Boyner ("Boyner") was, at all relevant times, Chairwoman of the Company and signed or authorized the signing of the Company's Registration Statement filed with the SEC.

18. Defendant Erman Kalkandelen ("Kalkandelen") was, at all relevant times, Deputy Chair of the Company and signed or authorized the signing of the Company's Registration Statement filed with the SEC.

19. Defendant Mehmet Erol Çamur ("Çamur") was, at all relevant times, a director of the Company and signed or authorized the signing of the Company's Registration Statement filed with the SEC.

20. Defendant Cemal Ahmet Bozer ("Bozer") was, at all relevant times, a director of the Company and signed or authorized the signing of the Company's Registration Statement filed with the SEC.

21. Defendant Vuslat Doğan Sabanci ("Sabanci") was, at all relevant times, a director of the Company and signed or authorized the signing of the Company's Registration Statement filed with the SEC.

22.     Defendant Mustafa Aydemir ("Aydemir") was, at all relevant times, a director of the Company and signed or authorized the signing of the Company's Registration Statement filed with the SEC.

23.     Defendant Tolga Babali ("Babali") was, at all relevant times, a director of the Company and signed or authorized the signing of the Company's Registration Statement filed with the SEC.

24.     Defendants Emirdağ, Öz, Boyner, Kalkandelen, Çamur, Bozer, Sabanci, Aydemir, and Babali are collectively referred to hereinafter as the "Individual Defendants."

25.     Defendant Morgan Stanley & Co. LLC ("Morgan Stanley") served as an underwriter for the Company's IPO. In the IPO, Morgan Stanley agreed to purchase 23,263,400 Hepsiburada ADRs, exclusive of the over-allotment option.

26.     Defendant J.P. Morgan Securities LLC ("J.P. Morgan") served as an underwriter for the Company's IPO. In the IPO, J.P. Morgan agreed to purchase 19,859,000 Hepsiburada ADRs, exclusive of the over-allotment option.

27.     Defendant Goldman Sachs & Co. LLC ("Goldman Sachs") served as an underwriter for the Company's IPO. In the IPO, Goldman Sachs agreed to purchase 9,078,400 Hepsiburada ADRs, exclusive of the over-allotment option.

28.     Defendant BofA Securities, Inc. ("BofA") served as an underwriter for the Company's IPO. In the IPO, BofA agreed to purchase 2,269,600 Hepsiburada ADRs, exclusive of the over-allotment option.

29.     Defendant UBS Securities LLC ("UBS") served as an underwriter for the Company's IPO. In the IPO, UBS agreed to purchase 2,269,600 Hepsiburada ADRs, exclusive of the over-allotment option.

30. Defendants Morgan Stanley, J.P. Morgan, Goldman Sachs, BofA, and UBS are collectively referred to hereinafter as the "Underwriter Defendants."

## CLASS ACTION ALLEGATIONS

31. Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a class, consisting of all persons and entities that purchased or otherwise acquired Hepsiburada ADRs issued in connection with the Company's IPO. Excluded from the Class are Defendants, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendants have or had a controlling interest.

32. The members of the Class are so numerous that joinder of all members is impracticable. Hepsiburada sold approximately 62,250,000 ADRs in the IPO. While the exact number of Class members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff believes that there are at least hundreds or thousands of members in the proposed Class. Record owners and other members of the Class may be identified from records maintained by Hepsiburada or its transfer agent and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

33. Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendants' wrongful conduct in violation of federal law that is complained of herein.

34. Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation.

35. Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

(a) whether the federal securities laws were violated by Defendants' acts as alleged herein;

(b) whether the Registration Statement and statements made by Defendants to the investing public omitted and/or misrepresented material facts about the business, operations, and prospects of Hepsiburada; and

(c) to what extent the members of the Class have sustained damages and the proper measure of damages.

36. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation makes it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

## SUBSTANTIVE ALLEGATIONS

### Background

37. Hepsiburada operates an ecommerce platform in Turkey, where it is known as the "Amazon of Turkey."

### The Company's False and/or Misleading

### Registration Statement and Prospectus

38. On May 28, 2021, the Company filed its Registration Statement on Form F-1 with the SEC, which forms part of the Registration Statement.

39. On June 23, 2021, the Company filed its final amendment to the Registration Statement with the SEC on Form F-1/A, which forms part of the Registration Statement. The Registration Statement was declared effective on June 30, 2021.

40. On July 1, 2021, the Company filed its prospectus on Form 424B4 with the SEC, which forms part of the Registration Statement. In the IPO, the Company sold approximately 62,251,000 ADRs at a price of $12.00 per ADR. Each ADR represents one Class B ordinary share. The Company received proceeds of approximately $783 million from the Offering. The proceeds from the IPO were purportedly to be used for general corporate purposes, including working capital, operating expenses, and capital expenditures.

41. The Registration Statement was negligently prepared and, as a result, contained untrue statements of material facts or omitted to state other facts necessary to make the statements made not misleading, and was not prepared in accordance with the rules and regulations governing its preparation.

42. Under applicable SEC rules and regulations, the Registration Statement was required to disclose known trends, events or uncertainties that were having, and were reasonably likely to have, an impact on the Company's continuing operations.

43. The Registration Statement touted the Company's purported growth attributable to "meticulous execution." It also touted the increase in gross merchandise value ("GMV"), which "refers to the total value of orders/products sold through [the] platform over a given period of time," including shipping fees but excluding other service revenues and transaction fees. Specifically, the Registration Statement stated:

> Our business has experienced *a long history of strong growth as a result of our commitment to meticulous execution*. Our revenues increased by 66% to TRY 1.4 billion in the three months ended March 31, 2021 from TRY 0.8 billion in the three months ended March 31, 2020 and by 145% to TRY 6.4 billion in 2020

from TRY 2.6 billion in 2019, and by 33% from TRY 2.0 billion in 2018, ***and our total GMV increased by 95% to TRY 4.5 billion in the three months ended March 31, 2021*** from TRY 2.3 billion in the three months ended March 31, 2020, and by 111% to TRY 17.0 billion in 2020 from TRY 8.0 billion in 2019, which was an increase of 56% from TRY 5.1 billion in 2018, ***fueled by increasing purchase frequency, greater customer loyalty and an expanding pool of Active Customers of 9 million in 2020***, up from 6.5 million in 2019 and 4.8 million in 2018, with a compound annual growth rate ("CAGR") of 38% from 2018 to 2020. We had Free Cash Flow of TRY (158.8) million and TRY 60.5 million in the three months ended March 31, 2021 and 2020 respectively, TRY 341.4 million, TRY 310.4 million and TRY 119.0 million in 2020, 2019 and 2018 respectively.

44. The Registration Statement further stated that the Company's "growth has been fueled by several factors, including an increased frequency of orders to 3.9 in 2020 . . . and an expanding Active Customer base of 9 million in 2020, up from 6.5 million in 2019 and 4.8 million in 2018." Hepsiburada claimed that "[a]s we continue to scale up Hepsiburada, we believe that these trends will continue to positively impact our business, with further Active Customer base growth, strong cohort performance and increasing operational efficiency driving improvement in unit economics and profitability."

45. The Registration Statement purported to warn of certain risks impacting the Company. For example, it stated that Hepsiburada "operate[s] in a highly competitive market, and in the future we *may* not be able to compete effectively." As a result, the Company, among other things, "*may* be required to increase [its] spending or maintain lower prices, which could materially and adversely affect [its] business, prospects, financial condition and results of operations."

46. The Registration Statement was materially false and misleading and omitted to state: (1) that Hepsiburada suffered a sharp deceleration in operational and sales growth during second quarter 2021; (2) that, as a result, the Company initiated certain actions to fortify its competitive position, including investing in electronics and high frequency categories and discounting certain categories; (3) that, as a result of the foregoing, Hepsiburada's revenue and

9

GMV had declined during second quarter 2021; and (4) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects, were materially misleading and/or lacked a reasonable basis.

### The Subsequent Disclosures

47.     On August 26, 2021, Hepsiburada announced its second quarter 2021 financial results—the quarter which had ended before the IPO closed—reporting that revenue grew 5.2%, reflecting "the shift in GMV mix in favor of Marketplace." The Company also reported that EBITDA was "negative TRY 188.6 million in Q2 2021 compared to positive TRY 71.1 million in Q2 2020 . . . due to lower gross contribution driven primarily by investments to fortify our position in electronics, investments to penetrate in high frequency categories as well as higher customer demand for low margin products."

48.     During a related conference call, Defendant Oz also revealed that the decline in gross contribution margin was also driven by "discounts given to our customers to . . . widen our selection with expanding merchant base and competitive prices in the markets by our strategic margin investments as well as discounts given to our customers for temporary marketing campaigns."

49.     On this news, the Company's ADR price fell $3.05, or 25%, to close at $8.97 per ADR on August 26, 2021, on unusually heavy trading volume.

50.     By the commencement of this action, the Company's ADRs were trading as low as $5.30 per ADR, a nearly 56% decline from the $12 per ADR IPO price.

## FIRST CLAIM

### Violation of Section 11 of the Securities Act

### (Against All Defendants)

51. Plaintiff repeats and re-alleges each and every allegation contained above as if fully set forth herein.

52. This Count is brought pursuant to Section 11 of the Securities Act, 15 U.S.C. § 77k, on behalf of the Class, against the Defendants.

53. The Registration Statement for the IPO was inaccurate and misleading, contained untrue statements of material facts, omitted to state other facts necessary to make the statements made not misleading, and omitted to state material facts required to be stated therein.

54. Hepsiburada is the registrant for the IPO. The Defendants named herein were responsible for the contents and dissemination of the Registration Statement.

55. As issuer of the ADRs, Hepsiburada is strictly liable to Plaintiff and the Class for the misstatements and omissions.

56. None of the Defendants named herein made a reasonable investigation or possessed reasonable grounds for the belief that the statements contained in the Registration Statement was true and without omissions of any material facts and were not misleading.

57. By reasons of the conduct herein alleged, each Defendant violated, and/or controlled a person who violated Section 11 of the Securities Act.

58. Plaintiff acquired Hepsiburada ADRs pursuant and/or traceable to the Registration Statement for the IPO.

59. Plaintiff and the Class have sustained damages. The value of Hepsiburada ADRs has declined substantially subsequent to and due to the Defendants' violations.

## SECOND CLAIM

### Violation of Section 15 of the Securities Act

### (Against the Individual Defendants)

60. Plaintiff repeats and re-alleges each and every allegation contained above as if fully set forth herein.

61. This count is asserted against the Individual Defendants and is based upon Section 15 of the Securities Act.

62. The Individual Defendants, by virtue of their offices, directorship, and specific acts were, at the time of the wrongs alleged herein and as set forth herein, controlling persons of Hepsiburada within the meaning of Section 15 of the Securities Act.  The Individual Defendants had the power and influence and exercised the same to cause Hepsiburada to engage in the acts described herein.

63. The Individual Defendants' positions made them privy to and provided them with actual knowledge of the material facts concealed from Plaintiff and the Class.

64. By virtue of the conduct alleged herein, the Individual Defendants are liable for the aforesaid wrongful conduct and are liable to Plaintiff and the Class for damages suffered.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

(a) Determining that this action is a proper class action under Rule 23 of the Federal Rules of Civil Procedure;

(b) Awarding compensatory damages in favor of Plaintiff and the other Class members against all defendants, jointly and severally, for all damages sustained as a result of Defendants' wrongdoing, in an amount to be proven at trial, including interest thereon;

(c) Awarding Plaintiff and the Class their reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

(d) Such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

Dated: October 21, 2021

By: */s/ Gregory B. Linkh*
**GLANCY PRONGAY & MURRAY LLP**
Gregory B. Linkh (GL-0477)
230 Park Ave., Suite 358
New York, NY 10169
Telephone: (212) 682-5340
Facsimile: (212) 884-0988
glinkh@glancylaw.com

and

Robert V. Prongay
Charles H. Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

**THE LAW OFFICES OF FRANK R. CRUZ**
Frank R. Cruz
1999 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067
Telephone: (310) 914-5007

*Attorneys for Plaintiff Golden Horn Asset and Management Ltd*

## SWORN CERTIFICATION OF PLAINTIFF

## D-MARKET ELECTRONIC SERVICES & TRADING D/B/A HEPSIBURADA SECURITIES LITIGATION

I, Ahmet Caliskan, as Manager of the Golden Horn Asset and Management Ltd (the "LTD") certify that:

1. I have reviewed the Complaint, adopt its allegations, and authorize the filing of a Lead Plaintiff motion on my behalf.

2. I am duly authorized to institute legal action on the LTD's behalf against D-MARKET Electronic Services & Trading D/B/A/ Hepsiburada and other defendants.

3. I did not purchase the D-MARKET Electronic Services & Trading D/B/A/ Hepsiburada securities that are the subject of this action at the direction of plaintiff's counsel or in order to participate in any private action arising under this title.

4. I am willing to serve as a representative party on behalf of a class and will testify at deposition and trial, if necessary.

5. My transactions in D-MARKET Electronic Services & Trading D/B/A/ Hepsiburada securities during the Class Period set forth in the Complaint are as follows:

    (See attached transactions)

6. I have not sought to serve, nor served, as a representative party on behalf of a class under this title during the last three years, except for the following:

7. I will not accept any payment for serving as a representative party, except to receive my pro rata share of any recovery or as ordered or approved by the court, including the award to a representative plaintiff of reasonable costs and expenses (including lost wages) directly relating to the representation of the class.

I declare under penalty of perjury that the foregoing are true and correct statements.

9/3/2021                                                              *Ahmet Caliskan*
_____                          _____
Date                                                                  Ahmet Caliskan

**Ahmet Caliskan's Transactions in D-MARKET Electronic Services & Trading D/B/A Hepsiburada (HEPS)**

| Date | Transaction Type | Quantity | Unit Price |
|---|---|---|---|
| 8/25/2021 | Bought | 2,000 | $12.1300 |