**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IWA-FOREST INDUSTRY PENSION PLAN, Individually and on Behalf of All Others Similarly Situated,<br><br>           Plaintiff,<br><br>        v.<br><br>D-MARKET ELEKTRONIK HIZMETLER VE TICARET ANONIM ŞIRKETI a/k/a D-MARKET ELECTRONIC SERVICES & TRADING d/b/a HEPSIBURADA, MEHMET MURAT EMIRDAĞ, HALIL KORHAN ÖZ, HANZADE VASFIYE DOGAN BOYNER, ERMAN KALKANDELEN, MEHMET EROL ÇAMUR, CEMAL AHMET BOZER, VUSLAT DOĞAN SABANCI, MUSTAFA AYDEMIR, TOLGA BABALI, COLLEEN A. DE VRIES, COGENCY GLOBAL INC., MORGAN STANLEY & CO. LLC, J.P. MORGAN SECURITIES LLC, GOLDMAN, SACHS & CO. LLC, BOFA SECURITIES, INC., UBS SECURITIES LLC, and TURKCOMMERCE B.V.,<br><br>           Defendants. | Case No. 1:21-cv-08634-PKC<br><br>**ORAL ARGUMENT REQUESTED** |

**NOTICE OF JOINDER IN HEPSIBURADA'S AND THE UNDERWRITER DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT OR ALTERNATIVELY TO STAY THE ACTION**[1]

Defendant TurkCommerce B.V. ("TurkCommerce"), by and through its undersigned counsel, respectfully submits this Notice of Joinder in the Motion to Dismiss the Amended Complaint or Alternatively to Stay the Action submitted by Defendant Hepsiburada and the

---

[1] Unless otherwise indicated, capitalized terms and abbreviations have the same meanings as in the Memorandum of Law accompanying Hepsiburada's and the Underwriter Defendants' Motion (ECF 48), internal citations and quotations are omitted, and emphasis is added.

Underwriter Defendants (ECF No. 47).[2]   For the reasons in the Memorandum of Law accompanying Hepsiburada's and the Underwriter Defendants' Motion (ECF No. 48), as well as the Reply Memorandum of Law in further support of the Motion (ECF No. 53), TurkCommerce respectfully requests that the Court dismiss all claims against TurkCommerce with prejudice or, alternatively, stay the action.

In addition, the Section 12(a)(2) claim against TurkCommerce fails for the independent reason that Plaintiff's allegations do not establish that TurkCommerce was a "statutory seller." *In re Morgan Stanley Info. Fund Sec. Litig.*, 592 F.3d 347, 359 (2d Cir. 2010) ("[T]he list of potential defendants in a section 12(a)(2) case is governed by a judicial interpretation of . . . the 'statutory seller' requirement."). To do so, Plaintiff must plead that TurkCommerce either "passed title . . . in the security" or "successfully solicit[ed] the purchase." *Id.* (quoting *Pinter v. Dahl*, 486 U.S. 622, 642, 647 (1988)) (alteration in original). Plaintiff does neither.

*First*, Plaintiff does not and cannot allege that TurkCommerce "pass[ed] title" in its Hepsiburada ADS to any member of the putative class in this case. Hepsiburada's IPO was underwritten by "firm commitment," meaning the underwriters agreed to purchase all ADS that were offered. RS at 185. Non-issuers (like TurkCommerce) do not "pass title" to ultimate investor-purchasers when the non-issuers sell in firm commitment offerings because such purchasers do not receive securities "directly" from them. *In re Prestige Brands Holdings, Inc.*, 2006 WL 2147719, at *10 (S.D.N.Y. Jul. 20, 2006) (dismissing Section 12(a)(2) claim against selling shareholder in sale made pursuant to firm commitment underwriting); *In re Deutsche Telekom AG Sec. Litig.*, 2002 WL 244597, at *4 (S.D.N.Y. Feb. 20, 2002) (same); *Int'l Union of*

---

[2] TurkCommerce respectfully requests that the pre-motion letter requirement set forth in Rule 3.A of the Court's Individual Practices be waived in the interests of efficiency and judicial economy.

2

*Operating Engr. Benefit Funds of E. Pa. and Del. v. Camping World Holdings, Inc.*, 2020 NY Slip Op. 31560(U), at *7 (N.Y. Sup. Ct. Apr. 22, 2020) (same); *see Citiline Holdings, Inc. v. iStar Financial Inc.*, 701 F. Supp. 2d 506, 512 (S.D.N.Y. 2010); *see also Pinter*, 486 U.S. at 644 n.21 ("[A] buyer cannot recover against his seller's seller.").

*Second*, Plaintiff makes no effort whatsoever to allege that TurkCommerce "solicited" its purchase. That would require non-conclusory allegations demonstrating that TurkCommerce went beyond "engag[ing] in activities that were preliminary to the offering" or "assist[ing] in another's solicitation efforts," and instead, "actively or directly marketed" Hepsiburada ADS. *In re Weight Watchers Int'l Inc. Sec. Litig.*, 504 F. Supp. 3d 224, 259-61 (S.D.N.Y. 2020) (dismissing Section 12(a)(2) claim against selling shareholder). But the Complaint is silent on "solicitation." At most, Plaintiff alleges that Defendants Erman Kalkandelen and Mustafa Aydemir (at the time, directors of both Hepsiburada and TurkCommerce) signed the Registration Statement. *See* ¶¶ 36, 51, 112. That fails as a matter of law, however, to render TurkCommerce a statutory seller. Even assuming the actions of Messrs. Kalkandelen and Aydemir in their roles as Hepsiburada directors could be attributed to TurkCommerce (something that Plaintiffs also have not adequately pled, and in any event, that TurkCommerce contests), a selling shareholder that merely signs a Registration Statement has, at most, *assisted* in *another's* solicitation, which does not give rise to Section 12(a)(2) liability. *Weight Watchers*, 504 F. Supp. 3d at 259-61.

The Court should thus dismiss the Section 12(a)(2) claim against TurkCommerce with prejudice for the independent reason that Plaintiff has not alleged that TurkCommerce was a "statutory seller."

3

Dated: June 15, 2022
   New York, New York

Respectfully submitted,

LATHAM & WATKINS LLP

By: /s/ Kevin M. McDonough
  Jamie L. Wine
  Kevin M. McDonough
  1271 Avenue of the Americas
  New York, New York 10020
  (212) 906-1200
  jamie.wine@lw.com
  kevin.mcdonough@lw.com

  *Attorneys for Defendant TurkCommerce B.V.*