**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

IWA-FOREST INDUSTRY PENSION PLAN, Individually and On Behalf of All Others Similarly Situated,

Plaintiff,

v.

D-MARKET ELEKTRONIK HIZMETLER VE TICARET ANONIM ŞIRKETI a/k/a D-MARKET ELECTRONIC SERVICES & TRADING d/b/a/ HEPSIBURADA, MEHMET MURAT EMIRDAĞ, HALIL KORHAN ÖZ, HANZADE VASFIYE DOĞAN BOYNER, ERMAN KALKANDELEN, MEHMET EROL ÇAMUR, CEMAL AHMET BOZER, VUSLAT DOĞAN SABANCI, MUSTAFA AYDEMIR, TOLGA BABALI, COLLEEN A. DE VRIES, COGENCY GLOBAL INC., MORGAN STANLEY & CO. LLC, J.P. MORGAN SECURITIES LLC, GOLDMAN, SACHS & CO. LLC, BOFA SECURITIES, INC., UBS SECURITIES LLC, and TURKCOMMERCE B.V.,

Defendants.

Honorable P. Kevin Castel
Civ. A. No. 1:21-cv-08634-PKC

**CLASS ACTION**

**LEAD PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO TURKCOMMERCE B.V.'S JOINDER TO HEPSIBURADA'S AND THE UNDERWRITERS' MOTION TO DISMISS OR ALTERNATIVELY TO STAY THE ACTION**

Lead Plaintiff, IWA-Forest Industry Pension Plan, respectfully submits this memorandum of law in opposition to TurkCommerce B.V.'s ("TurkCommerce") Joinder in Hepsiburada's and the Underwriter Defendants' Motion to Dismiss the Amended Complaint or Alternatively to Stay the Action (ECF No. 57) to the extent it raises new arguments for dismissal of the Section 12(a)(2) claim against it that were not raised in Hepsiburada's and the Underwriter Defendants' Motion to Dismiss (ECF Nos. 47 and 48) (the "Motion to Dismiss").[1]  With respect to TurkCommerce's joinder in the prior arguments asserted in the Motion to Dismiss, Lead Plaintiff relies on its prior arguments set forth in its Memorandum of Law in Opposition to the Motion to Dismiss (ECF No. 51) and the Declaration of Frederic S. Fox in Support of the Memorandum of Law in Opposition to the Motion to Dismiss dated May 13, 2022 (ECF No. 52).

In summary, TurkCommerce argues that Plaintiff's Section 12(a)(2) claim should be dismissed because Plaintiff has not established that TurkCommerce was a "statutory seller." TurkCommerce is wrong both legally and factually as explained below.

First, *Pinter v. Dahl*, 486 U.S. 622, 650 (1988) is clear that liability under Section 12 extends to those who solicit securities motivated at least in part by their own financial interests, which can include a selling shareholder like TurkCommerce that grossed nearly $238 million in the IPO (¶¶ 12, 51).  Further, the case law establishes that liability under Section 12(a)(2) can exist even in the case of a "firm commitment" offering where the officers or directors of the defendant signed the registration statement as occurred in this case.  *In re Opus360 Corp. Sec. Litig.*, No. 01 Civ. 2938, 2002 WL 31190157, at *10 (S.D.N.Y. Oct. 2, 2002) ("The signing of a registration

---

[1] "¶ _" and "¶¶ _" refer to paragraphs of the Amended Class Action Complaint, dated February 4, 2022 ("Complaint"). ECF No. 37. All capitalized terms and abbreviations that are not otherwise defined herein have the same meaning as set forth in the Amended Complaint except as otherwise indicated. *See* ECF No. 37.

statement is significant for purposes of finding that an issuer is a seller, even in the context of a firm commitment underwriting," citing *Degulis v. LXR Biotechnology, Inc.*, No. 95 Civ. 5204, 1997 WL 20832, at *6 (S.D.N.Y. Jan. 21, 1997)).

Second, Securities Act claims are subject to Rule 8(a)'s ordinary notice pleading requirements unless the allegations sound in fraud. *In re Morgan Stanley Info. Fund Sec. Litig.*, 592 F.3d 347, 358 (2d Cir. 2010). Moreover, neither TurkCommerce nor the other Defendants have argued that the pleadings in this case are subject to Rule 9(b) and therefore, "notice pleading supported by facially plausible factual allegations is all that is required." *Id.* at 358, citing *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949-50 (2009). Thus, the question of whether a defendant is a "seller" under Section 12(a)(2) is a question of fact and there is no heightened pleading burden. *See Degulis V. LXR Biotechnology, Inc.*, 1997 WL 20832, at *6 (S.D.N.Y. Jan. 21, 1997).

Additionally, the Amended Complaint does, in fact, allege specific facts that strongly support TurkCommerce's status as a "seller" under Section 12(a)(2). Specifically, as alleged in the Amended Complaint, TurkCommerce, a large selling shareholder in the Hepsiburada IPO, is "beneficially owned and controlled by Templeton Turkey Fund GP Ltd." and Defendants Erman Kalkandelen ("Kalkandelen") and Mustafa Aydemir ("Aydemir") are members of the boards of directors of both Templeton Turkey and Hepsiburada. ¶¶ 36, 40, 51. Further, the Amended Complaint alleges that Kalkandelen and Aydemir are "***Templeton Turkey's*** representatives on the Company's board of directors" and that both Kalkandelen and Aydemir signed the registration statement, which is significant in terms of TurkCommerce's role in preparing the IPO materials and soliciting investors as discussed in *In re Opus*.[2] *Id.* Moreover, the Amended Complaint notes that

---

[2] In *In re Opus* the selling shareholder did not sign the registration nor was it alleged that the directors of the company were also representatives of the selling shareholders.

TurkCommerce sold 23,581,000 ADSs at $12 per ADS for estimated proceeds of nearly $283 million, which supports their financial motivation under *Pinter*.  Lastly, the Amended Complaint alleges that the Defendants named in the Section 12(a)(2) count "promoted, offered and sold Hepsiburada ADSs to Plaintiff and other members of the Class. . . ."  ¶ 112. In *Capri v Murphy*, 856 F.2d 473, 478 (2d Cir. 1988), the Second Circuit had ". . . no difficulty in concluding that Murphy and GCC, as general partners of GCA, were 'sellers' within the meaning of section 12(2)" where the District Court found that Murphy and GCC "prepared and circulated the prospectus to plaintiffs" which omitted material facts.  Here, based on the facts alleged in the complaint as to TurkCommerce, it can reasonably be inferred that TurkCommerce prepared and circulated the prospectus which two of its directors signed pursuant to which it sold $238 million of stock. These allegations are sufficient notice under the rule 8 pleading standard and plaintiffs should be given the opportunity to further  establish these facts in discovery.

Therefore, based on the totality of allegations in the Amended Complaint and applying the relatively minimal burden for a Rule 8(a) pleading, the Section 12(a)(2) claim is plausible and should not be dismissed.

For  the  foregoing  reasons,  Lead Plaintiff asserts that  this Court should not dismiss the Section 12(a)(2) claim against TurkCommerce.  In the event the Court grants TurkCommerce's motion to dismiss this claim, Plaintiff requests leave to amend and replead this claim. *See In re SSA Bonds Antitrust Litig.*, No. 16 Civ. 3711 (ER), 2018 WL 4118979, at *8 (S.D.N.Y. Aug. 28, 2018) (". . . courts to 'freely give leave [to amend a pleading] when justice so requires.'  Fed. R. Civ. P. 15(a)(2)," and a complaint should not be dismissed "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.").

3

Dated: June 29, 2022

Respectfully submitted,

/s/ Frederic S. Fox

Frederic S. Fox
Donald R. Hall
Jeffrey P. Campisi
Pamela A. Mayer
**KAPLAN FOX & KILSHEIMER LLP**
850 Third Avenue, 14th Floor
New York, NY 10022
Telephone: (212) 687-1980
Facsimile: (212) 687-7714
ffox@kaplanfox.com
dhall@kaplanfox.com
jcampisi@kaplanfox.com
pmayer@kaplanfox.com

*Attorneys for Lead Plaintiff IWA-Forest Industry Pension Plan and the Proposed Class*

## CERTIFICATE OF SERVICE

I, Frederic S. Fox, hereby certify that, on June 29, 2022, I caused the foregoing to be served on all counsel of record by filing the same with the Court using the CM\ECF system which will send electronic notices of the filing to all counsel of record.

/s/ Frederic S. Fox
Frederic S. Fox

4