**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IWA-FOREST INDUSTRY PENSION PLAN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>D-MARKET ELEKTRONIK HIZMETLER VE TICARET ANONIM ŞIRKETI a/k/a D-MARKET ELECTRONIC SERVICES & TRADING d/b/a HEPSIBURADA, MEHMET MURAT EMIRDAĞ, HALIL KORHAN ÖZ, HANZADE VASFIYE DOGAN BOYNER, ERMAN KALKANDELEN, MEHMET EROL ÇAMUR, CEMAL AHMET BOZER, VUSLAT DOĞAN SABANCI, MUSTAFA AYDEMIR, TOLGA BABALI, COLLEEN A. DE VRIES, COGENCY GLOBAL INC., MORGAN STANLEY & CO. LLC, J.P. MORGAN SECURITIES LLC, GOLDMAN, SACHS & CO. LLC, BOFA SECURITIES, INC., UBS SECURITIES LLC, and TURKCOMMERCE B.V.,<br><br>Defendants. | Case No. 1:21-cv-08634-PKC<br><br><u>**ORAL ARGUMENT REQUESTED**</u> |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
TURKCOMMERCE'S NOTICE OF JOINDER IN HEPSIBURADA'S AND THE
UNDERWRITER DEFENDANTS' MOTION TO DISMISS THE AMENDED
<u>COMPLAINT OR ALTERNATIVELY TO STAY THE ACTION</u>**[1]

Plaintiff's Opposition to TurkCommerce's Joinder (ECF No. 58, the "<u>Opposition</u>," cited

as "Opp. \_"), only underscores the deficiencies of Plaintiff's Section 12(a)(2) claim.

---

[1] Unless otherwise indicated, capitalized terms and abbreviations have the same meanings as in the Memorandum of Law accompanying Hepsiburada's and the Underwriter Defendants' Motion (ECF No. 48), internal citations and quotations are omitted, and emphasis is added. Citations to "Ex. \_\_" refer to exhibits attached to the Declaration of Kevin M. McDonough, submitted herewith. The Court may consider any documents incorporated into the Complaint by reference, as well as disclosure documents filed with the SEC. *See, e.g.*, *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007).

The Opposition does not identify a single allegation in the Complaint establishing that TurkCommerce "passed title" to the securities it sold in Hepsiburada's IPO, and there is none. ECF No. 57 ("Joinder") 2-3; *see* Opp. 1-2.[2]  Accordingly, Plaintiff's theory that TurkCommerce is a "statutory seller" under Section 12(a)(2) rests solely on Plaintiff's conclusory solicitation allegations, which fall well short of satisfying the statutory seller requirement.  Joinder 3; *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (cited Opp. 2) ("threadbare recitals of a cause of action's elements, supported by mere conclusory statements" are insufficient under Rule 8); *Opus360*, 2002 WL 31190157, at *11 (dismissing claims that "speak in general terms without reference to any specific acts").

Indeed, the only non-conclusory allegations that purportedly relate to solicitation are that Defendants Kalkandelen and Aydemir signed the Registration Statement.  Opp. 2-3.  But it is clear from the face of that document itself that they did so in their capacity as members of the Hepsiburada board of directors.  *See* Ex. 1, June 23, 2021 Form F-1/A, at II-6; Opp. 2; Joinder 3 (citing *In re Weight Watchers Int'l Inc. Sec. Litig.*, 504 F. Supp. 3d 224, 259-61 (S.D.N.Y. 2020)).[3] Such allegations do not remotely establish solicitation—as Plaintiff's own authorities demonstrate. For example, in *Opus360* (cited Opp. 1-2), the court dismissed the Section 12(a)(2) claim against the selling shareholder defendants because the plaintiffs offered only conclusory allegations of solicitation.  2002 WL 31190157, at *10-11.  The Section 12(a)(2) claim against the *issuer* was allowed to proceed on a solicitation theory, based on factual allegations that the issuer's officers and directors (1) signed the registration statement, (2) participated in its preparation, and (3)

---

[2] Neither the issuer nor the selling shareholders in *In re Opus360 Corp. Securities Litigation* passed title.  2002 WL 31190157, at *9-10 (S.D.N.Y. Oct. 2, 2002).

[3] Further, as Plaintiff emphasizes in the Opposition, the Complaint only alleges that Messrs. Kalkandelen and Aydemir served on the Hepsiburada board as representatives of non-party Templeton Turkey GP Ltd., *not* as representatives of TurkCommerce.  Opp. 2; Joinder 3.

presented on the "road show." *Id.* at *10.  No such allegations are present here as to TurkCommerce.

Furthermore, contrary to Plaintiff's assertion, *Capri v. Murphy*, 856 F.2d 473 (2d Cir. 1988), does not stand for the proposition that conclusory allegations are enough to survive a motion to dismiss based on some suggested inference from outside the pleadings.  Opp. 3.  That case affirmed a post-trial finding of liability based on the district court's findings of fact that the general partners of the limited partnership at issue had prepared and circulated the prospectus, specifically directed the promotional efforts, and hired sales agents to act on their behalf—facts that Plaintiff does not, and cannot, allege here.  *Id.*; *Capri*, 856 F.2d at 476-78; *WeightWatchers*, 504 F. Supp. 3d at 260-61 (distinguishing *Capri* and dismissing claim against selling shareholder) (cited and quoted Joinder 3).

At bottom, Plaintiff's conclusory allegations of solicitation do not establish that TurkCommerce was a statutory seller, and the Section 12(a)(2) claim against TurkCommerce should be dismissed with prejudice.

Dated:  New York, New York                Respectfully submitted,
        July 6, 2022

                                          LATHAM & WATKINS LLP


                                          By:  /s/ Kevin M. McDonough
                                               Jamie L. Wine
                                               Kevin M. McDonough
                                               1271 Avenue of the Americas
                                               New York, New York 10020
                                               (212) 906-1200
                                               jamie.wine@lw.com
                                               kevin.mcdonough@lw.com

                                               *Attorneys for Defendant TurkCommerce
                                               B.V.*