**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

———————————————————— x

IWA-FOREST INDUSTRY PENSION PLAN, : Individually and on Behalf of All Others Similarly Situated,

                            Plaintiff,

      vs.

D-MARKET ELEKTRONIK HIZMETLER VE TICARET ANONIM ŞIRKETI a/k/a D MARKET ELECTRONIC SERVICES & TRADING d/b/a/ HEPSIBURADA, MEHMET MURAT EMIRDAĞ, HALIL KORHAN ÖZ, HANZADE VASFIYE, DOĞAN BOYNER, ERMAN KALKANDELEN, MEHMET EROL ÇAMUR, CEMAL AHMET BOZER, VUSLAT DOĞAN SABANCI, MUSTAFA AYDEMIR, TOLGA BABALI, COLLEEN A. DE VRIES, COGENCY GLOBAL INC., MORGAN STANLEY & CO. LLC, J.P. MORGAN SECURITIES LLC, GOLDMAN, SACHS & CO. LLC, BOFA SECURITIES INC., UBS SECURITIES LLC, and TURKCOMMERCE B.V.,

                        Defendants.

———————————————————— x

Civil Action No. 1:21-cv-08634-PKC

CLASS ACTION

Honorable P. Kevin Castel

**LEAD PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION**
**FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

# <u>TABLE OF CONTENTS</u>

**Page(s)**

TABLE OF AUTHORITIES ................................................................................................iii

PRELIMINARY STATEMENT .......................................................................................... 1

HISTORY OF THE LITIGATION ..................................................................................... 3

THE PROPOSED SETTLEMENT...................................................................................... 6

ARGUMENT....................................................................................................................... 7

I.      THE PROPOSED SETTLEMENT MERITS PRELIMINARY APPROVAL ................. 7

     A.      Lead Plaintiff and Lead Counsel Have Ably and Zealously Represented the Class ......................................................................................... 8

     B.      Arm's-Length Negotiations Conducted by Experienced Lead Counsel Favor Preliminary Approval ............................................................ 9

     C.      The Settlement Provides a Substantial Recovery That is Adequate Under All of the Rule 23(e)(C) Factors ............................................... 11

         1.      The Costs, Risks, and Delay of Trial and Appeal.................................... 12

         2.      The Effectiveness of The Proposed Method of Distributing Relief to The Class..................................................................... 13

         3.      The Proposed Attorneys' Fees Are Reasonable........................................ 13

     D.      The Settlement Treats Settlement Class Members Equitably Relative to One Another.................................................................................. 14

II.      THE COURT SHOULD PRELIMINARILY CERTIFY THE SETTLEMENT CLASS ............................................................................................................ 15

     A.      The Settlement Class Meets the Requirements of Rule 23(a) ............................. 16

         1.      Rule 23(a)(1): Numerosity......................................................... 16

         2.      Rule 23(a)(2): Commonality...................................................... 17

         3.      Rule 23(a)(3): Lead Plaintiff's Claims Are Typical ................................. 18

         4.      Rule 23(a)(4): Lead Plaintiff Is Adequate ................................. 19

     B.      The Settlement Class Meets the Requirements of Rule 23(b) ............................. 20

       1.      Common Questions of Law or Fact Predominate ..................................... 20

       2.      A Class Action Is a Superior Method of Adjudication ............................ 21

   C.      Kaplan Fox Should Be Appointed Class Counsel ................................. 23

III.     THE PROPOSED NOTICE PLAN AND FORMS SHOULD BE APPROVED ............ 23

IV.    PROPOSED SCHEDULE OF EVENTS ........................................................ 24

V.     CONCLUSION ........................................................................................ 25

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Amchem Prods., Inc. v. Windsor*,
   521 U.S. 591 (1997)...................................................................................... 15, 16, 20

*Amgen, Inc. v. Conn. Ret. Plans & Trust Funds*,
   568 U.S. 455 (2013)............................................................................................ 20, 21

*Aponte v. Comprehensive Health Mgmt., Inc.*,
   No. 10 Civ. 4825 JLC, 2013 WL 1364147 (S.D.N.Y. Apr. 2, 2013) ......................... 7

*Basic Inc. v. Levinson*,
   485 U.S. 224 (1988)..................................................................................................... 21

*Central States Southeast & Southwest Areas Health & Welfare Fund
   v. Merck-Medco Managed Care, LLC*,
   504 F.3d 229 (2d Cir. 2007)...................................................................................... 16

*Consol. Rail Corp. v. Town of Hyde Park*,
   47 F.3d 473 (2d Cir. 1995)........................................................................................ 17

*D'Amato v. Deutsche Bank*,
   236 F.3d 78 (2d Cir. 2001)..................................................................................... 9, 10

*Detroit v. Grinnell Corp.*,
   495 F.2d 448 (2d Cir. 1974)........................................................................................ 8

*Fogarazzo v. Lehman Bros. Inc.*,
   No. 03 Civ. 5194, 2011 WL 671745 (S.D.N.Y. Feb. 23, 2011) ............................... 14

*Guevoura Fund Ltd. v. Sillerman*,
   No. 1:15-CV-07192-CM, 2019 WL 6889901 (S.D.N.Y. Dec. 18, 2019).......... 10, 14

*In re "Agent Orange" Prod. Liab. Litig.*,
   597 F. Supp. 740 (E.D.N.Y. 1984) ......................................................................... 12

*In re Advanced Battery Techs., Inc. Sec. Litig.*,
   298 F.R.D. 171 (S.D.N.Y. 2014) ............................................................................... 7

*In re AOL Time Warner, Inc.*,
   No. 02 CIV. 5575 (SWK), 2006 WL 903236 (S.D.N.Y. Apr. 6, 2006) ................... 12

*In re Drexel Burnham Lambert Group, Inc.*,
   960 F.2d 285 (2d Cir. 1992)...................................................................................... 19

*In re Dynex Capital, Inc. Sec. Litig.*,
No. 05 Civ. 1897 (HB), 2011 WL 781215 (S.D.N.Y. Mar. 7, 2011) ...................................... 20

*In re Elan Sec. Litig.*,
385 F. Supp. 2d 363 (S.D.N.Y. 2005) ............................................................................ 9

*In re Flag Telecom Holdings Ltd. Sec. Litig.*,
No. 02-CV-3400, 2010 WL 4537550 (S.D.N.Y. Nov 8, 2010) ................................................ 9

*In re Giant Interactive Grp., Inc. Sec. Litig.*,
279 F.R.D. 151 (S.D.N.Y. 2011) ................................................................................ 14

*In re Globalstar Sec. Litig.*,
No. 01 Civ 1745 (PKC), 2004 WL 2754674 (S.D.N.Y. Dec. 1, 2004) .................................... 17

*In re IMAX Sec. Litig.*,
283 F.R.D. 178 (S.D.N.Y. 2012) ................................................................................ 10

*In re Initial Pub. Offering Sec. Litig.*,
243 F.R.D. 79 (S.D.N.Y. 2007) ............................................................................ 7, 17

*In re Marsh & McLennan Companies, Inc. Sec. Litig.*,
No. 04-cv-8144(CM), 2009 WL 5178546 (S.D.N.Y. Dec. 23, 2009) ...................... 16, 18, 19

*In re Merrill Lynch & Co. Research Reports Sec. Litig.*,
246 F.R.D. 156 (S.D.N.Y. 2007) ................................................................................ 11

*In re Merrill Lynch Tyco Research Sec. Litig.*,
249 F.R.D. 124 (S.D.N.Y. 2008) ................................................................................ 15

*In re Monster Worldwide, Inc. Sec. Litig.*,
251 F.R.D. 132 (S.D.N.Y. 2008) ................................................................................ 16

*In re Oxford Health Plans, Inc.*,
191 F.R.D. 369 (S.D.N.Y. 2000) ...................................................................... 17, 18, 19

*In re Patriot Nat'l, Inc. Sec. Litig.*,
828 F. App'x 760 (2d Cir. 2020) ................................................................................ 11

*In re Polaroid ERISA Litig.*,
240 F.R.D. 65 (S.D.N.Y. 2006) ................................................................................ 19

*In re Prudential Sec. Inc. Ltd. Partnerships Litig.*,
163 F.R.D. 200 (S.D.N.Y. 1995) ................................................................................ 15

*In re Sadia, S.A. Sec. Litig.*,
269 F.R.D. 298 (S.D.N.Y. 2010) ................................................................................ 17

iv

*In re Take Two Interactive Sec. Litig.*,
    No. 06 CIV. 1131 (RJS), 2010 WL 11613684 (S.D.N.Y. June 29, 2010) .............................. 23

*In re Telik, Inc. Sec. Litig.*,
    576 F. Supp. 2d 570 (S.D.N.Y. 2008) .................................................................................... 22

*In re Vivendi Universal, S.A. Sec. Litig.*,
    242 F.R.D. 76 (S.D.N.Y. 2007) ...................................................................................... 17, 18

*Khait v. Whirlpool Corp.*,
    No. 06 Civ. 6381, 2010 WL 2025106 (E.D.N.Y. Jan. 20, 2010) ............................................ 14

*Maley v. Del Glob. Techs. Corp.*,
    186 F. Supp. 2d 358 (S.D.N.Y. 2002) .................................................................................... 14

*Maywalt v. Parker & Parsley Petroleum Co.*,
    67 F.3d 1072 (2d Cir. 1995) ................................................................................................... 23

*Mullane v. Cent. Hanover Bank & Trust Co.*,
    339 U.S. 306 (1950) ................................................................................................................ 23

*Robidoux v. Celani*,
    987 F.2d 931 (2d Cir. 1993) ............................................................................................ 16, 18

*Strougo v. Bassini*,
    258 F. Supp. 2d 254 (S.D.N.Y. 2003) .................................................................................... 12

*Teachers' Ret. Sys. of Louisiana v. ACLN Ltd.*,
    No. 01 Civ. 11814 (LAP), 2004 WL 2997957 (S.D.N.Y. Dec. 27, 2004) .............................. 18

*Vaccaro v. New Source Energy Partners L.P.*,
    No. 15 CV 8954 (KMW), 2017 WL 6398636 (S.D.N.Y. Dec. 14, 2017) ............................... 11

*Wal-Mart Stores, Inc. v. Dukes*,
    131 S. Ct. 2541 (2011) ............................................................................................................ 17

*Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*,
    396 F.3d 96 (2d Cir. 2005) ................................................................................................... 7, 9

*Weinberger v. Kendrich*,
    698 F.2d 61 (2d Cir. 1982) ..................................................................................................... 15

*Yang v. Focus Media Holding Ltd.*,
    No. 11-cv-9051-CM-GWG, 2014 WL 4401280 (S.D.N.Y. Sept. 4, 2014) ............................. 10

**Regulations**

15 U.S.C. § 78u-4(a)(4) ................................................................................................................ 13

15 U.S.C. §78u-4(a)(7)(A)-(E) ............................................................................... 24

**Rules**

Fed. R. Civ. P. 23 .................................................................................... 1, 2, 6, 18

Fed. R. Civ. P. 23(a) ...................................................................................... *passim*

Fed. R. Civ. P. 23(b) ..................................................................... 17, 22, 23, 24

Fed. R. Civ. P. 23(c) ............................................................................................ 26

Fed. R. Civ. P. 23(e) ...................................................................................... 1, 6, 10

Fed. R. Civ. P. 23(g) .................................................................................... 22, 25

**Other Authorities**

7 Newberg on Class Actions § 22:63 (5th ed.) .......................................... 18

Lead Plaintiff IWA Forest Industry Pension Plan ("Lead Plaintiff"), along with State Court Plaintiff James Benson ("State Court Plaintiff," and with Lead Plaintiff, "Plaintiffs), on behalf of themselves and all other members of the Settlement Class, respectfully submit this memorandum of law in support of their motion, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for entry of the Parties' agreed-upon proposed Order Preliminarily Approving Settlement and Providing for Notice ("Preliminary Approval Order") filed herewith.[1]

## PRELIMINARY STATEMENT

The Parties have reached a proposed settlement of this putative securities class action for $13,900,000.00) (the "Stipulation" or "Settlement").  The Stipulation includes the settlement of this action of the parallel action pending in the Supreme Court of the State of New York, County of New York, captioned *Benson v. D-MARKET Elektronik Hizmetler ve Ticaret Anonim Şirketi*, *et al.*, Index No. 655701/2021 (Reed, J.) (the "State Court Action," and with the Federal Court Action, the "Actions").[2]  If approved by the Court, the Settlement will resolve all claims asserted against Defendants in the Actions and any related claims.  Plaintiffs respectfully submit that the Settlement warrants preliminary approval because it represents a very favorable recovery for the Settlement Class, is the result of vigorous arm's-length negotiations by experienced counsel, overseen by a well-respected mediator, and it is very likely to meet all of the approval factors required by Fed. R. Civ. P. 23(e) and Second Circuit precedent.

---

[1] All capitalized terms not otherwise defined herein shall have the meanings provided in the Stipulation and Agreement of Settlement, dated June 23, 2022 (the "Stipulation"), filed concurrently herewith as Exhibit 1 to the Declaration of Frederic S. Fox ("Fox Decl."). All exhibits referenced below are attached to the Fox Declaration unless otherwise indicated.

[2] If the Court finally approves the Settlement and the Court's order becomes Final, as that term is defined in the Stipulation, Robbins Geller Rudman & Dowd LLP and Johnson Fistel, LLP (collectively, "State Court Lead Counsel"), on behalf of the State Court Plaintiff, will respectfully request that the State Court  Action be dismissed with prejudice. Ex. 1 at ¶10.1. The Effective Date of the Settlement will not occur until both Actions are dismissed with prejudice. *Id.*

Entry of the Preliminary Approval Order (Ex. A) will begin the process of considering final approval of the Settlement by authorizing notice of the Settlement to investors who are believed to be members of the Settlement Class. The Preliminary Approval Order will also set a final hearing ("Settlement Fairness Hearing") at which the Parties and Settlement Class Members may present arguments for and against the Settlement, and the Court can determine whether the Settlement is fair, reasonable, and adequate, and warranting final approval.

To facilitate this process, the Preliminary Approval Order will, among other things: (i) preliminarily approve the Settlement on the terms set forth in the Stipulation (Ex. 1); (ii) approve the form and content of the Notice, Claim Form, and Summary Notice attached as Exhibits A-1, A-2, and A-3 to the Preliminary Approval Order; (iii) find that the proposed procedures for dissemination of the Notice, Claim Form, and Summary Notice constitute the best notice practicable under the circumstances, and comply with due process, Rule 23, and the Private Securities Litigation Reform Act of 1995 ("PSLRA"); (iv) preliminarily certify the Settlement Class, appoint Plaintiffs as Class Representatives and Plaintiffs' Counsel[3] as Class Counsel; and (v) set a date and time for the Settlement Fairness Hearing, at which the Court will consider final approval of the Settlement, the Plan of Allocation, Class Certification, and Plaintiffs' Counsel's application for attorneys' fees and expenses, including reimbursement of costs and expenses to Plaintiffs pursuant to the PSLRA.

---

[3]   Plaintiffs' Counsel collectively means lead counsel Kaplan Fox & Kilsheimer LLP ("Lead Counsel") and State Court Lead Counsel.

## HISTORY OF THE ACTIONS

State Court Action

On September 28, 2021, the State Court Plaintiff, represented by State Court Lead Counsel, filed a putative class action in the State Court against D-MARKET Elektronik Hizmetler Ve Ticaret Anonim Sirketi a/k/a D-MARKET Electronic Services & Trading d/b/a Hepsiburada ("Hepsiburada" or the "Company"); TurkCommerce B.V. ("TurkCommerce"); Hanzade Vasfive Doğan Boyner, Mehmet Murat Emirdağ, Halil Korhan Öz, Erman Kalkandelen, Mehmet Erol Çamur, Cemal Ahmet Bozer, Vuslat Doğan Sabanci, Mustafa Aydemir, Tolga Babali, and Tayfun Bayazit (the "Individual Defendants"); Morgan Stanley & Co. LLC, J.P. Morgan Securities LLC, Goldman, Sachs & Co. LLC, BofA Securities, Inc., and UBS Securities LLC (the "Underwriter Defendants"); and Colleen A. De Vries ("De Vries") and Cogency Global, Inc. (with De Vries, the "Cogency Defendants," and collectively with Hepsiburada, TurkCommerce, the Individual Defendants, and the Underwriter Defendants, "Defendants"), alleging violations of Sections 11 and 15 of the Securities Act of 1933 (the "Securities Act") on behalf of all persons who purchased or otherwise acquired Hepsiburada American Depository Shares ("ADSs" or "shares") pursuant and/or traceable to Hepsiburada's Registration Statement issued in connection with its IPO. NYSCEF No. 1.  On December 10, 2021, the State Court Plaintiff filed an Amended Class Action Complaint for Violations of the Securities Act of 1933 (the "State Court Complaint") that asserts claims under Section 11 against all Defendants and under Section 15 claims against Hepsiburada, TurkCommerce, the Individual Defendants, and Cogency Global, Inc.  NYSCEF 16.

State Court Lead Counsel moved for alternative service on the same day it filed the State Court Complaint because the Individual Defendants, who reside in Turkey, remained unserved. NYSCEF 19.  State Court Lead Counsel argued that because Turkey is a signatory to the Hague

Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters, service is only permitted through Turkey's Central Authority.  *Id.*  Thus, State Court Lead Counsel asserted that direct service on the Individual Defendants would face significant costs, complications, and delay, and argued that service should be accomplished instead via email service or via service on Hepsiburada and De Vries's U.S.-based counsel.  *Id.*  Briefing on this motion concluded on February 4, 2022.  *See* NYSCEF 36, 41.

On February 8, 2022, Hepsiburada and the Underwriter Defendants moved to dismiss the State Court Complaint, and the Cogency Defendants joined their motion.  NYSCEF 73, 88.  The motion to dismiss asserted that the State Court Complaint failed to identify a material false or misleading statement or omission, and that Hepsiburada was not required to supplement the Registration Statement with yet-to-be finalized information about a fiscal quarter that ended the day before the Offering.  Briefing on the motion to dismiss concluded on April 22, 2022.  *See* NYSCEF 96, 99-101.  The alternative service motion and the motion to dismiss were pending at the time the Parties reached the Settlement.

<u>Federal Court Action</u>

The Federal Court Action was commenced with the filing of a complaint on October 21, 2021. ECF No. 1. Following briefing, on January 5, 2022, the Court appointed IWA as Lead Plaintiff for the proposed class and approved Lead Plaintiff's selection of Kaplan Fox & Kilsheimer LLP as Lead Counsel.  ECF No. 36.  The operative complaint in the Federal Court Action, the Amended Consolidated Class Action Complaint for Violation of Federal Securities Laws (the "Federal Court Complaint"), was filed on February 4, 2022. ECF No. 37.  The Federal Court Complaint alleged violations of the Securities Act under (i) Section 11 against all Defendants (except Tayfun Bayazit); (i) Section 12(a)(2) against Hepsiburada, Emirdağ, Öz,

TurkCommerce, and the Underwriter Defendants; and (iii) Section 15 against the Individual Defendants (except Tayfun Bayazit).

On April 15, 2022, Hepsiburada and the Underwriter Defendants moved to dismiss the Federal Action Complaint, or, in the alternative, to stay the Federal Court Action in favor of the State Court Action pursuant to *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976) ("*Colorado River*") (ECF Nos. 47-49), which Lead Plaintiff opposed on May 13, 2022 (ECF Nos. 51-52).  On May 27, 2022, Defendants filed a reply in further support of their motion. ECF No. 53. On June 15, 2022, defendant TurkCommerce filed a Notice of Joinder In Hepsiburada and the Underwriter Defendants' Motion to Dismiss the Amended Complaint or Alternatively to Stay the Action.  ECF No. 57.  Lead Plaintiff opposed the joinder on June 29, 2022 (ECF No. 58), and on July 6, 2022, defendant TurkCommerce filed a reply in further support of its motion.  ECF Nos. 59-60.  Hepsiburada and the Underwriter Defendants withdrew the *Colorado River* argument on October 20, 2022.  ECF No. 62.  The motion to dismiss was pending at the time the Parties reached the Settlement.

On December 16, 2022, Lead Counsel filed a letter with the Court, advising that after continued negotiations following the parties' private mediation session on September 2, 2022, the parties entered into an executed Binding Term Sheet ("Term Sheet").  ECF No. 65.  Pursuant to the Term Sheet, the proposed settlement would resolve all claims in the Actions.  On December 21, 2022, the Court filed a Memo Endorsement instructing the parties to file a Motion for Preliminary Approval by March 1, 2023.  ECF No. 66.  On February 24, 2023, the Court granted the Parties' application to move the deadline to file a Motion for Preliminary Approval to March 22, 2023.  ECF Nos. 68-69.

## **THE PROPOSED SETTLEMENT**

In the late summer 2022, Plaintiffs and Hepsiburada agreed to explore a global resolution of the Actions and engaged the services of Judge Layn R. Phillips (Ret.) of Phillips ADR, a nationally recognized mediator experienced in complex shareholder litigation. In connection with the mediation, Plaintiffs and Hepsiburada provided to Judge Phillips and exchanged with each other confidential mediation statements setting forth their respective positions on the issues of liability, causation, and damages.  On September 2, 2022, Plaintiffs and Hepsiburada attended an in-person, all-day mediation in New York, NY with Judge Phillips.

At the end of the mediation session, Plaintiffs and Hepsiburada had not reached a settlement, but they and Judge Phillips continued to engage in a series of communications over the next three months in an effort to achieve a global resolution of the Actions. Ultimately, after lengthy negotiations, on December 5, 2022, Plaintiffs and Hepsiburada agreed to a settlement on behalf of the Parties for $13.9 million on the terms set forth herein, subject to the negotiation of a Stipulation of Settlement and court approval.

In light of the significant benefit achieved for the Settlement Class; the substantial costs and risks of continuing litigation through the completion of discovery, class certification, summary judgment, trial, and appeals; and the fact that the Settlement is the result of arm's-length negotiations by experienced counsel overseen by a well-respected mediator; Plaintiffs respectfully submit that the Settlement warrants preliminary approval so that notice of the Settlement can be provided to the Settlement Class.

# ARGUMENT

## I.   THE PROPOSED SETTLEMENT MERITS PRELIMINARY APPROVAL

"The law favors settlement, particularly in class actions and other complex cases where substantial resources can be conserved by avoiding the time, cost, and rigor of prolonged litigation." *In re Advanced Battery Techs., Inc. Sec. Litig.*, 298 F.R.D. 171, 174 (S.D.N.Y. 2014); *see also*, *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 116-17 (2d Cir. 2005) ("We are mindful of the strong judicial policy in favor of settlements, particularly in the class action context. The compromise of complex litigation is encouraged by the courts and favored by public policy.") (internal quotation marks and citation omitted). Thus, the procedural and substantive fairness of a settlement should be examined "in light of the strong judicial policy in favor of settlement of class action suits." *Aponte v. Comprehensive Health Mgmt., Inc.,* No. 10 Civ. 4825 JLC, 2013 WL 1364147, at *2 (S.D.N.Y. Apr. 2, 2013) (quotation omitted).

Rule 23(e) of the Federal Rules of Civil Procedure requires judicial approval for the compromise of class claims.  The review is a two-step process: (i) preliminary approval; and (ii) a subsequent "fairness hearing." *In re Initial Pub. Offering Sec. Litig.*, 243 F.R.D. 79, 87 (S.D.N.Y. 2007). In weighing a grant of preliminary approval, district courts must determine whether "giving notice is justified by the parties' showing that the court **will likely be able to** . . . approve the proposal under Rule 23(e)(2)[.]" Fed. R. Civ. P. 23(e)(1)(B)(i).[4] Rule 23(e)(2) provides that a court should consider the following factors when determining whether a settlement is fair, reasonable, and adequate:

(A) the class representative and counsel have adequately represented the class;

(B) the proposal was negotiated at arm's length;

---

[4] All emphasis added unless otherwise noted.

(C) the relief provided for the class is adequate, taking into account:

(i) the costs, risks, and delay of trial and appeal;

(ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

(iii) the terms of any proposed award of attorney's fees, including timing of payment; and

(iv) any agreement required to be identified under Rule 23(e)(3); and

(D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).[5]

In accordance with the above standards, Plaintiffs request that the Court grant preliminary approval because the Settlement is highly likely to satisfy the factors required for final approval.

### A.    Plaintiffs and Plaintiffs' Counsel Have Ably and Zealously Represented the Class

Plaintiffs and Plaintiffs' Counsel have zealously prosecuted the Actions on behalf of the Settlement Class since its inception and will continue to do so throughout the administration of the Settlement to secure and deliver its benefits.  Plaintiffs were active and informed participants in the Actions who, among other things, reviewed and approved draft filings including the lead plaintiff motion, the Complaint, and briefing in opposition to Defendants' various motions to dismiss, stayed informed of all case developments, and oversaw and consulted repeatedly with Plaintiffs' Counsel regarding settlement negotiations. Plaintiffs understood both the Settlement

---

[5] In assessing these core factors at the final approval stage, the Court may also consider the Second Circuit's long-standing approval factors, many of which overlap with the Rule 23 factors: (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability and damages; (5) the risks of maintaining the class action through the trial; (6) the ability of the defendants to withstand a greater judgment; and (7) the range of reasonableness of the settlement fund in light of the best possible recovery and the attendant risks of litigation. *See Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974).

Class's and Defendants' best arguments concerning liability, damages, and the risks of proceeding with the Actions, and approved the terms of the Settlement.

Likewise, Plaintiffs' Counsel developed a deep understanding of the facts of the Actions and merits of the claims through (i) a comprehensive investigation that involved, among other things, an analysis of public filings, records, documents, and other materials concerning Defendants and third parties; (ii) research of the applicable law with respect to the claims of Plaintiffs and the Settlement Class against Defendants and the potential defenses thereto; (iii) briefing on Defendants' motion to dismiss; and (v) working with experts in damages and loss causation issues.  In consultation with its damages experts, Plaintiffs' Counsel evaluated the potential damages in the case and negotiated vigorously to secure the $13.9 million recovery. Accordingly, the Settlement Class has been, and remains, well represented.

### B.  Arm's-Length Negotiations Conducted by Experienced Counsel Favor Preliminary Approval

Courts find that a proposed settlement is fair and reasonable when it is the result of arm's-length negotiations between well-informed counsel.  *See Wal-Mart*, 396 F.3d at 116 (noting strong "presumption of fairness" where settlement is product of arm's-length negotiations conducted by experienced, capable counsel after meaningful discovery); *In re Flag Telecom Holdings Ltd. Sec. Litig.*, No. 02-CV-3400, 2010 WL 4537550, at *13 (S.D.N.Y. Nov. 8, 2010) (same). The use of a mediator in settlement negotiations further supports a finding of fairness and the conclusion that the settlement achieved was free of collusion.  *See D'Amato v. Deutsche Bank*, 236 F.3d 78, 85 (2d Cir. 2001) (noting that a "mediator's involvement in . . . settlement negotiations helps to ensure that the proceedings were free of collusion and undue pressure"); *Flag Telecom*, 2010 WL 4537550, at *14; *In re Elan Sec. Litig.*, 385 F. Supp. 2d 363, 369 (S.D.N.Y. 2005).

The Settlement results from extensive, arms' length negotiations conducted by experienced counsel for all Parties, with the assistance of the independent mediator Judge Layn R. Phillips (Ret.) of Phillips ADR.  Plaintiffs and Hepsiburada each submitted written statements to Judge Phillips, briefing him on relevant facts and legal issues, and a full-day mediation session took place on September 2, 2022. During the mediation, Plaintiffs and Hepsiburada discussed their respective views regarding the merits of the Actions, including the evidence adduced, Defendants' defenses, and issues relating to damages. Although Plaintiffs and Hepsiburada were unable to reach an agreement in the initial mediation session, after three months of further negotiations, they agreed in principle to settle this Action as to all Defendants and all claims for the Settlement Amount.

The use of mediator in settlement negotiations further supports the presumption of fairness and the conclusion that the Settlement achieved was free of collusion.  *See D'Amato v. Deutsche Bank*, 236 F.3d 78, 85 (2d Cir. 2001) (a "mediator's involvement in . . . settlement negotiations helps to ensure that the proceedings were free of collusion and undue pressure"). Indeed, multiple courts have found that Judge Phillips' assistance as mediator "strongly supports a finding that negotiations were conducted at arms[-]length and without collusion."

Moreover, in evaluating the Settlement, the Court should consider the judgment of Plaintiffs' Counsel. *Guevoura Fund Ltd. v. Sillerman*, No. 1:15-CV-07192-CM, 2019 WL 6889901, at *6 (S.D.N.Y. Dec. 18, 2019) ("Where counsel for plaintiff is able and experienced, particularly in the specific area with which these actions are concerned . . . counsel's judgment is entitled to great weight.") (internal quotations omitted).[6]  Here, Plaintiffs' Counsel are leading securities class action litigation firms with decades of experience in the practice area, and were

---

[6] *See also, In re IMAX Sec. Litig.*, 283 F.R.D. 178, 189 (S.D.N.Y. 2012) ("great weight is accorded to the recommendations of counsel, who are most closely acquainted with the facts of the underlying litigation.").

well-informed of the risks and merits of the case before reaching the proposed Settlement.[7]

Accordingly, Plaintiffs' Counsel's judgment that the Settlement is in the best interest of the

Settlement Class should be given weight.

> **C.      The Settlement Provides a Substantial Recovery That is Adequate Under All of the Rule 23(e)(C) Factors**

Rule 23(e)(C) requires the Court to consider whether the relief provided for the class is

adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness

of any proposed method of distributing relief to the class; and (iii) the terms of any proposed award

of attorney's fees.[8] All of these factors support preliminary approval here. Based on Plaintiffs'

consulting expert's estimate of aggregate damages, the Settlement Amount represents a recovery

of 4.12% of the Settlement Class's damages—a very favorable recovery under any circumstances.

This percentage of recovery is in the recovery range of settlements that have received approval

within this District. *See, e.g., In re Merrill Lynch & Co., Inc. Rsch. Reps. Sec. Litig.*, No. 02 MDL

1484JFK, 2007 WL 4526593, at *11 (S.D.N.Y. Dec. 20, 2007) (approving settlement representing

2.15% and 4.07% of estimated damages); *Hicks v. Stanley*, No. 01 CIV. 10071 (RJH), 2005 WL

2757792, at *7 (S.D.N.Y. Oct. 24, 2005) (finding a settlement representing 3.8% of plaintiffs'

estimated damages to be within range of reasonableness); *In re Merrill Lynch & Co. Research

Reports Sec. Litig.*, 246 F.R.D. 156, 167 (S.D.N.Y. 2007) (approving settlement that was "between

approximately 3% and 7% of estimated damages").

Although Plaintiffs and Defendants disagree about the amount of maximum recoverable

damages, the $13.9 million Settlement Fund is a substantial recovery nonetheless.  Moreover, the

---

[7] *See* Exs. 2-4 (firm resumes for Kaplan Fox & Kilsheimer LLP, Robbins Geller Rudman & Dowd LLP, and Johnson Fistel, LLP, respectively).

[8] Additionally, all agreements required to be disclosed under Rule 23(e)(3) have been disclosed.

adequacy of the amount offered in settlement must be judged "not in comparison with the possible recovery in the best of all possible worlds, but rather in light of the strengths and weaknesses of plaintiffs' case." *In re "Agent Orange" Prod. Liab. Litig.*, 597 F. Supp. 740, 762 (E.D.N.Y. 1984), *aff'd*, 818 F.2d 145 (2d Cir. 1987). The Court need only determine whether the Settlement falls within a "range of reasonableness," a range that "recognizes the uncertainties of law and fact in any particular case and the concomitant risks and costs necessarily inherent in taking any litigation to completion." *Newman v. Stein*, 464 F.2d 689, 693 (2d Cir. 1972). Additionally, the Court should consider that the Settlement provides for payment to the Settlement Class now rather than a speculative payment many years later. *See In re AOL Time Warner, Inc.*, No. 02 CIV. 5575 (SWK), 2006 WL 903236, at *13 (S.D.N.Y. Apr. 6, 2006). Here, Plaintiffs' faced numerous legal, procedural, and practical hurdles that, if not met or overcome, could result in zero recovery for Plaintiffs and the Settlement Class. Thus, the Settlement Amount is reasonable.

### 1.    The Costs, Risks, and Delay of Trial and Appeal

The costs, risks, and delay of succeeding at trial and on appeal weigh strongly in favor of preliminary approval of the Settlement.

Without the Settlement, the Parties faced the certainty that further litigation would be expensive, complex, and time consuming. There can be no doubt that litigating the Actions through the completion of fact discovery, class certification, expert discovery, summary judgment, trial, and appeals would be time consuming and expensive. Here, the Settlement provides a substantial cash benefit to the Settlement Class without the risk and delays of continued litigation. *See Strougo v. Bassini*, 258 F. Supp. 2d 254, 261 (S.D.N.Y. 2003) ("…if a shareholder or class member was willing to assume all the risks of [Litigation]…the passage of time would introduce yet more risks…and would, in light of the time value of money, make future recoveries less valuable than

this current recovery.").

Additionally, although Plaintiffs are confident in the merits of their claims and believes that substantial evidence supporting the allegations has been adduced, they also recognize that the Actions presented many risks to achieving class certification and establishing both liability and damages. In particular, Defendants would have argued that Hepsiburada's ADS price declines on the alleged corrective disclosure dates were caused, in whole or substantial part, by factors unrelated to the alleged fraud. If any of these arguments prevailed at class certification, summary judgment, or trial, the Settlement Class could have recovered significantly less or, indeed, nothing.

### 2. The Effectiveness of The Proposed Method of Distributing Relief to The Class

The Settlement, like most securities class action settlements, will be effectuated with the assistance of an experienced claims administrator. The Claims Administrator will employ a well-tested protocol for the processing of claims in a securities class action. Namely, a potential class member will submit, either by mail or online using the Settlement website, the Court-approved Claim Form. Based on the trade information provided by claimants, the Claims Administrator will determine each claimant's eligibility to participate by, among other things, calculating their respective "Recognized Claims" based on the Court-approved Plan of Allocation, and ultimately determine each eligible claimant's *pro rata* portion of the Net Settlement Fund. *See* Ex. 1 at ¶ 6.1. Claimants will be notified of any defects or conditions of ineligibility and be given the chance to contest the rejection of their claims. *Id*. at ¶ 7.4. Any claim disputes that cannot be resolved will be presented to the Court for a determination. *Id*.

### 3. The Proposed Attorneys' Fees Are Reasonable

Plaintiffs' Counsel will request compensation from the Settlement Fund under the common fund doctrine. The proposed Notice provides that Plaintiffs' Counsel will seek a maximum fee of

30% of the Settlement Fund (*see* Ex. A-1), an amount that is well within or below the percentages that courts in the Second Circuit have approved in comparable class actions. *See, e.g., Guevoura Fund Ltd. v. Sillerman*, No. 1:15-CV-07192-CM, 2019 WL 6889901, at *15 (S.D.N.Y. Dec. 18, 2019) (granting fee of 33.33% of $7.5 million settlement); *Fogarazzo v. Lehman Bros. Inc.,* No. 03 Civ. 5194, 2011 WL 671745, *4 (S.D.N.Y. Feb. 23, 2011) (awarding 33.3% of $6.75 million settlement); *In re Giant Interactive Grp., Inc. Sec. Litig.*, 279 F.R.D. 151, 165 (S.D.N.Y. 2011) (awarding 33% of $13 million settlement); *In Van Der Moolen Holding N.V. Sec. Litig,* No. 03 Civ. 8284, slip. op. at 2 (S.D.N.Y. Dec. 7, 2006) (awarding 33 1/3% of $8 million settlement) (ECF No. 45); *Maley v. Del Glob. Techs. Corp.*, 186 F. Supp. 2d 358, 368 (S.D.N.Y. 2002) (awarding fee of 33.33% of the settlement). Approval of the attorneys' fees sought is not a condition of the Settlement.

In addition, Plaintiffs' Counsel will seek payment of Litigation Expenses incurred during the prosecution of the Action, in an amount not to exceed $150,000.00.  As will be detailed in Plaintiffs' Counsel's final approval papers, these expenses were necessary and proper for the prosecution of the Actions, and are the types and amounts of expenses commonly granted.

### D.     The Settlement Treats Settlement Class Members Equitably Relative to One Another

The Settlement does not improperly grant preferential treatment to either Plaintiffs or any portion of the Settlement Class. Rather, all members of the Settlement Class, including Plaintiffs, will receive a distribution from the Net Settlement Fund pursuant to the Plan of Allocation approved by the Court.[9]  The proposed plan was created by Plaintiffs' damages expert and is

---

[9] Plaintiffs will seek reimbursement of their reasonable costs and expenses pursuant to the PSLRA. This does not constitute preferential treatment. *See* 15 U.S.C. § 78u-4(a)(4) (reimbursement of a plaintiff's costs and expenses is explicitly contemplated, in addition to receiving a *pro rata* portion of the recovery).

consistent with Plaintiffs' theory of damages under the Securities Act. All Settlement Class Members that were allegedly harmed as a result of the alleged fraud, and that have an eligible claim pursuant to the Plan of Allocation, will receive their *pro rata* share of the Net Settlement Fund based on their "Recognized Claim" under the plan. *See, e.g.*, *In re Merrill Lynch Tyco Research Sec. Litig.*, 249 F.R.D. 124, 135 (S.D.N.Y. 2008) ("A plan of allocation that calls for the pro rata distribution of settlement proceeds on the basis of investment loss is presumptively reasonable.").

## II.   THE COURT SHOULD PRELIMINARILY CERTIFY THE SETTLEMENT CLASS

The Parties have stipulated that the Court may certify the Settlement Class for the purposes of the Settlement and appoint Plaintiffs as the Class Representatives and Plaintiffs' Counsel as Class Counsel.  *See* Stip. ¶ 12.1 (Ex. 1). The Settlement Class is defined as "all Persons that purchased or otherwise acquired Hepsiburada ADSs pursuant and/or traceable to Hepsiburada's July 1, 2021 Initial Public Offering through November 23, 2021, inclusive."  Ex. 1 at ¶ 1.39.[10]

The Second Circuit has long acknowledged the propriety of certifying a class solely for purposes of a class action settlement. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997); *Weinberger v. Kendrich*, 698 F.2d 61, 73 (2d Cir. 1982). Indeed, certification of a settlement class "has been recognized throughout the country as the best, most practical way to effectuate settlements involving large numbers of claims by relatively small claimants."  *In re Prudential Sec. Inc. Ltd. Partnerships Litig.*, 163 F.R.D. 200, 205 (S.D.N.Y. 1995). A party

---

[10] Excluded from the Settlement Class are: (i) Defendants, (ii) the current and former executive officers and directors of each Defendant (in addition to those named as defendants), (iii) any entity in which any Defendant has or had a controlling interest, (iv) Defendants' immediate family members, and (v) the legal representatives, heirs, successors or assigns of any such excluded party.  Also excluded from the Settlement Class are any persons or entities who exclude themselves by filing a timely request for exclusion in accordance with the requirements set forth in the Notice.

seeking class certification must first show that the class action satisfies the following four prerequisites set forth in Rule 23(a): (i) numerosity; (ii) commonality of questions of law or fact; (iii) typicality of the named plaintiff's claims and defenses; and (iv) the adequacy of the named plaintiff. *See* Fed. R. Civ. P. 23(a). Additionally, the party must show that the predominance and superiority requirements of Rule 23(b)(3) are met. However, the manageability concerns of Rule 23(b)(3) are not at issue for a settlement class. *See Amchem*, 521 U.S. at 620 ("a district court need not inquire whether the case, if tried, would present intractable management problems . . . for the proposal is that there be no trial.").

Courts have generally found securities claims to be particularly well-suited for class action treatment because they allow for the policies behind the securities laws to be enforced in circumstances where there are numerous investors with small individual claims that otherwise would effectively be barred from litigation. *See, e.g., In re Marsh & McLennan Companies, Inc. Sec. Litig.*, No. 04-cv-8144(CM), 2009 WL 5178546, at *12 (S.D.N.Y. Dec. 23, 2009); *In re Monster Worldwide, Inc. Sec. Litig.*, 251 F.R.D. 132, 139 (S.D.N.Y. 2008); *see also*, 7 Newberg on Class Actions § 22:63 (5th ed.). The Actions are no exception.

### A.   The Settlement Class Meets the Requirements of Rule 23(a)

#### 1.   Rule 23(a)(1): Numerosity

Rule 23(a)(1) requires that the class be so numerous that joinder of all members is impracticable. For purposes of Rule 23(a)(1), however, "[i]mpracticable does not mean impossible," *Robidoux v. Celani*, 987 F.2d 931, 935 (2d Cir. 1993), but "only that the difficulty or inconvenience of joining all members of the class make the use of the class action appropriate." *Central States Southeast & Southwest Areas Health & Welfare Fund v. Merck-Medco Managed Care, LLC*, 504 F.3d 229, 244-245 (2d Cir. 2007). Numerosity is presumed when a class consists

of forty members or more. *See Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d

Cir. 1995). In order to satisfy Rule 23(a)(1), it is not necessary that the precise number of class

members be known, and in "securities fraud class actions relating to publicly owned and nationally

listed corporations, the numerosity requirement may be satisfied by a showing that a large number

of shares were outstanding and traded during the relevant period." *In re Sadia, S.A. Sec. Litig.*, 269

F.R.D. 298, 304 (S.D.N.Y. 2010); *accord In re Vivendi Universal, S.A. Sec. Litig.*, 242 F.R.D. 76,

84 (S.D.N.Y. 2007).

Here, purchasers of Hepsiburada ADSs during the Class Period are believed to number in

the thousands and are located throughout the United States, thus making joinder impracticable.

## 2.      Rule 23(a)(2): Commonality

The commonality requirement is satisfied where, as here, there are "questions of law or

fact common to the class." Fed. R. Civ. P. 23(a)(2). To establish commonality, class members

must have "suffered the same injury," and "[t]heir claims must depend upon a common

contention." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2545, 2551 (2011).  Class members'

"common contention . . . must be of such a nature that it is capable of classwide resolution—which

means that determination of its truth or falsity will resolve an issue that is central to the validity of

each of the claims in one stroke." *Id.* at 2551.

Putative securities class actions like the Actions easily meet the commonality requirement,

which is satisfied where "putative class members have been injured by similar material

misrepresentations and omissions." *Initial Pub. Offering*, 243 F.R.D. at 85; *see In re Globalstar

Sec. Litig.*, No. 01 Civ 1745 (PKC), 2004 WL 2754674, at *4 (S.D.N.Y. Dec. 1, 2004); *In re

Oxford Health Plans, Inc.*, 191 F.R.D. 369, 374 (S.D.N.Y. 2000).

Here, Plaintiffs allege Securities Act violations perpetrated against all investors during the

Class Period, with numerous questions of law and fact common to all Settlement Class Members. Common questions include:  (a) whether the federal securities laws were violated by Defendants' alleged acts; (b) whether the Registration Statement and statements made by Defendants to the investing public omitted and/or misrepresented material facts about the business, operations, and prospects of Hepsiburada; and (c) to what extent the members of the Settlement Class have sustained damages and the proper measure of damages.

### 3.     Rule 23(a)(3): Plaintiffs' Claims Are Typical

Rule 23(a)(3), the typicality requirement, is satisfied when a plaintiff shows that "the claims of the named plaintiffs arise from same practice or course of conduct that gives rise to the claims of the proposed class members." *Vivendi*, 242 F.R.D. at 85 (citation omitted); *see Oxford Health Plans*, 191 F.R.D. at 375. "Typical" does not mean "identical." *See Marsh & McLennan*, 2009 WL 5178546, at *10. The focus of the typicality inquiry is not the plaintiff's behavior, but rather the defendants' actions. *See Teachers' Ret. Sys. of Louisiana v. ACLN Ltd.*, No. 01 Civ. 11814 (LAP), 2004 WL 2997957, at *4 (S.D.N.Y. Dec. 27, 2004). The critical question is whether the proposed class representatives and the class can point to the same "common course of conduct" by defendants to support a claim for relief. Accordingly, "[f]actual differences involving the date of acquisition, type of securities purchased and manner by which the investor acquired the securities will not destroy typicality if each class member was the victim of the same material misstatements and the same fraudulent course of conduct." *Marsh & McLennan*, 2009 WL 5178546, at *10; *see also Robidoux*, 987 F.2d at 936-37 ("When it is alleged that the same unlawful conduct was directed at or affected both the named plaintiff and the class sought to be represented, the typicality requirement is usually met…").

Here, Plaintiffs' claims, legal theories and evidence are identical to those of other members

of the Class.  They, like all members of the Settlement Class, purchased or otherwise acquired Hepsiburada ADS at allegedly artificially inflated prices during the Class Period and suffered damages because of Defendants' alleged material misstatements and omissions. Accordingly, the Rule 23(a)(3) typicality requirement is satisfied.

### 4.     Rule 23(a)(4): Plaintiffs Are Adequate

Rule 23(a)(4) is satisfied if "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The Court must measure the adequacy of representation by two standards: (1) whether the claims of the plaintiff conflict with those of the class; and (2) whether the plaintiff's counsel are qualified, experienced, and generally able to conduct the litigation. *See In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 291 (2d Cir. 1992); *Marsh & McLennan*, 2009 WL 5178546, at *10; *Oxford Health Plans,* 191 F.R.D. at 376.

Here, Plaintiffs' interests are coextensive with those of other Settlement Class Members. Like all members of the Settlement Class, Plaintiffs have claims under the Securities Act against the Defendants in connection with purchases of Hepsiburada ADS during the Class Period. Plaintiffs, like all Settlement Class Members, were also allegedly injured by Defendants' allegedly wrongful acts.  Proof of Plaintiffs' claims would necessarily involve adjudicating the same issues of law and fact as the claims of the Settlement Class as a whole.  Thus, Plaintiffs and the Settlement Class have the same interests in recovering damages allegedly caused by Defendants' wrongful conduct. *See In re Polaroid ERISA Litig.*, 240 F.R.D. 65, 77 (S.D.N.Y. 2006).

Plaintiffs also respectfully submit that they have retained counsel who are qualified, experienced and fully capable of prosecuting these Actions on behalf of the Settlement Class. Plaintiffs, therefore, satisfy the Rule 23(a) adequacy requirements.[11]

---

[11] Plaintiffs also respectfully request that Federal Court Lead Counsel and State Court Lead Counsel be appointed

**B.     The Settlement Class Meets the Requirements of Rule 23(b)**

Next, at least one of the three conditions imposed by Rule 23(b) must be satisfied.  Plaintiffs respectfully submit that Rule 23(b)(3) is satisfied here, because: (1) "the questions of law or fact common to class members predominate over any questions affecting only individual members"; and (2) "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

**1.     Common Questions of Law or Fact Predominate**

The predominance inquiry "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem*, 521 U.S. at 623. The Supreme Court has expressly recognized that "[p]redominance is a test readily met in certain cases alleging . . . securities fraud[.]" *Id*. at 625. "Common questions of law and fact predominate when issues subject to generalized proof and applicable to the class as a whole predominate over, and are more substantial than, issues that are subject to individualized proof." *In re Dynex Capital, Inc. Sec. Litig.*, No. 05 Civ. 1897 (HB), 2011 WL 781215, at *3 (S.D.N.Y. Mar. 7, 2011). In evaluating predominance, the Court's inquiry "must be rigorous and may entail some overlap with the merits of the [P]laintiffs' underlying claim," but the Court may not "engage in free-ranging merits inquiries at the class certification stage." *Amgen, Inc. v. Conn. Ret. Plans & Trust Funds*, 568 U.S. 455, 465-66 (2013).

In the Actions, as is generally so in securities class actions, each element of Plaintiffs' Sections 11, 12(a)(2), and 15 of the Securities Act claims involve common questions of law and fact because the same set of operative facts applies to each Settlement Class Member. Specifically, common questions include whether the Registration Statement and statements made by Defendants

---

Class Counsel pursuant to Fed. R. Civ. P. 23(g)(1)(A).

to the investing public omitted and/or misrepresented material facts about the business, operations, and prospects of Hepsiburada, and whether each Settlement Class Member was harmed when the allegedly misrepresented and omitted facts came to light. Likewise, materiality "is an objective [question], involving the significance of an omitted or misrepresented fact to a reasonable investor," and thus "can be proved through evidence common to the class" and "is a common question for purposes of Rule 23(b)(3)." *Amgen*, 568 U.S. at 467. And the Supreme Court in *Basic v. Levinson*, 485 U.S. 224 (1988) dispensed with the requirement that each Settlement Class Member prove individual reliance on Defendants' alleged misstatements and/or omissions. Thus, the "predominance" requirement is satisfied.

### 2.     A Class Action Is a Superior Method of Adjudication

Finally, Rule 23(b)(3) requires that a class action be superior to other available methods for the fair and efficient adjudication of the controversy. The rule lists several matters pertinent to this finding: (A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action. Fed. R. Civ. P. 23(b)(3)(A)-(D). Each factor weighs in favor of finding superiority here.

As to the first two factors, Plaintiffs' Counsel is unaware of any individual Settlement Class Member interested in bringing his/her/its own action against Defendants for violation of the Securities Act or of any other individual cases (other than the Actions). The absence of other matters confirms the limited interest individual Settlement Class Members have in prosecuting separate actions. Absent certification, the burden and expense of litigating would not be distributed among the Settlement Class, one of the advantages of the class action mechanism.

Indeed, suits alleging violation of the securities law, especially those brought under Sections 11, 12(a)(2) and 15 of the Securities Act, are "especially amenable" to class action certification and resolution. *Tsereteli v. Residential Asset Securitization Tr. 2006-A8*, 283 F.R.D. 199, 205–06 (S.D.N.Y. 2012); *See Pub. Employees' Ret. Sys. of Mississippi v. Merrill Lynch & Co.*, 277 F.R.D. 97, 101 (S.D.N.Y. 2011) ("As courts have repeatedly found, suits alleging violations of the securities laws, particularly those brough pursuant to Sections 11 and 12(a)(2), are especially amenable to class action resolution."); *See also  In re WorldCom, Inc. Sec. Litig.*, 219 F.R.D. 267, 304 (S.D.N.Y. 2003) (Finding that a class action was the superior method for the fair and efficient adjudication of a lawsuit where claims were made under Section 11 of the Securities Act and where the proposed class consisted of tens of thousands of potential class members.). In light of the number of potential claimants against Defendants and the size of their claims, class action treatment is particularly suitable here.

Further, certification of the Settlement Class for the purpose of effecting the Settlement is the superior method to facilitate the resolution of the Class's claims against Defendants. Without the settlement class device, Defendants could not obtain a class-wide release, and therefore would have had little, if any, incentive to enter into the Settlement. Moreover, certification of a class for settlement purposes will allow the Settlement to be administered in an organized and efficient manner. *See In re Telik, Inc. Sec. Litig.*, 576 F. Supp. 2d 570, 584 (S.D.N.Y. 2008). Resolution of the Settlement Class's claims against Defendants through the Settlement is superior to any other available method of resolution.

For all of the foregoing reasons, the Settlement Class meets the class certification requirements of both 23(a) and 23(b).

C.      **Plaintiffs' Counsel Should Be Appointed Class Counsel**

Fed. R. Civ. P. 23(g)(1)(A) states that "a court that certifies a class must appoint class counsel." Plaintiffs' Counsel satisfies the requirements of Fed. R. Civ. P. 23(g) and should be appointed as Class Counsel. *See* Exs. 2-4.

III.    **THE PROPOSED NOTICE PLAN AND FORMS SHOULD BE APPROVED**

The proposed Notice and Summary Notice, attached as Exhibits A-1 and A-3 to the Preliminary Approval Order (Ex. A), respectively, satisfy due process, the Federal Rules of Civil Procedure, and the PSLRA. "Due process requires that the notice to class members fairly apprise the ... members of the class of the terms of the proposed settlement and of the options that are open to them in connection with [the] proceedings." *Maywalt v. Parker & Parsley Petroleum Co.*, 67 F.3d 1072, 1079 (2d Cir. 1995) (internal quotation marks and citations omitted). Rule 23(c)(2)(B) requires notice of the pendency of the class action to be "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." It must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

Collectively, as required by Rule 23(c)(2)(B), the proposed forms of notice here "clearly and concisely state in plain, easily understood language," the: (1) nature of the action; (2) definition of the certified class; (3) the class claims, issues, or defenses; (4) that a class member may appear through counsel; (5) that a class member will be excluded at his request; (6) the time and manner for requesting exclusion; and (7) the binding effect of a class judgment under Rule 23(c)(3). *See In re Take Two Interactive Sec. Litig.*, No. 06 CIV. 1131 (RJS), 2010 WL 11613684, at *12–13 (S.D.N.Y. June 29, 2010). The Notice also satisfies the PSLRA's separate requirements by, *inter*

*alia*, stating: (A) the amount of the Settlement determined in the aggregate and on an average per share basis; (B) that the Parties do not agree on the average amount of damages per share that would be recoverable; (C) that Plaintiffs' Counsel intends to make an application for attorneys' fees and expenses (including the amount of such fees and expenses on an average per share basis); (D) the contact information for Plaintiffs' Counsel; and (E) the reasons why the Parties are proposing the Settlement. 15 U.S.C. §78u-4(a)(7)(A)-(E).

Upon entry of the Preliminary Approval Order, the Claims Administrator will mail the Notice and Claim Form to all Settlement Class Members who can be identified and located through reasonable effort, using information provided by Hepsiburada's transfer agent, as well as information provided by third-party banks, brokers, and other nominees about their customers who may have eligible purchases. Lead Counsel will also cause the Summary Notice to be published in *The Wall Street Journal* and transmitted once over a national newswire service.  In addition, the Notice and Claim Form will be made available for viewing and downloading on the settlement website established by the Claims Administrator.

## IV.   PROPOSED SCHEDULE OF EVENTS

Plaintiffs respectfully propose the following schedule for the Court's review and approval, which summarizes the deadlines in the Preliminary Approval Order. If the Court agrees with the proposed schedule, Plaintiffs request that the Court schedule the Settlement Fairness Hearing for a date one hundred (100) calendar days after entry of the Preliminary Approval Order, or at the Court's earliest convenience thereafter.

| | |
|---|---|
| Deadline for mailing individual Notices and Claim Forms ("Notice Date") | ***30 calendar days after entry of Preliminary Approval Order.*** |
| Deadline for publication in *Investor's Business Day* and transmission over *PR Newswire* | ***Within 10 calendar days of the Notice Date.*** |

| Deadline for filing motions in support of the Settlement, the Plan of Allocation, and Lead Counsel's application for fees and expenses | *No later than 35 calendar days before the Settlement Fairness Hearing.* |
|---|---|
| Deadline for submission of requests for exclusion or objections | *Received no later than 21 calendar days before the Settlement Fairness Hearing.* |
| Deadline for filing reply papers in support of the motions | *No later than 7 calendar days before the Settlement Fairness Hearing.* |
| Settlement Fairness Hearing | *At the Court's convenience, but no fewer than 100 calendar days after the entry of the Preliminary Approval Order.* |
| Deadline for submission of Claim Forms | *Postmarked or received no later than 120 calendar days after the Notice Date.* |

## V.    THIS COURT HAS JURISDICTION TO APPROVE THE SETTLEMENT IN THE STATE COURT ACTION

This Court may approve the settlement of the State Court Action because the State Court Action alleges the same violations of federal securities laws – specifically Sections 11 and 15 of the Securities Act – on behalf of the same class of Hepsiburada shareholders as the Federal Court Action.  In other words, the claims in the State Court Action and the class on behalf of which they are brought overlaps with the Federal Court Action.  Accordingly, Plaintiffs and Defendants do not dispute that this Court has jurisdiction to approve the settlement of the State Court Action. *See, e.g.*, Ex. 5 (*Machniewicz v. Uxin Ltd., et al.*, No. 1:19-cv-0822-MKB-VMS (E.D.N.Y.), Order and Final Judgment (ECF No. 61) (approving parallel federal and state court actions)).

## VI.    CONCLUSION

For the foregoing reasons, Plaintiffs  respectfully request that the Court grant their motion and enter the Preliminary Approval Order, submitted herewith.

Dated: March 22, 2023                    By: */s/   Frederic S. Fox*

Frederic S. Fox
Donald R. Hall
Melinda Campbell
**KAPLAN FOX & KILSHEIMER LLP**
800 Third Avenue, 38th Floor
New York, NY 10022
Telephone: (212) 687-1980
Facsimile: (212) 687-7714

*Lead Counsel for Lead Plaintiff and the
proposed Settlement Class*

**ROBBINS GELLER RUDMAN
   & DOWD LLP**
SAMUEL H. RUDMAN
MICHAEL G. CAPECI


*/s/ Samuel H. Rudman*
SAMUEL H. RUDMAN

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
mcapeci@rgrdlaw.com

**JOHNSON FISTEL, LLP**
RALPH M. STONE
1700 Broadway, 41st Floor
New York, NY  10019
Telephone:  212/292-5690
212/292-5680 (fax)
ralphs@johnsonfistel.com

**JOHNSON FISTEL, LLP**
MICHAEL I. FISTEL, JR.
40 Powder Springs Street
Marietta, GA  30064
Telephone:  470/632-6000
770/200-3101 (fax)
michaelf@johnsonfistel.com

*Counsel for the State Court Plaintiff and the
proposed Settlement Class*