# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————— x

IWA-FOREST INDUSTRY PENSION PLAN, :    Civil Action No. 1:21-cv-08634-PKC
Individually and on Behalf of All Others    :
Similarly Situated,    :    <u>CLASS ACTION</u>
   :
            Plaintiff,    :    Honorable P. Kevin Castel
   :
   :
     v.    :
   :
D-MARKET ELEKTRONIK HIZMETLER    :
VE TICARET ANONIM ŞIRKETI a/k/a    :
D-MARKET ELECTRONIC SERVICES &    :
TRADING d/b/a/ HEPSIBURADA, MEHMET    :
MURAT EMIRDAĞ, HALIL KORHAN ÖZ,    :
HANZADE VASFIYE DOĞAN BOYNER,    :
ERMAN KALKANDELEN, MEHMET EROL    :
ÇAMUR, CEMAL AHMET BOZER,    :
VUSLAT DOĞAN SABANCI, MUSTAFA    :
AYDEMIR, TOLGA BABALI, COLLEEN A.    :
DE VRIES, COGENCY GLOBAL INC.,    :
MORGAN STANLEY & CO. LLC, J.P.    :
MORGAN SECURITIES LLC, GOLDMAN,    :
SACHS & CO. LLC, BOFA SECURITIES    :
INC., UBS SECURITIES LLC, and    :
TURKCOMMERCE B.V.,    :
   :
            Defendants.    :
   :
———————————————————— :x

4881-3930-4013.v3

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: COMMERCIAL DIVISION

———————————————————————————— x

JAMES BENSON, Individually and on Behalf
of All Others Similarly Situated,

                 Plaintiff,

     v.

D-MARKET ELEKTRONIK HIZMETLER
VE TICARET ANONIM ŞIRKETI,
HANZADE VASFIYE DOĞAN BOYNER,
MEHMET MURAT EMIRDAĞ, HALIL
KORHAN ÖZ, ERMAN KALKANDELEN,
MEHMET EROL ÇAMUR, CEMAL AHMET
BOZER, VUSLAT DOĞAN SABANCI,
MUSTAFA AYDEMIR, TOLGA BABALI,
TAYFUN BAYAZIT, COLLEEN A. DE
VRIES, COGENCY GLOBAL INC.,
TURKCOMMERCE B.V., MORGAN
STANLEY & CO. LLC, J.P. MORGAN
SECURITIES LLC, GOLDMAN, SACHS &
CO. LLC, BOFA SECURITIES, INC., and
UBS SECURITIES LLC,

                 Defendants.

———————————————————————————— x

Index No. 655701/2021

CLASS ACTION

The Honorable Robert R. Reed, J.S.C.

Part 43

**STIPULATION OF SETTLEMENT**

This Stipulation of Settlement (the "Stipulation") in the action pending in this Court captioned *IWA-Forest Industry Pension Plan v. D-MARKET Elektronik Hizmetler ve Ticaret Anonim Şirketi, et al.*, No. 21-cv-08634-PKC (S.D.N.Y.) (the "Federal Court Action") and in the action captioned *Benson v. D-MARKET Elektronik Hizmetler ve Ticaret Anonim Şirketi, et al.*, Index No. 655701/2021 (Sup. Ct. N.Y.) (the "State Court Action," and, together with the Federal Court Action, the "Actions"), pending before the Supreme Court of the State of New York, County of New York, Commercial Division (the "State Court"), is entered into, through their respective counsel, by and among: Lead Plaintiff IWA-Forest Industry Pension Plan (the "Federal Court Plaintiff") and James Benson (the "State Court Plaintiff") (together, "Plaintiffs"), on behalf of themselves and the Settlement Class (as defined below); and Defendants D-MARKET Elektronik Hizmetler ve Ticaret Anonim Şirketi a/k/a D-MARKET Electronic Services & Trading d/b/a Hepsiburada ("Hepsiburada" or the "Company"); TurkCommerce B.V. ("TurkCommerce"); Hanzade Vasfiye Doğan Boyner, Mehmet Murat Emirdağ, Halil Korhan Öz, Erman Kalkandelen, Mehmet Erol Çamur, Cemal Ahmet Bozer, Vuslat Doğan Sabanci, Mustafa Aydemir, Tolga Babali, and Tayfun Bayazit (the "Individual Defendants"); Morgan Stanley & Co. LLC, J.P. Morgan Securities LLC, Goldman, Sachs & Co. LLC, BofA Securities, Inc., and UBS Securities LLC (the "Underwriter Defendants"); and Colleen A. De Vries ("De Vries") and Cogency Global Inc. (collectively with Hepsiburada, TurkCommerce, the Individual Defendants, De Vries and the Underwriter Defendants, "Defendants"). The Stipulation is intended by Plaintiffs and Defendants (collectively, the "Parties") to fully, finally, and forever compromise, resolve, discharge, release, settle, and dismiss with prejudice all Released Claims, as defined below, upon and subject to the terms and conditions hereof, and is submitted pursuant to Fed. R. Civ. P. 23(e) for approval by this Court.

- 1 -

## I.    SUMMARY OF CLAIMS AND PROCEDURAL HISTORY

### 1.    Summary of Claims and the Complaints

In the Actions, Plaintiffs assert claims under the Securities Act of 1933 (the "Securities Act") based on allegations that the Registration Statement, as defined below, declared effective on June 30, 2021 in connection with Hepsiburada's July 1, 2021 initial public offering ("IPO" or "Offering") contained untrue statements of material fact and/or omitted to disclose material information that was required to be disclosed therein.  Defendants deny Plaintiffs' allegations.

On September 28, 2021, plaintiff James Benson, represented by Robbins Geller Rudman & Dowd LLP and Johnson Fistel, LLP (together, "State Court Lead Counsel"), filed a putative class action in the State Court against certain of the Defendants alleging violations of Sections 11 and 15 of the Securities Act on behalf of all persons who purchased or otherwise acquired Hepsiburada American Depository Shares ("ADSs" or "shares") pursuant and/or traceable to Hepsiburada's Registration Statement issued in connection with its IPO.  NYSCEF No. 1.  On December 10, 2021, the State Court Plaintiff filed an Amended Class Action Complaint for Violations of the Securities Act of 1933 (the "State Court Complaint") that asserts claims under Section 11 against all Defendants and claims under Section 15 against Hepsiburada, TurkCommerce, the Individual Defendants, and Cogency Global Inc.  NYSCEF No. 16.

On October 21, 2021, a putative class action complaint asserting claims under the Securities Act was filed in the United States District Court for the Southern District of New York (the "Federal Court") against certain of the Defendants named in the State Court Complaint. *Golden Horn Asset & Mgmt. Ltd v. D-MARKET Elektronik Hizmetler ve Ticaret Anonim Şirketi, et al.*, No. 1:21-cv-08634-PKC (S.D.N.Y.) (ECF No. 1).  On January 5, 2022, after the three other lead plaintiff movants filed notices of withdrawal or non-opposition, Judge Castel entered an order

that appointed IWA-Forest Industry Pension Plan ("IWA-Forest") as Lead Plaintiff and approved IWA-Forest's selection of Kaplan Fox & Kilsheimer LLP as Lead Counsel.[1]  ECF No. 36.

On February 4, 2022, IWA-Forest filed an Amended Complaint for Violations of the Securities Act of 1933 (the "Federal Court Complaint").  ECF No. 37.  The Federal Court Complaint was brought on behalf of persons and entities that purchased or otherwise acquired Hepsiburada ADSs pursuant and/or traceable to the Registration Statement issued in connection with the Company's IPO.  It alleges violations of the Securities Act under (i) Section 11 against all Defendants (with the exception of Bayazit, who was not named as a defendant in the Federal Court Action); (ii) Section 12(a)(2) against Hepsiburada, Emirdağ, Öz, TurkCommerce, and the Underwriter Defendants; and (iii) Section 15 against the Individual Defendants (with the exception of Bayazit).

## 2.    State Court Action Procedural History

The State Court Action is pending before the Honorable Robert R. Reed, Part 43, Supreme Court of the State of New York, Commercial Division.

State Court Lead Counsel moved for alternative service on the same day it filed the State Court Complaint because the Individual Defendants, who reside in Turkey, remained unserved. NYSCEF No. 19.  State Court Lead Counsel argued that because Turkey is a signatory to the Hague Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters, service is only permitted through Turkey's Central Authority.  *Id.*  Thus, State Court Lead Counsel asserted that direct service on the Individual Defendants would result in significant costs, complications, and delay, and argued that service should be accomplished instead

---

[1]    Lead Counsel and State Court Lead Counsel are collectively referred to herein as "Plaintiffs' Counsel."

via email service or via service on counsel for Hepsiburada and De Vries.  *Id.*  Briefing on this motion concluded on February 4, 2022.  *See* NYSCEF 36, 41.

On February 8, 2022, Hepsiburada and the Underwriter Defendants moved to dismiss the State Court Complaint; Cogency Global Inc., De Vries, and TurkCommerce joined their motion. NYSCEF Nos. 73, 88, 95.  The motion to dismiss asserted that the State Court Complaint should be dismissed in its entirety because it failed to plead that the Registration Statement contained any materially false or misleading statement or omission.  Briefing on the motion to dismiss concluded on April 22, 2022.  *See* NYSCEF Nos. 96, 99-101.

While the motion for alternative service and the motion to dismiss were pending, the Parties agreed to explore mediation, as described further below.

**3.      Federal Court Action Procedural History**

On April 15, 2022, Hepsiburada and the Underwriter Defendants moved to dismiss the Federal Court Action for failure to state a claim, arguing that the Federal Court Complaint failed to plead an actionable misrepresentation or omission under the Securities Act.  ECF No. 48. Hepsiburada and the Underwriter Defendants further argued in the alternative that the Federal Court Action should be stayed or dismissed pursuant to *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976) ("*Colorado River*"), which allows federal courts to decline jurisdiction where there are parallel state court proceedings.  *Id*.  The Federal Court Plaintiff opposed the motion on May 13, 2022 (ECF No. 51), and Hepsiburada and the Underwriter Defendants filed their reply in support of the motion on May 27, 2022 (ECF No. 53).  Hepsiburada and the Underwriter Defendants withdrew the *Colorado River* argument on October 20, 2022. ECF No. 62.

On June 15, 2022, TurkCommerce filed a notice of joinder in Hepsiburada and the Underwriter Defendants' motion to dismiss.  ECF No. 57.  The Federal Court Plaintiff opposed

joinder on June 29, 2022 (ECF No. 58), and TurkCommerce filed its reply in support of joinder on July 6, 2022 (ECF No. 59).

The motion to dismiss the Federal Court Complaint was pending when the Parties agreed to explore mediation.

### 4.    Mediation and Further Efforts to Resolve the Litigation

In the summer of 2022, the Parties agreed to explore a global resolution of the Actions and engaged the services of Judge Layn R. Phillips (Ret.) of Phillips ADR, a nationally recognized mediator experienced in complex shareholder litigation. In connection with the mediation, Plaintiffs and Hepsiburada provided to Judge Phillips and exchanged with each other confidential mediation statements setting forth their respective positions. On September 2, 2022, counsel for Plaintiffs and Hepsiburada attended an in-person, all-day mediation in New York, New York with Judge Phillips.

At the end of the in-person mediation session, the Parties had not reached a settlement, but they and Judge Phillips continued to engage in a series of communications over the next three months in an effort to achieve a global resolution of the Actions. Ultimately, after lengthy negotiations, on December 5, 2022, Plaintiffs and Hepsiburada agreed to a settlement of $13.9 million on the terms set forth herein, subject to the negotiation of a Stipulation of Settlement and court approval. This Stipulation (together with the exhibits hereto) reflects the final and binding agreement between the Parties, subject to court approval.

## II.    PLAINTIFFS' INVESTIGATION AND THE BENEFITS OF SETTLEMENT

Lead Counsel represent that they have conducted an extensive investigation of the claims and the underlying events and transactions alleged in the Federal Court Action, and State Court Lead Counsel have represented that they have done the same in the State Court Action. Among other things, Lead Counsel and State Court Lead Counsel both represent that they have analyzed

- 5 -

public filings, records, documents, and other materials concerning Defendants and third parties, and have researched the applicable law with respect to the claims of Plaintiffs and the Settlement Class against Defendants and the potential defenses thereto.

Based on their investigation and review, Plaintiffs and Plaintiffs' Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable, adequate, and are in the best interests of the Settlement Class, and have agreed to settle the claims raised in the Actions pursuant to the terms and provisions of this Stipulation, after considering: (a) the substantial benefits that Plaintiffs and the Settlement Class will receive from settlement of the Actions; (b) the risks, costs, and uncertainties of ongoing litigation; (c) the desirability of permitting the Settlement to be consummated as provided by the terms of this Stipulation; and (d) Plaintiffs' Counsel's experience in the prosecution of similar actions.

Except in the event this Stipulation is terminated or the Settlement otherwise does not become effective, the Parties to this Stipulation and their counsel agree not to contend in any forum that the State Court Action or the Federal Court Action was brought or defended in bad faith, without a reasonable basis, or in violation of 22 N.Y.C.R.R. §130-1, Rule 11 of the Federal Rules of Civil Procedure, or any other similar law or statute. The Actions are being voluntarily settled and presented in one forum after advice of counsel and after Plaintiffs' Counsel have determined and believe that the terms of the Settlement are fair, adequate, and reasonable to the Settlement Class.

## III.    DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

This Stipulation, whether or not consummated, and any negotiations, discussions, or proceedings relating to this Stipulation, the Settlement of the Actions, and any matters arising in connection therewith shall not be (a) offered or received against any Defendant as evidence of, or construed as or deemed to be evidence of, any presumption against, or concession or admission

by, any of the Defendants with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted against any Defendant in the Actions or in any litigation, or of any liability, negligence, fault, or wrongdoing; by any Defendant, or of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any Defendant; (b) construed as or received as an admission or concession by, or presumption against, any Defendant that any of his, her, or its defenses are without merit or that any damages would have been recoverable in the Actions; or (c) offered or received against any Defendant as evidence of, or construed as or deemed to be evidence of, any presumption against, or concession or admission by, any of the Defendants that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; or (d) offered or received against any Defendant as evidence that a class should be certified if the Settlement is not consummated.  Defendants do not admit any liability or wrongdoing whatsoever in connection with the allegations set forth in the Actions, or any facts related thereto.

Defendants have denied and continue to deny any and all allegations of fault, liability, wrongdoing, or damages whatsoever.  All of the Defendants expressly have denied, and continue to deny, that they have committed any act or omission giving rise to any liability under the Securities Act or otherwise.  Specifically, Defendants expressly have denied, and continue to deny, among other things, each and all of the claims alleged by Plaintiffs in the Actions, including without limitation, any liability arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Actions or that any alleged misstatements or omissions were made.  Defendants also have denied, and continue to deny, among other allegations, the allegations that Plaintiffs or the Settlement Class have suffered any damages, or that Plaintiffs or the Settlement Class were harmed by the conduct alleged in the Actions or that

- 7 -

they could have alleged as part of the Actions.  In addition, Defendants maintain that they have meritorious defenses to all claims alleged in the Actions.

Defendants are entering into this Stipulation and Settlement solely to eliminate the distraction, burden, and expense of further protracted litigation.  Defendants have taken into account the expense, risks, and uncertainty inherent in any litigation.  Defendants have, therefore, determined that it is desirable and beneficial to them that the Actions be settled in the matter and upon the terms and conditions set forth in this Stipulation.  Neither this Stipulation, nor any of the terms of the Settlement of the Actions shall in any event be construed as or deemed to be, evidence of, or an admission or concession on the part of any Defendant with respect to any claim, fault, liability, wrongdoing, or damage whatsoever, or any infirmity in the defenses that Defendants have or could have asserted.

## IV.    TERMS OF THE STIPULATION AND AGREEMENT OF SETTLEMENT

NOW THEREFORE, without any admission or concession on the part of Plaintiffs of any lack of merit of the State Court Action or the Federal Court Action whatsoever, and without any admission or concession of any liability or wrongdoing or lack of merit in the defenses whatsoever by Defendants, it is hereby STIPULATED AND AGREED, by and among the Parties to this Stipulation, through their undersigned attorneys, subject to court approval, in consideration of the benefits flowing to the Parties hereto from the Settlement, that all Released Claims (as defined below) as against the Released Parties (as defined below) and all of the Released Defendants' Claims (as defined below) shall be compromised, settled, released, discharged, and dismissed with prejudice upon and subject to the following terms and conditions:

**1.     Certain Definitions**

As used in this Stipulation, the following terms shall have the following meanings:

1.1     "Actions" means, collectively, the State Court Action and the Federal Court Action.

- 8 -

1.2    "ADSs" or "Shares" refers to American Depository Shares issued by or on behalf of Hepsiburada, each of which represents one Hepsiburada Class B ordinary share.

1.3    "Alternative Judgment" means a form of final judgment with terms materially different from those set forth in the form of judgment that is attached hereto as Exhibit B. Without limitation, any reduction in the scope of the definition of "Settlement Class," "Settlement Class Members," or "Released Claims" is hereby deemed to be material.

1.4    "Authorized Claimant" means a Settlement Class Member who submits a timely and valid Proof of Claim form to the Claims Administrator.

1.5    "Claim" means a claim submitted on a Proof of Claim or an electronic claim that is submitted to the Claims Administrator.

1.6    "Claims Administrator" means Gilardi & Co. LLC or such other entity as the Federal Court shall appoint to administer the Settlement.

1.7    "Cogency Defendants" means Colleen A. De Vries, Cogency Global Inc., and Cogency Global Inc.'s predecessors, successors, parents, subsidiaries, divisions, or affiliates.

1.8    "Controlling Person" means a person who holds a majority voting power in, or possesses the power to direct the actions of or to exercise control over the general or daily operations of, a company or other business entity.

1.9    "Defendants" means, collectively, Hepsiburada, TurkCommerce, the Individual Defendants, the Underwriter Defendants, and the Cogency Defendants.

1.10    "Defendants' Counsel" means the law firms of Latham & Watkins LLP, Shearman & Sterling LLP, and K&L Gates LLP.

1.11    "Effective Date of Settlement" or "Effective Date" means the first date upon which all of the events and conditions set forth in ¶10.1 below have been met and have occurred, or have been expressly waived in writing.

1.12    "Escrow Account" means an interest-bearing escrow account established by the Escrow Agent to receive the Settlement Amount.

1.13    "Escrow Agent" means Kaplan Fox & Kilsheimer LLP and Robbins Geller Rudman & Dowd LLP, or their respective successor(s).

1.14    "Federal Court" means the United States District Court for the Southern District of New York.

1.15    "Federal Court Action" means *IWA-Forest Industry Pension Plan v. D-MARKET Elektronik Hizmetler ve Ticaret Anonim Şirketi, et al.*, No. 21-cv-08643-PKC, pending in the United States District Court for the Southern District of New York.

1.16    "Federal Court Lead Plaintiff" means IWA-Forest Industry Pension Plan.

1.17    "Fee and Expense Award" means any attorneys' fees and expenses awarded by the Federal Court as described in ¶5.1.

1.18    "Final" means with respect to the Judgment or an order of the Federal Court dismissing or declining to dismiss the Federal Court Action with prejudice (see ¶¶10.1(f), 10.2(f)), when the last of the following shall occur:

(a)    the expiration of the time to file a motion for reconsideration, motion for rehearing, motion to vacate, motion to alter or amend, appeal, petition for writ of certiorari or similar request for relief, other than as contemplated by subsection (d) of this ¶1.17,

(b)    if no appeal is filed, the expiration date of the time provided for filing or petitioning for any appeal; and

(c)    if a motion to alter or amend is filed or if there is an appeal from the Judgment or order, immediately after (i) the date of final dismissal of all such motions or appeals, or the final dismissal of any proceeding on certiorari or otherwise to review the Judgment or order, or the date the Judgment or order is finally affirmed on appeal, such that no further judicial review

or appeal is permitted, whether by reason of affirmation by a court of last resort, lapse of time, voluntary dismissal of the appeal or otherwise in such a manner as to permit the consummation of the Settlement, substantially in accordance with the terms and conditions of the Stipulation; or (ii) the expiration of the time to file a petition for writ of certiorari or other form of review, or the denial of a writ of certiorari or other form of review of the Judgment or order, or (iii) if certiorari or other form of review is granted, the date of final affirmance of the Judgment or order following review pursuant to that grant.

(d)    provided, however, that any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to (i) attorneys' fees, costs or expenses, (ii) the Plan of Allocation (as submitted or subsequently modified), or (iii) the procedures for determining Authorized Claimants' recognized claims shall not in any way delay or preclude the Judgment from becoming Final.

1.19    "Hepsiburada" or the "Company" means D-MARKET Elektronik Hizmetler ve Ticaret Anonim Şirketi a/k/a D-MARKET Electronic Services & Trading d/b/a Hepsiburada, and its predecessors, successors, parents, subsidiaries, divisions, or affiliates.

1.20    "Immediate Family Members" means children, stepchildren, parents, stepparents, spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, and sisters-in-law.  As used in this paragraph, "spouse" shall mean a husband, a wife, or a partner in a state-recognized domestic relationship or civil union.

1.21    "Individual Defendants" means, collectively, Hanzade Vasfiye Doğan Boyner, Mehmet Murat Emirdağ, Halil Korhan Öz, Erman Kalkandelen, Mehmet Erol Çamur, Cemal Ahmet Bozer, Vuslat Doğan Sabanci, Mustafa Aydemir, Tolga Babali, and Tayfun Bayazit.

1.22    "Investment Vehicle" means any investment company, separately managed account, or pooled investment fund, including, but not limited to, mutual fund families, exchange-

traded funds, fund of funds, hedge funds, and employee benefit plans, in which any Defendant or its affiliates has or may have a direct or indirect interest, or as to which that Defendant or its affiliates may act as an investment advisor or manager, but in which any Defendant alone or together with its, his or her respective affiliates is not a majority owner or does not hold a majority beneficial interest.

1.23    "IPO" or the "Offering" means Hepsiburada's July 1, 2021 initial public offering.

1.24    "Judgment" means either: (i) the proposed judgment to be entered approving the Settlement, substantially in the form attached hereto as Exhibit B; or (ii) an Alternative Judgment, if expressly agreed by all Parties.

1.25    "Lead Counsel" means Kaplan Fox & Kilsheimer LLP.

1.26    "Net Settlement Fund" means the Settlement Fund less any: (i) court-awarded attorneys' fees; (ii) Notice and Administration Costs; (iii) any required Taxes; (iv) court-awarded litigation expenses; and (v) any other fees, expenses or deductions approved by the court.

1.27    "Notice" means the Notice of Proposed Settlement of Class Action, which is to be sent to members of the Settlement Class, substantially in the form attached hereto as Exhibit A-1.

1.28    "Notice and Administration Costs" means the costs, fees, and expenses that are incurred by the Claims Administrator and/or Plaintiffs' Counsel in connection with (i) providing notices to the Class, and (ii) administering the Settlement, including but not limited to, the claims process, as well as the costs, fees, and expenses incurred in connection with the Escrow Account.

1.29    "Notice Order" means the proposed order preliminarily approving the Settlement and directing notice thereof to the Settlement Class, substantially in the form attached hereto as Exhibit A.

1.30    "Person" means an individual, corporation (including all divisions and subsidiaries), partnership, limited partnership, limited liability partnership, association, joint stock

company, joint venture, limited liability company or corporation, professional corporation, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and his, her, or its spouses, heirs, beneficiaries, executors, administrators, predecessors, successors, representatives, or assignees.

1.31    "Plaintiffs" means, collectively, the State Court Plaintiff and Federal Court Plaintiff.

1.32    "Plaintiffs' Counsel" means, collectively, Lead Counsel and State Court Lead Counsel.

1.33    "Plan of Allocation" means the proposed plan described in the Notice or any alternate plan approved by the Federal Court whereby the Net Settlement Fund (as defined above in ¶1.23) shall be distributed to Authorized Claimants.  Any Plan of Allocation is not part of the Stipulation, and the Released Parties shall have no responsibility therefore or liability with respect thereto.

1.34    "Proof of Claim" means the Proof of Claim and Release form for submitting a claim, substantially in the form attached hereto as Exhibit A-2.

1.35    "Registration Statement" means, collectively, any and all registration statements and prospectuses, whether preliminary, amended, or as effective, filed with the U.S. Securities and Exchange Commission that relate in any way, in whole or in part, to Hepsiburada's IPO.

1.36    "Related Parties" means each of a Defendant's respective past, present, or future direct or indirect parents, subsidiaries, divisions, branches, Controlling Persons, associates, entities, affiliates or joint ventures, as well as each of their respective past or present directors, officers, employees, managers, managing directors, supervisors, contractors, consultants, servants, general partners, limited partners, partnerships, members, principals, trusts, trustees, advisors,

auditors, accountants, agents, underwriters, insurers, co-insurers, reinsurers, controlling shareholders, attorneys, fiduciaries, financial or investment advisors or consultants, banks or investment bankers, personal or legal representatives, counsel, agents, predecessors, predecessors-in- interest, successors, assigns, spouses, heirs, executors, administrators, legal or personal representatives of each of them in their capacities as such, related or affiliated entities, anyone acting or purporting to act for or on behalf of any of them or their successors, heirs or assigns, any other  entities in which a Defendant has or had a controlling interest, any Immediate Family Member of an Individual Defendant, any trust of which any Defendant is the settlor or which is for the benefit of any Defendant and/or member(s) of his or her family, and the legal representatives, heirs, successors in interest or assigns of the Defendants.

1.37  "Released Claims" means any and all claims (including, but not limited to, "Unknown Claims," as defined in ¶1.50), suits, actions, appeals, causes of action, damages (including, without limitation, compensatory, punitive, exemplary, rescissory, direct, consequential or special damages, and restitution and disgorgement), demands, disputes, rights, debts, penalties, costs, expenses, fees, injunctive relief, attorneys' fees, expert or consulting fees, judgments, interest, sums of money due, matters, issues, controversies, charges, indemnities, duties, liabilities, losses, or obligations of every nature and description whatsoever, known or unknown, whether or not concealed or hidden, fixed or contingent, direct or indirect, anticipated or unanticipated, asserted or that could have been asserted by any member of the Settlement Class, whether legal, contractual, rescissory, statutory, or equitable in nature, whether arising under federal, state, local, common, foreign law, including but not limited to the Securities Act of 1933 and the Securities Exchange Act of 1934, and whether class or individual, that are based upon, arise from, or relate, directly or indirectly, in any manner, to the purchase or other acquisition of Hepsiburada ADSs during the period of July 1, 2021 to November 23, 2021, inclusive, including

without limitation, any claims related to statements, disclosures, nondisclosures, or omissions allegedly made or not made and (a) the subject matter of the Actions; or (b) the facts alleged or that could have been alleged in any complaint filed in the Actions or in any other United States forum or proceeding.  Claims to enforce the Settlement are not released.

1.38   "Released Defendants' Claims" means all claims, including "Unknown Claims" as defined below, that any Released Party may have against Plaintiffs, Settlement Class Members, or Plaintiffs' Counsel relating to the institution, prosecution, or settlement of the Released Claims, the State Court Action, or the Federal Court Action (except for (a) any claims to enforce any of the terms of this Stipulation; (b) any claims against any person or entity who or which submits a request for exclusion from the Settlement that is accepted by the Federal Court as valid; and (c) any claims that any Defendant may have under or relating to any policy or liability or any other insurance policy).

1.39   "Released Parties" means Defendants and each and all of their Related Parties.

1.40   "Settlement" means the settlement between Plaintiffs and Defendants on the terms set forth in this Stipulation.

1.41   "Settlement Amount" means the sum of $13,900,000 to be deposited into an Escrow Account pursuant to ¶3.  As reflected in ¶3, Hepsiburada shall pay, or shall cause to be paid on Defendants' behalf, the Settlement Amount.

1.42   "Settlement Class" and "Settlement Class Members" means, for the purposes of this Settlement only, all Persons that purchased or otherwise acquired Hepsiburada ADSs pursuant and/or traceable to Hepsiburada's July 1, 2021 IPO through November 23, 2021, inclusive. Excluded from the Settlement Class are: (i) Defendants, (ii) the current and former executive officers and directors of each Defendant (in addition to those named as defendants), (iii) any entity in which any Defendant has or had a controlling interest, *provided, however*, that any Investment

- 15 -

Vehicle shall not be excluded from the class, (iv) Defendants' Immediate Family Members, and (v) the legal representatives, heirs, successors, or assigns of any such excluded party. Also excluded from the Settlement Class are any persons or entities who exclude themselves by filing a timely request for exclusion in accordance with the requirements set forth in the Notice. Plaintiffs represent and warrant that they will not seek exclusion from the Settlement Class.

1.43    "Settlement Class Period" means, for purposes of this Settlement only, the period from July 1, 2021 through November 23, 2021, inclusive.

1.44    "Settlement Fairness Hearing" means the hearing scheduled by the Federal Court to determine whether (i) the Settlement is fair, reasonable, and adequate, (ii) the Plan of Allocation is fair, reasonable, and adequate, and (iii) Plaintiffs' Counsel's request for an award of attorneys' fees and expenses on behalf of Lead Counsel and State Court Lead Counsel, including awards to Plaintiffs, is reasonable.

1.45    "Settlement Fund" means the Settlement Amount plus any interest or income earned thereon after the Settlement Amount is deposited into an Escrow Account pursuant to ¶3.1.

1.46    "State Court Action" means *Benson v. D-MARKET Elektronik Hizmetler ve Ticaret Anonim Şirketi*, Index No. 655701/2021, pending in the Supreme Court of the State of New York, County of New York, Commercial Division.

1.47    "State Court" means the Supreme Court of New York, New York County, Commercial Division.

1.48    "State Court Lead Counsel" means, collectively, the law firms of Robbins Geller Rudman & Dowd LLP and Johnson Fistel, LLP.

1.49    "State Court Plaintiff" means James Benson.

1.50    "Summary Notice" means the summary notice of proposed Settlement and hearing for publication, substantially in the form attached hereto as Exhibit A-3.

1.51    "TurkCommerce" means TurkCommerce B.V. and its predecessors, successors, parents, subsidiaries, divisions, or affiliates.

1.52    "Underwriter Defendants" means Morgan Stanley & Co. LLC, J.P. Morgan Securities LLC, Goldman, Sachs & Co. LLC, BofA Securities, Inc., and UBS Securities LLC.

1.53    "Unknown Claims" means (i) any and all claims and potential claims against Released Parties which Plaintiffs or any Settlement Class Members do not know or suspect to exist in their, his, her, or its favor as of the Effective Date which, if known by such party, might have affected such party's settlement with and release of the Released Parties, or might have affected such party's decision not to object to this Settlement, and (ii) any claims against Plaintiffs which Defendants do not know or suspect to exist in their favor, which if known by any of them, might have affected their, his, her, or its decision(s) with respect to the Settlement. With respect to any and all Released Claims and Released Defendants' Claims, the Parties stipulate and agree that by operation of the Final Judgment, upon the Effective Date, the Plaintiffs and Defendants shall have expressly waived, and each Settlement Class Member shall be deemed to have waived, and by operation of the Final Judgment shall have expressly waived, the provisions, rights, and benefits of Cal. Civ. Code §1542, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY;**

and any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is or has an effect which is similar, comparable, or equivalent to Cal. Civ. Code §1542.  Plaintiffs and Settlement Class Members may hereafter discover facts, legal theories, or authorities in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Released Claims, but

Plaintiffs shall expressly fully, finally, and forever settle and release, and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever settled and released, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, reckless, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities.   Plaintiffs and Defendants acknowledge, and Settlement Class Members shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims and Released Defendants' Claims was separately bargained for and was a material element of the Settlement.

## 2.      Scope and Effect of Settlement

2.1      The obligations incurred pursuant to this Stipulation shall be in full and final disposition of: (i) the Actions against Defendants; (ii) any and all Released Claims as against all Released Parties; and (iii) any and all Released Defendants' Claims.

2.2      Upon the Effective Date of this Settlement, Plaintiffs and all Settlement Class Members, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever compromised, settled, resolved, relinquished, waived, released, and discharged all Released Claims against the Released Parties, whether or not such Settlement Class Member executes and delivers a Proof of Claim or shares in the Settlement Fund.

(a)    Upon the Effective Date of this Settlement, Plaintiffs and each of the Settlement Class Members, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, assigns, and anyone else claiming through or on their behalf, in their capacities as such, will be permanently and forever barred and enjoined from commencing, instituting, maintaining, prosecuting, or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, administrative forum, or any other forum, asserting any or all of the Released Claims against the Released Parties, whether or not a Settlement Class Member executes and delivers a Proof of Claim or shares in the Settlement Fund.

(b)    Upon the Effective Date of this Settlement, each of the Released Parties shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released and discharged Plaintiffs, Plaintiffs' Counsel, and each and all of the Settlement Class Members from each and every one of the Released Defendants' Claims.

(c)    Notwithstanding the provisions of ¶¶2.2(a) through (b) hereof, in the event that any of the Released Parties asserts against Plaintiffs, any Settlement Class Member, or their respective counsel, any claim that is a Released Defendants' Claim, then such Plaintiffs or Settlement Class Member, or counsel shall be entitled to use and assert such factual matters included within the Released Claims only against such Released Party in defense of such claim, but not for the purposes of affirmatively asserting any claim against any Released Party.

(d)    Notwithstanding the provisions of ¶¶2.2(a) through (b) hereof, in the event that Plaintiffs or any Settlement Class Member asserts against any of the Released Parties or their respective counsel any claim that is a Released Claim, then such Released Party or counsel shall be entitled to use and assert such factual matters included within the Released Claims only against such Plaintiffs or Settlement Class Member in defense of such claim, but not for the purposes of affirmatively asserting any claim against Plaintiffs or any Settlement Class Member.

(e)     The releases and injunctions provided in this Stipulation shall become effective immediately upon occurrence of the Effective Date without the need for any further action, notice, condition, or event.

**3.     The Settlement Consideration**

3.1     In full and final settlement of the claims asserted in the Actions and in consideration of the releases specified in ¶2.2(a) herein, Hepsiburada shall deposit or cause to be deposited the Settlement Amount in accordance with instructions to be provided by the Escrow Agent within thirty (30) calendar days of the later of: (i) entry of the Notice Order by the Federal Court; and (ii) the Escrow Agent providing to Defendants' Counsel all information necessary to effectuate a transfer of funds to the Escrow Account, including, without limitation, (a) wire transfer instructions (including bank name and ABA routing number, address, account name, and number), (b) payment address, and (c) a complete and executed Form W-9 or other similar form for the Settlement Fund that reflects a valid tax identification number.  This Stipulation does not obligate any other Defendant to pay any portion of the Settlement Amount to Plaintiffs.  The Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation §1.468B-1.  The account funds, less any amounts incurred for notice, administration, and/or Taxes, plus any accrued interest thereon on a *pro rata* basis, shall revert to the person(s) making the deposits if the Settlement does not become effective for any reason, including by reason of a termination of the Settlement pursuant to ¶¶10.2-10.4 herein.

3.2     If the entire Settlement Amount is not timely paid to the Escrow Agent in accordance with ¶3.1 above, Plaintiffs shall have the right to terminate and cancel this Settlement on behalf of themselves and the Settlement Class but only if (i) Plaintiffs' Counsel has notified Defendants' Counsel in writing of Plaintiffs' Counsel's intention to terminate the Settlement, and

(ii) the entire Settlement Amount is not transferred to the Escrow Agent within five (5) calendar days after Plaintiffs' Counsel has provided such written notice.

3.3     The Escrow Agent shall deposit the Settlement Amount plus any accrued interest in a segregated Escrow Account maintained by the Escrow Agent.

3.4     Plaintiffs and Settlement Class Members shall look solely to the Settlement Fund as satisfaction of all Released Claims.  Defendants and Defendants' Counsel shall have no obligation under this Stipulation or the Settlement to pay any additional amounts, and upon payment of the Settlement Amount to the Escrow Agent in accordance with ¶3.1 above, Defendants shall have no other obligation to pay or reimburse any fees, expenses, costs, liability, or damages whatsoever alleged or incurred by Plaintiffs, by any Settlement Class Member, or by any of their attorneys, experts, advisors, agents, or representatives with respect to the State Court Action, the Federal Court Action, and the Released Claims, and the Settlement.  Any award made by the Federal Court pursuant to the Fee and Expense Application referred to in ¶5.1 hereof shall be paid exclusively from the Settlement Fund; any agreement between or among Plaintiffs' Counsel to divide fees, expenses, costs, or interest shall be between or among such Plaintiffs' Counsel only; and Defendants and Defendants' Counsel shall have no obligation with respect to any allocation between or among Plaintiffs' Counsel, or with respect to any payment to any Plaintiffs' Counsel, of any fees, expenses, costs, or interest.  Plaintiffs and Settlement Class Members acknowledge that, as of the Effective Date, the releases and injunctions given herein shall become effective by operation of the Final Judgment and shall be permanent, absolute and unconditional.  For avoidance of doubt, under no circumstances shall the total to be paid by Defendants under this Stipulation exceed the Settlement Amount.

3.5     The Settlement Fund, net of any Taxes (as defined below), shall be used to pay: (i) the Notice and Administration Costs of the Settlement referred to in ¶4.2 hereof; (ii) any award

- 21 -

made by the Federal Court pursuant to the Fee and Expense Application referred to in ¶5.1 hereof; and (iii) the remaining administration expenses referred to in ¶4.2 hereof and any other attorney and administrative costs, fees, payments, or awards subsequently approved by the Federal Court. The balance of the Settlement Fund after the above payments shall be the Net Settlement Fund, which shall be distributed to the Authorized Claimants as provided in ¶¶6.1-6.3 hereof. Any portions of the Settlement Fund required to be held in escrow before the Effective Date shall be held by the Escrow Agent for the Settlement Fund. The Settlement Fund held by the Escrow Agent shall be deemed to be in the custody of the Federal Court and shall remain subject to the jurisdiction of the Federal Court until such time as the Net Settlement Fund shall be distributed to Authorized Claimants or returned pursuant to this Stipulation and/or further order of the Federal Court. The Escrow Agent shall not disburse the Settlement Fund, or any portion thereof, except as provided in this Stipulation, or upon order of the Federal Court. The Escrow Agent shall be responsible for investing the Settlement Fund in eligible investments, meaning obligations issued or guaranteed by the United States of America or any agency or instrumentality thereof, backed by the full faith and credit of the United States, or fully insured by the United States Government or an agency thereof, and the Escrow Agent shall reinvest the proceeds of these obligations or instruments as they mature in similar instruments at their then-current market rates. All risks related to the investment of the Settlement Fund in accordance with the investment guidelines set forth in this paragraph shall be borne by the Settlement Fund, and Defendants or their Related Parties shall have no responsibility, liability, or obligation for any loss suffered by, or fluctuation in value of, the Settlement Fund.

(a)      For the purpose of §1.468B of the Internal Revenue Code and the Treasury regulations promulgated thereunder, the Escrow Agent shall be designated as the "administrator" of the Settlement Fund. The Escrow Agent shall timely and properly file all informational and

- 22 -

other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treas. Reg. §1.468B- 2(k)). Such returns (as well as the election described below) shall be consistent with this paragraph and in all events shall reflect that all Taxes (including any estimated Taxes, interest, or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein.

(b) All: (i) Taxes (including any estimated Taxes, interest, or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon Defendants or their Related Parties with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "Qualified Settlement Fund" for federal or state income tax purposes; and (ii) all other tax expenses incurred in the operation of and implementation of this paragraph, including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution expenses related to filing or failing to file the returns described in this paragraph (collectively, "Taxes") shall promptly be paid out of the Settlement Fund by the Escrow Agent without prior order from the Federal Court. The Escrow Agent shall also be obligated to, and shall be responsible for, withholding from distribution to Settlement Class Members any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and tax expenses (as well as any amounts that may be required to be withheld under Treas. Reg. §1.468B-2(l)(2)). Taxes and tax expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund. The Parties agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this paragraph.

(c) Except to the extent Kaplan Fox & Kilsheimer LLP and Robbins Geller Rudman & Dowd LLP are acting in their capacity as Escrow Agent, neither the Parties nor their counsel shall have any responsibility for or liability whatsoever with respect to: (i) any act,

- 23 -

omission or determination of the Escrow Agent or the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement Fund or otherwise; (ii) the Plan of Allocation; (iii) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; or (iv) the payment or withholding of any Taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund or the filing of any returns. The Escrow Agent, through the Settlement Fund, shall indemnify and hold each of the Released Parties and their counsel harmless for Taxes and tax expenses (including, without limitation, Taxes payable by reason of any such indemnification).

**4.      Administration**

4.1      The Claims Administrator shall administer and calculate the claims that shall be allowed and oversee distribution of the Settlement Fund subject to such supervision of Plaintiffs' Counsel and/or the Federal Court as the circumstances may require.  The Claims Administrator agrees to be subject to the jurisdiction of the Federal Court with respect to the administration of the Settlement and the distribution of the Settlement Fund pursuant to the terms of this Stipulation. Neither Defendants nor any of Defendants' Related Parties shall have any role in, or responsibility for, the administration of the Settlement and shall have no liability to Plaintiffs, the Settlement Class, or any other person in connection with, as a result of, or arising out of, such administration. The Claims Administrator will not make any distributions to Settlement Class Members from the Net Settlement Fund until the Judgment becomes Final and all the conditions described in ¶10.1 herein have been satisfied.

4.2      Notwithstanding the fact that the Effective Date of the Settlement has not yet occurred, Plaintiffs' Counsel may pay from the Settlement Fund, without further approval from Defendants or the Federal Court, reasonable Notice and Administration Costs actually incurred up to $500,000, including, without limitation, the actual costs of notice, and the administrative

expenses incurred and fees charged by the Claims Administrator in connection with providing notice and processing the submitted claims. Defendants and/or Released Parties shall have no responsibility for, and no liability whatsoever with respect to, notice to the Settlement Class or any Notice and Administrative Costs, except that Defendants shall be responsible for providing any required notice under the Class Action Fairness Act of 2005 ("CAFA"), if any, at their own expense. Within ten (10) calendar days of entry of the Notice Order, the Company shall provide or cause to be provided to Plaintiffs' counsel, at no cost, its reasonably available record shareholder lists for shareholders during the Settlement Class Period as appropriate for providing notice to the Settlement Class.

**5.     Fee and Expense Application**

5.1     Plaintiffs' Counsel will submit an application or applications (the "Fee and Expense Application") to the Federal Court for a collective award from the Settlement Fund of: (i) attorneys' fees and the payment of litigation expenses incurred in connection with the prosecution of the Actions, plus interest on both amounts at the same rate and period as earned on the Settlement Fund (until paid); and (ii) an award to Plaintiffs in connection with their representation of the Settlement Class. Plaintiffs' Counsel's Fee and Expense Application is not the subject of any agreement between Defendants and Plaintiffs other than what is set forth in this Stipulation. Attorneys' fees, expenses, and interest as are awarded by the Federal Court shall be paid solely from (and out of) the Settlement Fund to Plaintiffs' Counsel immediately upon entry by the Federal Court of an order awarding such amounts, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof. Plaintiffs' Counsel may thereafter allocate such fees to Plaintiffs' Counsel subject to each Plaintiffs' Counsel's (including their respective partners, shareholders, and/or firms) several obligation to repay those amounts to the Settlement Fund plus accrued interest at the same net rate

- 25 -

as is earned by the Settlement Fund, if and when, as a result of any appeal and/or further proceedings on remand, or successful collateral attack, the fee or cost award is reduced or reversed or return of the Settlement Fund is required consistent with the provisions of ¶10.4 hereof.  In such event, Plaintiffs' Counsel shall, within ten (10) business days from the event which requires repayment of the fee or expense award, refund to the Settlement Fund the Fee and Expense Award paid to them, along with interest, as described above.  Furthermore, all Plaintiffs' Counsel (including their respective partners, shareholders, and/or firms) agree that they remain subject to the continuing jurisdiction of the Federal Court for the purpose of enforcing their obligation to repay required attorneys' fees and expenses to the Settlement Fund as provided in this paragraph. Without limitation, Plaintiffs' Counsel agree that the Federal Court may, upon application of Defendants and notice to Plaintiffs' Counsel, summarily issue orders, including, but not limited to, judgments and attachment orders, and may make appropriate findings of or sanctions for contempt, should Plaintiffs' Counsel fail timely to repay fees and expenses pursuant to this ¶5.1.

5.2     The procedure for and the allowance or disallowance by the Federal Court of any applications by Plaintiff's Counsel for an award of attorneys' fees and/or expenses to be paid out of the Settlement Fund is not a necessary term of this Stipulation and is not a condition of the Settlement embodied herein.  Notwithstanding any other provision of this Stipulation to the contrary, the Fee and Expense Application shall be considered by the Federal Court separate and apart from its consideration of the fairness, reasonableness, and adequacy of the Settlement as set forth in this Stipulation and shall have no effect on the terms of the Stipulation or the validity or enforceability of this Settlement.  The approval of the Settlement, and it becoming Final, shall not be contingent on the award of attorneys' fees and expenses, any award to Plaintiffs' Counsel or Plaintiffs, nor any appeals from such awards and neither Plaintiffs nor Plaintiffs' Counsel may cancel or terminate the Settlement based on the Federal Court's or any appellate court's ruling

- 26 -

with respect to the Fee and Expense Application.  Any order or proceeding relating to the Fee and Expense Application, or any appeal of any order relating thereto or reversal or modification thereof, shall not operate to, or be grounds to, terminate or cancel this Stipulation or the Settlement of the Actions, or affect or delay the finality of the Judgment approving this Settlement.

5.3    Defendants, Defendants' Related Parties, and Defendants' Counsel shall have no responsibility for, and no liability whatsoever with respect to, the allocation among Plaintiffs' Counsel or any other Person who may assert some claim thereto of any Fee and Expense Award that the Federal Court may make in the Federal Court Action.

5.4    Defendants, Defendants' Related Parties, and Defendants' Counsel shall have no responsibility for, and no liability whatsoever with respect to, any payment of attorneys' fees or expenses (including Taxes) to Plaintiffs' Counsel or any other Person who receives payment from the Net Settlement Fund.

**6.    Distribution to Authorized Claimants**

6.1    The Claims Administrator shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Claim as defined in the Plan of Allocation described in the Notice annexed hereto as Exhibit A-1, or in such other Plan of Allocation as the Federal Court approves.

6.2    The Plan of Allocation set forth in the Notice is not a necessary term of this Stipulation and it is not a condition of this Stipulation that any particular Plan of Allocation be approved by the Federal Court.  Plaintiffs and Plaintiffs' Counsel may not cancel or terminate the Settlement (or this Stipulation) based on the Federal Court's or any appellate court's ruling with respect to the Plan of Allocation or any other plan of allocation in the Actions.  The Released Parties will take no position with respect to the proposed Plan of Allocation or such Plan of Allocation as may be approved by the Federal Court.  The Plan of Allocation is a matter separate

and apart from the Settlement between the Parties and any decision by the Federal Court concerning the Plan of Allocation or change to the Plan of Allocation shall not affect the validity or finality of the proposed Settlement.  Neither any Defendant, nor any of the Defendants' Related Parties, shall have any responsibility for, interest in, involvement with or liability, obligation, or responsibility whatsoever for the application of the court-approved plan of allocation, the determination, administration, or calculation of claims, the payment or withholding of Taxes, or any loss incurred in connection therewith.  No Person shall have any claim of any kind whatsoever against Defendants, Defendants' Related Parties, or Defendants' Counsel with respect to the matters set forth in ¶¶4.1–4.2, 6.1–6.3, and 7.1–7.11 hereof; and the Settlement Class, Plaintiffs, and Plaintiffs' Counsel release Defendants, Defendants' Related Parties, and Defendants' Counsel from any and all liability and claims arising from or with respect to the administration, investment, or distribution of the Settlement Fund.

6.3    Each Authorized Claimant shall be allocated a *pro rata* share of the Net Settlement Fund based on his or her Recognized Claim compared to the total Recognized Claims of all accepted claimants.  The Settlement is non-recapture, *i.e.*, it is not a claims-made settlement. Defendants shall not be entitled to get back any of the settlement monies, or interest earned thereon, once the Judgment becomes Final and all the conditions set forth in ¶10.1 herein have been satisfied.  Defendants and other Released Parties shall not have liability should Recognized Claims made exceed the amount available in the Settlement Fund for payment of such Claims.  The Released Parties shall have no involvement in reviewing, evaluating, or challenging claims and shall have no responsibility or liability for determining the allocation of any payments to any Settlement Class Members or for any other matters pertaining to the Plan of Allocation.

7.    **Administration of the Settlement**

7.1    Within ninety (90) calendar days after such time as set by the Federal Court to mail notice to the Settlement Class, each Person claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim, substantially in the form attached hereto as Exhibit A-2 and as approved by the Federal Court, signed under penalty of perjury and supported by such documents as are specified in the Proof of Claim and as are reasonably available to such Person.

7.2    Except as otherwise ordered by the Federal Court, all Settlement Class Members who fail to submit a Proof of Claim within such period, or such other period as may be ordered by the Federal Court, shall be forever barred from receiving any payments pursuant to the Stipulation and the Settlement set forth herein, but will in all other respects be subject to and bound by the provisions of the Stipulation, the releases contained herein, and the Final Judgment, and will be barred from bringing any action against the Released Parties concerning the Released Claims. Notwithstanding the foregoing, Plaintiffs' Counsel have the discretion (but not the obligation) to accept for processing late submitted claims so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed.  No Person shall have any claim against Plaintiffs, Plaintiffs' Counsel, or the Claims Administrator by reason of the exercise or non-exercise of such discretion.

7.3    Each Proof of Claim shall be submitted to and reviewed by the Claims Administrator, under the supervision of Plaintiffs' Counsel, who shall determine, in accordance with this Stipulation and the approved Plan of Allocation, the extent, if any, to which each claim shall be allowed, subject to review by the Federal Court pursuant to ¶7.5 below.

7.4    Proofs of Claim that do not meet the submission requirements may be rejected. Before rejecting a Proof of Claim in whole or in part, the Claims Administrator shall communicate

- 29 -

with the claimant in writing to give the claimant the chance to remedy any curable deficiencies in the Proof of Claim submitted.  The Claims Administrator, under the supervision of Plaintiffs' Counsel, shall notify, in a timely fashion and in writing, all claimants whose claims the Claims Administrator proposes to reject in whole or in part for curable deficiencies, setting forth the reasons therefor, and shall indicate in such notice that the claimant whose claim is to be rejected has the right to a review by the Federal Court if the claimant so desires and complies with the requirements of ¶7.5 below.

7.5     If any claimant whose timely claim has been rejected in whole or in part for curable deficiency desires to contest such rejection, the claimant must, within twenty (20) calendar days after the date of mailing of the notice required in ¶7.1 above, or a lesser period of time if the claim was untimely, serve upon the Claims Administrator a notice and statement of reasons indicating the claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Federal Court. If a dispute concerning a claim cannot be otherwise resolved, Lead Counsel shall thereafter present the claimant's request for review to the Federal Court.

7.6     Each claimant, other than those whose request to be excluded from the Settlement Class is granted by the Federal Court, shall be deemed to have submitted to the jurisdiction of the Federal Court with respect to the claimant's claim, including, but not limited to, all releases and injunctions provided for herein and in the Judgment.  In connection with processing the Proofs of Claim, no discovery shall be allowed on the merits of the Actions or the Settlement, and Defendants shall have no obligation to provide discovery.

7.7     No Person shall have any claim against the Released Parties, Defendants' Counsel, Plaintiffs, Plaintiffs' Counsel, or the Claims Administrator, or any other Person designated by Plaintiffs' Counsel based on determinations or distributions made substantially in accordance with

this Stipulation and the Settlement contained herein, the Plan of Allocation, or further order(s) of the Federal Court.

7.8    The Net Settlement Fund shall be distributed to Authorized Claimants substantially in accordance with the Plan of Allocation described in the Notice and approved by the Federal Court.  If there is any balance remaining in the Net Settlement Fund after six (6) months from the date of the initial distribution of the Settlement Fund (whether by reason of tax refunds, uncashed checks, or otherwise), Plaintiffs' Counsel shall, if economically feasible, reallocate such balance among Authorized Claimants in an equitable and economic fashion.  These redistributions will be repeated until the balance remaining in the Net Settlement Fund is no longer economically reasonable, in Plaintiffs' Counsel's discretion, to distribute to Settlement Class Members. Thereafter, any balance which still remains in the Net Settlement Fund shall be donated to an appropriate non-profit organization(s) designated by Plaintiffs' Counsel that has no affiliation or financial relationship with Plaintiffs' Counsel, Plaintiffs, Defendants, the Related Parties, or Defendants' Counsel.

7.9    Except for Defendants' obligation to pay the Settlement Amount or cause it to be paid, if applicable, Defendants shall have no liability, obligation, or responsibility for the administration of the Settlement, the payment or withholding of any Taxes, any allocation or payment to any Plaintiffs' Counsel of any fees, expenses, costs, or interest, or any disbursement of the Net Settlement Fund.  Plaintiffs' Counsel shall have the right, but not the obligation, to advise the Claims Administrator to waive what Plaintiffs' Counsel reasonably deems to be formal or technical defects in any Proofs of Claim submitted, including, without limitation, failure to submit a document by the submission deadline, in the interests of achieving substantial justice.

7.10    All proceedings with respect to the administration, processing, and determination of claims on the Net Settlement Fund and the determination of all controversies relating thereto,

including disputed questions of law and fact with respect to the validity of claims, shall be subject to the jurisdiction of the Federal Court, but shall not in any event delay or affect the finality of the Judgment.

7.11    The Net Settlement Fund shall be distributed by the Claims Administrator to, or for the account of, Authorized Claimants, as the case may be, only after the Effective Date and after: (i) all claims have been processed, and all claimants whose claims have been rejected or disallowed, in whole or in part, have been notified and provided the opportunity to be heard concerning such rejection or disallowance; (ii) all objections with respect to all rejected or disallowed claims have been resolved by the Federal Court, and all appeals therefrom have been resolved or the time therefor has expired; and (iii) all matters with respect to the Fee and Expense Application have been resolved by the Federal Court, and all appeals therefrom have been resolved or the time therefor has expired.

**8.    Terms of Order for Notice and Hearing**

8.1    Promptly after this Stipulation has been fully executed, Lead Counsel shall request (by motion or otherwise) that the Federal Court enter the Notice Order, substantially in the form annexed hereto as Exhibit A.

8.2    In accordance with the schedule set forth in the Notice Order, Lead Counsel will cause to be mailed by the Claims Administrator to all shareholders of record (or provided electronically to those shareholders who have consented to receiving electronic notice for other forms of distribution), identified on the Claims Administrator's list, the Notice, substantially in the form of Exhibit A-1 attached hereto, and a Proof of Claim, substantially in the form of Exhibit A-2 attached hereto.  The Notice shall set forth the terms of the Stipulation, including the proposed Plan of Allocation and Lead Counsel's request for attorneys' fees and expenses; the date and time of the Settlement Hearing; the right to object to the Settlement, proposed Plan of Allocation, or

request for fees and expenses; the right to appear at the Settlement Hearing; and the right to request exclusion from the Class. The Notice and Proof of Claim form shall also be posted on the case-specific website established by the Claims Administrator. In accordance with the schedule set forth in the Notice Order, a Summary Notice, substantially in the form of Exhibit A-3 attached hereto, will also be published once in the national edition of *The Wall Street Journal* and once over a national newswire service. The cost of providing such notice shall be paid out of the Settlement Fund.

8.3    Lead Counsel shall request that after notice is given to the Class, and not earlier than one hundred (100) calendar days after the Court issues preliminary approval of the proposed Settlement, the Court hold a hearing (the "Settlement Hearing") to consider approval of the Settlement of the Action as set forth herein. At or after the Settlement Hearing, Lead Counsel also shall request that the Court approve the proposed Plan of Allocation and the Fee and Expense Application.

8.4    Plaintiffs' Counsel and Defendants' Counsel shall jointly request that the postmark deadline for objecting to and/or submitting exclusions from this Settlement be set at least sixty (60) calendar days after the date for the initial mailing of the Notice as set forth in the Notice Order. Upon receiving any request(s) for exclusion ("Request for Exclusion"), the Claims Administrator shall promptly notify Plaintiffs' Counsel and Defendants' Counsel of such Requests for Exclusion.

8.5    Any Settlement Class Member who wishes to opt out of the Settlement Class must submit a timely written Request for Exclusion on or before the opt-out date, in the manner specified in the Notice Order. A Request for Exclusion is valid only if it is signed by the Settlement Class Member or Settlement Class Members requesting exclusion in that request. Group opt-outs, including "mass" or "class" opt-outs, are not permitted. Any Settlement Class Member who does

not submit a timely written Request for Exclusion will be bound by all proceedings, orders, and judgments in the Federal Court Action, whether or not he, she, or it timely submits a Proof of Claim.

8.6    No later than ten (10) calendar days following the filing of this Stipulation with the Federal Court, Hepsiburada shall serve on behalf of all Defendants the notice required under the Class Action Fairness Act, 28 U.S.C. § 1715.

**9.    Terms of Judgment**

9.1    If the Settlement contemplated by this Stipulation is approved by the Federal Court, Lead Counsel shall request that the Federal Court enter a Judgment, substantially in the form annexed hereto as Exhibit B, and within 7 days of when the Federal Court Judgment becomes final, State Court Lead Counsel shall request that the State Court dismiss the State Court Action and all claims asserted therein with prejudice.

**10.    Effective Date of Settlement, Waiver or Termination**

10.1    The Effective Date of Settlement shall be the date when all the following shall have occurred:

(a)    the Federal Court has entered the Notice Order in all material respects;

(b)    the Settlement Amount has been deposited into the Escrow Account pursuant to ¶3.1;

(c)    Defendants have not exercised their option to terminate the Settlement pursuant to ¶10.3 and the Supplemental Agreement (as defined below), and the option to do so has expired in accordance with the terms of this Stipulation and the Supplemental Agreement;

(d)    final approval by the Federal Court of the Settlement, following notice to the Settlement Class;

(e)    entry by the Federal Court of the Judgment, and the Judgment becomes

Final; and

(f)    entry of an order by the State Court dismissing the State Court action, and such order becomes final; and the Actions have been dismissed with prejudice.

10.2    Each of the Plaintiffs and each of the Defendants, through their respective counsel, shall, in each of their separate discretions, but in all events subject to ¶5.2 herein, have the right to terminate the Settlement and this Stipulation, as to themselves, by providing written notice of their election to do so ("Termination Notice") to all other Parties hereto within thirty (30) calendar days of: (a) the Federal Court's final non-appealable refusal to enter the Notice Order in any material respect; (b) the Federal Court's final non-appealable refusal to approve this Stipulation or any material part of it; (c) the Federal Court's non-appealable refusal to enter the Judgment in any material respect; (d) the date on which the Judgment is modified or reversed by a court of appeal or any higher court in any material respect; (e) the date on which an Alternative Judgment is modified or reversed by a court of appeal or any higher court in any material respect;; or (f) if the State Court or Federal Court issues an order declining to dismiss, respectively, the State Court Action or Federal Court Action with prejudice, the date on which that order is Final.  No order, or modification or reversal on appeal of any order, concerning the Plan of Allocation or the amount of any attorneys' fees, costs, expenses, and interest awarded to Plaintiffs or Plaintiffs' Counsel shall constitute grounds for cancellation or termination of the Stipulation.

10.3    Hepsiburada shall have the right (but not the obligation) to terminate this Settlement if a particular confidential threshold is reached with respect to opt-outs from this Settlement.  The Parties have entered into a separate Supplemental Agreement (the "Supplemental Agreement") describing the procedure and threshold, which shall be binding as if set forth herein.  The Parties intend that the Supplemental Agreement be maintained as confidential.  The Supplemental Agreement will not be filed with the Federal Court unless required by the Federal Court or unless

- 35 -

and until a dispute as between Plaintiffs and Defendants concerning its interpretation or application arises. If submission of the Supplemental Agreement is ordered by the Federal Court, the Parties will seek to have the Supplemental Agreement submitted to the Federal Court *in camera* or filed under seal, but such disclosure shall be carried out to the fullest extent possible in accordance with the practices of the Federal Court so as to preserve the confidentiality of the Supplemental Agreement, particularly the confidential threshold. In the event of a termination of this Settlement pursuant to the Supplemental Agreement, this Stipulation shall become null and void and of no further force and effect, with the exception of the provisions of ¶¶10.4, 11.1, 13.4.

10.4    Except as otherwise provided herein, in the event the Settlement is terminated in accordance herewith, the Judgment is vacated, or the Effective Date fails to occur for any reason, then the Parties shall be deemed to have reverted to their respective status in the Actions as of December 5, 2022, the fact and terms of the Settlement shall not be admissible in any trial of the Actions, and, except as otherwise expressly provided, the Parties shall proceed in all respects as if this Stipulation and any related orders had not been entered, and any portion of the Settlement Amount previously paid by or on behalf of Defendants, together with any interest earned thereon (and, if applicable, re-payment of any attorneys' Fee and Expense Award referred to in ¶5.1 hereof), less any Taxes due, if any, with respect to such income, and less costs of administration and notice actually incurred and paid or payable from the Settlement Amount, all of which Plaintiffs must document in writing, shall be returned to the party, parties, or insurer that paid the Settlement as directed by Hepsiburada, within ten (10) business days from the date of the event causing such termination.

10.5    If an option to withdraw from and terminate this Stipulation arises under ¶¶10.1, 10.2, or 10.3 of this Stipulation, (i) neither Defendants nor Plaintiffs will be required for any reason

or under any circumstance to exercise that option, and (ii) any exercise of that option shall be made in the sole and unfettered discretion of Defendants or Plaintiffs, as applicable.

**11.    No Admission of Wrongdoing**

11.1    Defendants deny that they have committed any act or omission giving rise to any liability and/or violation of law, and state that they are entering into this Settlement to eliminate the burden and expense of further litigation.  Neither the Term Sheet, this Stipulation, whether or not consummated, including any and all of its terms, provisions, exhibits, and prior drafts, the Plan of Allocation, any negotiations or proceedings related or taken pursuant to the execution of the Term Sheet and/or this Stipulation, nor any proceedings related or taken pursuant to or in connection with the Term Sheet, this Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)    Shall be offered or received against Defendants and/or Released Parties as evidence of, or evidence, or construed as, or deemed to be supporting any presumption, concession, or admission by any Defendant and/or Released Party with respect to the truth of any allegations by Plaintiffs or any Settlement Class Member or the validity of any claim that was or could have been asserted in the Actions or the deficiency of any defense that has been or could have been asserted in the Actions or in any other litigation, or any liability, negligence, fault or other wrongdoing of any kind of any Defendant and/or Released Party, or in any way referred to for any other reason as against any Defendant and/or any Released Party, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; provided, however, that if this Stipulation is approved by the Federal Court and becomes effective pursuant to its terms, Defendants may refer to it to effectuate the liability protection granted them hereunder, and nothing in this Settlement shall restrict the

ability of any Party hereto to advocate in favor or against the applicability of any offset to any claims asserted in any other action based on any amount paid herein;

(b)      Shall be construed as or received in evidence as an admission or concession by, or presumption against, Plaintiffs or any of the Settlement Class Members that any of their claims are without merit, or that any defenses asserted by any Defendant has any merit, or that damages recoverable under the State Court Complaint, the Federal Court Complaint, or any subsequent operative complaint filed in the State Court Action or the Federal Court Action would not have exceeded the Settlement Fund;

(c)      Shall be construed as or received in evidence as an admission, concession, or presumption against any Defendant and/or any Released Party that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; and

(d)      Notwithstanding the foregoing, Defendants, Plaintiffs, Settlement Class Members, and/or the Released Parties may file the Stipulation and/or the Final Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, injunction, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

**12.      Class Certification**

12.1      The Parties hereby stipulate, for purposes of the Settlement only, to certification of the Federal Court Action as a class action pursuant to Fed. R. Civ. P. 23(e).  In the event that the Judgment or Alternate Judgment, if applicable, does not become Final or the Settlement fails to become effective for any reason, the Parties reserve all their rights on all issues.  In such an event, Defendants reserve all rights to object to and oppose class certification or challenge the standing

of Plaintiffs or any other intervening plaintiff, and this Stipulation shall not be offered as evidence of any agreement, admission, or concession that any class should be or remain certified in the Actions or that any plaintiff has standing.

### 13.    Miscellaneous Provisions

13.1    All of the exhibits attached hereto are material and integral parts hereof and are hereby fully incorporated by reference as though fully set forth herein.  In the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit to this Stipulation, the terms of this Stipulation shall govern.

13.2    The Parties intend the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by Plaintiffs and/or any Settlement Class Member against the Released Parties with respect to the Released Claims.  The Settlement comprises all Released Claims and shall not be deemed an admission by any Party as to the merits of any claim or defense.  Accordingly, Plaintiffs and Defendants agree not to assert in any forum that the litigation was brought by Plaintiffs or defended by Defendants in bad faith or without a reasonable basis.  The Parties further agree not to assert in any forum that any party violated Fed. R. Civ. P. 11 or 22 N.Y.C.R.R. §130-1 or any similar law or statute relating to the prosecution, defense, or settlement of the Actions.  The Parties agree that the amount paid and the other terms of the Settlement were negotiated at arm's-length in good faith by the Parties, and reflect the Settlement that was reached voluntarily after extensive negotiations and consultation with experienced legal counsel, who were fully competent to assess the strengths and weaknesses of their respective clients' claims and defenses.

13.3    The terms of the Settlement, as reflected in this Stipulation, may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by all Parties hereto or their successors in interest.

- 39 -

13.4    All agreements made and orders entered during the course of the Actions relating to the confidentiality of information shall survive this Stipulation.

13.5    The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

13.6    Except as otherwise provided for herein, each Party shall bear his, her, or its own costs.

13.7    The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Federal Court, and the Federal Court shall retain jurisdiction for the purpose of entering orders relating to the Fee and Expense Application, the Plan of Allocation (or any other plan of allocation as may be entered by the Court) and enforcing the terms of this Stipulation, including exclusive jurisdiction to enforce the injunctions set forth herein.  All Parties submit to the jurisdiction of the Federal Court for purposes of implementing and enforcing the Settlement embodied in this Stipulation and matters related to the Settlement.

13.8    This Stipulation shall not constitute a consent to service or to the jurisdiction of the State Court, the Federal Court, or any other court for any purpose, including any other matter concerning the Released Claims, and shall not be construed as such, other than for the sole and limited purpose of the Settlement and the enforcement of its terms.

13.9    The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

13.10   This Stipulation and its exhibits and the Supplemental Agreement constitute the complete agreement as between Plaintiffs and Defendants concerning the Settlement of the Actions, and this Stipulation and its exhibits supersede any prior contemporaneous written or oral agreements or understandings between the Parties.  All Parties acknowledge that no other representations, warranties, or inducements have been made by any Party hereto concerning this

Stipulation and its exhibits or the Supplemental Agreement other than the representations, warranties, and covenants contained and memorialized in such documents.

13.11   This Stipulation may be executed in one or more counterparts and the signatures may be by facsimile, or electronically.  All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the Parties shall exchange among themselves original signed counterparts.

13.12   This Stipulation shall be binding when signed, but the Settlement shall be effective only on the condition that the Effective Date occurs.

13.13   This Stipulation shall be binding upon, and inure to the benefit of, the successors, assigns, executors, administrators, heirs, and legal representatives of the Parties hereto, including any and all Released Parties and any corporation, partnership, or other entity into or with which any Party hereto may merge, consolidate, or reorganize.  No assignment shall relieve any Party hereto of obligations hereunder.

13.14   Plaintiffs and Plaintiffs' Counsel represent and warrant that none of the Plaintiffs' claims or causes of action against one or more Defendants in the Actions, or referred to in this Stipulation, or that could have been alleged against one or more Defendants in the Actions, has been assigned, encumbered, conveyed, given, granted, or in any manner transferred in whole or in part.

13.15   The construction, interpretation, operation, effect, and validity of this Stipulation, and all documents necessary to effectuate it, shall be governed by the laws of the State of New York, without regard to conflicts of laws, except to the extent that federal law requires that federal law governs, and in accordance with the laws of the United States.

13.16   This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of

- 41 -

the Parties, it being recognized that it is the result of arm's-length negotiations between the Parties and all Parties have contributed substantially and materially to the preparation of this Stipulation.

13.17   All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

13.18   Plaintiffs, Defendants, and their counsel shall not make any applications for sanctions, pursuant to 22 N.Y.C.C.R. §130-1, Rule 11 of the Federal Rules of Civil Procedure or any other applicable rule, code, or statute, with respect to any claims or defenses in the Actions. The Parties agree that throughout the course of this litigation, all Parties and their counsel complied with, as applicable, the provisions of 22 N.Y.C.C.R. §130-1, Rule 11 of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995, the Securities Litigation Uniform Standards Act of 1998, and all applicable ethics requirements, and the Judgment shall contain such a finding.

13.19   Plaintiffs' Counsel and Defendants' Counsel agree to cooperate reasonably with one another in seeking Federal Court approval of the order for notice and hearing, and of the Stipulation and the Settlement, and to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Federal Court of the Settlement, and in seeking dismissal with prejudice by the State Court.

13.20   Pending approval of the Federal Court of this Stipulation, all proceedings in the Actions shall be stayed and all Settlement Class Members shall be barred and enjoined from prosecuting any of the Released Claims against any of the Released Parties.

- 42 -

13.21  If any Party is required to give notice to another Party under this Stipulation, such notice shall be in writing and shall be deemed to have been duly given upon receipt of hand delivery or facsimile or email transmission, with confirmation of receipt.

13.22  Whether or not the Stipulation and Settlement are approved by the Federal Court and whether or not the Settlement is consummated, or the Effective Date occurs, the Parties and their counsel shall, pursuant to the mediation privilege and any related rules, keep all non-public negotiations, discussions, acts performed, agreements, drafts, documents signed, and proceedings in connection with the Settlement, the Term Sheet, the Stipulation, and/or the Supplemental Agreement confidential, except to the extent that disclosure is required by law.

13.23  Nothing in this Stipulation, or the negotiations related thereto, is intended to be, or shall be deemed to, constitute a waiver of any applicable privilege or immunity, including, without limitation, the attorney-client privilege, the joint-defense privilege, or the work-product privilege.

IN WITNESS WHEREOF, the Parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys, on March 22, 2023.

| ROBBINS GELLER RUDMAN | KAPLAN FOX & KILSHEIMER LLP |
| & DOWD LLP | FREDERIC S. FOX |
| SAMUEL H. RUDMAN | DONALD R. HALL |
| MICHAEL G. CAPECI | JEFFREY P. CAMPISI |

|                       |                       |
| MICHAEL G. CAPECI     | FREDERIC S. FOX       |

| 58 South Service Road, Suite 200 | 800 Third Avenue, 38th Floor |
| Melville, NY 11747 | New York, NY 10022 |
| Telephone: 631/367-7100 | Telephone: 212/687-1980 |
| 631/367-1173 (fax) | 212/687-7714 (fax) |
| srudman@rgrdlaw.com | ffox@kaplanfox.com |
| mcapeci@rgrdlaw.com | dhall@kaplanfox.com |
|  | jcampisi@kaplanfox.com |

- 43 -

JOHNSON FISTEL, LLP
RALPH M. STONE
1700 Broadway, 41st Floor
New York, NY  10019
Telephone:  212/292-5690
212/292-5680 (fax)
ralphs@johnsonfistel.com

JOHNSON FISTEL, LLP
MICHAEL I. FISTEL, JR.
40 Powder Springs Street
Marietta, GA  30064
Telephone:  470/632-6000
770/200-3101 (fax)
michaelf@johnsonfistel.com

*Attorneys for State Plaintiff*

DATED:  March 22, 2023

 

 

*Attorneys for Federal Plaintiff*

LATHAM & WATKINS LLP
JAMIE L. WINE
KEVIN M. MCDONOUGH

_____
KEVIN M. MCDONOUGH

1271 Avenue of the Americas
New York, New York 10020
Telephone:  212/906-1200
Kevin.McDonough@lw.com

*Attorneys for D-MARKET Elektronik Hizmetler ve Ticaret Anonim Şirketi, TurkCommerce B.V., and the Individual Defendants*

DATED:  March 22, 2023

SHEARMAN & STERLING LLP
DANIEL LEWIS
BENJAMIN KLEBANOFF

_____
DANIEL LEWIS

599 Lexington Avenue
New York, New York 10022
Telephone:  212/848-8691
daniel.lewis@shearman.com

*Attorneys for the Underwriter Defendants*

- 44 -

- 45 -

DATED:  March 22, 2023                K&L GATES LLP
                                       JOANNA A. DIAKOS

                                       *Joanna A. Diakos*
                                       _____
                                       JOANNA A. DIAKOS

                                       599 Lexington Avenue
                                       New York, New York 10022
                                       Telephone:  212/536-4807
                                       joanna.diakoskordalis@klgates.com

                                       *Attorneys for the Cogency Defendants*

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————— x
IWA-FOREST INDUSTRY PENSION PLAN, :    Civil Action No. 1:21-cv-08634-PKC
Individually and on Behalf of All Others      :
Similarly Situated,                                        :    CLASS ACTION
                                                                    :
                                    Plaintiff,          :    Honorable P. Kevin Castel
                                                                    :
          v.                                                     :
                                                                    :
D-MARKET ELEKTRONIK HIZMETLER       :
VE TICARET ANONIM ŞIRKETI a/k/a         :
D-MARKET ELECTRONIC SERVICES &         :
TRADING d/b/a/ HEPSIBURADA, MEHMET  :
MURAT EMIRDAĞ, HALIL KORHAN ÖZ,       :
HANZADE VASFIYE DOĞAN BOYNER,           :
ERMAN KALKANDELEN, MEHMET EROL        :
ÇAMUR, CEMAL AHMET BOZER,                    :
VUSLAT DOĞAN SABANCI, MUSTAFA           :
AYDEMIR, TOLGA BABALI, COLLEEN A.       :
DE VRIES, COGENCY GLOBAL INC.,              :
MORGAN STANLEY & CO. LLC, J.P.              :
MORGAN SECURITIES LLC, GOLDMAN,        :
SACHS & CO. LLC, BOFA SECURITIES          :
INC., UBS SECURITIES LLC, and                    :
TURKCOMMERCE B.V.,                                   :
                                                                    :
                                    Defendants.       :
                                                                    :
———————————————————————— :x

**[PROPOSED] ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

WHEREAS, on March 22, 2023, the Parties to the above-entitled action (the "Federal Action") and *Benson v. D-MARKET Elektronik Hizmetler ve Ticaret Anonim Şirketi, et al.*, Index No. 655701/2021 (Sup. Ct. N.Y.) (the "State Court Action")[1] entered into a Stipulation of Settlement (the "Stipulation" or "Settlement"), which is subject to review by this Court and which, together with the exhibits thereto, sets forth the terms and conditions for the Settlement and dismissal of the claims alleged in the Federal Action and State Court Action; and the Court having read and considered the Stipulation and the accompanying documents; and the Parties to the Stipulation having consented to the entry of this Notice Order; and all capitalized terms used herein having the meanings defined in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED, this ___day of _____2023, that:

1.     The Court preliminarily finds that:

(a)     the Settlement resulted from informed, extensive arm's-length negotiations, including mediation among Plaintiffs and Hepsiburada under the direction of an experienced mediator, Judge Layn R. Phillips (Ret.) of Phillips ADR;

(b)     the Settlement eliminates risks to the Parties of continued litigation;

(c)     the Settlement does not provide undue preferential treatment to Plaintiffs or to segments of the Settlement Class;

---

[1]     Unless otherwise indicated, all capitalized terms used herein shall have the same meaning as in the Stipulation.  As used herein, the term "Parties" means Lead Plaintiff IWA-Forest Industry Pension Plan (the "Federal Court Plaintiff"), James Benson (the "State Court Plaintiff"), Defendants D-MARKET Elektronik Hizmetler ve Ticaret Anonim Şirketi a/k/a D-MARKET Electronic Services & Trading d/b/a Hepsiburada ("Hepsiburada" or the "Company"), TurkCommerce B.V.; Hanzade Vasfiye Doğan Boyner, Mehmet Murat Emirdağ, Halil Korhan Öz, Erman Kalkandelen, Mehmet Erol Çamur, Cemal Ahmet Bozer, Vuslat Doğan Sabanci, Mustafa Aydemir, Tolga Babali, Tayfun Bayazit; Morgan Stanley & Co. LLC, J.P. Morgan Securities LLC, Goldman, Sachs & Co. LLC, BofA Securities, Inc., UBS Securities LLC, Cogency Global Inc. and Colleen A. De Vries.

- 1 -

(d)    the Settlement does not provide excessive compensation to counsel for Plaintiffs; and

(e)    the Settlement appears to fall within the range of possible approval and is sufficiently fair, reasonable, and adequate to warrant providing notice of the Settlement to the Settlement Class.

2.    The Court does hereby preliminarily approve the Settlement and finds, pursuant to Rule 23(e)(1)(B)(i) of the Federal Rules of Civil Procedure, that it will likely be able to order final approval of the Settlement under Rule 23(e)(2) as it will likely find that the Settlement is fair, reasonable, and adequate to the Settlement Class, subject to further consideration at the Settlement Fairness Hearing described below.

3.    For purposes of the Settlement only, and preliminarily, for purposes of this Order, the Actions shall proceed as a class action, pursuant to Fed. R. Civ. P. 23(a) and (b)(3), on behalf of a settlement class consisting of all Persons that purchased or otherwise acquired Hepsiburada ADSs pursuant and/or traceable to Hepsiburada's July 1, 2021 Initial Public Offering through November 23, 2021, inclusive (the "Settlement Class"). Excluded from the Settlement Class are: (i) Defendants, (ii) the current and former executive officers and directors of each Defendant (in addition to those named as defendants), (iii) any entity in which any Defendant has or had a controlling interest, *provided, however*, that any Investment Vehicle shall not be excluded from the class, (iv) Defendants' Immediate Family Members, and (v) the legal representatives, heirs, successors, or assigns of any such excluded party. Also excluded from the Settlement Class are any Persons who would otherwise be Settlement Class Members but who timely and validly exclude themselves therefrom.

4.      For purposes of the Settlement only, and preliminarily, for purposes of this Order, (a) Lead Plaintiff is hereby certified as Class Representative, and (b) Lead Counsel and State Court Lead Counsel are appointed as Class Counsel.

5.      A Settlement Fairness Hearing is hereby scheduled to be held before the Court at Daniel Patrick Moynihan United States Courthouse, 500 Pearl St., New York, NY 10007, on ___, 2023, at__:___.m., for the following purposes:

(a)      to determine whether the proposed Settlement is fair, reasonable, and adequate, and should be approved by the Court;

(b)      to determine whether the Judgment as provided under the Stipulation should be entered;

(c)      to determine whether the proposed Plan of Allocation for the distribution of the Net Settlement Fund should be approved by the Court as fair, reasonable, and adequate;

(d)      to determine whether to grant final certification of a Settlement Class for purposes of the Settlement;

(e)      to consider Plaintiffs' Counsel's application for an award of attorneys' fees and expenses;

(f)      to consider Plaintiffs' request for payment for their efforts in prosecuting the Actions on behalf of the Settlement Class;

(g)      to consider any objections or opt outs received by the Court; and

(h)      to rule upon such other matters as the Court may deem appropriate.

6.      The Court reserves the right to approve the Settlement with or without modification and with or without further notice to the Settlement Class and may adjourn the Settlement Fairness Hearing without further notice to the Settlement Class.  The Court reserves the right to hold the

Settlement Fairness Hearing telephonically or by other virtual means. The Court reserves the right to enter the Judgment approving the Stipulation regardless of whether it has approved the Plan of Allocation, Plaintiffs' Counsel's request for an award of attorneys' fees and expenses or Plaintiffs' request for reimbursement for their representation of the Settlement Class.

7.    The Court approves the form, substance, and requirements of the Notice of Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release (the "Proof of Claim"), and the Summary Notice of Proposed Settlement of Class Action (the "Summary Notice"), annexed hereto as Exhibits 1, 2, and 3, respectively.

8.    The Court approves the appointment of Gilardi & Co. LLC as the Claims Administrator to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Proofs of Claim as more fully set forth below.

9.    The Claims Administrator shall cause the Notice and the Proof of Claim, substantially in the forms annexed hereto, to be mailed, by first class mail, postage prepaid, within twenty-one (21) calendar days of this Notice Order, to all Settlement Class Members who can be identified with reasonable effort. Within ten (10) calendar days of this Notice Order, Hepsiburada, at its expense, shall provide or cause to be provided to Plaintiffs' Counsel, at no cost, its reasonably available record shareholder lists for shareholders during the Settlement Class Period as appropriate for providing notice to the Settlement Class.

10.    The Claims Administrator shall use reasonable efforts to give notice to nominee purchasers such as brokerage firms and other persons or entities who purchased or otherwise acquired Hepsiburada ADSs during the Settlement Class Period as record owners but not as beneficial owners. Such nominee purchasers shall: (a) within seven (7) calendar days of receipt of the letter providing notice of the Settlement, request from the Claims Administrator sufficient copies

- 4 -

of the Notice and Proof of Claim to forward to all such beneficial owners, and within seven (7) calendar days of receipt of those copies of the Notice and Proof of Claim forward them to all such beneficial owners; (b) within seven (7) calendar days of receipt of the letter, request from the Claims Administrator an electronic copy of the Notice and Proof of Claim and within seven (7) calendar days of receipt of the electronic Notice and Proof of Claim, email the Notice and Proof of Claim to beneficial owners for which the broker or nominee has valid email addresses; or (c) within seven (7) calendar days of receipt of the letter, send a list of the names, mailing addresses, and, if available, email addresses, of all such beneficial owners to the Claims Administrator in which event the Claims Administrator shall promptly mail or email the Notice and Proof of Claim to such beneficial owners. Upon full compliance with this Order, such nominees may seek payment of their reasonable expenses actually incurred in complying with this Order, up to a maximum of $0.20 per Notice and Proof of Claim plus postage at the current pre-sort rate used by the Claims Administrator if the Notice and Proof of Claim is mailed by the broker or nominee; or $0.05 per Notice and Proof of Claim transmitted by email by the broker or nominee; or $0.10 per name, mailing address, and email address (to the extent available) provided to the Claims Administrator, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

11.    The Claims Administrator shall cause the Summary Notice to be published once in the national edition of *The Wall Street Journal* and once over a national newswire service, within ten (10) calendar days after the mailing of the Notice.

12.     Plaintiffs' Counsel shall, at least seven (7) calendar days before the Settlement Fairness Hearing, file with the Court and serve on the Parties proof of mailing of the Notice and Proof of Claim and proof of publication of the Summary Notice.

13.     The form and content of the Notice and the Summary Notice, and the method set forth herein of notifying the Settlement Class of the Settlement and its terms and conditions, meet the requirements of Fed. R. Civ. P. 23, the Private Securities Litigation Reform Act of 1995 ("PSLRA"), due process, and all other applicable laws and constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto and reasonably calculated under the circumstances to describe the terms and effect of the Settlement and to apprise the Settlement Class Members of their right to object to the proposed Settlement and to exclude themselves from the Settlement Class.  No Settlement Class Member will be relieved from the terms and conditions of the Settlement, including the releases provided pursuant thereto, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice.

14.     In order to be entitled to participate in the Net Settlement Fund, in the event the Settlement is consummated in accordance with its terms set forth in the Stipulation, each Settlement Class Member shall take the following actions and be subject to the following conditions:

(a)     Within ninety (90) calendar days after such time as set by the Court for the Claims Administrator to mail the Notice to the Settlement Class, each Person claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim, substantially in a form contained in Exhibit 2 attached hereto and as approved by the Court, signed under penalty of perjury and supported by such documents as are specified in the Proof of

Claim and as are reasonably available to such Person.  The Proof of Claim shall be timely if postmarked or submitted electronically no later than _____, 2023.

(b)    Except as otherwise ordered by the Court, all Settlement Class Members who fail to submit a Proof of Claim within such period, or such other period as may be ordered by the Court, shall be forever barred from receiving any payments pursuant to the Stipulation and the Settlement set forth therein, but will in all other respects be subject to and bound by the provisions of the Stipulation, the releases contained therein, and the Final Judgment.  Notwithstanding the foregoing, Plaintiffs' Counsel may, in their discretion, accept for processing late submitted claims so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed.  In connection with processing the Proofs of Claim, no discovery shall be allowed on the merits of the Actions or the Settlement.  No Person shall have any claim against Plaintiffs, Plaintiffs' Counsel, or the Claims Administrator by reason of the decision to exercise such discretion whether to accept late-submitted claims.

(c)    As part of the Proof of Claim, each Settlement Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted, and shall (subject to effectuation of the Settlement) release all Released Claims as provided in the Stipulation.

15.    Settlement Class Members shall be bound by all determinations and judgments in this Action, whether favorable or unfavorable, unless they request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided.  A Settlement Class Member wishing to make such request shall, no later than sixty (60) calendar days after the date set for the initial mailing of the Notice to Settlement Class Members, mail a request for exclusion in written form by first class mail postmarked to the address designated in the Notice.  Such request for exclusion shall clearly indicate the name, address and telephone number of the person seeking exclusion, that the sender

- 7 -

requests to be excluded from the Settlement Class, and must be signed by such person. Such persons requesting exclusion are also directed to state the date(s), price(s), and number of shares of Hepsiburada ADSs they purchased or acquired during the Settlement Class Period. The request for exclusion shall not be effective unless it is made in writing within the time stated above, and the exclusion is accepted by the Court. Settlement Class Members requesting exclusion from the Settlement Class shall not be entitled to receive any payment out of the Net Settlement Fund as described in the Stipulation and Notice.

16.     The Court will consider objections to the Settlement, the Plan of Allocation, the payment to Plaintiffs, and/or the award of attorneys' fees and expenses. Any person wanting to object must do so in writing and may also appear at the Settlement Fairness Hearing. To the extent any person wants to object in writing, such objections and any supporting papers, accompanied by proof of Settlement Class membership, shall be filed with Clerk of the Court, U.S. District Court, Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl St., New York, NY 10007, and copies of all such papers served no later than __ , 2023, which is sixty (60) calendar days after the date set for the initial mailing of the Notice to the Settlement Class, to each of the following: Frederic S. Fox, Kaplan Fox & Kilsheimer LLP, 850 Third Avenue, 14th Floor, New York, NY 10022 and Michael G. Capeci, Robbins Geller Rudman & Dowd LLP, 58 South Service Road, Suite 200, Melville, NY 11747 on behalf of the Plaintiffs and the Settlement Class; Kevin M. McDonough, Latham & Watkins LLP, 1271 Avenue of the Americas, New York, NY 10020 on behalf of Hepsiburada and TurkCommerce; Daniel Lewis, Shearman & Sterling LLP, 599 Lexington Avenue, New York, NY 10022 on behalf of the Underwriter Defendants; and Joanna Diakos Kordalis, K&L Gates LLP, 599 Lexington Avenue, New York, NY 10022 on behalf of the Cogency Defendants. Persons who intend to object in writing to the Settlement, the Plan of

Allocation, the request for an award of attorneys' fees and expenses and/or Plaintiffs' request for payment for representing the Settlement Class and desire to present evidence at the Settlement Fairness Hearing must include in their written objections copies of any exhibits they intend to introduce into evidence at the Settlement Fairness Hearing. In addition, the objection must state whether it applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class, and the objector must identify all other class action settlements to which they, he, she, or it, or their counsel, has previously objected. If an objector hires an attorney to represent them, him, her, or it for the purposes of making an objection, the attorney must both effect service of a notice of appearance on counsel listed above and file it with the Court by no later than _____, 2023. A Settlement Class Member who files a written objection does not have to appear at the Settlement Fairness Hearing for the Court to consider their, his, her or its objection. If the Settlement Class Member intends to appear at the Settlement Fairness Hearing, the Settlement Class Member shall identify any witnesses they may seek to call and exhibits they intend to offer at the Settlement Fairness Hearing in the papers served as set forth above no later than __, 2023. Any member of the Settlement Class who does not make their, his, her, or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the Settlement set forth in the Stipulation, to the Plan of Allocation, and to the award of attorneys' fees and expenses to Plaintiffs' Counsel and Plaintiffs' request for payment, unless otherwise ordered by the Court.

17.     Any Person that submits a request for exclusion may thereafter submit to the Claims Administrator and to Plaintiffs' Counsel a written and signed revocation of that request for exclusion, provided that it is received no later than five (5) business days before the Settlement Fairness Hearing, in which event that Person will be included in the Settlement Class.

18.     All papers in support of the Settlement, the Plan of Allocation, and any application by Plaintiffs' Counsel for attorneys' fees and expenses and payment to Plaintiffs shall be filed fourteen (14) calendar days prior to the deadline in paragraph 14 for objections to be filed.  All reply papers shall be filed and served at least seven (7) calendar days prior to the Settlement Fairness Hearing.

19.     Defendants shall serve the notice required under the Class Action Fairness Act, 28 U.S.C. §1715, *et seq.* ("CAFA") no later than ten (10) calendar days following the filing of the Stipulation with the Court.  Hepsiburada is solely responsible for the costs of the CAFA notice and administering the CAFA notice.  No later than seven (7) calendar days before the Settlement Fairness Hearing, Defendants shall cause to be served on Lead Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with the notice requirements of CAFA.

20.     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

21.     The Claims Administrator, Defendants' Counsel, and Plaintiffs' Counsel shall promptly furnish each other with copies of any and all objections that come into their possession.

22.     Pending final determination of whether the Settlement should be approved, the Plaintiffs, all Settlement Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence, maintain or prosecute, and are hereby barred and enjoined from instituting, continuing, commencing, maintaining, or prosecuting any action in any court or tribunal that asserts any of the Released Claims against any of the Released Parties.  Unless and until the Stipulation is cancelled and terminated pursuant to its terms, all proceedings in the Action, other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement, are hereby stayed and suspended until further order of the Court.

23.    All reasonable expenses incurred in identifying and notifying Settlement Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation and herein.  In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither Plaintiffs nor any of their counsel shall have any obligation to repay any amounts actually and properly disbursed from the Settlement Fund, except as provided for in the Stipulation.

24.    If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, then, in any such event, the Stipulation, including any amendment(s) thereof, shall be vacated, rendered null and void and of no further force or effect (except to the extent otherwise expressly provided in the Stipulation), without prejudice to any party, and may not be introduced as evidence or referred to in the Actions, or any action or proceeding by any person or entity for any purpose, and each Party shall be restored to his, her, or its respective position as it existed on December 5, 2022; and the Settlement Fund, less any Notice and Administration Costs actually incurred, paid, or payable and less any Taxes paid, due, or owing, subject to appropriate adjustment in the event any tax refund is obtained pursuant to the Stipulation, shall be refunded by the Escrow Agent as provided by the Stipulation and as directed by Defendants' Counsel.

25.    Neither the Term Sheet, the Stipulation, including the exhibits thereto and the proposed Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), nor the terms and conditions of the Settlement, nor any of the negotiations or proceedings connected with it, nor this Order, shall be offered against Defendants or any of the Released Parties as evidence of, or construed as, or deemed to be evidence of any presumption, admission, or concession by Defendants or any of the Released Parties with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted or the

- 11 -

deficiency of any defense that has been or could have been asserted in the Actions or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of Defendants or any of the Released Parties or in any way referred to for any other reason as against Defendants or any of the Released Parties, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation.  Nor shall the Term Sheet, the Stipulation, including the exhibits thereto and the proposed Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the terms and conditions of the Settlement, nor any of the negotiations or proceedings connected with it, nor this Order be construed against Defendants or any of the Released Parties as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial.

26.     The Court may adjourn or continue the Settlement Fairness Hearing without further written notice.

27.     The Court retains exclusive jurisdiction to consider all further matters arising out of or connected with the Settlement.  The Court may approve the Settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Settlement Class.

DATED: _____     _____
                                        THE HONORABLE P. KEVIN CASTEL
                                        UNITED STATES DISTRICT JUDGE

# EXHIBIT A-1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————— x

IWA-FOREST INDUSTRY PENSION PLAN, :    Civil Action No. 1:21-cv-08634-PKC
Individually and on Behalf of All Others      :
Similarly Situated,                                       :    CLASS ACTION
                                                                   :
                                   Plaintiff,          :    Honorable P. Kevin Castel
                                                                   :
            v.                                                   :
                                                                   :
D-MARKET ELEKTRONIK HIZMETLER      :
VE TICARET ANONIM ŞIRKETI a/k/a      :
D-MARKET ELECTRONIC SERVICES &      :
TRADING d/b/a/ HEPSIBURADA, MEHMET :
MURAT EMIRDAĞ, HALIL KORHAN ÖZ,   :
HANZADE VASFIYE DOĞAN BOYNER,       :
ERMAN KALKANDELEN, MEHMET EROL   :
ÇAMUR, CEMAL AHMET BOZER,              :
VUSLAT DOĞAN SABANCI, MUSTAFA        :
AYDEMIR, TOLGA BABALI, COLLEEN A.    :
DE VRIES, COGENCY GLOBAL INC.,           :
MORGAN STANLEY & CO. LLC, J.P.            :
MORGAN SECURITIES LLC, GOLDMAN,      :
SACHS & CO. LLC, BOFA SECURITIES         :
INC., UBS SECURITIES LLC, and                  :
TURKCOMMERCE B.V.,                               :
                                                                   :
                                   Defendants.      :
                                                                   :
———————————————————— :x

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: COMMERCIAL DIVISION

———————————————————————— x

JAMES BENSON, Individually and on Behalf
of All Others Similarly Situated,

                       Plaintiff,

     v.

D-MARKET ELEKTRONIK HIZMETLER
VE TICARET ANONIM ŞIRKETI,
HANZADE VASFIYE DOĞAN BOYNER,
MEHMET MURAT EMIRDAĞ, HALIL
KORHAN ÖZ, ERMAN KALKANDELEN,
MEHMET EROL ÇAMUR, CEMAL AHMET
BOZER, VUSLAT DOĞAN SABANCI,
MUSTAFA AYDEMIR, TOLGA BABALI,
TAYFUN BAYAZIT, COLLEEN A. DE
VRIES, COGENCY GLOBAL INC.,
TURKCOMMERCE B.V., MORGAN
STANLEY & CO. LLC, J.P. MORGAN
SECURITIES LLC, GOLDMAN, SACHS &
CO. LLC, BOFA SECURITIES, INC., and
UBS SECURITIES LLC,

                 Defendants.

———————————————————————— x

Index No. 655701/2021

CLASS ACTION

The Honorable Robert R. Reed, J.S.C.

Part 43

**NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTIONS**

TO:    ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED D-MARKET ELEKTRONIK HIZMETLER VE TICARET ANONIM ŞIRKETI A/K/A D-MARKET ELECTRONIC SERVICES & TRADING D/B/A HEPSIBURADA ("HEPSIBURADA" OR THE "COMPANY") AMERICAN DEPOSITORY SHARES ("ADSs") PURSUANT AND/OR TRACEABLE TO THE REGISTRATION STATEMENT AND PROSPECTUS FOR HEPSIBURADA'S JULY 1, 2021 INITIAL PUBLIC OFFERING ("IPO") THROUGH NOVEMBER 23, 2021, INCLUSIVE.

IN ORDER TO QUALIFY FOR A SETTLEMENT PAYMENT, YOU MUST TIMELY SUBMIT A PROOF OF CLAIM AND RELEASE FORM ("PROOF OF CLAIM") BY _____, 2023.

*A federal court has authorized this Notice.  This is not attorney advertising.*

**WHY SHOULD I READ THIS NOTICE?**

This Notice is given pursuant to an order issued by the United States District Court for the Southern District of New York (the "Court").  This Notice serves to inform you of the proposed settlement (the "Settlement") in the above-captioned class action lawsuit (the "Action") and the hearing (the "Settlement Fairness Hearing") to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, as set forth in the Stipulation of Settlement dated March __, 2023 (the "Stipulation"), by and among Lead Plaintiff IWA-Forest Industry Pension Plan (the "Federal Court Plaintiff" or "Lead Plaintiff") and James Benson (the "State Court Plaintiff") (together, "Plaintiffs"), on behalf of themselves and the Settlement Class; and Defendants Hepsiburada; TurkCommerce B.V. ("TurkCommerce"); Hanzade Vasfiye Doğan Boyner, Mehmet Murat Emirdağ, Halil Korhan Öz, Erman Kalkandelen, Mehmet Erol Çamur, Cemal Ahmet Bozer, Vuslat Doğan Sabanci, Mustafa Aydemir, Tolga Babali, and Tayfun Bayazit (the "Individual Defendants"); Morgan Stanley & Co. LLC, J.P. Morgan Securities LLC, Goldman Sachs & Co. LLC, BofA Securities, Inc., and UBS Securities LLC (the "Underwriter Defendants"); Colleen A. De Vries ("De Vries"); and Cogency Global Inc. (collectively with Hepsiburada, TurkCommerce, the Individual Defendants, De Vries, Cogency Global Inc. and the Underwriter Defendants, "Defendants") by their respective counsel.[1]  This Settlement also resolves the action pending in the Supreme Court of the State of New York styled as *Benson v. D-MARKET Elektronik Hizmetler ve Ticaret Anonim Şirketi, et al.*, Index No. 655701/2021 (Sup. Ct. N.Y.) (the "State Court Action," and together with this Action, the "Actions").

**This Notice is intended to inform you how this lawsuit and proposed Settlement may affect your rights and what steps you may take in relation to it.  This Notice is NOT an expression of any opinion by the Court as to the merits of the claims or defenses asserted in the lawsuit or whether the Defendants engaged in any wrongdoing.**

*Under law, a federal court has authorized this Notice.  This is not attorney advertising.*

---

[1]    The Stipulation can be viewed and/or downloaded at www.___ .com.  All capitalized terms used herein have the same meaning as the terms defined in the Stipulation.

- If approved by the Court, the Settlement will provide thirteen million nine hundred thousand dollars ($13,900,000) (the "Settlement Amount"), plus interest as it accrues, minus any Court-awarded attorneys' fees, costs, administrative expenses, costs and expenses awarded to Plaintiffs in connection with their representation of the Settlement Class, and net of any taxes on interest (the "Settlement Fund"), to pay claims of investors who purchased Hepsiburada ADSs during the Settlement Class Period (July 1, 2021 through November 23, 2021, inclusive).

- Based on Plaintiffs' damages expert's estimate of the number of shares of publicly-traded Hepsiburada ADSs that may have been affected by the alleged conduct at issue during the Settlement Class Period, the estimated average recovery (before the deduction of any Court-approved fees, expenses, and costs as described herein) is $0.15 per ADS for the approximately 92,787,181 million affected Hepsiburada ADSs.  This is not an estimate of the actual recovery per ADS you should expect.  Your actual recovery, if any, will depend on the aggregate losses of all Settlement Class Members, the date(s) you purchased and sold Hepsiburada ADSs, the purchase and sales prices, and the total number and amount of claims filed.

Plaintiffs' Counsel have been prosecuting the Actions on a wholly contingent basis since their inception, have not received any payment of attorneys' fees for their representation of the Settlement Class, and have advanced the funds to pay expenses necessarily incurred to prosecute the Actions.  Plaintiffs' Counsel will apply to the Court to award attorneys' fees in an amount not to exceed 30% of the Settlement Fund.  In addition, Plaintiffs' Counsel will seek no more than $150,000 in litigation expenses, as well as an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiff of no more than $7,500 directly related to its representation of the Settlement Class.  The estimated average cost for such fees and expense, if the Court approves Plaintiffs' Counsel's fee and expense application, is $0.047 per affected Hepsiburada ADS.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **Submit a Proof of Claim and Release Form** | Proofs of Claim and Release forms must be postmarked (if mailed) or received (if submitted online) on or before _____, 2023. **This is the only way to get a payment.** |
| **Exclude Yourself from the Settlement Class** | Submit a request for exclusion no later than _____.  This is the only way you can ever be part of any other lawsuit against the Defendants or the other Released Parties relating to the legal claims in this case.  **If you exclude yourself, you will receive no payment and cannot object or speak at the hearing**. |
| **Object** | Write to the Court no later than _____about why you do not like the Settlement.  You can still submit a Proof of Claim and Release Form.  If the Court approves the Settlement, you will be bound by it. |

| | |
|---|---|
| **Go to the Hearing** | Ask to speak in Court about the fairness of the Settlement at the hearing on _____.  You can still submit a Proof of Claim and Release.  If the Court approves the Settlement, you will be bound by it. |
| **Do Nothing** | **Get no payment AND give up your right to bring your own individual action relating to the claims asserted in the Actions.** |

## DEFINITIONS

All capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation of Settlement, dated March 22, 2023 (the "Settlement Stipulation").

## WHAT IS THIS LAWSUIT ABOUT?

**I.    THE ALLEGATIONS**

Hepsiburada is an e-commerce company operating in Turkey and is known as the "Amazon of Turkey."  At the time of its initial public offering ("IPO" or "Offering") on July 1, 2021, Hepsiburada derived the majority of its revenue and profits from a hybrid model of first-party sales made by the Company and third-party sales made by merchants through its online "marketplace." The IPO took place on the first day of the third fiscal quarter 2021 ("3Q21"), *i.e.*, after the second fiscal quarter ("2Q21") was complete.  In the Actions, Plaintiffs allege that the Registration Statement for the IPO was negligently prepared and thus contained untrue statements of material fact and omitted to disclose material information that was required to be disclosed therein.  Specifically, Plaintiffs allege that Defendants failed to disclose material information regarding: (i) Hepsiburada's alleged slowdown in growth in 2Q21, *i.e.*, before the IPO; (ii) the allegedly negative impact to Hepsiburada's business and operations as of the IPO caused by Turkey's easing of COVID-19 lockdown restrictions, particularly the weekday reopening of marketplaces and shopping malls in May 2021; and (iii) Hepsiburada's alleged need to make significant investments and customer discounts as of the IPO to offset these negative developments.  Plaintiffs' claims are brought under the Securities Act of 1933 (the "Securities Act").

Defendants deny all of Plaintiffs' allegations.  Without limiting the generality of the foregoing in any way, Defendants have expressly denied and continue to deny, among other things, that any alleged misstatements or materially misleading omissions were made or that Plaintiffs or the Settlement Class have suffered any alleged damages.  Defendants do not admit any liability or wrongdoing in connection with the allegations set forth in the Actions, or any facts related thereto.

**THE COURT HAS NOT RULED AS TO WHETHER DEFENDANTS ARE LIABLE TO PLAINTIFFS OR TO THE SETTLEMENT CLASS.  THIS NOTICE IS NOT INTENDED TO BE AN EXPRESSION OF ANY OPINION BY THE COURT WITH RESPECT TO THE TRUTH OF THE ALLEGATIONS IN THE ACTIONS OR THE MERITS OF THE CLAIMS OR DEFENSES ASSERTED. THIS NOTICE IS SOLELY TO**

**ADVISE YOU OF THE PROPOSED SETTLEMENT OF THE ACTIONS AND YOUR RIGHTS IN CONNECTION WITH THAT SETTLEMENT.**

## I.    PROCEDURAL HISTORY

**The Federal Court Action**:

On October 21, 2021, a putative class action complaint asserting claims under the Securities Act was filed in the United States District Court for the Southern District of New York against certain of the Defendants.

On January 5, 2022, after the three other lead plaintiff movants filed notices of withdrawal or non-opposition, United States District Judge Castel entered an order that appointed IWA-Forest Industry Pension Plan ("IWA-Forest") as Lead Plaintiff and approved IWA-Forest's selection of Kaplan Fox & Kilsheimer LLP as Lead Counsel.

On February 4, 2022, IWA-Forest filed an Amended Complaint for Violations of the Securities Act of 1933 (the "Federal Court Complaint"). The Federal Court Complaint was brought on behalf of persons and entities that purchased or otherwise acquired Hepsiburada ADSs pursuant and/or traceable to the Registration Statement issued in connection with the Company's IPO. It alleges violations of the Securities Act under (i) Section 11 against all Defendants (with the exception of Bayazit, who was not named as a defendant in the Federal Court Action); (ii) Section 12(a)(2) against Hepsiburada, Emirdağ, Öz, TurkCommerce, and the Underwriter Defendants; and (iii) Section 15 against the Individual Defendants (with the exception of Bayazit).

On April 15, 2022, Hepsiburada and the Underwriter Defendants moved to dismiss the Federal Court Action for failure to state a claim, arguing that the Federal Court Complaint failed to plead an actionable misrepresentation or omission under the Securities Act. Hepsiburada and the Underwriter Defendants further argued in the alternative that the Federal Court Action should be stayed or dismissed pursuant to *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976) ("*Colorado River*"), which allows federal courts to decline jurisdiction where there are parallel state court proceedings. The Federal Court Plaintiff opposed the motion on May 13, 2022, and Hepsiburada and the Underwriter Defendants filed their reply in support of the motion on May 27, 2022. Hepsiburada and the Underwriter Defendants withdrew the *Colorado River* argument on October 20, 2022.

On June 15, 2022, TurkCommerce filed a notice of joinder in Hepsiburada and the Underwriter Defendants' motion to dismiss. The Federal Court Plaintiff opposed joinder on June 29, 2022, and TurkCommerce filed its reply in support of joinder on July 6, 2022.

The motion to dismiss the Federal Court Complaint was pending when the Parties agreed to explore mediation.

**The State Court Action**:

On September 28, 2021, plaintiff James Benson, represented by Robbins Geller Rudman & Dowd LLP and Johnson Fistel, LLP (together, "State Court Lead Counsel"), filed a putative class action in the State Court against certain of the Defendants alleging violations of Sections 11 and 15 of the Securities Act on behalf of all persons who purchased or otherwise acquired Hepsiburada

ADSs pursuant and/or traceable to Hepsiburada's Registration Statement issued in connection with its IPO. On December 10, 2021, the State Court Plaintiff filed an Amended Class Action Complaint for Violations of the Securities Act of 1933 (the "State Court Complaint") that asserts claims under Section 11 against all Defendants and claims under Section 15 against Hepsiburada, TurkCommerce, the Individual Defendants, and Cogency Global Inc.

State Court Lead Counsel moved for alternative service on the same day it filed the State Court Complaint because the Individual Defendants, who reside in Turkey, remained unserved. State Court Lead Counsel argued that because Turkey is a signatory to the Hague Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters, service is only permitted through Turkey's Central Authority. Thus, State Court Lead Counsel asserted that direct service on the Individual Defendants would result in significant costs, complications, and delay, and argued that service should be accomplished instead via email service or via service on counsel for Hepsiburada and De Vries. Briefing on this motion concluded on February 4, 2022.

On February 8, 2022, Hepsiburada and the Underwriter Defendants moved to dismiss the State Court Complaint; De Vries, Cogency Global Inc. and TurkCommerce joined their motion. The motion to dismiss asserted that the State Court Complaint should be dismissed in its entirety because it failed to plead that the Registration Statement contained any materially false or misleading statement or omission. Briefing on the motion to dismiss concluded on April 22, 2022.

While the motion for alternative service and the motion to dismiss were pending, the Parties agreed to explore mediation, as described further below.

**Settlement Negotiations**:

On September 2, 2022, after exchanging detailed mediation briefs, several of Plaintiffs' counsel and Hepsiburada's counsel attended an all-day, in-person mediation assisted by a respected mediator with substantial experience mediating complex securities class actions. The Parties were unable to reach a settlement at the mediation session. However, the Parties and the mediator continued to engage in negotiations over the next three months in an effort to achieve a global resolution of the Actions. Ultimately, on December 5, 2022, after lengthy negotiations, Plaintiffs and Hepsiburada agreed to the $13,900,000 Settlement, subject to Court approval.

### HOW DO I KNOW IF I AM A SETTLEMENT CLASS MEMBER?

If you purchased or otherwise acquired Hepsiburada ADSs during the Settlement Class Period, pursuant and/or traceable Hepsiburada's IPO, you are a Settlement Class Member. As set forth in the Stipulation, excluded from the Settlement Class are: (i) Defendants, (ii) the current and former executive officers and directors of each Defendant (in addition to those named as defendants), (iii) any entity in which any Defendant has or had a controlling interest, *provided, however*, that any Investment Vehicle shall not be excluded from the class, (iv) Defendants' Immediate Family Members, and (v) the legal representatives, heirs, successors, or assigns of any such excluded party. Also excluded from the Settlement Class are any Persons who would otherwise be Settlement Class Members but who timely and validly exclude themselves therefrom.

**PLEASE NOTE:** Receipt of this Notice does not mean that you are a Settlement Class Member or that you will be entitled to receive a payment from the Settlement. If you are a Settlement Class Member and you wish to be eligible to participate in the distribution of proceeds

from the Settlement, you are required to submit the Proof of Claim that is being distributed with this Notice and the required supporting documentation as set forth therein postmarked or submitted online on or before __, 2023.

## WHAT IS THE MONETARY VALUE OF THE PROPOSED SETTLEMENT?

The Settlement, if approved, will result in the creation of a cash settlement fund of $13,900,000. The Settlement Amount, plus accrued interest and minus the costs of this Notice and all costs associated with the administration of the Settlement Fund, as well as attorneys' fees and expenses, and the payment to Lead Plaintiff for representing the Settlement Class, as approved by the Court (the "Net Settlement Fund"), will be distributed to eligible Settlement Class Members pursuant to the Plan of Allocation that is described in the next section of this Notice.

## WHAT IS THE PROPOSED PLAN OF ALLOCATION?

The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Settlement Class Members based on their respective alleged economic losses resulting from the securities law violations alleged in the Actions.

The Claims Administrator shall determine each Settlement Class Member's share of the Net Settlement Fund based upon the recognized loss formula (the "Recognized Claim") described below. A Recognized Claim will be calculated for each Hepsiburada ADSs purchased or otherwise acquired during the Settlement Class Period, traceable or pursuant to Hepsiburada's IPO. The calculation of a Recognized Claim will depend upon several factors, including when the shares were purchased or otherwise acquired and in what amounts, whether the shares were ever sold, and, if so, when they were sold and for what amounts. The Recognized Claim is not intended to estimate the amount a Settlement Class Member might have been able to recover after a trial, nor to estimate the amount that will be paid to Settlement Class Members pursuant to the Settlement. The Recognized Claim is the basis upon which the Net Settlement Fund will be proportionately allocated to Settlement Class Members.

Your share of the Net Settlement Fund will depend on the number of valid Proofs of Claim that Settlement Class Members send in and how many Hepsiburada ADSs you purchased or otherwise acquired pursuant and/or traceable to Hepsiburada's IPO, and whether you sold any of those shares and when you sold them.

The calculation of claims below is not an estimate of the amount you will receive. It is a formula for allocating the Net Settlement Fund among all Authorized Claimants. Furthermore, if any of the formulas set forth below yield an amount less than $0.00, the claim per share is $0.00.

## THE BASIS FOR CALCULATING YOUR RECOGNIZED LOSS:

Each Authorized Claimant shall receive a proportionate share of the Net Settlement Fund determined by a fraction, the numerator of which shall be the Authorized Claimants' Recognized Loss on all Hepsiburada ADSs purchased during the Settlement Class Period and the denominator of which shall be the aggregate Recognized Loss of all Authorized Claimants.

The Recognized Loss on all Hepsiburada ADSs purchased or acquired by each Authorized Claimant between July 1, 2021 and November 23, 2021:

A.    For ADSs held at the end of trading on February 18, 2022, the Recognized Loss shall be the number of ADSs multiplied by the lesser of:

    (1)    the applicable purchase date alleged inflation per ADS figure, as found in Table A; or

    (2)    the difference between the purchase price per ADS and $2.09.[2]

B.    For ADSs sold between November 23, 2021 and February 18, 2022, the Recognized Loss shall be the number of ADSs sold multiplied by the lesser of:

    (1)    the purchase date alleged inflation per ADS figure, as found in Table A; or

    (2)    the difference between the purchase price per ADS and the sales price per ADR; or

    (3)    the difference between the purchase price per ADR and the average closing price between November 23, 2021 and the date of sale, as found in Table B[3].

C.    For ADSs sold between July 1, 2021 and November 22, 2021, the Recognized Loss shall be the number of ADSs sold multiplied by the lesser of:

    (1)    the purchase date alleged inflation per ADS figure less the sales date alleged inflation per ADS figure, as found in Table A; or

    (2)    the difference between the purchase price per ADS and the sales price per ADS.

**Table A**

---

[2]    Pursuant to Section 21(D)(e)(1) of the Private Securities Litigation Reform Act of 1995, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated." The mean (average) closing price of HEPS ADSs during the period beginning on November 23, 2021 and ending on February 18, 2022 was $2.09 per ADS.

[3]    Pursuant to Section 21(D)(e)(2) of the Private Securities Litigation Reform Act of 1995, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, if the plaintiff sells or repurchases the subject security prior to the expiration of the 90-day period described in paragraph (1), the plaintiff's damages shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the security and the mean trading price of the security during the period beginning immediately after dissemination of information correcting the misstatement or omission and ending on the date on which the plaintiff sells or repurchases the security."

| Purchase or Sale Date Range | Alleged Inflation Per ADS |
| --- | --- |
| 07/01/2021 – 08/25/2021 | $5.22 |
| 08/26/2021 – 11/11/2021 | $2.36 |
| 11/12/2021 – 11/22/2021 | $0.24 |
| 11/23/2021 | Lesser of: $0.24 or (transaction price - $2.85) |

**Table B**

| Date of Sale | Average Closing Price Between 11/23/2021 and Date of Sale | Date of Sale | Average Closing Price Between 11/23/2021 and Date of Sale |
| --- | --- | --- | --- |
| 11/23/2021 | $2.85 | 01/07/2022 | $2.17 |
| 11/24/2021 | $2.86 | 01/10/2022 | $2.15 |
| 11/26/2021 | $2.80 | 01/11/2022 | $2.14 |
| 11/29/2021 | $2.78 | 01/12/2022 | $2.14 |
| 11/30/2021 | $2.71 | 01/13/2022 | $2.13 |
| 12/01/2021 | $2.65 | 01/14/2022 | $2.12 |
| 12/02/2021 | $2.60 | 01/18/2022 | $2.12 |
| 12/03/2021 | $2.56 | 01/19/2022 | $2.12 |
| 12/06/2021 | $2.53 | 01/20/2022 | $2.11 |
| 12/07/2021 | $2.52 | 01/21/2022 | $2.11 |
| 12/08/2021 | $2.53 | 01/24/2022 | $2.11 |
| 12/09/2021 | $2.52 | 01/25/2022 | $2.11 |
| 12/10/2021 | $2.49 | 01/26/2022 | $2.10 |
| 12/13/2021 | $2.47 | 01/27/2022 | $2.09 |
| 12/14/2021 | $2.45 | 01/28/2022 | $2.09 |
| 12/15/2021 | $2.43 | 01/31/2022 | $2.08 |
| 12/16/2021 | $2.41 | 02/01/2022 | $2.08 |
| 12/17/2021 | $2.39 | 02/02/2022 | $2.08 |
| 12/20/2021 | $2.36 | 02/03/2022 | $2.08 |
| 12/21/2021 | $2.34 | 02/04/2022 | $2.08 |
| 12/22/2021 | $2.32 | 02/07/2022 | $2.08 |
| 12/23/2021 | $2.31 | 02/08/2022 | $2.08 |
| 12/27/2021 | $2.30 | 02/09/2022 | $2.08 |
| 12/28/2021 | $2.28 | 02/10/2022 | $2.08 |
| 12/29/2021 | $2.27 | 02/11/2022 | $2.09 |
| 12/30/2021 | $2.25 | 02/14/2022 | $2.09 |
| 12/31/2021 | $2.24 | 02/15/2022 | $2.09 |
| 01/03/2022 | $2.23 | 02/16/2022 | $2.09 |
| 01/04/2022 | $2.22 | 02/17/2022 | $2.09 |
| 01/05/2022 | $2.20 | 02/18/2022 | $2.09 |
| 01/06/2022 | $2.19 | | |

**NOTE:**

A purchase, acquisition or sale of Hepsiburada ADSs shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.  All purchase, acquisition, and sale prices shall exclude any fees and commissions.  The receipt or grant by gift, devise, or operation of law of Hepsiburada ADSs during the Settlement Class Period shall not be deemed a purchase, acquisition, or sale of Hepsiburada ADSs for the calculation of a claimant's Recognized Claim nor shall it be deemed an assignment of any claim relating to the purchase or acquisition of such share unless specifically provided in the instrument of gift or assignment.  The receipt of Hepsiburada ADSs during the Settlement Class Period in exchange for securities of any other corporation or entity shall not be deemed a purchase, acquisition, or sale of Hepsiburada ADSs.

With respect to Hepsiburada ADSs purchased or sold through the exercise of an option, the purchase/sale date of the share is the exercise date of the option and the purchase/sale price of the share is the exercise price of the option.  Any Recognized Claim arising from purchases of Hepsiburada ADSs acquired during the Settlement Class Period through the exercise of an option on Hepsiburada ADSs shall be computed as provided for other purchases of Hepsiburada ADSs in the Plan of Allocation.

The total of all profits shall be subtracted from the total of all losses from transactions during the Settlement Class Period to determine if a Settlement Class Member has a Recognized Claim. Only if a Settlement Class Member had a net market loss, after all profits from transactions in Hepsiburada ADSs during the Settlement Class Period are subtracted from all losses, will such Settlement Class Member be eligible to receive a distribution from the Net Settlement Fund.

If an Authorized Claimant has an overall market gain, the Recognized Claim for that Authorized Claimant will be $0.00.  If an Authorized Claimant has an overall market loss, that Authorized Claimant's Recognized Claim will be limited to the amount of overall market loss.  The Claims Administrator shall allocate to each Authorized Claimant a *pro rata* share of the Net Settlement Fund based on his, her, or its Recognized Claim as compared to the total Recognized Claims of all Authorized Claimants.  No distribution shall be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

Distributions will be made to Authorized Claimants after all claims have been processed, after the Court has finally approved the Settlement, and after any appeals are resolved.  If there is any balance remaining in the Net Settlement Fund after at least six (6) months from the initial date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks, or otherwise), Plaintiffs' Counsel shall, if feasible, reallocate such balance among Authorized Claimants in an equitable and economic fashion.  These redistributions shall be repeated until the balance remaining in the Net Settlement Fund is no longer economically feasible to distribute to Settlement Class Members.  Thereafter, any balance that still remains in the Net Settlement Fund shall be donated to appropriate non-profit organizations.

Please contact the Claims Administrator or Plaintiffs' Counsel if you disagree with any determinations made by the Claims Administrator regarding your Proof of Claim.  If you are dissatisfied with the determinations, you may ask Plaintiffs' Counsel to request that the Court, which retains jurisdiction over all Settlement Class Members and the claims administration process, decide the issue.

The Court has reserved jurisdiction to allow, disallow, or adjust the claim of any Settlement Class Member on equitable grounds.

Payment pursuant to the Plan of Allocation set forth above shall be conclusive against all Authorized Claimants. No Person shall have any claim against Plaintiffs, Plaintiffs' Counsel, any Claims Administrator, any other Person designated by Plaintiffs' Counsel, or any of the Released Parties based on the distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further orders of the Court. All Settlement Class Members who fail to complete and submit a valid and timely Proof of Claim shall be barred from participating in distributions from the Net Settlement Fund (unless otherwise ordered by the Court), but otherwise shall be bound by all of the terms of the Stipulation, including the terms of any judgment entered and the releases given.

## DO I NEED TO CONTACT PLAINTIFFS' COUNSEL IN ORDER TO PARTICIPATE IN DISTRIBUTION OF THE SETTLEMENT FUND?

No. If you have received this Notice and timely submit your Proof of Claim to the designated address, you need not contact Plaintiffs' Counsel. If your address changes, please contact the Claims Administrator at:

*Hepsiburada Securities Litigation*
Claims Administrator
c/o Gilardi & Co LLC
P.O. Box_____
_____, __ _____

## THERE WILL BE NO PAYMENTS IF THE STIPULATION IS TERMINATED

The Settlement may be terminated under several circumstances outlined in the Stipulation. If the Settlement is terminated, the Actions will proceed as if the Stipulation had not been entered into.

## WHAT ARE THE REASONS FOR SETTLEMENT?

The Settlement was reached after a thorough investigation by Plaintiffs' Counsel and briefing on Defendants' motions to dismiss. The Court has not reached any final decisions in connection with Plaintiffs' claims against Defendants. Instead, Plaintiffs and Defendants have agreed to this Settlement, which was reached with the substantial assistance of a highly respected mediator of complex class actions. In reaching the Settlement, the Parties have avoided the cost, delay, and uncertainty of further litigation.

As in any litigation, Plaintiffs and the proposed Settlement Class would face an uncertain outcome if they did not agree to the Settlement. Plaintiffs expected that the Actions could continue for a lengthy period of time and that if Plaintiffs succeeded, Defendants could file appeals that would postpone final resolution of the Actions. Continuation of the Actions against Defendants could result in a judgment greater than this Settlement. Conversely, continuing the Actions could result in no recovery at all or a recovery that is less than the amount of the Settlement.

Plaintiffs and Plaintiffs' Counsel believe that this Settlement is fair and reasonable to the members of the Settlement Class. They have reached this conclusion for several reasons.

- 10 -

Specifically, if the Settlement is approved, the Settlement Class will receive a certain and immediate monetary recovery. Additionally, Plaintiffs' Counsel believe that the significant and immediate benefits of the Settlement, when weighed against the significant risk, delay, and uncertainty of continued litigation, are a very favorable result for the Settlement Class.

## WHO REPRESENTS THE SETTLEMENT CLASS?

The following attorneys are counsel for the Settlement Class:

| | |
|---|---|
| Michael G. Capeci | Frederic S. Fox |
| ROBBINS GELLER RUDMAN & DOWD LLP | KAPLAN FOX & KILSHEIMER LLP |
| 58 South Service Road, Suite 200 | 800 Third Avenue, 38th Floor |
| Melville, NY 11747 | New York, NY 10022 |
| Telephone: (631) 367-7100 | Telephone: (212) 687-1980 |

*Counsel for Federal Court Plaintiffs*

Michael I. Fistel, Jr.
JOHNSON FISTEL, LLP
50 Powder Springs Street
Marietta, GA 30064
Telephone: (470) 632-6000

*Counsel for State Court Plaintiff*

If you have any questions about the Actions, or the Settlement, you are entitled to consult with Plaintiffs' Counsel by contacting counsel at the phone numbers listed above.

You may obtain a copy of the Stipulation by contacting the Claims Administrator at:

*Hepsiburada Securities Litigation*
Claims Administrator
c/o Gilardi & Co LLC
P.O. Box _____
_____, __ _____

## HOW WILL THE PLAINTIFFS' LAWYERS BE PAID?

Plaintiffs' Counsel have been prosecuting the Actions on a wholly contingent basis since their inception, have not received any payment of attorneys' fees for their representation of the Settlement Class, and have advanced the funds to pay expenses necessarily incurred to prosecute the Actions. Plaintiffs' Counsel will file a motion for an award of attorneys' fees and expenses that will be considered at the Settlement Fairness Hearing. Plaintiffs' Counsel will apply to the Court to award attorneys' fees in an amount not to exceed 30% of the Settlement Fund. In addition, Plaintiffs' Counsel will request payment of their litigation expenses, not to exceed $150,000, as well

as an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiff of no more than $7,500 directly related to its representation of the Settlement Class.[4]

The attorneys' fees and expenses requested will be the only payment to Plaintiffs' Counsel for their efforts in achieving this Settlement and for their risk in undertaking this representation on a wholly contingent basis. The fees requested will compensate Plaintiffs' Counsel for their work in achieving the Settlement. The Court will decide what constitutes a reasonable fee award and may award less than the amount requested by Plaintiffs' Counsel.

## CAN I EXCLUDE MYSELF FROM THE SETTLEMENT?

Yes. If you do not want to receive a payment from this Settlement, or you want to keep the right to sue or continue to sue Defendants on your own about the legal issues in this case, then you must take steps to get out of the Settlement Class. This is called excluding yourself from, or "opting out" of, the Settlement Class. If you are requesting exclusion because you want to bring your own lawsuit based on the matters alleged in the Actions, you may want to consult an attorney and discuss whether any individual claim that you may wish to pursue would be time-barred by the applicable statutes of limitation or repose.

To exclude yourself from the Settlement Class, you must send a signed letter by mail saying that you want to be excluded from the Settlement Class in *IWA-Forest Ind. Pension Plan v. D-MARKET Elektronik Hizmetler ve Ticaret Anonim Şirketi, et al.*, No. 21-cv-08634-PKC (S.D.N.Y.). Be sure to include your name, address, telephone number, and the date(s), price(s), and number of shares of Hepsiburada ADSs that you purchased or acquired during the Settlement Class Period (July 1, 2021 through November 23, 2021, inclusive). Your exclusion request must be **postmarked no later than _____, 2023**, and sent to the Claims Administrator at:

*Hepsiburada Securities Litigation*
Claims Administrator
c/o Gilardi & Co LLC
ATTN: EXCLUSIONS
P.O. Box_____
_____, __ _____

You cannot exclude yourself by phone or by email. If you make a proper request for exclusion, you will not receive a settlement payment, and you cannot object to the Settlement. If you make a proper request for exclusion, you will not be legally bound by anything that happens in the Actions.

## CAN I OBJECT TO THE SETTLEMENT, THE REQUESTED ATTORNEYS' FEES, THE REQUESTED PAYMENT OF COSTS AND EXPENSES AND/OR THE PLAN OF ALLOCATION?

Yes. If you are a Settlement Class Member, you may object to the terms of the Settlement. Whether or not you object to the terms of the Settlement, you may also object to the requested

---

[4]    Plaintiffs' Counsel will allocate the attorneys' fees awarded among Lead Counsel and State Court Lead Counsel.

attorneys' fees, costs, and expenses, Lead Plaintiff's request for payment for representing the Settlement Class and/or the Plan of Allocation.  In order for any objection to be considered, you must file a written statement, accompanied by proof of Settlement Class membership, and signed by you on your own behalf with the Court and send a copy to one of Plaintiffs' Counsel and one of Defendants' Counsel, at the addresses listed below **by _____, 2023**.  The Court's address is Clerk of the Court, U.S. District Court, Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl St., New York, NY 10007; Plaintiffs' Counsel's address is Frederic S. Fox, Kaplan Fox & Kilsheimer LLP, 850 Third Avenue, 14th Floor, New York, NY 10022 and Michael G. Capeci, Robbins Geller Rudman & Dowd LLP, 58 South Service Road, Suite 200, Melville, NY 11747; Hepsiburada and TurkCommerce's Counsel's address is Kevin M. McDonough, Latham & Watkins LLP, 1271 Avenue of the Americas, New York, NY 10020; De Vries and Cogency Global Inc.'s Counsel is Joanna A. Diakos, K&L Gates LLP, 599 Lexington Avenue, New York, New York 10022; and Underwriter Defendants' Counsel is Daniel Lewis, Shearman & Sterling LLP, 599 Lexington Avenue, New York, NY 10022.

Attendance at the Settlement Fairness Hearing is not necessary; however, persons wishing to be heard orally at the Settlement Fairness Hearing are required to indicate in their written objection their intention to appear at the hearing and identify any witnesses they may call to testify and exhibits, if any, they intend to introduce into evidence.

### WHAT IS THE DIFFERENCE BETWEEN OBJECTING AND EXCLUDING MYSELF FROM THE SETTLEMENT?

Objecting is telling the Court that you do not like something about the proposed Settlement, the Plan of Allocation, or Plaintiffs' Counsel's request for an award of attorneys' fees and expenses. You can object only if you stay in the Settlement Class.  Excluding yourself is telling the Court that you do not want to be part of the Settlement Class.  If you exclude yourself, you have no basis to object because the case no longer applies to you.

### WHAT ARE MY RIGHTS AND OBLIGATIONS UNDER THE SETTLEMENT?

If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you may receive the benefit of, and you will be bound by, the terms of the Settlement described in this Notice, upon approval by the Court.

### HOW CAN I GET A PAYMENT?

In order to qualify for a payment, you must timely complete and return the Proof of Claim that accompanies this Notice.  A Proof of Claim is enclosed with this Notice and also may be downloaded at www._____.com.  Read the instructions carefully; fill out the Proof of Claim; sign it; and mail or submit it online so that it is **postmarked (if mailed) or received (if submitted online) no later than _____, 2023**.  The Proof of Claim may be submitted online at www._____.com.  If you do not submit a timely Proof of Claim with all of the required information, you will not receive a payment from the Settlement Fund; however, unless you expressly exclude yourself from the Settlement Class as described above, you will still be bound in all other respects by the Settlement, the Judgment, and the release contained in them.

- 13 -

**WHAT CLAIMS WILL BE RELEASED BY THE SETTLEMENT?**

If the Settlement is approved by the Court, the Court will enter a Judgment. If the Judgment becomes final pursuant to the terms of the Stipulation, all Settlement Class Members shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged any and all of the Released Parties from all Released Claims.

- "Related Parties" means each of a Defendant's respective past, present, or future direct or indirect parents, subsidiaries, divisions, branches, Controlling Persons, associates, entities, affiliates or joint ventures, as well as each of their respective past or present directors, officers, employees, managers, managing directors, supervisors, contractors, consultants, servants, general partners, limited partners, partnerships, members, principals, trusts, trustees, advisors, auditors, accountants, agents, underwriters, insurers, co-insurers, reinsurers, controlling shareholders, attorneys, fiduciaries, financial or investment advisors or consultants, banks or investment bankers, personal or legal representatives, counsel, agents, predecessors, predecessors-in- interest, successors, assigns, spouses, heirs, executors, administrators, legal or personal representatives of each of them in their capacities as such, related or affiliated entities, anyone acting or purporting to act for or on behalf of any of them or their successors, heirs or assigns, any other entities in which a Defendant has or had a controlling interest, any Immediate Family Member of an Individual Defendant, any trust of which any Defendant is the settlor or which is for the benefit of any Defendant and/or member(s) of his or her family, and the legal representatives, heirs, successors in interest or assigns of the Defendants.

- "Released Claims" means any and all claims (including, but not limited to, "Unknown Claims," as defined below), suits, actions, appeals, causes of action, damages (including, without limitation, compensatory, punitive, exemplary, rescissory, direct, consequential or special damages, and restitution and disgorgement), demands, disputes, rights, debts, penalties, costs, expenses, fees, injunctive relief, attorneys' fees, expert or consulting fees, judgments, interest, sums of money due, matters, issues, controversies, charges, indemnities, duties, liabilities, losses, or obligations of every nature and description whatsoever, known or unknown, whether or not concealed or hidden, fixed or contingent, direct or indirect, anticipated or unanticipated, asserted or that could have been asserted by any member of the Settlement Class, whether legal, contractual, rescissory, statutory, or equitable in nature, whether arising under federal, state, local, common, foreign law, including but not limited to the Securities Act of 1933 and the Securities Exchange Act of 1934, and whether class or individual, that are based upon, arise from, or relate, directly or indirectly, in any manner, to the purchase or other acquisition of Hepsiburada ADSs during the period of July 1, 2021 to November 23, 2021, inclusive, including without limitation, any claims related to statements, disclosures, nondisclosures, or omissions allegedly made or not made and (a) the subject matter of the Actions; or (b) the facts alleged or that could have been alleged in any complaint filed in the Actions or in any other United States forum or proceeding. Claims to enforce the Settlement are not released.

- 14 -

- "Released Defendants' Claims" means all claims, including "Unknown Claims" as defined below, that any Released Party may have against Plaintiffs, Settlement Class Members, or Plaintiffs' Counsel relating to the institution, prosecution, or settlement of the Released Claims, the State Court Action, or the Federal Court Action (except for (a) any claims to enforce any of the terms of the Stipulation;  (b) any claims against any person or entity who or which submits a request for exclusion from the Settlement that is accepted by the Federal Court as valid; and (c) any claims that any Defendants may have under or relating to any policy or liability or any other insurance policy).

- "Released Parties" means Defendants and each and all of their Related Parties.

- "Unknown Claims" means (i) any and all claims and potential claims against Released Parties which Plaintiffs or any Settlement Class Members do not know or suspect to exist in their, his, her, or its favor as of the Effective Date which, if known by such party, might have affected such party's settlement with and release of the Released Parties, or might have affected such party's decision not to object to this Settlement, and (ii) any claims against Plaintiffs which Defendants do not know or suspect to exist in their favor, which if known by any of them, might have affected their, his, her, or its decision(s) with respect to the Settlement. With respect to any and all Released Claims and Released Defendants' Claims, the Parties stipulate and agree that by operation of the Final Judgment, upon the Effective Date, the Plaintiffs and Defendants shall have expressly waived, and each Settlement Class Member shall be deemed to have waived, and by operation of the Final Judgment shall have expressly waived, the provisions, rights, and benefits of Cal. Civ. Code §1542, which provides:

  **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY;**

  and any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is or has an effect which is similar, comparable, or equivalent to Cal. Civ. Code §1542.  Plaintiffs and Settlement Class Members may hereafter discover facts, legal theories, or authorities in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Plaintiffs shall expressly fully, finally, and forever settle and release, and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever settled and released, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, reckless, intentional, with or without malice, or a breach of any duty, law, or rule, without

- 15 -

regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. Plaintiffs and Defendants acknowledge, and Settlement Class Members shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims and Released Defendants' Claims was separately bargained for and was a material element of the Settlement.

The above description of the proposed Settlement is only a summary.

The complete terms are set forth in the Stipulation (including its exhibits), which may be obtained at www.____.com or by contacting Plaintiffs' Counsel listed on Page ___ above.

## THE SETTLEMENT FAIRNESS HEARING

The Court will hold a Settlement Fairness Hearing on _____, 2023, at _:_.m., before the Honorable P. Kevin Castel at the U.S. District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl St., New York, NY 10007, for the purpose of determining whether: (1) the Settlement as set forth in the Stipulation for $13,900,000 in cash should be approved by the Court as fair, reasonable, and adequate; (2) Judgment as provided under the Stipulation should be entered; (3) to award Plaintiffs' Counsel attorneys' fees and expenses out of the Settlement Fund and, if so, in what amount; (4) to pay Lead Plaintiff for its efforts in representing the Settlement Class out of the Settlement Fund and, if so, in what amount; and (5) the Plan of Allocation should be approved by the Court. The Court may adjourn or continue the Settlement Fairness Hearing without further notice to members of the Settlement Class. The Court reserves the right to hold the Settlement Fairness Hearing telephonically or by other virtual means. Any updates regarding the Settlement Fairness Hearing, including any changes to the date or time of the hearing or updates regarding in-person or telephonic appearances at the hearing, will be posted to the Settlement website, www._____.com. Also, if the Court requires or allows Settlement Class Members to participate in the Settlement Fairness Hearing by telephone, the phone number for accessing the telephonic conference will be posted to the Settlement website.

Any Settlement Class Member may appear at the Settlement Fairness Hearing and be heard on any of the foregoing matters; provided, however, that no such person shall be heard unless his, her, or its objection is made in writing and is filed, together with proof of membership in the Settlement Class and with copies of all other papers and briefs to be submitted by him, her, or it to the Court at the Settlement Fairness Hearing, with the Court no later than _, 2023, and showing proof of service on the following counsel:

|  |  |
|---|---|
| Frederic S. Fox | Michael G. Capeci |
| KAPLAN FOX & KILSHEIMER LLP | ROBBINS GELLER RUDMAN & DOWD LLP |
| 800 Third Avenue, 38th Floor | 58 South Service Road, Suite 200 |
| New York, NY 10022 | Melville, NY 11747 |
| Telephone: (212) 687-1980 | |

*Counsel for the Federal Court Plaintiffs*

|  |  |
|---|---|
| Kevin M. McDonough | Michael I. Fistel, Jr. |
| LATHAM & WATKINS LLP | JOHNSON FISTEL, LLP |
| 1271 Avenue of the Americas | 50 Powder Springs Street |

- 16 -

<table>
<tr><td>New York, NY  10020</td><td>Marietta, GA  30064<br>Telephone: (470) 632-6000</td></tr>
<tr><td><em>Counsel for the Hepsiburada, the Individual<br>Defendants, and TurkCommerce</em></td><td><em>Counsel for the State Court Plaintiff</em></td></tr>
<tr><td>Joanna A. Diakos<br>K&L GATES LLP<br>599 Lexington Avenue<br>New York, NY  10022</td><td>Daniel Lewis<br>SHEARMAN & STERLING LLP<br>599 Lexington Avenue<br>New York, NY  10022</td></tr>
<tr><td>Counsel for De Vries and Cogency Global Inc.</td><td><em>Counsel for the Underwriter Defendants</em></td></tr>
</table>

Unless otherwise directed by the Court, any Settlement Class Member who does not make his, her, or its objection in the manner provided shall be deemed to have waived all objections to this Settlement and shall be foreclosed from raising (in this or any other proceeding or on any appeal) any objection and any untimely objection shall be barred.

If you hire an attorney (at your own expense) to represent you for purposes of objecting, your attorney must serve a notice of appearance on counsel listed above and file it with the Court (at the address set out above) by no later than _____, 2023.

## INJUNCTION

The Court has issued an order enjoining all Settlement Class Members from instituting, commencing, maintaining, or prosecuting any action in any court or tribunal that asserts Released Claims against any Released Party, pending final determination by the Court of whether the Settlement should be approved.

## SPECIAL NOTICE TO BANKS, BROKERS, AND OTHER NOMINEES

If, during the Settlement Class Period, you purchased or sold Hepsiburada ADSs for the beneficial interest of a person or organization other than yourself, the Court has directed that you shall: **(a)** within seven (7) calendar days of receipt of the letter providing notice of the Settlement, request from the Claims Administrator sufficient copies of the Notice and Proof of Claim to forward to all such beneficial owners, and within seven (7) calendar days of receipt of those copies of the Notice and Proof of Claim forward them to all such beneficial owners; **(b)** within seven (7) calendar days of receipt of the letter, request from the Claims Administrator an electronic copy of the Notice and Proof of Claim and within seven (7) calendar days of receipt of the electronic Notice and Proof of Claim, email the Notice and Proof of Claim to beneficial owners for which the broker or nominee has valid email addresses; or **(c)** within seven (7) calendar days of receipt of the letter, send a list of the names, mailing addresses, and, if available, email addresses, of all such beneficial owners to the Claims Administrator in which event the Claims Administrator shall promptly mail or email the Notice and Proof of Claim to such beneficial owners.  Upon full compliance with this Order, such nominees may seek payment of their reasonable expenses actually incurred in complying with this Order, up to a maximum of $0.20 per Notice and Proof of Claim plus postage at the current pre-sort rate used by the Claims Administrator if the Notice and Proof of Claim is mailed by the broker or nominee; or $0.05 per Notice and Proof of Claim transmitted by email by the broker or nominee; or $0.10 per name, mailing address, and email address (to the extent available) provided to the Claims

- 17 -

Administrator, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

DATED:_____    BY ORDER OF THE UNITED STATES DISTRICT
                                  COURT FOR THE SOUTHERN DISTRICT OF
                                  NEW YORK

# EXHIBIT A-2

Exhibit A-2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————— x

IWA-FOREST INDUSTRY PENSION PLAN, :   Civil Action No. 1:21-cv-08634-PKC
Individually and on Behalf of All Others       :
Similarly Situated,                                          :   CLASS ACTION
                                                                       :
                              Plaintiff,                        :   Honorable P. Kevin Castel
                                                                       :
          v.                                                         :
                                                                       :
D-MARKET ELEKTRONIK HIZMETLER          :
VE TICARET ANONIM ŞIRKETI a/k/a             :
D-MARKET ELECTRONIC SERVICES &           :
TRADING d/b/a/ HEPSIBURADA, MEHMET    :
MURAT EMIRDAĞ, HALIL KORHAN ÖZ,         :
HANZADE VASFIYE DOĞAN BOYNER,           :
ERMAN KALKANDELEN, MEHMET EROL         :
ÇAMUR, CEMAL AHMET BOZER,                    :
VUSLAT DOĞAN SABANCI, MUSTAFA            :
AYDEMIR, TOLGA BABALI, COLLEEN A.        :
DE VRIES, COGENCY GLOBAL INC.,               :
MORGAN STANLEY & CO. LLC, J.P.                :
MORGAN SECURITIES LLC, GOLDMAN,          :
SACHS & CO. LLC, BOFA SECURITIES             :
INC., UBS SECURITIES LLC, and                      :
TURKCOMMERCE B.V.,                                   :
                                                                       :
                              Defendants.                    :
                                                                       :
———————————————————— :x

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: COMMERCIAL DIVISION

————————————————————— x
                                 :

JAMES BENSON, Individually and on Behalf :    Index No. 655701/2021
of All Others Similarly Situated,           :

                                 :    CLASS ACTION
                 Plaintiff,     :

                                 :    The Honorable Robert R. Reed, J.S.C.
      v.                             :

                                 :    Part 43
D-MARKET ELEKTRONIK HIZMETLER   :
VE TICARET ANONIM ŞIRKETI,       :
HANZADE VASFIYE DOĞAN BOYNER,   :
MEHMET MURAT EMIRDAĞ, HALIL     :
KORHAN ÖZ, ERMAN KALKANDELEN,   :
MEHMET EROL ÇAMUR, CEMAL AHMET :
BOZER, VUSLAT DOĞAN SABANCI,     :
MUSTAFA AYDEMIR, TOLGA BABALI,    :
TAYFUN BAYAZIT, COLLEEN A. DE     :
VRIES, COGENCY GLOBAL INC.,       :
TURKCOMMERCE B.V., MORGAN      :
STANLEY & CO. LLC, J.P. MORGAN     :
SECURITIES LLC, GOLDMAN, SACHS &   :
CO. LLC, BOFA SECURITIES, INC., and   :
UBS SECURITIES LLC,            :
                                 :

              Defendants.    :
————————————————————— x

**PROOF OF CLAIM FORM AND RELEASE**

## I.  GENERAL INSTRUCTIONS

1.  To recover as a Settlement Class Member based on the claims in the actions titled *IWA-Forest Industry Pension Plan v. D-MARKET Elektronik Hizmetler ve Ticaret Anonim Şirketi, et al.*, No. 21-cv-08634-PKC (S.D.N.Y.) and *Benson v. D-MARKET Elektronik Hizmetler ve Ticaret Anonim Şirketi, et al.*, Index No. 655701/2021 (Sup. Ct. N.Y.) (the "Actions"),[1] you must complete and, on page ____ hereof, sign this Proof of Claim.  If you fail to file a properly addressed (as set forth in paragraph 3 below) Proof of Claim, your claim may be rejected and you may be precluded from any recovery from the Net Settlement Fund created in connection with the proposed Settlement.

2.  Submission of this Proof of Claim, however, does not assure that you will share in the proceeds of the Settlement of the Actions.

3.  YOU MUST MAIL OR SUBMIT ONLINE YOUR COMPLETED AND SIGNED PROOF OF CLAIM, ACCOMPANIED BY COPIES OF THE DOCUMENTS REQUESTED HEREIN, **ON OR BEFORE _____, 2023**, ADDRESSED AS FOLLOWS:

*Hepsiburada Securities Litigation*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box _____
_____, \_\_ \_\_\_\_\_

If you are NOT a Settlement Class Member, as defined in the Notice of Proposed Settlement of Class Action ("Notice"), DO NOT submit a Proof of Claim.

4.  If you are a Settlement Class Member and you do not timely request exclusion, you are bound by the terms of any judgment entered in the Actions, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM.

---

[1]  This Proof of Claim and Release ("Proof of Claim") incorporates by reference the definitions in the Stipulation of Settlement ("Stipulation"), which can be obtained at www.\_\_\_.com.

## II.     CLAIMANT IDENTIFICATION

You are a member of the Settlement Class if you purchased or otherwise acquired D-MARKET Elektronik Hizmetler ve Ticaret Anonim Şirketi a/k/a D-MARKET Electronic Services & Trading d/b/a Hepsiburada ("Hepsiburada" or the "Company") ADSs pursuant and/or traceable to Hepsiburada's July 1, 2021 Initial Public Offering through November 23, 2021, inclusive.

Use Part I of this form entitled "Claimant Identification" to identify each purchaser or acquiror of record ("nominee") of the Hepsiburada ADSs that forms the basis of this claim.  THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR ACQUIRER(S) OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S) OR ACQUIRER(S) OF THE HEPSIBURADA ADSs UPON WHICH THIS CLAIM IS BASED.

All joint purchasers or acquirers must sign this claim.  Executors, administrators, guardians, conservators, and trustees must complete and sign this claim on behalf of persons represented by them and their authority must accompany this claim and their titles or capacities must be stated.  The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim.  Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

## III.     CLAIM FORM

Use Part II of this form entitled "Schedule of Transactions in Hepsiburada ADSs" to supply all required details of your transaction(s).  If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form.  Sign and print or type your name on each additional sheet.

On the schedules, provide all of the requested information with respect to *all* of your purchases and acquisitions of Hepsiburada ADSs that took place between July 1, 2021 through November 23, 2021, inclusive, and *all* of your sales of Hepsiburada ADSs on or after July 1, 2021,

- 2 -

whether such transactions resulted in a profit or a loss.  You must also provide all of the requested information with respect to the number of shares of Hepsiburada ADSs you held at the close of trading on November 23, 2021 and on February 18, 2022.  Failure to report all such transactions may result in the rejection of your claim.

List each transaction separately and in chronological order, by trade date, beginning with the earliest.  You must accurately provide the month, day, and year of each transaction you list.

The date of covering a "short sale" is deemed to be the date of purchase of Hepsiburada ADSs.

The date of a "short sale" is deemed to be the date of sale of Hepsiburada ADSs.

**COPIES OF BROKER CONFIRMATIONS OR OTHER DOCUMENTATION OF YOUR TRANSACTIONS IN HEPSIBURADA ADSs SHOULD BE ATTACHED TO YOUR CLAIM.  FAILURE TO PROVIDE THIS DOCUMENTATION COULD DELAY VERIFICATION OF YOUR CLAIM OR RESULT IN REJECTION OF YOUR CLAIM.**

NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.  All such claimants MUST also submit a manually signed paper Proof of Claim whether or not they also submit electronic copies.  If you wish to submit your claim electronically, you must contact the Claims Administrator at _____ to obtain the required file layout.  No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

- 4 -

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

*IWA-Forest Ind. Pension Plan v. D-MARKET Elektronik Hizmetler ve Ticaret Anonim Şirketi*,
No. 21-cv-08634-PKC

**PROOF OF CLAIM AND RELEASE**

**Must Be Postmarked (if Mailed) or Received (if Submitted Online) No Later Than:**

_____, 2023

Please Type or Print

**REMEMBER TO ATTACH COPIES OF BROKER CONFIRMATIONS OR OTHER DOCUMENTATION OF YOUR TRANSACTIONS IN HEPSIBURADA ADSs. FAILURE TO PROVIDE THIS DOCUMENTATION COULD DELAY VERIFICATION OF YOUR CLAIM OR RESULT IN REJECTION OF YOUR CLAIM.**

- 5 -

**PART I: CLAIMANT IDENTIFICATION**

Last Name

M.I.    First Name

Last Name (Co-Beneficial Owner)

M.I.    First Name (Co-Beneficial Owner)

○ IRA    ○ Joint Tenancy    ○ Employee    ○ Individual    ○ Other_____

(specify)

Company Name (Beneficial Owner - If Claimant is not an Individual) or Custodian Name if an IRA

Trustee/Asset Manager/Nominee/Record Owner's Name (If Different from Beneficial Owner Listed Above)

Account#/Fund# (Not Necessary for Individual Filers)

Social Security Number    Taxpayer Identification Number

— — or —

Telephone Number (Primary Daytime)    Telephone Number (Alternate)

— — — —

Email Address

**MAILING INFORMATION**

Address

Address

City    State    Zip Code

Foreign Province    Foreign Postal Code    Foreign Country Name/Abbreviation

PART II:    SCHEDULE OF TRANSACTIONS IN HEPSIBURADA ADSs

A.    Purchases or acquisitions of Hepsiburada ADSs (July 1, 2021 through November 23, 2021, inclusive):

| Trade Date(s) Month Day Year (List chronologically) | Number of Shares Purchased or Acquired | Total Purchase or Acquisition Price (Excluding commissions, taxes and fees) | Proof of Purchase/ Acquisition Enclosed |
|---|---|---|---|
| 1._____ | 1._____ | 1._____ | □ Y □ N |
| 2._____ | 2._____ | 2._____ | □ Y □ N |
| 3._____ | 3._____ | 3._____ | □ Y □ N |

IMPORTANT:    (i) If any purchase listed covered a "short sale," please mark Yes: □ Yes

(ii) If you received shares through an acquisition or merger, please identify the date, the share amount, and the company acquired:

/_____/_____
MM DD YYYY            Merger Shares            Company

B.    Sales of Hepsiburada ADSs (on or after July 1, 2021 to _____, inclusive):

| Trade Date Month Day Year | Number of Shares Sold | Total Sales Price (Excluding commissions, taxes and fees) | Proof of Sale Enclosed |
|---|---|---|---|
| 1._____ | 1._____ | 1._____ | □ Y □ N |
| 2._____ | 2._____ | 2._____ | □ Y □ N |
| 3._____ | 3._____ | 3._____ | □ Y □ N |

C.    Number of shares of Hepsiburada ADSs held at the close of trading on November 23, 2021: _____

D.    Number of shares of Hepsiburada ADSs held at the close of trading on February 18, 2022: _____

Proof of Position Enclosed:    □ Yes □ No

- 6 -

**YOU MUST READ AND SIGN THE RELEASE ON PAGE __. FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**

**IV.    SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS**

I (We) submit this Proof of Claim under the terms of the Stipulation described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the Southern District of New York with respect to my (our) claim as a Settlement Class Member and for purposes of enforcing the release set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Actions. I (We) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so. I (We) have not submitted any other claim covering the same purchases, acquisitions, or sales of Hepsiburada ADSs during the relevant period and know of no other person having done so on my (our) behalf.

**V.    RELEASE**

1.    I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever settle, release, and discharge from the Released Claims each and all of the "Released Parties," defined as Defendants and each and all of their Related Parties.

2.    "Related Parties" means each of a Defendant's respective past, present, or future direct or indirect parents, subsidiaries, divisions, branches, Controlling Persons, associates, entities, affiliates or joint ventures, as well as each of their respective past or present directors, officers, employees, managers, managing directors, supervisors, contractors, consultants, servants, general partners, limited partners, partnerships, members, principals, trusts, trustees, advisors, auditors, accountants, agents, underwriters, insurers, co-insurers, reinsurers, controlling shareholders, attorneys, fiduciaries, financial or investment advisors or consultants, banks or investment bankers, personal or legal representatives, counsel, agents, predecessors, predecessors-in- interest, successors,

- 7 -

assigns, spouses, heirs, executors, administrators, legal or personal representatives of each of them in their capacities as such, related or affiliated entities, anyone acting or purporting to act for or on behalf of any of them or their successors, heirs or assigns, any other entities in which a Defendant has or had a controlling interest, any Immediate Family Member of an Individual Defendant, any trust of which any Defendant is the settlor or which is for the benefit of any Defendant and/or member(s) of his or her family, and the legal representatives, heirs, successors in interest or assigns of the Defendants.

3.      "Released Claims" means any and all claims (including, but not limited to, "Unknown Claims," as defined below), suits, actions, appeals, causes of action, damages (including, without limitation, compensatory, punitive, exemplary, rescissory, direct, consequential or special damages, and restitution and disgorgement), demands, disputes, rights, debts, penalties, costs, expenses, fees, injunctive relief, attorneys' fees, expert or consulting fees, judgments, interest, sums of money due, matters, issues, controversies, charges, indemnities, duties, liabilities, losses, or obligations of every nature and description whatsoever, known or unknown, whether or not concealed or hidden, fixed or contingent, direct or indirect, anticipated or unanticipated, asserted or that could have been asserted by any member of the Settlement Class, whether legal, contractual, rescissory, statutory, or equitable in nature, whether arising under federal, state, local, common, foreign law, including but not limited to the Securities Act of 1933 and the Securities Exchange Act of 1934, and whether class or individual, that are based upon, arise from, or relate, directly or indirectly, in any manner, to the purchase or other acquisition of Hepsiburada ADSs during the period of July 1, 2021 to November 23, 2021, inclusive, including without limitation, any claims related to statements, disclosures, nondisclosures, or omissions allegedly made or not made and (a) the subject matter of the Actions; or (b) the facts alleged or that could have been alleged in any

- 8 -

complaint filed in the Actions or in any other United States forum or proceeding. Claims to enforce the Settlement are not released.

4.      "Unknown Claims" means (i) any and all claims and potential claims against Released Parties which Plaintiffs or any Settlement Class Members do not know or suspect to exist in their, his, her, or its favor as of the Effective Date which, if known by such party, might have affected such party's settlement with and release of the Released Parties, or might have affected such party's decision not to object to this Settlement, and (ii) any claims against Plaintiffs which Defendants do not know or suspect to exist in their favor, which if known by any of them, might have affected their, his, her, or its decision(s) with respect to the Settlement. With respect to any and all Released Claims and Released Defendants' Claims, the Parties stipulate and agree that by operation of the Final Judgment, upon the Effective Date, Plaintiffs and Defendants shall have expressly waived, and each Settlement Class Member shall be deemed to have waived, and by operation of the Final Judgment shall have expressly waived, the provisions, rights, and benefits of Cal. Civ. Code §1542, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY;**

and any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is or has an effect which is similar, comparable, or equivalent to Cal. Civ. Code §1542. Plaintiffs and Settlement Class Members may hereafter discover facts, legal theories, or authorities in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Plaintiffs shall expressly fully, finally, and forever settle and release, and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Final Judgment

- 9 -

shall have, fully, finally, and forever settled and released, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, reckless intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities.  Plaintiffs and Defendants acknowledge, and Settlement Class Members shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims and Released Defendants' Claims was separately bargained for and was a material element of the Settlement.

5.      I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

6.      I (We) hereby warrant and represent that I (we) have included information about all of my (our) transactions in Hepsiburada ADSs that occurred during the relevant period as well as the number of shares held by me (us) at the close of trading on November 23, 2021 and on _____.

I (We) declare under penalty of perjury under the laws of the State of New York that all of the foregoing information supplied on this Proof of Claim by the undersigned is true and correct.

Executed this _____ day of_____
                                                      (Month/Year)

in _____
        (City)              (State/Country)


_____

(Sign your name here)

- 10 -

_____

(Type or print your name here)

_____

(Capacity of person(s) signing, *e.g.*, Beneficial Purchaser or Acquirer, Executor or Administrator)

## ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME.  THANK YOU FOR YOUR PATIENCE.

Reminder Checklist:

1.    Please sign the above release and acknowledgment.

2.    Remember to attach copies of supporting documentation.

3.    **Do not send** originals of certificates or other documentation as they will not be returned.

4.    Keep a copy of your Proof of Claim and all supporting documentation for your records.

5.    If you desire an acknowledgment of receipt of your Proof of Claim, please send it Certified Mail, Return Receipt Requested.

6.    If you move, please send your new address to the address below.

7.    **Do not use red pen or highlighter** on the Proof of Claim or supporting documentation.

## THIS PROOF OF CLAIM MUST BE SUBMITTED ONLINE OR MAILED NO LATER THAN _____, 2023, ADDRESSED AS FOLLOWS:

*Hepsiburada Securities Litigation*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box
_____, __ _____

- 11 -

# EXHIBIT A-3

Exhibit A-3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

————————————————————— x

IWA-FOREST INDUSTRY PENSION PLAN, :    Civil Action No. 1:21-cv-08634-PKC
Individually and on Behalf of All Others          :
Similarly Situated,                                         :    <u>CLASS ACTION</u>
                                                                   :
                                     Plaintiff,          :    Honorable P. Kevin Castel
                                                                   :
        v.                                                       :
                                                                   :
D-MARKET ELEKTRONIK HIZMETLER     :
VE TICARET ANONIM ŞIRKETI a/k/a      :
D-MARKET ELECTRONIC SERVICES &    :
TRADING d/b/a/ HEPSIBURADA, MEHMET :
MURAT EMIRDAĞ, HALIL KORHAN ÖZ,    :
HANZADE VASFIYE DOĞAN BOYNER,      :
ERMAN KALKANDELEN, MEHMET EROL    :
ÇAMUR, CEMAL AHMET BOZER,             :
VUSLAT DOĞAN SABANCI, MUSTAFA        :
AYDEMIR, TOLGA BABALI, COLLEEN A.     :
DE VRIES, COGENCY GLOBAL INC.,           :
MORGAN STANLEY & CO. LLC, J.P.            :
MORGAN SECURITIES LLC, GOLDMAN,       :
SACHS & CO. LLC, BOFA SECURITIES         :
INC., UBS SECURITIES LLC, and                 :
TURKCOMMERCE B.V.,                               :
                                                                   :
                                     Defendants.      :
                                                                   :
————————————————————— :x

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: COMMERCIAL DIVISION

——————————————————————— x
                                  :

JAMES BENSON, Individually and on Behalf  :  Index No. 655701/2021
of All Others Similarly Situated,              :

                                  :  CLASS ACTION
                      Plaintiff,  :
                                  :  The Honorable Robert R. Reed, J.S.C.

      v.                             :
                                  :  Part 43
D-MARKET ELEKTRONIK HIZMETLER    :
VE TICARET ANONIM ŞIRKETI,        :
HANZADE VASFIYE DOĞAN BOYNER,   :
MEHMET MURAT EMIRDAĞ, HALIL     :
KORHAN ÖZ, ERMAN KALKANDELEN,   :
MEHMET EROL ÇAMUR, CEMAL AHMET  :
BOZER, VUSLAT DOĞAN SABANCI,     :
MUSTAFA AYDEMIR, TOLGA BABALI,   :
TAYFUN BAYAZIT, COLLEEN A. DE     :
VRIES, COGENCY GLOBAL INC.,       :
TURKCOMMERCE B.V., MORGAN        :
STANLEY & CO. LLC, J.P. MORGAN     :
SECURITIES LLC, GOLDMAN, SACHS & :
CO. LLC, BOFA SECURITIES, INC., and :
UBS SECURITIES LLC,            :
                                  :
                   Defendants.  :
——————————————————————— x

**SUMMARY NOTICE OF PENDENCY AND PROPOSED CLASS ACTION
SETTLEMENT**

**TO:    ALL PERSONS THAT PURCHASED OR OTHERWISE ACQUIRED HEPSIBURADA AMERICAN DEPOSITORY SHARES ("ADSs") PURSUANT AND/OR TRACEABLE TO HEPSIBURADA'S JULY 1, 2021 INITIAL PUBLIC OFFERING ("IPO") THROUGH NOVEMBER 23, 2021, INCLUSIVE.**

**THIS NOTICE WAS AUTHORIZED BY THE COURT.   IT IS NOT A LAWYER SOLICITATION. PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.**

YOU ARE HEREBY NOTIFIED that a hearing will be held on _____, 2023, at __:__ _.m., before the Honorable P. Kevin Castel, U.S. District Court, Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl St., New York, NY 10007, to determine whether: (1) the proposed settlement (the "Settlement") of the above-captioned action (the "Action") as well as the action pending in the Supreme Court of the State of New York, County of New York, styled as *Benson v. D-MARKET Elektronik Hizmetler ve Ticaret Anonim Şirketi, et al.*, Index No. 655701/2021 (Sup. Ct. N.Y.) ("State Court Action") as set forth in the Stipulation of Settlement ("Stipulation")[1] for $13,900,000 in cash should be approved by the Court as fair, reasonable, and adequate; (2) the Judgment as provided under the Stipulation should be entered; (3) to award Plaintiffs' Counsel attorneys' fees and expenses out of the Settlement Fund (as defined in the Notice of Proposed Settlement of Class Action ("Notice"), which is discussed below), and, if so, in what amount; (4) to award Plaintiffs for representing the Settlement Class out of the Settlement Fund and, if so, in what amount; and (5) the Plan of Allocation should be approved by the Court as fair, reasonable, and adequate.  The Court reserves the right to hold the Settlement Fairness Hearing telephonically or by other virtual means.

This Action and the State Court Action are securities class actions brought on behalf of those persons who purchased or otherwise acquired D-MARKET Elektronik Hizmetler ve Ticaret Anonim Şirketi a/k/a D-MARKET Electronic Services & Trading d/b/a Hepsiburada ("Hepsiburada" or the "Company") ADSs pursuant and/or traceable to the Registration Statement for Hepsiburada's IPO,

---

[1]    The Stipulation can be viewed and/or obtained at www.____.com.

against Hepsiburada, certain of its officers, directors, pre-IPO shareholder, agent for service of process, and the underwriters of Hepsiburada's IPO (collectively, "Defendants") for allegedly misstating and omitting material facts from the Registration Statement filed with the U.S. Securities and Exchange Commission in connection with the IPO.  Plaintiffs allege that these purportedly false and misleading statements inflated the price of the Company's ADSs, resulting in damage to Settlement Class Members when the truth was revealed.  Defendants expressly deny all of Plaintiffs' allegations.

IF YOU PURCHASED OR ACQUIRED HEPSIBURADA ADSs PURSUANT AND/OR TRACEABLE TO HEPSIBURADA'S JULY 1, 2021 IPO THROUGH AND INCLUDING NOVEMBER 23, 2021, YOUR RIGHTS MAY BE AFFECTED BY THE SETTLEMENT OF THIS ACTION AND THE STATE COURT ACTION.

To share in the distribution of the Settlement Fund, you must establish your rights by submitting a Proof of Claim and Release form ("Proof of Claim") by mail **(postmarked no later than _____, 2023)** or electronically **(no later than _____, 2023)**.  Your failure to submit your Proof of Claim by _____, 2023, will subject your claim to rejection and preclude your receiving any of the recovery in connection with the Settlement of this Action and the State Court Action.  If you are a member of the Settlement Class and do not request exclusion therefrom as instructed, you will be bound by the Settlement and any judgment and release entered in the Action and the State Court Action, including, but not limited to, the Judgment, whether or not you submit a Proof of Claim.

If you have not received a copy of the Notice, which more completely describes the Settlement and your rights thereunder (including your right to object to the Settlement), and a Proof of Claim, you may obtain these documents, as well as a copy of the Stipulation (which, among other things, contains definitions for the defined terms used in this Summary Notice) and other settlement documents, online at www._____.com, or by writing to:

- 2 -

*Hepsiburada Securities Litigation*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box
_____, __ _____

Inquiries should NOT be directed to Defendants, the Court, or the Clerk of the Court.

Inquiries, other than requests for the Notice or for a Proof of Claim, may be made to:

Plaintiffs' Counsel:

| Frederic S. Fox<br>KAPLAN FOX & KILSHEIMER LLP<br>800 Third Avenue, 38th Floor<br>New York, NY  10022<br>Telephone: (212) 687-1980 | Michael G. Capeci<br>ROBBINS GELLER RUDMAN &<br>DOWD LLP<br>58 South Service Road, Suite 200<br>Melville, NY  11747<br>Telephone: (631) 367-7100 |
|---|---|

IF YOU DESIRE TO BE EXCLUDED FROM THE SETTLEMENT CLASS, YOU MUST SUBMIT A REQUEST FOR EXCLUSION SUCH THAT IT IS **POSTMARKED BY _____, 2023**, IN THE MANNER AND FORM EXPLAINED IN THE NOTICE.  ALL MEMBERS OF THE SETTLEMENT CLASS WHO HAVE NOT REQUESTED EXCLUSION FROM THE SETTLEMENT CLASS WILL BE BOUND BY THE SETTLEMENT EVEN IF THEY DO NOT SUBMIT A TIMELY PROOF OF CLAIM.

IF YOU ARE A SETTLEMENT CLASS MEMBER, YOU HAVE THE RIGHT TO OBJECT TO THE SETTLEMENT, THE PLAN OF ALLOCATION, THE REQUEST BY PLAINTIFFS' COUNSEL FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES, AND/OR THE AWARD TO LEAD PLAINTIFF FOR REPRESENTING THE SETTLEMENT CLASS.  ANY OBJECTIONS MUST BE FILED WITH THE COURT AND SENT TO LEAD COUNSEL AND DEFENDANTS' COUNSEL **BY _____, 2023**, IN THE MANNER AND FORM EXPLAINED IN THE NOTICE.

DATED:_____    BY ORDER OF THE UNITED DISTRICT COURT FOR
                           THE SOUTHERN DISTRICT OF NEW YORK

- 3 -

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x

IWA-FOREST INDUSTRY PENSION PLAN,  :
Individually and on Behalf of All Others                     :
Similarly Situated,                                                       :
                                                                                   :
                                              Plaintiff,             :
                                                                                   :
            v.                                                                   :
                                                                                   :
D-MARKET ELEKTRONIK HIZMETLER         :
VE TICARET ANONIM ŞIRKETI a/k/a          :
D-MARKET ELECTRONIC SERVICES &        :
TRADING d/b/a/ HEPSIBURADA, MEHMET  :
MURAT EMIRDAĞ, HALIL KORHAN ÖZ,      :
HANZADE VASFIYE DOĞAN BOYNER,        :
ERMAN KALKANDELEN, MEHMET EROL      :
ÇAMUR, CEMAL AHMET BOZER,                 :
VUSLAT DOĞAN SABANCI, MUSTAFA         :
AYDEMIR, TOLGA BABALI, COLLEEN A.     :
DE VRIES, COGENCY GLOBAL INC.,            :
MORGAN STANLEY & CO. LLC, J.P.            :
MORGAN SECURITIES LLC, GOLDMAN,       :
SACHS & CO. LLC, BOFA SECURITIES         :
INC., UBS SECURITIES LLC, and                  :
TURKCOMMERCE B.V.,                                :
                                                                                   :
                                              Defendants.          :
                                                                                   :
---------------------------------------------------------------- :x

Civil Action No. 1:21-cv-08634-PKC

CLASS ACTION

Honorable P. Kevin Castel

**[PROPOSED] ORDER AND FINAL JUDGMENT**

**EXHIBIT B**

WHEREAS, the Court is advised that the Parties,[1] through their counsel, have agreed, subject to Court approval following notice to the Settlement Class and a hearing, to settle the above-captioned action ("Action") and the action pending in the Supreme Court of the State of New York, County of New York styled as *Benson v. D-MARKET Elektronik Hizmetler ve Ticaret Anonim Şirketi, et al.*, Index No. 655701/2021 (Sup. Ct. N.Y.) ("State Court Action") upon the terms and conditions set forth in the Stipulation of Settlement dated March 22, 2023 (the "Stipulation" or "Settlement"); and

WHEREAS, on _____, 2023, the Court entered its Order Granting Preliminary Approval of Class Action Settlement (the "Notice Order"), which preliminarily approved the Settlement, and approved the form and manner of notice to the Settlement Class of the Settlement, and said notice has been made, and the fairness hearing having been held; and

NOW, THEREFORE, based upon the Stipulation and all of the filings, records, and proceedings herein, and it appearing to the Court upon examination that the Settlement set forth in the Stipulation is fair, reasonable, and adequate, and upon a Settlement Fairness Hearing having been held after notice to the Settlement Class of the Settlement to determine if the Settlement is fair, reasonable, and adequate and whether the Judgment should be entered in this Action;

THE COURT HEREBY FINDS AND CONCLUDES THAT:

---

[1]    Unless otherwise indicated, all capitalized terms used herein shall have the same meaning as in the Stipulation.  As used herein, the term "Parties" means Lead Plaintiff IWA-Forest Industry Pension Plan ("Federal Court Plaintiff"), plaintiff James Benson ("State Court Plaintiff"), and Defendants D-MARKET Elektronik Hizmetler ve Ticaret Anonim Şirketi a/k/a D-MARKET Electronic Services & Trading d/b/a Hepsiburada ("Hepsiburada" or the "Company"), TurkCommerce B.V., Hanzade Vasfiye Doğan Boyner, Mehmet Murat Emirdağ, Halil Korhan Öz, Erman Kalkandelen, Mehmet Erol Çamur, Cemal Ahmet Bozer, Vuslat Doğan Sabanci, Mustafa Aydemir, Tolga Babali, Tayfun Bayazit, Morgan Stanley & Co. LLC, J.P. Morgan Securities LLC, Goldman, Sachs & Co. LLC, BofA Securities, Inc., UBS Securities LLC, Colleen A. De Vries, and Cogency Global Inc.

- 1 -

1.      This Judgment incorporates and makes a part hereof: (1) the Stipulation filed with the Court on _____, 2023; and (ii) the Notice and Summary Notice, both of which were filed with the Court on _____, 2023.  Capitalized terms not defined in this Judgment shall have the meaning set forth in the Stipulation.

2.      This Court has jurisdiction of the subject matter of this Action and over all of the Parties and all Settlement Class Members for purposes of the Settlement.

3.      The Court finds, pursuant to Fed. R. Civ. P. 23(a) and (b)(3), that:

(a)      the Settlement Class is so numerous that joinder of all members is impracticable;

(b)      there are questions of law and fact common to the Settlement Class;

(c)      the claims of Plaintiffs are typical of the claims of the Settlement Class;

(d)      Plaintiffs and Plaintiffs' Counsel have fairly and adequately protected the interests of the Settlement Class;

(e)      that the Action is hereby certified (in connection with Settlement only) as a class action pursuant to Fed. R. Civ. P. 23, on behalf of a settlement class consisting of all Persons that purchased or otherwise acquired Hepsiburada ADSs pursuant and/or traceable to Hepsiburada's July 1, 2021 Initial Public Offering through November 23, 2021, inclusive (the "Settlement Class"). Excluded from the Settlement Class are: (i) Defendants, (ii) the current and former executive officers and directors of each Defendant (in addition to those named as defendants), (iii) any entity in which any Defendant has or had a controlling interest, *provided, however*, that any Investment Vehicle shall not be excluded from the Settlement Class, (iv) Defendants' Immediate Family Members, and (v) the legal representatives, heirs, successors, or assigns of any such excluded party.  Also excluded from the Settlement Class are any Persons who would otherwise be Settlement Class Members but

- 2 -

who timely and validly exclude themselves therefrom.  [No persons or entities have requested exclusion from the Settlement Class] [Attached hereto as Exhibit 1 is a list of the persons and entities who requested exclusion from the Settlement Class and are hereby excluded from the Settlement Class]; and

(f)    Plaintiffs are hereby certified as the Class Representatives, and Plaintiffs' Counsel are certified as Class Counsel.  The Court concludes that Class Representatives and Class Counsel have fairly and adequately represented the Settlement Class both in terms of litigating the Actions and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

4.    The dissemination of the Notice and the publication of the Summary Notice were implemented in accordance with the Notice Order.

5.    The form and manner of the Notice is hereby determined to have been the best notice practicable under the circumstances and to have been given in full compliance with each of the requirements of Fed. R. Civ. P. 23, the Private Securities Litigation Reform Act of 1995 ("PSLRA"), due process, and all other applicable laws and rules, and it is further determined that all members of the Settlement Class are bound by this Judgment.  The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, were fully discharged.  Thus, it is hereby determined that all members of the Settlement Class are bound by this Order and Final Judgment.

[There have been no objections to the Settlement.]  [*In the event objections are filed:* The Court has considered each of the objections to the Settlement submitted in the Action pursuant to Rule 23(e)(5) of the Federal Rules of Civil Procedure.  The Court finds and concludes that each of the objections is without merit, and they are hereby overruled.]

6.    The Settlement, as set forth in the Stipulation, is fair, reasonable, and adequate.

(a)    The Settlement was negotiated at arm's length by Plaintiffs on behalf of the Settlement Class and by Defendants, all of whom were represented by highly experienced and skilled counsel. The case settled only after, among other things: (i) a mediation conducted by an experienced mediator who was familiar with this Action and the State Court Action; (ii) the exchange between the Plaintiffs and Hepsiburada of detailed mediation statements before the mediation which highlighted the factual and legal issues in dispute; (iii) Plaintiffs' Counsel's extensive investigation, which included, among other things, a review of Hepsiburada's press releases, U.S. Securities and Exchange Commission filings, analyst reports, media reports, and other publicly disclosed reports and information about the Defendants; (iv) the drafting and submission of detailed complaints; and (v) motion practice directed to the Federal Court and State Court Complaints. Accordingly, both the Plaintiffs and Defendants were well-positioned to evaluate the settlement value of the Actions. The Stipulation has been entered into in good faith and is not collusive.

(b)    If the Settlement had not been achieved, both Plaintiffs and Defendants faced the expense, risk, and uncertainty of extended litigation. The Court takes no position on the merits of either Plaintiffs' or Defendants' arguments, but notes these arguments as evidence in support of the reasonableness of the Settlement.

7.    Plaintiffs and Plaintiffs' Counsel have fairly and adequately represented the interests of the Settlement Class Members in connection with the Settlement.

8.    Plaintiffs, all Settlement Class Members, and Defendants are hereby bound by the terms of the Settlement set forth in the Stipulation.

**IT IS HEREBY ORDERED THAT**:

- 4 -

1.    The Settlement on the terms set forth in the Stipulation is finally approved as fair, reasonable, and adequate.  The Settlement shall be consummated in accordance with the terms and provisions of the Stipulation.

2.    The Action and all of the claims asserted against Defendants in the Action by Plaintiffs and the other Settlement Class Members are hereby dismissed with prejudice.  The Parties are to bear their own costs, except as otherwise provided in the Stipulation.

3.    The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Plaintiffs, and all other Settlement Class Members (regardless of whether or not any individual Settlement Class Member submits a Proof of Claim or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns.  The persons and entities listed on Exhibit 1 hereto are excluded from the Settlement Class pursuant to request and are not bound by the terms of the Stipulation or this Judgment.

4.    All Released Parties as defined in the Stipulation are released in accordance with, and as defined in, the Stipulation.

5.    Without further action by anyone and, and subject to paragraph 7 below, upon the Effective Date, Plaintiffs and each Settlement Class Member, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, (i) shall be deemed to have, and by operation of law and this Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties, whether or not such Settlement Class Member executes and delivers a Proof of Claim and Release; and (ii) shall be deemed to have, and by operation of law and this Judgment shall have, covenanted not to commence, institute, maintain, or prosecute any or all of the Released Claims

- 5 -

against the Released Parties, whether or not such Settlement Class Member executes and delivers a Proof of Claim and Release.

6.  Upon the Effective Date, each of the Released Parties shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released Plaintiffs, Plaintiffs' Counsel, and each and all of the Settlement Class Members from all Released Defendants' Claims.

7.  Notwithstanding paragraphs 5-6 above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

8.  All Settlement Class Members who have not objected to the Settlement in the manner provided in the Notice are deemed to have waived any objections by appeal, collateral attack, or otherwise.  No Settlement Class Member will be relieved from the terms and conditions of the Settlement, including the releases provided pursuant thereto, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice.

9.  All Settlement Class Members who have failed to properly and timely submit requests for exclusion (requests to opt out) from the Settlement Class are bound by the terms and conditions of the Stipulation and this Judgment.

10.  [The requests for exclusion by the persons or entities identified in Exhibit 1 to this Judgment are accepted by the Court.]

11.  All other provisions of the Stipulation are incorporated into this Judgment as if fully rewritten herein.

12.  Plaintiffs and each of the Settlement Class Members, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, in their capacities as such, shall not institute, commence, maintain, or prosecute, and are hereby barred and enjoined from instituting, commencing, maintaining, prosecuting, or continuing to

prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, administrative forum, or any other forum, asserting any or all of the Released Claims against any of the Released Parties, whether or not a Settlement Class Member has executed and delivered a Proof of Claim or shares in the Settlement Fund.

13.    Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement:

(a)    Shall be offered or received against Defendants and/or the Released Parties as evidence of, or evidence, or construed as, or deemed to be supporting any presumption, concession, or admission by any Defendant and/or Released Party with respect to the truth of any allegations by Plaintiffs or any Settlement Class Member or the validity of any claim that was or could have been asserted in the Action or the deficiency of any defense that has been or could have been asserted in the Action or in any other litigation, or any liability, negligence, fault, or wrongdoing of any kind by any Defendant and/or Related Party, or in any way referred to for any other reason as against Defendants, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; however, Defendants may refer to it to effectuate the liability protection granted them hereunder;

(b)    Shall be construed as or received in evidence as an admission or concession by, or presumption against, Plaintiffs or any of the Settlement Class Members that any of their claims are without merit, or that any defenses asserted by any Defendant has any merit, or that damages recoverable in this Action and the State Court Action would have exceeded the Settlement Fund;

(c)    Shall be construed as or received in evidence as an admission, concession, or presumption against any Defendant and/or any Released Party that the consideration to be given

under the Settlement represents the amount which could be or would have been recovered after trial; and

(d)     Notwithstanding the foregoing, Defendants, Plaintiffs, Settlement Class Members, and/or the Released Parties may file the Stipulation and/or this Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

14.     Separate orders shall be entered regarding approval of a Plan of Allocation and the motion of Plaintiffs' Counsel for an award of attorneys' fees and reimbursement of litigation expenses.  Such orders shall in no way disturb, affect, or delay the finality of this Judgment, shall be considered separately from this Judgment, and shall not affect or delay the Effective Date of the Settlement.

15.     In the event that the Stipulation is terminated in accordance with its terms or the Effective Date of the Settlement otherwise fails to occur: (a) this Judgment shall be rendered null and void and shall be vacated *nunc pro tunc*; (b) this Judgment shall be without prejudice to the rights of Plaintiffs, the other Settlement Class Members, and Defendants; (c) the Settlement Fund, less any Notice and Administration Costs actually incurred, paid, or payable and less any Taxes paid, due, or owing, subject to appropriate adjustment in the event any tax refund is obtained pursuant to the Stipulation, shall be refunded by the Escrow Agent as provided by the Stipulation; and (d) this Action and the State Court Action shall proceed as provided in the Stipulation.

16.     The Court finds that during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Fed. R. Civ. P. 11 and all other similar statutes.

- 8 -

17.     Without further order of the Court, the Parties may agree in writing to such amendments, modifications, and expansions of the Stipulation and reasonable extensions of time to carry out any of the provisions of the Stipulation, provided that such amendments, modifications, expansions, and extensions do not materially alter the rights of the Settlement Class Members or the Released Parties under the Stipulation.

18.     Without affecting the finality of this Judgment in any way, this Court retains continuing jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, interest, and expenses in the Action; and (d) all Parties hereto for the purpose of construing, enforcing, and administrating the Stipulation.

19.     There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

DATED:   _____          _____
                                                 THE HONORABLE P. KEVIN CASTEL
                                                 UNITED STATES DISTRICT JUDGE