UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| IWA-FOREST INDUSTRY PENSION PLAN, Individually and on Behalf of All Others Similarly Situated, | : Civil Action No. 1:21-cv-08634-PKC |
| | : <u>CLASS ACTION</u> |
| Plaintiff, | : Honorable P. Kevin Castel |
| v. | : |
| D-MARKET ELEKTRONIK HIZMETLER VE TICARET ANONIM ŞIRKETI a/k/a D-MARKET ELECTRONIC SERVICES & TRADING d/b/a/ HEPSIBURADA, MEHMET MURAT EMIRDAĞ, HALIL KORHAN ÖZ, HANZADE VASFIYE DOĞAN BOYNER, ERMAN KALKANDELEN, MEHMET EROL ÇAMUR, CEMAL AHMET BOZER, VUSLAT DOĞAN SABANCI, MUSTAFA AYDEMIR, TOLGA BABALI, COLLEEN A. DE VRIES, COGENCY GLOBAL INC., MORGAN STANLEY & CO. LLC, J.P. MORGAN SECURITIES LLC, GOLDMAN, SACHS & CO. LLC, BOFA SECURITIES INC., UBS SECURITIES LLC, and TURKCOMMERCE B.V., | : |
| Defendants. | : |

---

**[PROPOSED] ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

WHEREAS, on March 22, 2023, the Parties to the above-entitled action (the "Federal Action") and *Benson v. D-MARKET Elektronik Hizmetler ve Ticaret Anonim Şirketi, et al.*, Index No. 655701/2021 (Sup. Ct. N.Y.) (the "State Court Action")[1] entered into a Stipulation of Settlement (the "Stipulation" or "Settlement"), which is subject to review by this Court and which, together with the exhibits thereto, sets forth the terms and conditions for the Settlement and dismissal of the claims alleged in the Federal Action and State Court Action; and the Court having read and considered the Stipulation and the accompanying documents; and the Parties to the Stipulation having consented to the entry of this Notice Order; and all capitalized terms used herein having the meanings defined in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED, this 20th day of April 2023, that:

1. The Court preliminarily finds that:

    (a) the Settlement resulted from informed, extensive arm's-length negotiations, including mediation among Plaintiffs and Hepsiburada under the direction of an experienced mediator, Judge Layn R. Phillips (Ret.) of Phillips ADR;

    (b) the Settlement eliminates risks to the Parties of continued litigation;

    (c) the Settlement does not provide undue preferential treatment to Plaintiffs or to segments of the Settlement Class;

---

[1] Unless otherwise indicated, all capitalized terms used herein shall have the same meaning as in the Stipulation. As used herein, the term "Parties" means Lead Plaintiff IWA-Forest Industry Pension Plan (the "Federal Court Plaintiff"), James Benson (the "State Court Plaintiff"), Defendants D-MARKET Elektronik Hizmetler ve Ticaret Anonim Şirketi a/k/a D-MARKET Electronic Services & Trading d/b/a Hepsiburada ("Hepsiburada" or the "Company"), TurkCommerce B.V.; Hanzade Vasfiye Doğan Boyner, Mehmet Murat Emirdağ, Halil Korhan Öz, Erman Kalkandelen, Mehmet Erol Çamur, Cemal Ahmet Bozer, Vuslat Doğan Sabanci, Mustafa Aydemir, Tolga Babali, Tayfun Bayazit; Morgan Stanley & Co. LLC, J.P. Morgan Securities LLC, Goldman, Sachs & Co. LLC, BofA Securities, Inc., UBS Securities LLC, Cogency Global Inc. and Colleen A. De Vries.

(d)  the Settlement does not provide excessive compensation to counsel for Plaintiffs; and

(e)  the Settlement appears to fall within the range of possible approval and is sufficiently fair, reasonable, and adequate to warrant providing notice of the Settlement to the Settlement Class.

2.  The Court does hereby preliminarily approve the Settlement and finds, pursuant to Rule 23(e)(1)(B)(i) of the Federal Rules of Civil Procedure, that it will likely be able to order final approval of the Settlement under Rule 23(e)(2) as it will likely find that the Settlement is fair, reasonable, and adequate to the Settlement Class, subject to further consideration at the Settlement Fairness Hearing described below.

3.  For purposes of the Settlement only, and preliminarily, for purposes of this Order, the Actions shall proceed as a class action, pursuant to Fed. R. Civ. P. 23(a) and (b)(3), on behalf of a settlement class consisting of all Persons that purchased or otherwise acquired Hepsiburada ADSs pursuant and/or traceable to Hepsiburada's July 1, 2021 Initial Public Offering through November 23, 2021, inclusive (the "Settlement Class"). Excluded from the Settlement Class are: (i) Defendants, (ii) the current and former executive officers and directors of each Defendant (in addition to those named as defendants), (iii) any entity in which any Defendant has or had a controlling interest, *provided, however*, that any Investment Vehicle shall not be excluded from the class, (iv) Defendants' Immediate Family Members, and (v) the legal representatives, heirs, successors, or assigns of any such excluded party. Also excluded from the Settlement Class are any Persons who would otherwise be Settlement Class Members but who timely and validly exclude themselves therefrom.

4. For purposes of the Settlement only, and preliminarily, for purposes of this Order, (a) Lead Plaintiff is hereby certified as Class Representative, and (b) Lead Counsel and State Court Lead Counsel are appointed as Class Counsel.

5. A Settlement Fairness Hearing is hereby scheduled to be held before the Court at Daniel Patrick Moynihan United States Courthouse, 500 Pearl St., New York, NY 10007, on August 1, 2023, at 2:30 p.m., for the following purposes:

(a) to determine whether the proposed Settlement is fair, reasonable, and adequate, and should be approved by the Court;

(b) to determine whether the Judgment as provided under the Stipulation should be entered;

(c) to determine whether the proposed Plan of Allocation for the distribution of the Net Settlement Fund should be approved by the Court as fair, reasonable, and adequate;

(d) to determine whether to grant final certification of a Settlement Class for purposes of the Settlement;

(e) to consider Plaintiffs' Counsel's application for an award of attorneys' fees and expenses;

(f) to consider Plaintiffs' request for payment for their efforts in prosecuting the Actions on behalf of the Settlement Class;

(g) to consider any objections or opt outs received by the Court; and

(h) to rule upon such other matters as the Court may deem appropriate.

6. The Court reserves the right to approve the Settlement with or without modification and with or without further notice to the Settlement Class and may adjourn the Settlement Fairness Hearing without further notice to the Settlement Class. The Court reserves the right to hold the

Settlement Fairness Hearing telephonically or by other virtual means. The Court reserves the right to enter the Judgment approving the Stipulation regardless of whether it has approved the Plan of Allocation, Plaintiffs' Counsel's request for an award of attorneys' fees and expenses or Plaintiffs' request for reimbursement for their representation of the Settlement Class.

7. The Court approves the form, substance, and requirements of the Notice of Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release (the "Proof of Claim"), and the Summary Notice of Proposed Settlement of Class Action (the "Summary Notice"), annexed hereto as Exhibits 1, 2, and 3, respectively.

8. The Court approves the appointment of Gilardi & Co. LLC as the Claims Administrator to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Proofs of Claim as more fully set forth below.

9. The Claims Administrator shall cause the Notice and the Proof of Claim, substantially in the forms annexed hereto, to be mailed, by first class mail, postage prepaid, within twenty-one (21) calendar days of this Notice Order, to all Settlement Class Members who can be identified with reasonable effort. Within ten (10) calendar days of this Notice Order, Hepsiburada, at its expense, shall provide or cause to be provided to Plaintiffs' Counsel, at no cost, its reasonably available record shareholder lists for shareholders during the Settlement Class Period as appropriate for providing notice to the Settlement Class.

10. The Claims Administrator shall use reasonable efforts to give notice to nominee purchasers such as brokerage firms and other persons or entities who purchased or otherwise acquired Hepsiburada ADSs during the Settlement Class Period as record owners but not as beneficial owners. Such nominee purchasers shall: (a) within seven (7) calendar days of receipt of the letter providing notice of the Settlement, request from the Claims Administrator sufficient copies

of the Notice and Proof of Claim to forward to all such beneficial owners, and within seven (7) calendar days of receipt of those copies of the Notice and Proof of Claim forward them to all such beneficial owners; (b) within seven (7) calendar days of receipt of the letter, request from the Claims Administrator an electronic copy of the Notice and Proof of Claim and within seven (7) calendar days of receipt of the electronic Notice and Proof of Claim, email the Notice and Proof of Claim to beneficial owners for which the broker or nominee has valid email addresses; or (c) within seven (7) calendar days of receipt of the letter, send a list of the names, mailing addresses, and, if available, email addresses, of all such beneficial owners to the Claims Administrator in which event the Claims Administrator shall promptly mail or email the Notice and Proof of Claim to such beneficial owners. Upon full compliance with this Order, such nominees may seek payment of their reasonable expenses actually incurred in complying with this Order, up to a maximum of $0.20 per Notice and Proof of Claim plus postage at the current pre-sort rate used by the Claims Administrator if the Notice and Proof of Claim is mailed by the broker or nominee; or $0.05 per Notice and Proof of Claim transmitted by email by the broker or nominee; or $0.10 per name, mailing address, and email address (to the extent available) provided to the Claims Administrator, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

11. The Claims Administrator shall cause the Summary Notice to be published once in the national edition of *The Wall Street Journal* and once over a national newswire service, within ten (10) calendar days after the mailing of the Notice.

12.     Plaintiffs' Counsel shall, at least seven (7) calendar days before the Settlement Fairness Hearing, file with the Court and serve on the Parties proof of mailing of the Notice and Proof of Claim and proof of publication of the Summary Notice.

13.     The form and content of the Notice and the Summary Notice, and the method set forth herein of notifying the Settlement Class of the Settlement and its terms and conditions, meet the requirements of Fed. R. Civ. P. 23, the Private Securities Litigation Reform Act of 1995 ("PSLRA"), due process, and all other applicable laws and constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto and reasonably calculated under the circumstances to describe the terms and effect of the Settlement and to apprise the Settlement Class Members of their right to object to the proposed Settlement and to exclude themselves from the Settlement Class. No Settlement Class Member will be relieved from the terms and conditions of the Settlement, including the releases provided pursuant thereto, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice.

14.     In order to be entitled to participate in the Net Settlement Fund, in the event the Settlement is consummated in accordance with its terms set forth in the Stipulation, each Settlement Class Member shall take the following actions and be subject to the following conditions:

(a)     ~~Within ninety (90) calendar days after such time as set by the Court for the Claims Administrator to mail the Notice to the Settlement Class,~~ each Person claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim, substantially in a form contained in Exhibit 2 attached hereto and as approved by the Court, signed under penalty of perjury and supported by such documents as are specified in the Proof of

Claim and as are reasonably available to such Person. The Proof of Claim shall be timely if postmarked or submitted electronically no later than ~~September 27~~, 2023.

   (b) Except as otherwise ordered by the Court, all Settlement Class Members who fail to submit a Proof of Claim within such period, or such other period as may be ordered by the Court, shall be forever barred from receiving any payments pursuant to the Stipulation and the Settlement set forth therein, but will in all other respects be subject to and bound by the provisions of the Stipulation, the releases contained therein, and the Final Judgment. Notwithstanding the foregoing, Plaintiffs' Counsel may, in their discretion, accept for processing late submitted claims so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed. In connection with processing the Proofs of Claim, no discovery shall be allowed on the merits of the Actions or the Settlement. No Person shall have any claim against Plaintiffs, Plaintiffs' Counsel, or the Claims Administrator by reason of the decision to exercise such discretion whether to accept late-submitted claims.

   (c) As part of the Proof of Claim, each Settlement Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted, and shall (subject to effectuation of the Settlement) release all Released Claims as provided in the Stipulation.

   15. Settlement Class Members shall be bound by all determinations and judgments in this Action, whether favorable or unfavorable, unless they request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided. A Settlement Class Member wishing to make such request shall, no later than sixty (60) calendar days after the date set for the initial mailing of the Notice to Settlement Class Members, mail a request for exclusion in written form by first class mail postmarked to the address designated in the Notice. Such request for exclusion shall clearly indicate the name, address and telephone number of the person seeking exclusion, that the sender

Case 1:21-cv-08634-PKC   Document 75   Filed 04/20/23   Page 9 of 13
Case 1:21-cv-08634-PKC   Document 73-1   Filed 03/22/23   Page 58 of 114

requests to be excluded from the Settlement Class, and must be signed by such person. Such persons requesting exclusion are also directed to state the date(s), price(s), and number of shares of Hepsiburada ADSs they purchased or acquired during the Settlement Class Period. The request for exclusion shall not be effective unless it is made in writing within the time stated above, and the exclusion is accepted by the Court. Settlement Class Members requesting exclusion from the Settlement Class shall not be entitled to receive any payment out of the Net Settlement Fund as described in the Stipulation and Notice.

16. The Court will consider objections to the Settlement, the Plan of Allocation, the payment to Plaintiffs, and/or the award of attorneys' fees and expenses. Any person wanting to object must do so in writing and may also appear at the Settlement Fairness Hearing. To the extent any person wants to object in writing, such objections and any supporting papers, accompanied by proof of Settlement Class membership, shall be filed with Clerk of the Court, U.S. District Court, Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl St., New York, NY 10007, and copies of all such papers served no later than July 18, 2023, ~~which is sixty (60) calendar days after the date set for the initial mailing of the Notice to the Settlement Class~~, to each of the following: Frederic S. Fox, Kaplan Fox & Kilsheimer LLP, 850 Third Avenue, 14th Floor, New York, NY 10022 and Michael G. Capeci, Robbins Geller Rudman & Dowd LLP, 58 South Service Road, Suite 200, Melville, NY 11747 on behalf of the Plaintiffs and the Settlement Class; Kevin M. McDonough, Latham & Watkins LLP, 1271 Avenue of the Americas, New York, NY 10020 on behalf of Hepsiburada and TurkCommerce; Daniel Lewis, Shearman & Sterling LLP, 599 Lexington Avenue, New York, NY 10022 on behalf of the Underwriter Defendants; and Joanna Diakos Kordalis, K&L Gates LLP, 599 Lexington Avenue, New York, NY 10022 on behalf of the Cogency Defendants. Persons who intend to object in writing to the Settlement, the Plan of

Allocation, the request for an award of attorneys' fees and expenses and/or Plaintiffs' request for payment for representing the Settlement Class and desire to present evidence at the Settlement Fairness Hearing must include in their written objections copies of any exhibits they intend to introduce into evidence at the Settlement Fairness Hearing. In addition, the objection must state whether it applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class, and the objector must identify all other class action settlements to which they, he, she, or it, or their counsel, has previously objected. If an objector hires an attorney to represent them, him, her, or it for the purposes of making an objection, the attorney must both effect service of a notice of appearance on counsel listed above and file it with the Court by no later than July 18, 2023. A Settlement Class Member who files a written objection does not have to appear at the Settlement Fairness Hearing for the Court to consider their, his, her or its objection. If the Settlement Class Member intends to appear at the Settlement Fairness Hearing, the Settlement Class Member shall identify any witnesses they may seek to call and exhibits they intend to offer at the Settlement Fairness Hearing in the papers served as set forth above no later than July 18, 2023. Any member of the Settlement Class who does not make their, his, her, or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the Settlement set forth in the Stipulation, to the Plan of Allocation, and to the award of attorneys' fees and expenses to Plaintiffs' Counsel and Plaintiffs' request for payment, unless otherwise ordered by the Court.

17. Any Person that submits a request for exclusion may thereafter submit to the Claims Administrator and to Plaintiffs' Counsel a written and signed revocation of that request for exclusion, provided that it is received no later than five (5) business days before the Settlement Fairness Hearing, in which event that Person will be included in the Settlement Class.

- 9 -

18. All papers in support of the Settlement, the Plan of Allocation, and any application by Plaintiffs' Counsel for attorneys' fees and expenses and payment to Plaintiffs shall be filed fourteen (14) calendar days prior to the deadline in paragraph 14 for objections to be filed. All reply papers shall be filed and served at least seven (7) calendar days prior to the Settlement Fairness Hearing.

19. Defendants shall serve the notice required under the Class Action Fairness Act, 28 U.S.C. §1715, *et seq.* ("CAFA") no later than ten (10) calendar days following the filing of the Stipulation with the Court. Hepsiburada is solely responsible for the costs of the CAFA notice and administering the CAFA notice. No later than seven (7) calendar days before the Settlement Fairness Hearing, Defendants shall cause to be served on Lead Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with the notice requirements of CAFA.

20. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

21. The Claims Administrator, Defendants' Counsel, and Plaintiffs' Counsel shall promptly furnish each other with copies of any and all objections that come into their possession.

22. Pending final determination of whether the Settlement should be approved, the Plaintiffs, all Settlement Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence, maintain or prosecute, and are hereby barred and enjoined from instituting, continuing, commencing, maintaining, or prosecuting any action in any court or tribunal that asserts any of the Released Claims against any of the Released Parties. Unless and until the Stipulation is cancelled and terminated pursuant to its terms, all proceedings in the Action, other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement, are hereby stayed and suspended until further order of the Court.

23. All reasonable expenses incurred in identifying and notifying Settlement Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation and herein. In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither Plaintiffs nor any of their counsel shall have any obligation to repay any amounts actually and properly disbursed from the Settlement Fund, except as provided for in the Stipulation.

24. If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, then, in any such event, the Stipulation, including any amendment(s) thereof, shall be vacated, rendered null and void and of no further force or effect (except to the extent otherwise expressly provided in the Stipulation), without prejudice to any party, and may not be introduced as evidence or referred to in the Actions, or any action or proceeding by any person or entity for any purpose, and each Party shall be restored to his, her, or its respective position as it existed on December 5, 2022; and the Settlement Fund, less any Notice and Administration Costs actually incurred, paid, or payable and less any Taxes paid, due, or owing, subject to appropriate adjustment in the event any tax refund is obtained pursuant to the Stipulation, shall be refunded by the Escrow Agent as provided by the Stipulation and as directed by Defendants' Counsel.

25. Neither the Term Sheet, the Stipulation, including the exhibits thereto and the proposed Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), nor the terms and conditions of the Settlement, nor any of the negotiations or proceedings connected with it, nor this Order, shall be offered against Defendants or any of the Released Parties as evidence of, or construed as, or deemed to be evidence of any presumption, admission, or concession by Defendants or any of the Released Parties with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted or the

deficiency of any defense that has been or could have been asserted in the Actions or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of Defendants or any of the Released Parties or in any way referred to for any other reason as against Defendants or any of the Released Parties, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation. Nor shall the Term Sheet, the Stipulation, including the exhibits thereto and the proposed Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the terms and conditions of the Settlement, nor any of the negotiations or proceedings connected with it, nor this Order be construed against Defendants or any of the Released Parties as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial.

26. The Court may adjourn or continue the Settlement Fairness Hearing without further written notice.

27. The Court retains exclusive jurisdiction to consider all further matters arising out of or connected with the Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Settlement Class.

DATED: _April 20, 2023_    _____
THE HONORABLE P. KEVIN CASTEL
UNITED STATES DISTRICT JUDGE