UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

—————————————————————— x

IWA-FOREST INDUSTRY PENSION PLAN, :
Individually and on Behalf of All Others      :
Similarly Situated,                                        :
                                                                   :
                                    Plaintiff,             :
                                                                   :
                 v.                                            :
                                                                   :
D-MARKET ELEKTRONIK HIZMETLER       :
VE TICARET ANONIM ŞIRKETI a/k/a        :
D-MARKET ELECTRONIC SERVICES &        :
TRADING d/b/a/ HEPSIBURADA, MEHMET :
MURAT EMIRDAĞ, HALIL KORHAN ÖZ,       :
HANZADE VASFIYE DOĞAN BOYNER,         :
ERMAN KALKANDELEN, MEHMET EROL      :
ÇAMUR, CEMAL AHMET BOZER,                  :
VUSLAT DOĞAN SABANCI, MUSTAFA         :
AYDEMIR, TOLGA BABALI, COLLEEN A.      :
DE VRIES, COGENCY GLOBAL INC.,            :
MORGAN STANLEY & CO. LLC, J.P.            :
MORGAN SECURITIES LLC, GOLDMAN,         :
SACHS & CO. LLC, BOFA SECURITIES         :
INC., UBS SECURITIES LLC, and                  :
TURKCOMMERCE B.V.,                               :
                                                                   :
                                    Defendants.          :
                                                                   :
—————————————————————— :x

Civil Action No. 1:21-cv-08634-PKC

<u>CLASS ACTION</u>

Honorable P. Kevin Castel

**DECLARATION OF ROSS D. MURRAY REGARDING NOTICE DISSEMINATION,
PUBLICATION, AND REQUESTS FOR EXCLUSION RECEIVED TO DATE**

I, ROSS D. MURRAY, declare and state as follows:

1.       I am employed as a Vice President of Securities by Gilardi & Co. LLC ("Gilardi"), located at 1 McInnis Parkway, Suite 250, San Rafael, California.  The following statements are based on my personal knowledge and information provided to me by other Gilardi employees and if called to testify I could and would do so competently.

2.       Pursuant to this Court's April 20, 2023 Order Granting Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement ("Notice Order"), Gilardi was appointed as the Claims Administrator in connection with the proposed Settlement of the Actions.[1] I oversaw the notice services that Gilardi provided in accordance with the Notice Order.

3.       I submit this declaration in order to provide the Court and the parties to the Actions with information regarding: (i) mailing of the Court-approved Notice of Pendency and Proposed Settlement of Class Actions (the "Notice") and Proof of Claim and Release form (the "Proof of Claim") (collectively, the "Claim Package," attached hereto as Exhibit A); (ii) publication of the Summary Notice of Pendency and Proposed Class Action Settlement (the "Summary Notice"); (iii) establishment of the website and toll-free telephone number dedicated to this Settlement; and (iv) the number of requests for exclusion from the Settlement Class received to date by Gilardi.

**DISSEMINATION OF THE CLAIM PACKAGE**

4.       Pursuant to the Notice Order, Gilardi is responsible for disseminating the Claim Package to potential Settlement Class Members.  The Settlement Class consists of all Persons that purchased or otherwise acquired Hepsiburada ADSs pursuant and/or traceable to Hepsiburada's July 1, 2021 IPO through November 23, 2021, inclusive.  Excluded from the Settlement Class are: (i) Defendants, (ii) the current and former executive officers and directors of each Defendant (in addition to those named as defendants), (iii) any entity in which any Defendant has or had a controlling interest, provided, however, that any Investment Vehicle shall not be excluded from

---

[1] Any capitalized terms used that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation of Settlement dated March 22, 2023 (the "Stipulation"), which is available on the website established for the Settlement at www.HepsiburadaSecuritiesLitigation.com.

the class, (iv) Defendants' Immediate Family Members, and (v) the legal representatives, heirs, successors, or assigns of any such excluded party.  Also excluded from the Settlement Class are any persons or entities who exclude themselves by filing a timely request for exclusion in accordance with the requirements set forth in the Notice.

5.     On May 11, 2023, as part of its normal mailing procedures, Gilardi mailed, by First-Class Mail, Claim Packages and cover letters to 279 brokerages, custodial banks, and other institutions ("Nominee Holders") that hold securities in "street name" as nominees for the benefit of their customers who are the beneficial owners of the securities.  The Nominee Holders also include a group of filers/institutions who have requested notification of every securities case. These Nominee Holders are included in a proprietary database created and maintained by Gilardi. In Gilardi's experience, the Nominee Holders included in this proprietary database represent a significant majority of the beneficial holders of securities.  The cover letter accompanying the Claim Packages advised the Nominee Holders of the proposed Settlement and requested their cooperation in forwarding the Claim Packages to potential Settlement Class Members.  In the more than three decades that Gilardi has been providing notice and claims administration services in securities class actions, Gilardi has found the majority of potential class members hold their securities in street name and are notified through the Nominee Holders.  Gilardi also mailed Claim Packages and cover letters to the 4,440 institutions included on the U.S. Securities and Exchange Commission's ("SEC") list of active brokers and dealers at the time of mailing.  A sample of the cover letter mailed to Nominee Holders and the institutions included on the SEC's list of active brokers and dealers is attached hereto as Exhibit B.

6.     On May 11, 2023, Gilardi also delivered electronic copies of the Claim Package to 390 registered electronic filers who are qualified to submit electronic claims.  These filers are primarily institutions and third-party filers who typically file numerous claims on behalf of beneficial owners for whom they act as trustees or fiduciaries.

7.     As part of the notice program for this Settlement, on May 11, 2023, Gilardi also delivered electronic copies of the Claim Package via email to be published by the Depository

Trust Company ("DTC") on the DTC Legal Notice System ("LENS").  LENS enables the participating bank and broker nominees to review the Claim Package and contact Gilardi for copies of the Claim Package for their beneficial holders.

8.      Gilardi received a file via email from Hepsiburada's transfer agent, which contained the names and addresses of potential Settlement Class Members.  The list was reviewed to identify and eliminate duplicate entries and incomplete data, resulting in a usable mailing list of 5,439 unique names and addresses.  Gilardi had the unique name and address data printed on to Claim Packages, posted the Claim Packages for First-Class Mail, postage prepaid, and delivered 5,439 Claim Packages on May 24, 2023, to the United States Post Office for mailing.

9.      Gilardi has acted as a repository for shareholder and nominee inquiries and communications received in this Settlement.  In this regard, Gilardi has forwarded the Claim Package on request to nominees who purchased or acquired Hepsiburada ADSs for the beneficial interest of other persons.  Gilardi has also forwarded the Claim Package directly to beneficial owners upon receipt of the names and addresses from such beneficial owners or nominees.

10.     Following the initial mailing, Gilardi received 8 responses to the outreach efforts described above, which included computer files containing a total of 305 names and addresses of potential Settlement Class Members.  In addition, 21 institutions requested that Gilardi send them a total of 2,745 Claim Packages for forwarding directly to their clients.  Each of these requests has been completed in a timely manner.

11.     As of June 27, 2023, Gilardi has mailed a total of 13,598 Claim Packages to potential Settlement Class Members and nominees.

## PUBLICATION OF THE SUMMARY NOTICE

12.     In accordance with the Notice Order, on May 19, 2023, Gilardi caused the Summary Notice to be published in *The Wall Street Journal* and to be transmitted over *Business Wire*, as shown in the confirmations of publication attached hereto as Exhibit C.

## TELEPHONE HELPLINE AND WEBSITE

13.     On May 11, 2023, Gilardi established and continues to maintain a case-specific, toll-free telephone helpline, 1-888-846-0152, to accommodate potential Settlement Class Member inquiries.  The toll-free number is on the case website.  Gilardi has been and will continue to promptly respond to all inquiries to the toll-free telephone helpline.

14.     On May 11, 2023, Gilardi established and continues to maintain a website dedicated to this Settlement (www.HepsiburadaSecuritiesLitigation.com) to provide additional information to Settlement Class Members and to provide answers to frequently asked questions.  The web address was set forth in the Claim Package and the Summary Notice.  The website includes information regarding the Actions and the Settlement, including the objection and claim filing deadlines, and the date and time of the Court's Settlement Hearing.  Copies of the Notice, Proof of Claim, Stipulation, and Notice Order are posted on the website and are available for downloading.  Settlement Class Members can also complete and submit a Proof of Claim through the website.

## REQUESTS FOR EXCLUSION RECEIVED TO DATE

15.     The Notice informs potential Settlement Class Members that written requests for exclusion from the Settlement Class must be mailed to *Hepsiburada Securities Litigation*, Claims Administrator, c/o Gilardi & Co. LLC, ATTN: EXCLUSIONS, P.O. Box 5100, Larkspur, CA 94977-5100, such that they are postmarked no later than July 10, 2023.

16.     The Notice also sets forth the information that must be included in each request for exclusion.  Gilardi has monitored and will continue to monitor all mail delivered to this address.  As of the date of this declaration, Gilardi has not received any requests for exclusion.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed this 27th day of June, 2023, at San Rafael, California.

_____
ROSS D. MURRAY

EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————— x

IWA-FOREST INDUSTRY PENSION PLAN,
Individually and on Behalf of All Others Similarly
Situated,

Plaintiff,

v.

D-MARKET ELEKTRONIK HIZMETLER VE
TICARET ANONIM ŞIRKETI a/k/a
D-MARKET ELECTRONIC SERVICES &
TRADING d/b/a/ HEPSIBURADA, MEHMET
MURAT EMIRDAĞ, HALIL KORHAN ÖZ,
HANZADE VASFIYE DOĞAN BOYNER, ERMAN
KALKANDELEN, MEHMET EROL ÇAMUR,
CEMAL AHMET BOZER, VUSLAT DOĞAN
SABANCI, MUSTAFA AYDEMIR, TOLGA BABALI,
COLLEEN A. DE VRIES, COGENCY GLOBAL
INC., MORGAN STANLEY & CO. LLC, J.P.
MORGAN SECURITIES LLC, GOLDMAN, SACHS
& CO. LLC, BOFA SECURITIES INC., UBS
SECURITIES LLC, and TURKCOMMERCE B.V.,

Defendants.

———————————————————————— :x

: Civil Action No. 1:21-cv-08634-PKC
:
: CLASS ACTION
:
: Honorable P. Kevin Castel

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: COMMERCIAL DIVISION

———————————————————————— x

JAMES BENSON, Individually and on Behalf of All
Others Similarly Situated,

Plaintiff,

v.

D-MARKET ELEKTRONIK HIZMETLER VE
TICARET ANONIM ŞIRKETI, HANZADE VASFIYE
DOĞAN BOYNER, MEHMET MURAT EMIRDAĞ,
HALIL KORHAN ÖZ, ERMAN KALKANDELEN,
MEHMET EROL ÇAMUR, CEMAL AHMET BOZER,
VUSLAT DOĞAN SABANCI, MUSTAFA AYDEMIR,
TOLGA BABALI, TAYFUN BAYAZIT, COLLEEN A.
DE VRIES, COGENCY GLOBAL INC.,
TURKCOMMERCE B.V., MORGAN STANLEY &
CO. LLC, J.P. MORGAN SECURITIES LLC,
GOLDMAN, SACHS & CO. LLC, BOFA
SECURITIES, INC., and UBS SECURITIES LLC,

Defendants.

———————————————————————— :x

: Index No. 655701/2021
:
: CLASS ACTION
:
: The Honorable Robert R. Reed, J.S.C.
:
: Part 43

**NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTIONS**

TO:     ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED D-MARKET ELEKTRONIK HIZMETLER VE
        TICARET ANONIM ŞIRKETI A/K/A D-MARKET ELECTRONIC SERVICES & TRADING D/B/A HEPSIBURADA
        ("HEPSIBURADA" OR THE "COMPANY") AMERICAN DEPOSITORY SHARES ("ADSs") PURSUANT AND/OR

TRACEABLE TO THE REGISTRATION STATEMENT AND PROSPECTUS FOR HEPSIBURADA'S JULY 1, 2021 INITIAL PUBLIC OFFERING ("IPO") THROUGH NOVEMBER 23, 2021, INCLUSIVE

IN ORDER TO QUALIFY FOR A SETTLEMENT PAYMENT, YOU MUST TIMELY SUBMIT A PROOF OF CLAIM AND RELEASE FORM BY SEPTEMBER 27, 2023.

*A federal court has authorized this Notice. This is not attorney advertising.*

### WHY SHOULD I READ THIS NOTICE?

This Notice is given pursuant to an order issued by the United States District Court for the Southern District of New York (the "Court"). This Notice serves to inform you of the proposed settlement (the "Settlement") in the above-captioned class action lawsuit (the "Action") and the hearing (the "Settlement Fairness Hearing") to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, as set forth in the Stipulation of Settlement dated March 22, 2023 (the "Stipulation"), by and among Lead Plaintiff IWA-Forest Industry Pension Plan (the "Federal Court Plaintiff" or "Lead Plaintiff") and James Benson (the "State Court Plaintiff") (together, "Plaintiffs"), on behalf of themselves and the Settlement Class; and Defendants Hepsiburada; TurkCommerce B.V. ("TurkCommerce"); Hanzade Vasfiye Doğan Boyner, Mehmet Murat Emirdağ, Halil Korhan Öz, Erman Kalkandelen, Mehmet Erol Çamur, Cemal Ahmet Bozer, Vuslat Doğan Sabanci, Mustafa Aydemir, Tolga Babali, and Tayfun Bayazit (the "Individual Defendants"); Morgan Stanley & Co. LLC, J.P. Morgan Securities LLC, Goldman Sachs & Co. LLC, BofA Securities, Inc., and UBS Securities LLC (the "Underwriter Defendants"); Colleen A. De Vries ("De Vries"); and Cogency Global Inc. (collectively with Hepsiburada, TurkCommerce, the Individual Defendants, De Vries, Cogency Global Inc. and the Underwriter Defendants, "Defendants") by their respective counsel.[1] This Settlement also resolves the action pending in the Supreme Court of the State of New York styled as *Benson v. D-MARKET Elektronik Hizmetler ve Ticaret Anonim Şirketi, et al.*, Index No. 655701/2021 (Sup. Ct. N.Y.) (the "State Court Action," and together with this Action, the "Actions").

**This Notice is intended to inform you how this lawsuit and proposed Settlement may affect your rights and what steps you may take in relation to it. This Notice is NOT an expression of any opinion by the Court as to the merits of the claims or defenses asserted in the lawsuit or whether the Defendants engaged in any wrongdoing.**

*Under law, a federal court has authorized this Notice. This is not attorney advertising.*

- If approved by the Court, the Settlement will provide thirteen million nine hundred thousand dollars ($13,900,000) (the "Settlement Amount"), plus interest as it accrues, minus any Court-awarded attorneys' fees, costs, administrative expenses, an award to Plaintiffs in connection with their representation of the Settlement Class, and net of any taxes on interest (the "Settlement Fund"), to pay claims of investors who purchased Hepsiburada ADSs during the Settlement Class Period (July 1, 2021 through November 23, 2021, inclusive).

- Based on Plaintiffs' damages expert's estimate of the number of shares of publicly-traded Hepsiburada ADSs that may have been affected by the alleged conduct at issue during the Settlement Class Period, the estimated average recovery (before the deduction of any Court-approved fees, expenses, and costs as described herein) is $0.15 per ADS for the approximately 92,787,100 affected Hepsiburada ADSs. This is not an estimate of the actual recovery per ADS you should expect. Your actual recovery, if any, will depend on the aggregate losses of all Settlement Class Members, the date(s) you purchased and sold Hepsiburada ADSs, the purchase and sales prices, and the total number and amount of claims filed.

Plaintiffs' Counsel have been prosecuting the Actions on a wholly contingent basis since their inception, have not received any payment of attorneys' fees for their representation of the Settlement Class, and have advanced the funds to pay expenses necessarily incurred to prosecute the Actions. Plaintiffs'

---

[1]   The Stipulation can be viewed and/or downloaded at www.HepsiburadaSecuritiesLitigation.com. All capitalized terms used herein have the same meaning as the terms defined in the Stipulation.

Counsel will apply to the Court to award attorneys' fees in an amount not to exceed 30% of the Settlement Fund. In addition, Plaintiffs' Counsel will seek no more than $150,000 in litigation expenses, as well as an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiff of no more than $7,500 directly related to its representation of the Settlement Class. The estimated average cost for such fees and expense, if the Court approves Plaintiffs' Counsel's fee and expense application, is $0.047 per affected Hepsiburada ADS.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A PROOF OF CLAIM AND RELEASE FORM** | Proof of Claim and Release forms must be postmarked (if mailed) or received (if submitted online) on or before September 27, 2023. **This is the only way to get a payment.** |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS** | Submit a request for exclusion no later than July 10, 2023. This is the only way you can ever be part of any other lawsuit against the Defendants or the other Released Parties relating to the legal claims in this case. **If you exclude yourself, you will receive no payment and cannot object or speak at the hearing**. |
| **OBJECT** | Write to the Court no later than July 18, 2023 about why you do not like the Settlement. You can still submit a Proof of Claim and Release form. If the Court approves the Settlement, you will be bound by it. |
| **GO TO THE HEARING** | Ask to speak in Court about the fairness of the Settlement at the hearing on August 1, 2023. You can still submit a Proof of Claim and Release. If the Court approves the Settlement, you will be bound by it. |
| **DO NOTHING** | **Get no payment AND give up your right to bring your own individual action relating to the claims asserted in the Actions.** |

## DEFINITIONS

All capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation of Settlement, dated March 22, 2023 (the "Stipulation").

## WHAT IS THIS LAWSUIT ABOUT?

### I.    THE ALLEGATIONS

Hepsiburada is an e-commerce company operating in Turkey and is known as the "Amazon of Turkey." At the time of its initial public offering ("IPO" or "Offering") on July 1, 2021, Hepsiburada derived the majority of its revenue and profits from a hybrid model of first-party sales made by the Company and third-party sales made by merchants through its online "marketplace." The IPO took place on the first day of the third fiscal quarter 2021 ("3Q21"), *i.e.*, after the second fiscal quarter ("2Q21") was complete. In the Actions, Plaintiffs allege that the Registration Statement for the IPO was negligently prepared and thus contained untrue statements of material fact and omitted to disclose material information that was required to be disclosed therein. Specifically, Plaintiffs allege that Defendants failed to disclose material information regarding: (i) Hepsiburada's alleged slowdown in growth in 2Q21, *i.e.*, before the IPO; (ii) the allegedly negative impact to Hepsiburada's business and operations as of the IPO caused by Turkey's easing of COVID-19 lockdown restrictions, particularly the weekday reopening of marketplaces and shopping malls in May 2021; and (iii) Hepsiburada's alleged need to make significant investments and customer discounts as of the IPO to offset these negative developments. Plaintiffs' claims are brought under the Securities Act of 1933 (the "Securities Act").

Defendants deny all of Plaintiffs' allegations. Without limiting the generality of the foregoing in any way, Defendants have expressly denied and continue to deny, among other things, that any alleged misstatements or materially misleading omissions were made or that Plaintiffs or the Settlement Class have

suffered any alleged damages. Defendants do not admit any liability or wrongdoing in connection with the allegations set forth in the Actions, or any facts related thereto.

**THE COURT HAS NOT RULED AS TO WHETHER DEFENDANTS ARE LIABLE TO PLAINTIFFS OR TO THE SETTLEMENT CLASS. THIS NOTICE IS NOT INTENDED TO BE AN EXPRESSION OF ANY OPINION BY THE COURT WITH RESPECT TO THE TRUTH OF THE ALLEGATIONS IN THE ACTIONS OR THE MERITS OF THE CLAIMS OR DEFENSES ASSERTED. THIS NOTICE IS SOLELY TO ADVISE YOU OF THE PROPOSED SETTLEMENT OF THE ACTIONS AND YOUR RIGHTS IN CONNECTION WITH THAT SETTLEMENT.**

## II.    PROCEDURAL HISTORY

**The Federal Court Action**:

On October 21, 2021, a putative class action complaint asserting claims under the Securities Act was filed in the United States District Court for the Southern District of New York against certain of the Defendants.

On January 5, 2022, after the three other lead plaintiff movants filed notices of withdrawal or non-opposition, United States District Judge Castel entered an order that appointed IWA-Forest Industry Pension Plan ("IWA-Forest") as Lead Plaintiff and approved IWA-Forest's selection of Kaplan Fox & Kilsheimer LLP as Lead Counsel.

On February 4, 2022, IWA-Forest filed an Amended Complaint for Violations of the Securities Act of 1933 (the "Federal Court Complaint"). The Federal Court Complaint was brought on behalf of persons and entities that purchased or otherwise acquired Hepsiburada ADSs pursuant and/or traceable to the Registration Statement issued in connection with the Company's IPO. It alleges violations of the Securities Act under (i) Section 11 against all Defendants (with the exception of Bayazit, who was not named as a defendant in the Federal Court Action); (ii) Section 12(a)(2) against Hepsiburada, Emirdağ, Öz, TurkCommerce, and the Underwriter Defendants; and (iii) Section 15 against the Individual Defendants (with the exception of Bayazit).

On April 15, 2022, Hepsiburada and the Underwriter Defendants moved to dismiss the Federal Court Action for failure to state a claim, arguing that the Federal Court Complaint failed to plead an actionable misrepresentation or omission under the Securities Act. Hepsiburada and the Underwriter Defendants further argued in the alternative that the Federal Court Action should be stayed or dismissed pursuant to *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976) ("*Colorado River*"), which allows federal courts to decline jurisdiction where there are parallel state court proceedings. The Federal Court Plaintiff opposed the motion on May 13, 2022, and Hepsiburada and the Underwriter Defendants filed their reply in support of the motion on May 27, 2022. Hepsiburada and the Underwriter Defendants withdrew the *Colorado River* argument on October 20, 2022.

On June 15, 2022, TurkCommerce filed a notice of joinder in Hepsiburada and the Underwriter Defendants' motion to dismiss. The Federal Court Plaintiff opposed joinder on June 29, 2022, and TurkCommerce filed its reply in support of joinder on July 6, 2022.

The motion to dismiss the Federal Court Complaint was pending when the Parties agreed to explore mediation.

**The State Court Action**:

On September 28, 2021, plaintiff James Benson, represented by Robbins Geller Rudman & Dowd LLP and Johnson Fistel, LLP (together, "State Court Lead Counsel"), filed a putative class action in the State Court against certain of the Defendants alleging violations of Sections 11 and 15 of the Securities Act on behalf of all persons who purchased or otherwise acquired Hepsiburada ADSs pursuant and/or traceable to Hepsiburada's Registration Statement issued in connection with its IPO. On December 10, 2021, the State Court Plaintiff filed an Amended Class Action Complaint for Violations of the Securities Act of 1933 (the "State Court Complaint") that asserts claims under Section 11 against all Defendants and claims under Section 15 against Hepsiburada, TurkCommerce, the Individual Defendants, and Cogency Global Inc.

State Court Lead Counsel moved for alternative service on the same day it filed the State Court Complaint because the Individual Defendants, who reside in Turkey, remained unserved. State Court Lead Counsel argued that because Turkey is a signatory to the Hague Convention on Service Abroad of Judicial

and Extrajudicial Documents in Civil and Commercial Matters, service is only permitted through Turkey's Central Authority. Thus, State Court Lead Counsel asserted that direct service on the Individual Defendants would result in significant costs, complications, and delay, and argued that service should be accomplished instead via email service or via service on counsel for Hepsiburada and De Vries. Briefing on this motion concluded on February 4, 2022.

On February 8, 2022, Hepsiburada and the Underwriter Defendants moved to dismiss the State Court Complaint; De Vries, Cogency Global Inc. and TurkCommerce joined their motion. The motion to dismiss asserted that the State Court Complaint should be dismissed in its entirety because it failed to plead that the Registration Statement contained any materially false or misleading statement or omission. Briefing on the motion to dismiss concluded on April 22, 2022.

While the motion for alternative service and the motion to dismiss were pending, the Parties agreed to explore mediation, as described further below.

**Settlement Negotiations**:

On September 2, 2022, after exchanging detailed mediation briefs, several of Plaintiffs' counsel and Hepsiburada's counsel attended an all-day, in-person mediation assisted by a respected mediator with substantial experience mediating complex securities class actions. The Parties were unable to reach a settlement at the mediation session. However, the Parties and the mediator continued to engage in negotiations over the next three months in an effort to achieve a global resolution of the Actions. Ultimately, on December 5, 2022, after lengthy negotiations, Plaintiffs and Hepsiburada agreed to the $13,900,000 Settlement, subject to Court approval.

## HOW DO I KNOW IF I AM A SETTLEMENT CLASS MEMBER?

If you purchased or otherwise acquired Hepsiburada ADSs during the Settlement Class Period, pursuant and/or traceable to Hepsiburada's IPO, you are a Settlement Class Member. As set forth in the Stipulation, excluded from the Settlement Class are: (i) Defendants, (ii) the current and former executive officers and directors of each Defendant (in addition to those named as defendants), (iii) any entity in which any Defendant has or had a controlling interest, *provided, however,* that any Investment Vehicle shall not be excluded from the class, (iv) Defendants' Immediate Family Members, and (v) the legal representatives, heirs, successors, or assigns of any such excluded party. Also excluded from the Settlement Class are any Persons who would otherwise be Settlement Class Members but who timely and validly exclude themselves therefrom.

**PLEASE NOTE:** Receipt of this Notice does not mean that you are a Settlement Class Member or that you will be entitled to receive a payment from the Settlement. If you are a Settlement Class Member and you wish to be eligible to participate in the distribution of proceeds from the Settlement, you are required to submit the Proof of Claim and Release that is being distributed with this Notice and the required supporting documentation as set forth therein postmarked or submitted online on or before September 27, 2023.

## WHAT IS THE MONETARY VALUE OF THE PROPOSED SETTLEMENT?

The Settlement, if approved, will result in the creation of a cash settlement fund of $13,900,000. The Settlement Amount, plus accrued interest and minus the costs of this Notice and all costs associated with the administration of the Settlement Fund, as well as attorneys' fees and expenses, and the payment to Lead Plaintiff for representing the Settlement Class, as approved by the Court (the "Net Settlement Fund"), will be distributed to eligible Settlement Class Members pursuant to the Plan of Allocation that is described in the next section of this Notice.

## WHAT IS THE PROPOSED PLAN OF ALLOCATION?

The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Settlement Class Members based on their respective alleged economic losses resulting from the securities law violations alleged in the Actions.

The Claims Administrator shall determine each Settlement Class Member's share of the Net Settlement Fund based upon the recognized loss formula (the "Recognized Claim") described below. A Recognized Claim will be calculated for each Hepsiburada ADSs purchased or otherwise acquired during the Settlement Class Period, traceable or pursuant to Hepsiburada's IPO. The calculation of a Recognized Claim will depend upon several factors, including when the shares were purchased or otherwise acquired and in what amounts, whether the shares were ever sold, and, if so, when they were sold and for what amounts. The Recognized Claim is not intended to estimate the amount a Settlement Class Member might have been able to recover after a trial, nor to estimate the amount that will be paid to Settlement Class Members pursuant to the Settlement. The Recognized Claim is the basis upon which the Net Settlement Fund will be proportionately allocated to Settlement Class Members.

Your share of the Net Settlement Fund will depend on the number of valid Proof of Claim and Release Forms that Settlement Class Members send in and how many Hepsiburada ADSs you purchased or otherwise acquired pursuant and/or traceable to Hepsiburada's IPO, and whether you sold any of those shares and when you sold them.

The calculation of claims below is not an estimate of the amount you will receive. It is a formula for allocating the Net Settlement Fund among all Authorized Claimants. Furthermore, if any of the formulas set forth below yield an amount less than $0.00, the claim per share is $0.00.

### THE BASIS FOR CALCULATING YOUR RECOGNIZED LOSS:

Each Authorized Claimant shall receive a proportionate share of the Net Settlement Fund determined by a fraction, the numerator of which shall be the Authorized Claimants' Recognized Loss on all Hepsiburada ADSs purchased during the Settlement Class Period and the denominator of which shall be the aggregate Recognized Loss of all Authorized Claimants.

The Recognized Loss on all Hepsiburada ADSs purchased or acquired by each Authorized Claimant between July 1, 2021 and November 23, 2021:

A.   For ADSs held at the end of trading on February 18, 2022, the Recognized Loss shall be the number of ADSs multiplied by the lesser of:

(1)   the applicable purchase date alleged inflation per ADS figure, as found in Table A; or

(2)   the difference between the purchase price per ADS and $2.09.[2]

---

[2]   Pursuant to Section 21(D)(e)(1) of the Private Securities Litigation Reform Act of 1995, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated." The mean (average) closing price of Hepsiburada ADSs during the period beginning on November 23, 2021 and ending on February 18, 2022 was $2.09 per ADS.

B.    For ADSs sold between November 23, 2021 and February 18, 2022, the Recognized Loss shall be the number of ADSs sold multiplied by the lesser of:

   (1)    the purchase date alleged inflation per ADS figure, as found in Table A; or

   (2)    the difference between the purchase price per ADS and the sales price per ADS; or

   (3)    the difference between the purchase price per ADS and the average closing price between November 23, 2021 and the date of sale, as found in Table B[3].

C.    For ADSs sold between July 1, 2021 and November 22, 2021, the Recognized Loss shall be the number of ADSs sold multiplied by the lesser of:

   (1)    the purchase date alleged inflation per ADS figure less the sales date alleged inflation per ADS figure, as found in Table A; or

   (2)    the difference between the purchase price per ADS and the sales price per ADS.

**Table A**

| Purchase or Sale Date Range | Alleged Inflation Per ADS |
|---|---|
| 07/01/2021 – 08/25/2021 | $5.22 |
| 08/26/2021 – 11/11/2021 | $2.36 |
| 11/12/2021 – 11/22/2021 | $0.24 |
| 11/23/2021 | Lesser of: $0.24 or (transaction price - $2.85) |

---

[3]    Pursuant to Section 21(D)(e)(2) of the Private Securities Litigation Reform Act of 1995, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, if the plaintiff sells or repurchases the subject security prior to the expiration of the 90-day period described in paragraph (1), the plaintiff's damages shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the security and the mean trading price of the security during the period beginning immediately after dissemination of information correcting the misstatement or omission and ending on the date on which the plaintiff sells or repurchases the security."

Table B

| Average Closing Price Between 11/23/2021 and Date of Sale | Date of Sale | Average Closing Price Between 11/23/2021 and Date of Sale | Date of Sale |
|---|---|---|---|
| 11/23/2021 | $2.85 | 01/07/2022 | $2.17 |
| 11/24/2021 | $2.86 | 01/10/2022 | $2.15 |
| 11/26/2021 | $2.80 | 01/11/2022 | $2.14 |
| 11/29/2021 | $2.78 | 01/12/2022 | $2.14 |
| 11/30/2021 | $2.71 | 01/13/2022 | $2.13 |
| 12/01/2021 | $2.65 | 01/14/2022 | $2.12 |
| 12/02/2021 | $2.60 | 01/18/2022 | $2.12 |
| 12/03/2021 | $2.56 | 01/19/2022 | $2.12 |
| 12/06/2021 | $2.53 | 01/20/2022 | $2.11 |
| 12/07/2021 | $2.52 | 01/21/2022 | $2.11 |
| 12/08/2021 | $2.53 | 01/24/2022 | $2.11 |
| 12/09/2021 | $2.52 | 01/25/2022 | $2.11 |
| 12/10/2021 | $2.49 | 01/26/2022 | $2.10 |
| 12/13/2021 | $2.47 | 01/27/2022 | $2.09 |
| 12/14/2021 | $2.45 | 01/28/2022 | $2.09 |
| 12/15/2021 | $2.43 | 01/31/2022 | $2.08 |
| 12/16/2021 | $2.41 | 02/01/2022 | $2.08 |
| 12/17/2021 | $2.39 | 02/02/2022 | $2.08 |
| 12/20/2021 | $2.36 | 02/03/2022 | $2.08 |
| 12/21/2021 | $2.34 | 02/04/2022 | $2.08 |
| 12/22/2021 | $2.32 | 02/07/2022 | $2.08 |
| 12/23/2021 | $2.31 | 02/08/2022 | $2.08 |
| 12/27/2021 | $2.30 | 02/09/2022 | $2.08 |
| 12/28/2021 | $2.28 | 02/10/2022 | $2.08 |
| 12/29/2021 | $2.27 | 02/11/2022 | $2.09 |
| 12/30/2021 | $2.25 | 02/14/2022 | $2.09 |
| 12/31/2021 | $2.24 | 02/15/2022 | $2.09 |
| 01/03/2022 | $2.23 | 02/16/2022 | $2.09 |
| 01/04/2022 | $2.22 | 02/17/2022 | $2.09 |
| 01/05/2022 | $2.20 | 02/18/2022 | $2.09 |
| 01/06/2022 | $2.19 | | |

**NOTE:**

A purchase, acquisition or sale of Hepsiburada ADSs shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. All purchase, acquisition, and sale prices shall exclude any fees and commissions. The receipt or grant by gift, devise, or operation of law of Hepsiburada ADSs during the Settlement Class Period shall not be deemed a purchase, acquisition, or sale of Hepsiburada ADSs for the calculation of a claimant's Recognized Claim nor shall it be deemed an assignment of any claim relating to the purchase or acquisition of such share unless specifically provided in the instrument of gift or assignment. The receipt of Hepsiburada ADSs during the Settlement Class Period in exchange for securities of any other corporation or entity shall not be deemed a purchase, acquisition, or sale of Hepsiburada ADSs.

With respect to Hepsiburada ADSs purchased or sold through the exercise of an option, the purchase/sale date of the share is the exercise date of the option and the purchase/sale price of the share is the exercise price of the option. Any Recognized Claim arising from purchases of Hepsiburada ADSs acquired during the Settlement Class Period through the exercise of an option on Hepsiburada ADSs shall be computed as provided for other purchases of Hepsiburada ADSs in the Plan of Allocation.

For Settlement Class Members who held Hepsiburada ADSs at the beginning of the Settlement Class Period or made multiple purchases, acquisitions, or sales during the Settlement Class Period, the First-In, First-Out ("FIFO") method will be applied to such purchases, acquisitions, and sales for purposes of calculating a claim. Under the FIFO method, sales of Hepsiburada ADSs during the Settlement Class Period will be matched, in chronological order, against Hepsiburada ADSs purchased or acquired during the Settlement Class Period.

The total of all profits shall be subtracted from the total of all losses from transactions during the Settlement Class Period to determine if a Settlement Class Member has a Recognized Claim. Only if a Settlement Class Member had a net market loss, after all profits from transactions in Hepsiburada ADSs during the Settlement Class Period are subtracted from all losses, will such Settlement Class Member be eligible to receive a distribution from the Net Settlement Fund.

If an Authorized Claimant has an overall market gain, the Recognized Claim for that Authorized Claimant will be $0.00. If an Authorized Claimant has an overall market loss, that Authorized Claimant's Recognized Claim will be limited to the amount of overall market loss. The Claims Administrator shall allocate to each Authorized Claimant a *pro rata* share of the Net Settlement Fund based on his, her, or its Recognized Claim as compared to the total Recognized Claims of all Authorized Claimants. No distribution shall be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

Distributions will be made to Authorized Claimants after all claims have been processed, after the Court has finally approved the Settlement, and after any appeals are resolved. If there is any balance remaining in the Net Settlement Fund after at least six (6) months from the initial date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks, or otherwise), Plaintiffs' Counsel shall, if feasible, reallocate such balance among Authorized Claimants in an equitable and economic fashion. These redistributions shall be repeated until the balance remaining in the Net Settlement Fund is no longer economically feasible to distribute to Settlement Class Members. Thereafter, any balance that still remains in the Net Settlement Fund shall be donated to appropriate non-profit organizations.

Please contact the Claims Administrator or Plaintiffs' Counsel if you disagree with any determinations made by the Claims Administrator regarding your Proof of Claim and Release. If you are dissatisfied with the determinations, you may ask Plaintiffs' Counsel to request that the Court, which retains jurisdiction over all Settlement Class Members and the claims administration process, decide the issue.

The Court has reserved jurisdiction to allow, disallow, or adjust the claim of any Settlement Class Member on equitable grounds.

Payment pursuant to the Plan of Allocation set forth above shall be conclusive against all Authorized Claimants. No Person shall have any claim against Plaintiffs, Plaintiffs' Counsel, any Claims Administrator, any other Person designated by Plaintiffs' Counsel, or any of the Released Parties based on the distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further orders of the Court. All Settlement Class Members who fail to complete and submit a valid and timely Proof of Claim and Release shall be barred from participating in distributions from the Net Settlement Fund (unless otherwise ordered by the Court), but otherwise shall be bound by all of the terms of the Stipulation, including the terms of any judgment entered and the releases given.

## DO I NEED TO CONTACT PLAINTIFFS' COUNSEL IN ORDER TO PARTICIPATE IN DISTRIBUTION OF THE SETTLEMENT FUND?

No. If you have received this Notice and timely submit your Proof of Claim and Release to the designated address, you need not contact Plaintiffs' Counsel. If your address changes, please contact the Claims Administrator at:

*Hepsiburada Securities Litigation*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 6181
Novato, CA 94948-6181

## THERE WILL BE NO PAYMENTS IF THE STIPULATION IS TERMINATED

The Settlement may be terminated under several circumstances outlined in the Stipulation. If the Settlement is terminated, the Actions will proceed as if the Stipulation had not been entered into.

## WHAT ARE THE REASONS FOR SETTLEMENT?

The Settlement was reached after a thorough investigation by Plaintiffs' Counsel and briefing on Defendants' motions to dismiss. The Court has not reached any final decisions in connection with Plaintiffs' claims against Defendants. Instead, Plaintiffs and Defendants have agreed to this Settlement, which was reached with the substantial assistance of a highly respected mediator of complex class actions. In reaching the Settlement, the Parties have avoided the cost, delay, and uncertainty of further litigation.

As in any litigation, Plaintiffs and the proposed Settlement Class would face an uncertain outcome if they did not agree to the Settlement. Plaintiffs expected that the Actions could continue for a lengthy period of time and that if Plaintiffs succeeded, Defendants could file appeals that would postpone final resolution of the Actions. Continuation of the Actions against Defendants could result in a judgment greater than this Settlement. Conversely, continuing the Actions could result in no recovery at all or a recovery that is less than the amount of the Settlement.

Plaintiffs and Plaintiffs' Counsel believe that this Settlement is fair and reasonable to the members of the Settlement Class. They have reached this conclusion for several reasons. Specifically, if the Settlement is approved, the Settlement Class will receive a certain and immediate monetary recovery. Additionally, Plaintiffs' Counsel believe that the significant and immediate benefits of the Settlement, when weighed against the significant risk, delay, and uncertainty of continued litigation, are a very favorable result for the Settlement Class.

## WHO REPRESENTS THE SETTLEMENT CLASS?

The following attorneys are counsel for the Settlement Class:

Michael G. Capeci
ROBBINS GELLER RUDMAN &
  DOWD LLP
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: (800) 449-4900

Frederic S. Fox
KAPLAN FOX & KILSHEIMER LLP
800 Third Avenue
New York, NY 10022
Telephone: (212) 687-1980

*Counsel for Federal Court Plaintiffs*

Michael I. Fistel, Jr.
JOHNSON FISTEL, LLP
50 Powder Springs Street
Marietta, GA 30064
Telephone: (470) 632-6000

*Counsel for State Court Plaintiff*

If you have any questions about the Actions, or the Settlement, you are entitled to consult with Plaintiffs' Counsel by contacting counsel at the phone numbers listed above.

You may obtain a copy of the Stipulation by contacting the Claims Administrator at:

*Hepsiburada Securities Litigation*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 6181
Novato, CA 94948-6181

## HOW WILL THE PLAINTIFFS' LAWYERS BE PAID?

Plaintiffs' Counsel have been prosecuting the Actions on a wholly contingent basis since their inception, have not received any payment of attorneys' fees for their representation of the Settlement Class, and have advanced the funds to pay expenses necessarily incurred to prosecute the Actions. Plaintiffs' Counsel will file a motion for an award of attorneys' fees and expenses that will be considered at the Settlement Fairness Hearing. Plaintiffs' Counsel will apply to the Court to award attorneys' fees in an amount not to exceed 30% of the Settlement Fund. In addition, Plaintiffs' Counsel will request payment of their litigation expenses, not to exceed $150,000, as well as an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiff of no more than $7,500 directly related to its representation of the Settlement Class.[4]

The attorneys' fees and expenses requested will be the only payment to Plaintiffs' Counsel for their efforts in achieving this Settlement and for their risk in undertaking this representation on a wholly contingent basis. The fees requested will compensate Plaintiffs' Counsel for their work in achieving the Settlement. The Court will decide what constitutes a reasonable fee award and may award less than the amount requested by Plaintiffs' Counsel.

## CAN I EXCLUDE MYSELF FROM THE SETTLEMENT?

Yes. If you do not want to receive a payment from this Settlement, or you want to keep the right to sue or continue to sue Defendants on your own about the legal issues in this case, then you must take steps to get out of the Settlement Class. This is called excluding yourself from, or "opting out" of, the Settlement Class. If you are requesting exclusion because you want to bring your own lawsuit based on the matters alleged in the Actions, you may want to consult an attorney and discuss whether any individual claim that you may wish to pursue would be time-barred by the applicable statutes of limitation or repose.

---

[4]    Plaintiffs' Counsel will allocate the attorneys' fees awarded among Lead Counsel and State Court Lead Counsel.

To exclude yourself from the Settlement Class, you must send a signed letter by mail saying that you want to be excluded from the Settlement Class in *IWA-Forest Industry Pension Plan v. D-MARKET Elektronik Hizmetler ve Ticaret Anonim Şirketi, et al.*, No. 21-cv-08634-PKC (S.D.N.Y.). Be sure to include your name, address, telephone number, and the date(s), price(s), and number of shares of Hepsiburada ADSs that you purchased or acquired during the Settlement Class Period (July 1, 2021 through November 23, 2021, inclusive). Your exclusion request must be **postmarked no later than July 10, 2023**, and sent to the Claims Administrator at:

*Hepsiburada Securities Litigation*
Claims Administrator
c/o Gilardi & Co. LLC
ATTN: EXCLUSIONS
P.O. Box 5100
Larkspur, CA 94977-5100

You cannot exclude yourself by phone or by email. If you make a proper request for exclusion, you will not receive a settlement payment, and you cannot object to the Settlement. If you make a proper request for exclusion, you will not be legally bound by anything that happens in the Actions.

## CAN I OBJECT TO THE SETTLEMENT, THE REQUESTED ATTORNEYS' FEES, THE REQUESTED PAYMENT OF COSTS AND EXPENSES AND/OR THE PLAN OF ALLOCATION?

Yes. If you are a Settlement Class Member, you may object to the terms of the Settlement. Whether or not you object to the terms of the Settlement, you may also object to the requested attorneys' fees, costs, and expenses, Lead Plaintiff's request for payment for representing the Settlement Class and/or the Plan of Allocation. In order for any objection to be considered, you must file a written statement, accompanied by proof of Settlement Class membership, and signed by you on your own behalf with the Court and send a copy to each of Plaintiffs' Counsel and each of Defendants' Counsel, at the addresses listed below **by July 18, 2023**. The Court's address is Clerk of the Court, U.S. District Court, Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl St., New York, NY 10007; Plaintiffs' Counsel's addresses are Frederic S. Fox, Kaplan Fox & Kilsheimer LLP, 800 Third Avenue, New York, NY 10022 and Michael G. Capeci, Robbins Geller Rudman & Dowd LLP, 58 South Service Road, Suite 200, Melville, NY 11747; Hepsiburada and TurkCommerce's Counsel's address is Kevin M. McDonough, Latham & Watkins LLP, 1271 Avenue of the Americas, New York, NY 10020; De Vries and Cogency Global Inc.'s Counsel is Joanna A. Diakos, K&L Gates LLP, 599 Lexington Avenue, New York, NY 10022; and Underwriter Defendants' Counsel is Daniel Lewis, Shearman & Sterling LLP, 599 Lexington Avenue, New York, NY 10022.

In addition, the objection must state whether it applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class, and the objector must identify all other class action settlements to which they, he, she, or it, or their counsel, has previously objected.

Attendance at the Settlement Fairness Hearing is not necessary; however, persons wishing to be heard orally at the Settlement Fairness Hearing are required to indicate in their written objection their intention to appear at the hearing and identify any witnesses they may call to testify and exhibits, if any, they intend to introduce into evidence.

## WHAT IS THE DIFFERENCE BETWEEN OBJECTING AND EXCLUDING MYSELF FROM THE SETTLEMENT?

Objecting is telling the Court that you do not like something about the proposed Settlement, the Plan of Allocation, or Plaintiffs' Counsel's request for an award of attorneys' fees and expenses. You can object only if you stay in the Settlement Class. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because the case no longer applies to you.

## WHAT ARE MY RIGHTS AND OBLIGATIONS UNDER THE SETTLEMENT?

If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you may receive the benefit of, and you will be bound by, the terms of the Settlement described in this Notice, upon approval by the Court.

## HOW CAN I GET A PAYMENT?

In order to qualify for a payment, you must timely complete and return the Proof of Claim and Release that accompanies this Notice. A Proof of Claim and Release is enclosed with this Notice and also may be downloaded at www.HepsiburadaSecuritiesLitigation.com. Read the instructions carefully; fill out the Proof of Claim and Release; sign it; and mail or submit it online so that it is **postmarked (if mailed) or received (if submitted online) no later than September 27, 2023**. The Proof of Claim and Release may be submitted online at www.HepsiburadaSecuritiesLitigation.com. If you do not submit a timely Proof of Claim and Release with all of the required information, you will not receive a payment from the Settlement Fund; however, unless you expressly exclude yourself from the Settlement Class as described above, you will still be bound in all other respects by the Settlement, the Judgment, and the release contained in them.

## WHAT CLAIMS WILL BE RELEASED BY THE SETTLEMENT?

If the Settlement is approved by the Court, the Court will enter a Judgment. If the Judgment becomes final pursuant to the terms of the Stipulation, all Settlement Class Members shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged any and all of the Released Parties from all Released Claims.

- "Related Parties" means each of a Defendant's respective past, present, or future direct or indirect parents, subsidiaries, divisions, branches, Controlling Persons, associates, entities, affiliates or joint ventures, as well as each of their respective past or present directors, officers, employees, managers, managing directors, supervisors, contractors, consultants, servants, general partners, limited partners, partnerships, members, principals, trusts, trustees, advisors, auditors, accountants, agents, underwriters, insurers, co-insurers, reinsurers, controlling shareholders, attorneys, fiduciaries, financial or investment advisors or consultants, banks or investment bankers, personal or legal representatives, counsel, agents, predecessors, predecessors-in-interest, successors, assigns, spouses, heirs, executors, administrators, legal or personal representatives of each of them in their capacities as such, related or affiliated entities, anyone acting or purporting to act for or on behalf of any of them or their successors, heirs or assigns, any other entities in which a Defendant has or had a controlling interest, any Immediate Family Member of an Individual Defendant, any trust of which any Defendant is the settlor or which is for the benefit of any Defendant and/or member(s) of his or her family, and the legal representatives, heirs, successors in interest or assigns of the Defendants.

- "Released Claims" means any and all claims (including, but not limited to, "Unknown Claims," as defined below), suits, actions, appeals, causes of action, damages (including, without limitation, compensatory, punitive, exemplary, rescissory, direct, consequential or special damages, and restitution and disgorgement), demands, disputes, rights, debts, penalties, costs, expenses, fees, injunctive relief, attorneys' fees, expert or consulting fees, judgments, interest, sums of money due, matters, issues, controversies, charges, indemnities, duties, liabilities, losses, or obligations of every nature and description whatsoever, known or unknown, whether or not concealed or hidden, fixed or contingent, direct or indirect, anticipated or unanticipated, asserted or that could have been asserted by any member of the Settlement Class, whether legal, contractual, rescissory, statutory, or equitable in nature, whether arising under federal, state, local, common, foreign law, including but not limited to the Securities Act of 1933 and the Securities Exchange Act of 1934, and whether class or individual, that are based upon, arise from, or relate, directly or indirectly, in any manner, to the purchase or other acquisition of Hepsiburada ADSs during the period of July 1, 2021 to November 23, 2021, inclusive, including without limitation, any claims related to statements, disclosures, nondisclosures, or omissions allegedly made or not made and (a) the subject matter of the Actions; or (b) the facts alleged or that could have been alleged in any complaint filed in the Actions or in any other United States forum or proceeding. Claims to enforce the Settlement are not released.

- "Released Defendants' Claims" means all claims, including "Unknown Claims" as defined below, that any Released Party may have against Plaintiffs, Settlement Class Members, or Plaintiffs' Counsel relating to the institution, prosecution, or settlement of the Released

Claims, the State Court Action, or the Federal Court Action (except for (a) any claims to enforce any of the terms of the Stipulation; (b) any claims against any person or entity who or which submits a request for exclusion from the Settlement that is accepted by the Federal Court as valid; and (c) any claims that any Defendants may have under or relating to any policy or liability or any other insurance policy).

- "Released Parties" means Defendants and each and all of their Related Parties.

- "Unknown Claims" means (i) any and all claims and potential claims against Released Parties which Plaintiffs or any Settlement Class Members do not know or suspect to exist in their, his, her, or its favor as of the Effective Date which, if known by such party, might have affected such party's settlement with and release of the Released Parties, or might have affected such party's decision not to object to this Settlement, and (ii) any claims against Plaintiffs which Defendants do not know or suspect to exist in their favor, which if known by any of them, might have affected their, his, her, or its decision(s) with respect to the Settlement. With respect to any and all Released Claims and Released Defendants' Claims, the Parties stipulate and agree that by operation of the Final Judgment, upon the Effective Date, the Plaintiffs and Defendants shall have expressly waived, and each Settlement Class Member shall be deemed to have waived, and by operation of the Final Judgment shall have expressly waived, the provisions, rights, and benefits of Cal. Civ. Code §1542, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY**;

and any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is or has an effect which is similar, comparable, or equivalent to Cal. Civ. Code §1542. Plaintiffs and Settlement Class Members may hereafter discover facts, legal theories, or authorities in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Plaintiffs shall expressly fully, finally, and forever settle and release, and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever settled and released, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, reckless, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. Plaintiffs and Defendants acknowledge, and Settlement Class Members shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims and Released Defendants' Claims was separately bargained for and was a material element of the Settlement.

The above description of the proposed Settlement is only a summary.

The complete terms are set forth in the Stipulation (including its exhibits), which may be obtained at www.HepsiburadaSecuritiesLitigation.com or by contacting Plaintiffs' Counsel listed on Page 12 above.

## THE SETTLEMENT FAIRNESS HEARING

The Court will hold a Settlement Fairness Hearing on August 1, 2023, at 2:00 p.m., before the Honorable P. Kevin Castel at the U.S. District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl St., New York, NY 10007, for the purpose of determining whether: (1) the Settlement as set forth in the Stipulation for $13,900,000 in cash should be approved by the Court as fair, reasonable, and adequate; (2) Judgment as provided under the Stipulation should be entered; (3) to award Plaintiffs' Counsel attorneys' fees and expenses out of the Settlement Fund and, if so, in what amount; (4) to pay Lead Plaintiff for its efforts in representing the Settlement Class out of the Settlement Fund and, if so, in what amount; and (5) the Plan of Allocation should be approved by the Court. The Court may adjourn or continue the Settlement Fairness Hearing without further notice to members of the Settlement Class. The Court reserves the right to hold the Settlement Fairness Hearing telephonically or by other virtual means. Any updates regarding the Settlement Fairness Hearing, including any changes to the date or time of the hearing or updates regarding in-person or telephonic appearances at the hearing, will be posted to the Settlement website, www.HepsiburadaSecuritiesLitigation.com. Also, if the Court requires or allows Settlement Class Members to participate in the Settlement Fairness Hearing by telephone, the phone number for accessing the telephonic conference will be posted to the Settlement website.

Any Settlement Class Member may appear at the Settlement Fairness Hearing and be heard on any of the foregoing matters; provided, however, that no such person shall be heard unless his, her, or its objection is made in writing and is filed, together with proof of membership in the Settlement Class and with copies of all other papers and briefs to be submitted by him, her, or it to the Court at the Settlement Fairness Hearing, with the Court no later than July 18, 2023, and showing proof of service on the following counsel:

| | |
|---|---|
| Frederic S. Fox<br>KAPLAN FOX & KILSHEIMER LLP<br>800 Third Avenue<br>New York, NY 10022<br><br>*Counsel for the Federal Court Plaintiffs* | Michael G. Capeci<br>ROBBINS GELLER RUDMAN & DOWD LLP<br>58 South Service Road, Suite 200<br>Melville, NY 11747<br><br>*Counsel for the State Court Plaintiff* |
| Kevin M. McDonough<br>LATHAM & WATKINS LLP<br>1271 Avenue of the Americas<br>New York, NY 10020<br><br>*Counsel for Hepsiburada, the Individual Defendants, and TurkCommerce* | Daniel Lewis<br>SHEARMAN & STERLING LLP<br>599 Lexington Avenue<br>New York, NY 10022<br><br>*Counsel for the Underwriter Defendants* |
| Joanna A. Diakos<br>K&L GATES LLP<br>599 Lexington Avenue<br>New York, NY 10022<br><br>*Counsel for De Vries and Cogency Global Inc.* | |

Unless otherwise directed by the Court, any Settlement Class Member who does not make his, her, or its objection in the manner provided shall be deemed to have waived all objections to this Settlement and shall be foreclosed from raising (in this or any other proceeding or on any appeal) any objection and any untimely objection shall be barred.

If you hire an attorney (at your own expense) to represent you for purposes of objecting, your attorney must serve a notice of appearance on counsel listed above and file it with the Court (at the address set out above) by no later than July 18, 2023.

## INJUNCTION

The Court has issued an order enjoining all Settlement Class Members from instituting, commencing, maintaining, or prosecuting any action in any court or tribunal that asserts Released Claims against any Released Party, pending final determination by the Court of whether the Settlement should be approved.

## SPECIAL NOTICE TO BANKS, BROKERS, AND OTHER NOMINEES

If, during the Settlement Class Period, you purchased or sold Hepsiburada ADSs for the beneficial interest of a person or organization other than yourself, the Court has directed that you shall: **(a)** within seven (7) calendar days of receipt of the letter providing notice of the Settlement, request from the Claims Administrator sufficient copies of the Notice and Proof of Claim and Release to forward to all such beneficial owners, and within seven (7) calendar days of receipt of those copies of the Notice and Proof of Claim and Release forward them via First Class Mail to all such beneficial owners; **(b)** within seven (7) calendar days of receipt of the letter, request from the Claims Administrator an electronic copy of the Notice and Proof of Claim and Release and within seven (7) calendar days of receipt of the electronic Notice and Proof of Claim and Release, email the Notice and Proof of Claim and Release to beneficial owners for which the broker or nominee has valid email addresses; or **(c)** within seven (7) calendar days of receipt of the letter, send a list of the names, mailing addresses, and, if available, email addresses, of all such beneficial owners to the Claims Administrator in which event the Claims Administrator shall promptly mail or email the Notice and Proof of Claim and Release to such beneficial owners. Upon full compliance with this Order, such nominees may seek payment of their reasonable expenses actually incurred in complying with this Order, up to a maximum of $0.20 per Notice and Proof of Claim and Release plus postage at the current pre-sort rate used by the Claims Administrator if the Notice and Proof of Claim and Release is mailed by the broker or nominee; or $0.05 per Notice and Proof of Claim and Release transmitted by email by the broker or nominee; or $0.10 per name, mailing address, and email address, and email address (to the extent available) provided to the Claims Administrator, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court. All communications concerning the foregoing should be addressed to the Claims Administrator at notifications@gilardi.com or:

*Hepsiburada Securities Litigation*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 6181
Novato, CA 94948-6181

DATED: April 20, 2023

BY ORDER OF THE UNITED STATES
DISTRICT COURT FOR THE SOUTHERN
DISTRICT OF NEW YORK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

—————————————————————— x

IWA-FOREST INDUSTRY PENSION PLAN,         :   Civil Action No. 1:21-cv-08634-PKC
Individually and on Behalf of All Others Similarly   :
Situated,                                 :   CLASS ACTION
                                          :
                          Plaintiff,      :   Honorable P. Kevin Castel
                                          :
            v.                            :
                                          :
D-MARKET ELEKTRONIK HIZMETLER VE          :
TICARET ANONIM ŞIRKETI a/k/a              :
D-MARKET ELECTRONIC SERVICES &            :
TRADING d/b/a/ HEPSIBURADA, MEHMET        :
MURAT EMIRDAĞ, HALIL KORHAN ÖZ,           :
HANZADE VASFIYE DOĞAN BOYNER, ERMAN       :
KALKANDELEN, MEHMET EROL ÇAMUR,           :
CEMAL AHMET BOZER, VUSLAT DOĞAN           :
SABANCI, MUSTAFA AYDEMIR, TOLGA BABALI,   :
COLLEEN A. DE VRIES, COGENCY GLOBAL       :
INC., MORGAN STANLEY & CO. LLC, J.P.      :
MORGAN SECURITIES LLC, GOLDMAN, SACHS     :
& CO. LLC, BOFA SECURITIES INC., UBS      :
SECURITIES LLC, and TURKCOMMERCE B.V.,    :
                                          :
                          Defendants.     :
                                          :
—————————————————————— :x


SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: COMMERCIAL DIVISION

—————————————————————— x

JAMES BENSON, Individually and on Behalf of All   :   Index No. 655701/2021
Others Similarly Situated,                :
                                          :   CLASS ACTION
                          Plaintiff,      :
                                          :   The Honorable Robert R. Reed, J.S.C.
            v.                            :
                                          :   Part 43
D-MARKET ELEKTRONIK HIZMETLER VE          :
TICARET ANONIM ŞIRKETI, HANZADE VASFIYE   :
DOĞAN BOYNER, MEHMET MURAT EMIRDAĞ,       :
HALIL KORHAN ÖZ, ERMAN KALKANDELEN,       :
MEHMET EROL ÇAMUR, CEMAL AHMET            :
BOZER, VUSLAT DOĞAN SABANCI, MUSTAFA      :
AYDEMIR, TOLGA BABALI, TAYFUN BAYAZIT,    :
COLLEEN A. DE VRIES, COGENCY GLOBAL       :
INC., TURKCOMMERCE B.V., MORGAN           :
STANLEY & CO. LLC, J.P. MORGAN            :
SECURITIES LLC, GOLDMAN, SACHS & CO.      :
LLC, BOFA SECURITIES, INC., and UBS       :
SECURITIES LLC,                           :
                                          :
                          Defendants.     :
                                          :
—————————————————————— :x

1

**PROOF OF CLAIM AND RELEASE**

## I.      GENERAL INSTRUCTIONS

1.      To recover as a Settlement Class Member based on the claims in the actions titled *IWA-Forest Industry Pension Plan v. D-MARKET Elektronik Hizmetler ve Ticaret Anonim Şirketi, et al.*, No. 21-cv-08634-PKC (S.D.N.Y.) and *Benson v. D-MARKET Elektronik Hizmetler ve Ticaret Anonim Şirketi, et al.*, Index No. 655701/2021 (Sup. Ct. N.Y.) (the "Actions"),[1] you must complete and, on page 8 hereof, sign this Proof of Claim and Release. If you fail to file a properly addressed (as set forth in paragraph 3 below) Proof of Claim and Release, your claim may be rejected and you may be precluded from any recovery from the Net Settlement Fund created in connection with the proposed Settlement.

2.      Submission of this Proof of Claim and Release, however, does not assure that you will share in the proceeds of the Settlement of the Actions.

3.      YOU MUST MAIL OR SUBMIT ONLINE YOUR COMPLETED AND SIGNED PROOF OF CLAIM AND RELEASE, ACCOMPANIED BY COPIES OF THE DOCUMENTS REQUESTED HEREIN, **ON OR BEFORE SEPTEMBER 27, 2023**, ADDRESSED AS FOLLOWS:

*Hepsiburada Securities Litigation*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 6181
Novato, CA 94948-6181

If you are NOT a Settlement Class Member, as defined in the Notice of Pendency and Proposed Settlement of Class Actions ("Notice"), DO NOT submit a Proof of Claim and Release.

4.      If you are a Settlement Class Member and you do not timely request exclusion, you are bound by the terms of any judgment entered in the Actions, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM AND RELEASE.

## II.      CLAIMANT IDENTIFICATION

You are a member of the Settlement Class if you purchased or otherwise acquired D-MARKET Elektronik Hizmetler ve Ticaret Anonim Şirketi a/k/a D-MARKET Electronic Services & Trading d/b/a Hepsiburada ("Hepsiburada" or the "Company") ADSs pursuant and/or traceable to Hepsiburada's July 1, 2021 Initial Public Offering through November 23, 2021, inclusive.

Use Part I of this form entitled "Claimant Identification" to identify each purchaser or acquiror of record ("nominee") of the Hepsiburada ADSs that forms the basis of this claim. THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR ACQUIRER(S) OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S) OR ACQUIRER(S) OF THE HEPSIBURADA ADSs UPON WHICH THIS CLAIM IS BASED.

All joint purchasers or acquirers must sign this claim. Executors, administrators, guardians, conservators, and trustees must complete and sign this claim on behalf of persons represented by them and their authority must accompany this claim and their titles or capacities must be stated. The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

## III.      CLAIM FORM

Use Part II of this form entitled "Schedule of Transactions in Hepsiburada ADSs" to supply all required details of your transaction(s). If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

On the schedules, provide all of the requested information with respect to *all* of your purchases and acquisitions of Hepsiburada ADSs that took place between July 1, 2021 through February 18, 2022, inclusive, and *all* of your sales of Hepsiburada ADSs on or after July 1, 2021 to February 18, 2022, inclusive, whether such transactions resulted in a profit or a loss. You must also provide all of the requested information with respect to the number of shares of Hepsiburada ADSs you held at the close of trading on November 23, 2021 and on February 18, 2022. Failure to report all such transactions may result in the rejection of your claim.

List each transaction separately and in chronological order, by trade date, beginning with the earliest. You must accurately provide the month, day, and year of each transaction you list.

---

[1]      This Proof of Claim and Release incorporates by reference the definitions in the Stipulation of Settlement ("Stipulation"), which can be obtained at www.HepsiburadaSecuritiesLitigation.com.

The date of covering a "short sale" is deemed to be the date of purchase of Hepsiburada ADSs.

The date of a "short sale" is deemed to be the date of sale of Hepsiburada ADSs.

**COPIES OF BROKER CONFIRMATIONS OR OTHER DOCUMENTATION OF YOUR TRANSACTIONS IN HEPSIBURADA ADSs SHOULD BE ATTACHED TO YOUR CLAIM. FAILURE TO PROVIDE THIS DOCUMENTATION COULD DELAY VERIFICATION OF YOUR CLAIM OR RESULT IN REJECTION OF YOUR CLAIM.**

NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. All such claimants MUST also submit a manually signed paper Proof of Claim and Release whether or not they also submit electronic copies. If you wish to submit your claim electronically, you must contact the Claims Administrator at www.HepsiburadaSecuritiesLitigation.com to obtain the required file layout. Any file not in accordance with the required electronic filing format will be subject to rejection. Only one claim should be submitted for each separate legal entity and the complete name of the beneficial owner(s) of the securities must be considered to have been submitted unless the Claims Administrator issues an email to that effect. Distribution payments must be made by check or electronic payment payable to the Authorized Claimant (beneficial account owner). The Third-Party Filer shall not be the payee of any distribution payment check or electronic distribution payment. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

**THIS PAGE INTENTIONALLY LEFT BLANK**

Official
Office
Use
Only

**Must Be Postmarked (if Mailed)
or Received (if Submitted Online)
No Later Than September 27, 2023**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

*IWA-Forest Ind. Pension Plan v. D-MARKET
Elektronik Hizmetler ve Ticaret Anonim Şirketi*

No. 21-cv-08634-PKC

**PROOF OF CLAIM AND RELEASE**

# HESL

<u>Please Type or Print in the Boxes Below</u>
Do <u>NOT</u> use Red Ink, Pencil, or Staples

**REMEMBER TO ATTACH COPIES OF BROKER CONFIRMATIONS OR OTHER DOCUMENTATION OF YOUR TRANSACTIONS IN HEPSIBURADA ADSs. FAILURE TO PROVIDE THIS DOCUMENTATION COULD DELAY VERIFICATION OF YOUR CLAIM OR RESULT IN REJECTION OF YOUR CLAIM.**

## PART I. CLAIMANT IDENTIFICATION

Last Name

M.I.

First Name

Last Name (Co-Beneficial Owner)

M.I.

First Name (Co-Beneficial Owner)

○ IRA      ○ Joint  Tenancy      ○ Employee      ○ Individual      ○ Other

(specify)

Company Name (Beneficial Owner - If Claimant is not an Individual) or Custodian Name if an IRA

Trustee/Asset Manager/Nominee/Record Owner's Name (If Different from Beneficial Owner Listed Above)

Account#/Fund# (Not Necessary for Individual Filers)

Last Four Digits of Social Security Number

or

Taxpayer Identification Number

—

Telephone Number (Primary Daytime)

—      —

Telephone Number (Alternate)

—      —

Email Address

## MAILING INFORMATION

Address

Address (cont.)

City

State

ZIP Code

Foreign Province

Foreign Postal Code

Foreign Country Name/Abbreviation

| FOR CLAIMS PROCESSING ONLY | OB | | CB | | ○ ATP ○ KE ○ ICI | ○ BE ○ DR ○ EM | ○ FL ○ ME ○ ND | ○ OP ○ RE ○ SH | M M / D D / Y Y Y Y | FOR CLAIMS PROCESSING ONLY |



5

**PART I. SCHEDULE OF TRANSACTIONS IN HEPSIBURADA ADSs**

A.   Purchases or acquisitions of Hepsiburada ADSs (July 1, 2021 through February 18, 2022, inclusive):

**PURCHASES**

| Trade Date(s) (List Chronologically) | Number of ADSs Purchased or Acquired | Total Purchase or Acquisition Price (Excluding commissions, taxes and fees) | Proof of Purchase Enclosed? |
|---|---|---|---|
| M M / D D / Y Y Y Y | | | |
| 1. ___/___/____ | | $ .00 | Y N |
| 2. ___/___/____ | | $ .00 | Y N |
| 3. ___/___/____ | | $ .00 | Y N |
| 4. ___/___/____ | | $ .00 | Y N |
| 5. ___/___/____ | | $ .00 | Y N |

IMPORTANT:  (i) If any purchase listed covered a "short sale," please mark Yes: ◯ Yes

(ii) If you received shares through an acquisition or merger, please identify the date, the share amount and the company acquired:

| M M / D D / Y Y Y Y | Merger Shares: | Company: |
|---|---|---|
| ___/___/____ | | |

B.   Sales of Hepsiburada ADSs (on or after July 1, 2021 to February 18, 2022, inclusive):

**SALES**

| Trade Date(s) (List Chronologically) | Number of ADSs Sold | Total Sales Price (Excluding commissions, taxes and fees) | Proof of Sales Enclosed? |
|---|---|---|---|
| M M / D D / Y Y Y Y | | | |
| 1. ___/___/____ | | $ .00 | Y N |
| 2. ___/___/____ | | $ .00 | Y N |
| 3. ___/___/____ | | $ .00 | Y N |
| 4. ___/___/____ | | $ .00 | Y N |
| 5. ___/___/____ | | $ .00 | Y N |

| C.   Number of shares of Hepsiburada ADSs held at the close of trading on November 23, 2021: | | Proof Enclosed? Y N |
|---|---|---|

| D.   Number of shares of Hepsiburada ADSs held at the close of trading on February 18, 2022: | | Proof Enclosed? Y N |
|---|---|---|

If you require additional space, attach extra schedules in the same format as above.
Sign and print your name on each additional page.

**YOU MUST READ AND SIGN THE RELEASE ON PAGE 8. FAILURE TO SIGN THE RELEASE
MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**



## IV. SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

I (We) submit this Proof of Claim and Release under the terms of the Stipulation described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the Southern District of New York with respect to my (our) claim as a Settlement Class Member and for purposes of enforcing the release set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Actions. I (We) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so. I (We) have not submitted any other claim covering the same purchases, acquisitions, or sales of Hepsiburada ADSs during the relevant period and know of no other person having done so on my (our) behalf.

## V. RELEASE

1.      I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever settle, release, and discharge from the Released Claims each and all of the "Released Parties," defined as Defendants and each and all of their Related Parties.

2.      "Related Parties" means each of a Defendant's respective past, present, or future direct or indirect parents, subsidiaries, divisions, branches, Controlling Persons, associates, entities, affiliates or joint ventures, as well as each of their respective past or present directors, officers, employees, managers, managing directors, supervisors, contractors, consultants, servants, general partners, limited partners, partnerships, members, principals, trusts, trustees, advisors, auditors, accountants, agents, underwriters, insurers, co-insurers, reinsurers, controlling shareholders, attorneys, fiduciaries, financial or investment advisors or consultants, banks or investment bankers, personal or legal representatives, counsel, agents, predecessors, predecessors-in-interest, successors, assigns, spouses, heirs, executors, administrators, legal or personal representatives of each of them in their capacities as such, related or affiliated entities, anyone acting or purporting to act for or on behalf of any of them or their successors, heirs or assigns, any other  entities in which a Defendant has or had a controlling interest, any Immediate Family Member of an Individual Defendant, any trust of which any Defendant is the settlor or which is for the benefit of any Defendant and/or member(s) of his or her family, and the legal representatives, heirs, successors in interest or assigns of the Defendants.

3.      "Released Claims" means any and all claims (including, but not limited to, "Unknown Claims," as defined below), suits, actions, appeals, causes of action, damages (including, without limitation, compensatory, punitive, exemplary, rescissory, direct, consequential or special damages, and restitution and disgorgement), demands, disputes, rights, debts, penalties, costs, expenses, fees, injunctive relief, attorneys' fees, expert or consulting fees, judgments, interest, sums of money due, matters, issues, controversies, charges, indemnities, duties, liabilities, losses, or obligations of every nature and description whatsoever, known or unknown, whether or not concealed or hidden, fixed or contingent, direct or indirect, anticipated or unanticipated, asserted or that could have been asserted by any member of the Settlement Class, whether legal, contractual, rescissory, statutory, or equitable in nature, whether arising under federal, state, local, common, foreign law, including but not limited to the Securities Act of 1933 and the Securities Exchange Act of 1934, and whether class or individual, that are based upon, arise from, or relate, directly or indirectly, in any manner, to the purchase or other acquisition of Hepsiburada ADSs during the period of July 1, 2021 to November 23, 2021, inclusive, including without limitation, any claims related to statements, disclosures, nondisclosures, or omissions allegedly made or not made and (a) the subject matter of the Actions; or (b) the facts alleged or that could have been alleged in any complaint filed in the Actions or in any other United States forum or proceeding. Claims to enforce the Settlement are not released.

4.      "Unknown Claims" means (i) any and all claims and potential claims against Released Parties which Plaintiffs or any Settlement Class Members do not know or suspect to exist in their, his, her, or its favor as of the Effective Date which, if known by such party, might have affected such party's settlement with and release of the Released Parties, or might have affected such party's decision not to object to this Settlement, and (ii) any claims against Plaintiffs which Defendants do not know or suspect to exist in their favor, which if known by any of them, might have affected their, his, her, or its decision(s) with respect to the Settlement. With respect to any and all Released Claims and Released Defendants' Claims, the Parties stipulate and agree that by operation of the Final Judgment, upon the Effective Date, Plaintiffs and Defendants shall have expressly waived, and each Settlement Class Member shall be deemed to have waived, and by operation of the Final Judgment shall have expressly waived, the provisions, rights, and benefits of Cal. Civ. Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party;

and any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is or has an effect which is similar, comparable, or equivalent to Cal. Civ. Code §1542. Plaintiffs and Settlement Class Members may hereafter discover facts, legal theories, or authorities in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Plaintiffs shall expressly fully, finally, and forever settle and release, and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever settled and released, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not



limited to, conduct which is negligent, reckless intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. Plaintiffs and Defendants acknowledge, and Settlement Class Members shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims and Released Defendants' Claims was separately bargained for and was a material element of the Settlement.

5.      I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

6.      I (We) hereby warrant and represent that I (we) have included information about all of my (our) transactions in Hepsiburada ADSs that occurred during the relevant period as well as the number of shares held by me (us) at the close of trading on November 23, 2021 and on February 18, 2022.

I (We) declare under penalty of perjury under the laws of the United States that all of the foregoing information supplied on this Proof of Claim and Release by the undersigned is true and correct.

Executed this _____ day of _____ in _____
                                                        (Month/Year)                                                    (City/State/Country)

_____          _____
(Sign your name here)                                                  (Sign your name here)

_____          _____
(Type or print your name here)                                     (Type or print your name here)

_____          _____
(Capacity of person(s) signing, *e.g.*,                        (Capacity of person(s) signing, *e.g.*,
Beneficial Purchaser or Acquirer, Executor or Administrator)   Beneficial Purchaser or Acquirer, Executor or Administrator)

**ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME. THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:

1. Please sign the above release and acknowledgment.

2. Remember to attach copies of supporting documentation.

3. **Do not send** originals of certificates or other documentation as they will not be returned.

4. Keep a copy of your Proof of Claim and Release and all supporting documentation for your records.

5. If you desire an acknowledgment of receipt of your Proof of Claim and Release, please send it Certified Mail, Return Receipt Requested.

6. If you move, please send your new address to the address below.

7. **Do not use red pen or highlighter** on the Proof of Claim and Release or supporting documentation.

**THIS PROOF OF CLAIM AND RELEASE MUST BE SUBMITTED ONLINE OR POSTMARKED NO LATER THAN SEPTEMBER 27, 2023:**

*Hepsiburada Securities Litigation*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 6181
Novato, CA 94948-6181
www.HepsiburadaSecuritiesLitigation.com



EXHIBIT B



1 McInnis Parkway
Suite 250
San Rafael, CA 94903
P: (415) 458-3015

May 11, 2023

«FirstName» «LastName»
«Company»
«Addr1»
«Addr2»
South Bend, IN 46601
«FCountry»

Re: **Hepsiburada Securities Litigation**

Dear «GENDER» «LastName»:

Please find enclosed the Notice of Pendency and Proposed Settlement of Class Actions ("Notice") and Proof of Claim and Release ("Proof of Claim") for the above-referenced litigation. Please note both the Settlement Class Period (July 1, 2021 through November 23, 2021, inclusive) and the designated eligible securities described on pages one and two of the Notice, specifically the inclusion of all Persons who purchased or otherwise acquired D-Market Elektronik Hizmetler Ve Ticaret Anonim Şirketi a/k/a D-Market Electronic Services & Trading d/b/a Hepsiburada ("Hepsiburada" or the "Company") American Depository Shares ("ADSs") pursuant and/or traceable to the Registration Statement and Prospectus for Hepsiburada's July 1, 2021 initial public offering ("IPO") through November 23, 2021, inclusive. In addition, **the Notice provides that the Exclusion Deadline is July 10, 2023 and the Claim Filing Deadline is September 27, 2023.**

Please pay particular attention to the "Special Notice to Banks, Brokers and Other Nominees" on page sixteen of the Notice which states, in part: "If, during the Settlement Class Period, you purchased or sold Hepsiburada ADSs for the beneficial interest of a person or organization other than yourself, the Court has directed that you shall: **(a)** within seven (7) calendar days of receipt of the letter providing notice of the Settlement, request from the Claims Administrator sufficient copies of the Notice and Proof of Claim and Release to forward to all such beneficial owners, and within seven (7) calendar days of receipt of those copies of the Notice and Proof of Claim and Release forward them via First Class Mail to all such beneficial owners; **(b)** within seven (7) calendar days of receipt of the letter, request from the Claims Administrator an electronic copy of the Notice and Proof of Claim and Release and within seven (7) calendar days of receipt of the electronic Notice and Proof of Claim and Release, email the Notice and Proof of Claim and Release to beneficial owners for which the broker or nominee has valid email addresses; or **(c)** within seven (7) calendar days of receipt of the letter, send a list of the names, mailing addresses, and, if available, email addresses, of all such beneficial owners to the Claims Administrator in which event the Claims Administrator shall promptly mail or email the Notice and Proof of Claim and Release to such beneficial owners."

Please do not make your own copies of the Proof of Claim form, as copies may not be accepted for processing. Additional copies of the appropriate documents may be requested by contacting us at the above address and/or phone number.

If we conduct the necessary mailing on your behalf, please submit names and addresses either via email to Notifications@Gilardi.com, via CD Rom to the above address or contact us to obtain secure FTP transmission instructions. Mailing labels will be accepted, but you may be requested to provide an additional copy of the address information you send. Do not include any confidential information that should not appear on a mailing label.

The data provided must be in one of the following formats:
- ASCII Fixed Length file
- ASCII Tab Delimited file
- Microsoft Excel spreadsheet

Your request must also specify the case name and Control Total(s) (for example, the total number of name and address records provided) for each file submission. If you have any questions, please email Notifications@Gilardi.com.

Sincerely,
Gilardi & Co. LLC
*Hepsiburada Securities Settlement* Claims Administrator

EXHIBIT C

B10 | Friday, May 19, 2023

THE WALL STREET JOURNAL.

## BANKING & FINANCE

# UBS Faces a Credit Suisse Dilemma

By Margot Patrick

**UBS Group** has a quandary after buying Credit Suisse Group: Reward shareholders upfront by jettisoning the smaller bank's Swiss domestic business, or prepare for a painful integration that would make it even more dominant in its home market.

Switzerland's two largest banks by assets are combining after Credit Suisse lost the confidence of customers and investors and needed rescuing in mid-March. UBS Chief Executive Officer Sergio Ermotti has signaled that integration will start right away in overlapping areas such as global investment banking, but that all options are being considered for the Swiss business.

"The greatest generator of value is really going to be UBS keeping it and eliminating the overlap," said Octavio Marenzi, CEO of consulting firm Opimas. "It's also the most radical and difficult thing to do."

UBS is uniquely positioned to generate cost and revenue synergies from the business, Marenzi said.

Some Swiss politicians say they want UBS to separate Credit Suisse's Swiss arm and spare thousands of jobs that



**Swiss market share in 2021, by bank type**

- Credit Suisse/UBS
- Cantonal banks
- Raiffeisen banks
- Others

| | | | | |
|---|---|---|---|---|
| Loans | 38% | 27% | 12% | 23% |
| Deposits | 39% | 21% | 10% | 30% |

Note: Raiffeisen banks are co-operatives. Others category includes stock-exchange banks, private bankers, other banking institutions, foreign-controlled banks and branches of foreign banks.
Source: Jefferies

would be lost in an integration. Analysts are divided on the value of keeping or disposing of the business, which is the only profitable unit of Credit Suisse and is estimated to be worth about $12 billion on its own.

One option would be to spin the business off to UBS shareholders, who would be given stock in a separate listed unit. UBS also could offer shares through an initial public offering or sell the Swiss bank to another buyer.

UBS will also need to decide precisely what remains within the business. The unit encompasses Credit Suisse's retail and business-banking operations. It also includes a wealth-management arm serving rich

customers in Switzerland and a domestic investment bank that UBS has long coveted and could decide to keep.

Combined in full, UBS and Credit Suisse would control around 38% of overall Swiss loans, 39% of deposits and 57% of corporate lending, according to Jefferies analysis based on 2021 data. The analysts mapped out the two banks' domestic branches and found 60% are within two-thirds of a mile from each other.

UBS was formed out of the merger of Union Bank of Switzerland and Swiss Bank Corp. 25 years ago. Like other countries, Switzerland sought to prevent any one bank from being "too big to fail" after the 2008 financial crisis by impos-

ing additional capital requirements on systemically important banks.

Extra capital charges for the enlarged UBS have been waived by Swiss authorities in the short term but could be a drag in coming years, analysts say. Global regulators are also likely to impose additional capital charges because of UBS's increased size and complexity. At the margin, that bolsters the case for not holding on to Credit Suisse's local unit.

UBS has said it anticipates saving around $8 billion a year from the banks' combined cost base by 2027, but hasn't broken down how much of that could come from within Switzerland. Close to one-third of the two banks' 122,000 total staff is based in the country.

Ermotti, speaking at a conference last week, said there would still be enough banking competition in the country even if the two institutions were fully combined. The former UBS CEO returned to the bank, and his old role, in April to lead the integration of Credit Suisse after overseeing an earlier deep restructuring at UBS.

The March deal came with a government waiver that ex-

empted the merger from a standard regulatory review on competition grounds.

Keeping Credit Suisse's Swiss bank would mean cost savings and more market share for UBS, said Thomas Hallett, a banks analyst at Stifel Financial's Keefe, Bruyette & Woods. Hallett favors a disposal to realize value and free up capital, "given the higher returns available in other parts of the business."

An upfront gain for shareholders also would soften the blow of UBS halting share buybacks. UBS had planned to buy back more than $5 billion in shares this year but said in March that it would suspend the purchases because of the acquisition.

Moving slowly gives UBS some political breathing space to prepare for an integration in the country, said Marenzi at Opimas. Federal elections are scheduled for October. He said some politicians might grumble, but the deal was already signed off by the government and regulators when they forced the rescue.

"It's hard for them to say to UBS: 'Yes, you have to buy this bank and now you can't do anything in Switzerland, you have to sell it,' " he said.

---

## Lazard CEO to Cede Role

Continued from page B1

and restructuring practices. As CEO, he focused on expanding and diversifying both of Lazard's businesses, and he and his leadership team sought to modernize the firm's culture, including by embracing hybrid work and implementing a more relaxed dress code.

While running the firm's advisory unit, Orszag pushed bankers to work more collaboratively and increase their focus on private-equity deals, believing the vast amounts of privately held capital would continue to power a flurry of activity.

Lazard recently brought rainmaker-turned-New-York-City-mayoral-candidate Ray McGuire on board as president, and part of the rationale for the move was to boost the firm's standing with the larger corporate clients it has historically been known for advising.

Should Orszag take over as CEO, leadership of the advisory unit could be divided between multiple bankers, some of the people said.

---

**ADVERTISEMENT**

## The Marketplace

To advertise: 800-366-3975 or WSJ.com/classifieds

---

### CLASS ACTION

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IWA-FOREST INDUSTRY PENSION PLAN, Individually
and on Behalf of All Others Similarly Situated,
Plaintiff,
v.
D-MARKET ELEKTRONIK HIZMETLER VE TICARET ANONIM
ŞİRKETİ a/k/a D-MARKET ELECTRONIC SERVICES &
TRADING d/b/a/ HEPSIBURADA, MEHMET MURAT EMIRDAG,
HALIL KORHAN ÖZ, HANZADE VASFIYE DOĞAN BOYNER,
ERMAN KALKANDELEN, MEHMET EROL CAMUR, CEMAL
AHMET BOZER, VUSLAT DOĞAN SABANCI, MUSTAFA
AYDEMIR, TOLGA BABALI, COLLEEN A. DE VRIES,
COGENCY GLOBAL INC., MORGAN STANLEY & CO. LLC,
J.P. MORGAN SECURITIES LLC, GOLDMAN, SACHS & CO.
LLC, BOFA SECURITIES INC., UBS SECURITIES LLC, and
TURKCOMMERCE B.V.,
Defendants.

Civil Action No. 1:21-cv-08634-PKC

**CLASS ACTION**

Honorable P. Kevin Castel

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK / COMMERCIAL DIVISION

JAMES BENSON, Individually and on Behalf of All Others
Similarly Situated,
Plaintiff,
v.
D-MARKET ELEKTRONIK HIZMETLER VE TICARET
ANONIM ŞİRKETİ a/k/a D-MARKET ELECTRONIC SERVICES &
TRADING d/b/a HEPSIBURADA, MEHMET MURAT EMIRDAG,
HALIL KORHAN ÖZ, HANZADE VASFIYE DOĞAN BOYNER,
ERMAN KALKANDELEN, MEHMET EROL CAMUR, CEMAL AHMET
BOZER, VUSLAT DOĞAN SABANCI, MUSTAFA AYDEMIR,
TOLGA BABALI, TAYFUN BAYAZIT, COLLEEN A. DE VRIES,
COGENCY GLOBAL INC., TURKCOMMERCE B.V., MORGAN
STANLEY & CO. LLC, J.P. MORGAN SECURITIES LLC,
GOLDMAN, SACHS & CO. LLC, BOFA SECURITIES, INC., and
UBS SECURITIES LLC,
Defendants.

Index No. 655701/2021

The Honorable Robert R. Reed, J.S.C.

Part 43

SUMMARY NOTICE OF PENDENCY AND PROPOSED CLASS ACTION SETTLEMENT

**TO:** ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED HEPSIBURADA AMERICAN DEPOSITORY SHARES ("ADSs") PURSUANT AND/OR TRACEABLE TO HEPSIBURADA'S JULY 1, 2021 INITIAL PUBLIC OFFERING ("IPO") THROUGH NOVEMBER 23, 2021, INCLUSIVE

THIS NOTICE WAS AUTHORIZED BY THE COURT. IT IS NOT A LAWYER SOLICITATION. PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.

YOU ARE HEREBY NOTIFIED that a hearing will be held on August 1, 2023, at 2:00 p.m., before the Honorable P. Kevin Castel, U.S. District Court, Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl St., New York, NY 10007, to determine whether: (1) the proposed settlement (the "Settlement") of the above-captioned action (the "Action") as well as the action pending in the Supreme Court of the State of New York, County of New York, styled as *Benson v. D-MARKET Elektronik Hizmetler ve Ticaret Anonim Şirketi, et al.*, Index No. 655701/2021 (the "State Court Action"), as set forth in the Stipulation of Settlement ("Stipulation") for $15,900,000 in cash should be approved by the Court as fair, reasonable, and adequate; (2) the Judgment as provided under the Stipulation should be entered; (3) to award Plaintiffs' Counsel attorneys' fees and expenses out of the Settlement Fund (as defined in the Notice of Pendency and Proposed Settlement of Class Actions ("Notice"), which is discussed below), and, if so, in what amount; (4) to award Plaintiffs for representing the Settlement Class out of the Settlement Fund and, if so, in what amount; and (5) the Plan of Allocation should be approved by the Court as fair, reasonable, and adequate. The Court reserves the right to hold the Settlement Fairness Hearing telephonically or by other virtual means.

This Action and the State Court Action are securities class actions brought on behalf of those persons who purchased or otherwise acquired D-MARKET Elektronik Hizmetler ve Ticaret Anonim Şirketi a/k/a D-MARKET Electronic Services & Trading d/b/a Hepsiburada ("Hepsiburada" or the "Company") ADSs pursuant and/or traceable to the Registration Statement for Hepsiburada's IPO, against Hepsiburada, certain of its officers, directors, pre-IPO shareholder, agent for service of process, and the underwriters of Hepsiburada's IPO (collectively, "Defendants") for allegedly misstating and omitting material facts from the Registration Statement filed with the U.S. Securities and Exchange Commission in connection with the IPO. Plaintiffs allege that these purportedly false and misleading statements inflated the price of the Company's ADSs, resulting in damage to Settlement Class Members when the truth was revealed. Defendants expressly deny all of Plaintiffs' allegations.

IF YOU PURCHASED OR ACQUIRED HEPSIBURADA ADSs PURSUANT AND/OR TRACEABLE TO HEPSIBURADA'S JULY 1, 2021 IPO THROUGH AND INCLUDING NOVEMBER 23, 2021, YOUR RIGHTS MAY BE AFFECTED BY THE SETTLEMENT OF THIS ACTION AND THE STATE COURT ACTION.

To share in the distribution of the Settlement Fund, you must establish your rights by submitting a Proof of Claim and Release form by mail (**postmarked no later than September 27, 2023**) or electronically (**no later than September 27, 2023**). Your failure to submit your Proof of Claim and Release by September 27, 2023, will subject your claim to rejection and preclude your receiving any of the recovery in connection with the Settlement of this Action and the State Court Action. If you are a member of the Settlement Class and do not request exclusion therefrom as instructed, you will be bound by the Settlement and any judgment and release entered in the Action and the State Court Action, including, but not limited to, the Judgment, whether or not you submit a Proof of Claim and Release.

If you have not received a copy of the Notice, which more completely describes the Settlement and your rights thereunder (including your right to object to the Settlement), and a Proof of Claim and Release, you may obtain these documents, as well as a copy of the Stipulation (which, among other things, contains definitions for the defined terms used in this Summary Notice) and other settlement documents, online at www.HepsiburadaSecuritiesLitigation.com, or by writing to:

*Hepsiburada Securities Litigation*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 6181
Novato, CA 94948-6181

Inquiries should NOT be directed to Defendants, the Court, or the Clerk of the Court. Inquiries, other than requests for the Notice or for a Proof of Claim and Release, may be made to:

Plaintiffs' Counsel:

Frederic G. Fox
KAPLAN FOX & KILSHEIMER LLP
800 Third Avenue
New York, NY 10022
Telephone: (212) 687-1980

Michael G. Capeci
ROBBINS GELLER RUDMAN & DOWD LLP
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: (800) 449-4900

IF YOU DESIRE TO BE EXCLUDED FROM THE SETTLEMENT CLASS, YOU MUST SUBMIT A REQUEST FOR EXCLUSION SUCH THAT IT IS **POSTMARKED BY JULY 10, 2023**, IN THE MANNER AND FORM EXPLAINED IN THE NOTICE. ALL MEMBERS OF THE SETTLEMENT CLASS WHO HAVE NOT REQUESTED EXCLUSION FROM THE SETTLEMENT CLASS WILL BE BOUND BY THE SETTLEMENT EVEN IF THEY DO NOT SUBMIT A TIMELY PROOF OF CLAIM AND RELEASE.

IF YOU ARE A SETTLEMENT CLASS MEMBER, YOU HAVE THE RIGHT TO OBJECT TO THE SETTLEMENT, THE PLAN OF ALLOCATION, THE REQUEST BY PLAINTIFFS' COUNSEL FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES, AND/OR THE AWARD TO LEAD PLAINTIFF FOR REPRESENTING THE SETTLEMENT CLASS. ANY OBJECTIONS MUST BE FILED WITH THE COURT AND SENT TO PLAINTIFFS' COUNSEL AND DEFENDANTS' COUNSEL **BY JULY 18, 2023**, IN THE MANNER AND FORM EXPLAINED IN THE NOTICE.

DATED:     April 20, 2023

BY ORDER OF THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK [*]

[*] The Stipulation can be viewed and/or obtained at www.HepsiburadaSecuritiesLitigation.com.

---

### CLASS ACTION

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

IN RE HP INC. SECURITIES LITIGATION

Case No. 3:20-cv-01260-SI

**CLASS ACTION**

SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT;
(II) SETTLEMENT HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES

**TO:** All persons and entities who purchased or otherwise acquired the common stock of HP Inc. ("HP") between February 23, 2017 and October 3, 2019, inclusive, and were damaged thereby ("Settlement Class").

**PLEASE READ THIS NOTICE CAREFULLY; YOUR RIGHTS WILL BE
AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

**YOU ARE HEREBY NOTIFIED**, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Northern District of California ("Court"), that the above-captioned action ("Action") has been provisionally certified as a class action for purposes of settlement, except for certain persons and entities who are excluded from the Settlement Class by definition as set forth in the Stipulation and Agreement of Settlement dated March 2, 2023 ("Stipulation") and the detailed Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses ("Notice"). The Stipulation and Notice can be viewed at www.HPSecuritiesSettlement.com.

**YOU ARE ALSO NOTIFIED** that Lead Plaintiffs, the State of Rhode Island, Office of the General Treasurer, on behalf of the Employees' Retirement System of Rhode Island, and Iron Workers Local 580 Joint Funds, and Defendants HP, Dion J. Weisler, Catherine A. Lesjak, Steven J. Fieler, Enrique Lores have reached a proposed settlement of the Action on behalf of the Settlement Class for $100,000,000 in cash ("Settlement"). If approved by the Court, the Settlement will resolve all claims in the Action.

A hearing ("Settlement Hearing") will be held on **July 28, 2023 at 10:00 a.m.** Pacific Time, before the Honorable Susan Illston, United States District Court Judge for the Northern District of California, either in person at the Phillip Burton Federal Building & United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, in Courtroom 1 – 17th Floor, or by telephone or videoconference (at the discretion of the Court), to determine, among other things: (i) whether, for purposes of settlement, the Action should be certified as a class action on behalf of the Settlement Class, Lead Plaintiffs should be appointed as class representatives for the Settlement Class, and Lead Counsel should be appointed as class counsel for the Settlement Class; (ii) whether the Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class, and should be finally approved by the Court; (iii) whether the Action should be dismissed with prejudice against Defendants and the releases specified and described in the Stipulation (and in the Notice) should be granted; and (iv) whether Lead Counsel's motion for an award to Lead Counsel of attorneys' fees and litigation expenses should be approved. The Settlement Hearing may be continued by the Court without further notice to the Settlement Class. Lead Plaintiffs directly related to the representation of the Settlement Class should be approved. Any updates regarding the Settlement Hearing, including any changes to the date or time of the hearing or updates regarding in-person or remote appearances at the hearing, will be posted to the website for the Settlement, www.HPSecuritiesSettlement.com.

**If you are a member of the Settlement Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Settlement proceeds.** This notice provides only a summary of the information contained in the detailed Notice. You may obtain a copy of the Notice, along with the Claim Form, by: (i) contacting the Claims Administrator at *HP Securities Litigation*, c/o A.B. Data, Ltd., P.O. Box 173010, Milwaukee, WI 53217, 1-877-388-1759, info@HPSecuritiesSettlement.com; or (ii) downloading them from the website for the Settlement, www.HPSecuritiesSettlement.com, or from Lead Counsel's website www.ktmc.com and www.blbglaw.com.

To be eligible to receive a payment from the Settlement, you must be a member of the Settlement Class and submit a Claim Form **postmarked (if mailed), or online, no later than August 14, 2023**, in accordance with the instructions set forth in the Claim Form. If you are a Settlement Class Member and do not submit a proper Claim Form, you will not be eligible to share in the Settlement proceeds, but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you are a member of the Settlement Class and wish to exclude yourself from the Settlement Class, you must submit a request for exclusion such that it is **received no later than July 7, 2023**, in accordance with the instructions set forth in the Notice. If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court in the Action and you will not receive any benefits from the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and expenses, must be submitted to the Court. Objections must be **filed or postmarked (if mailed) no later than July 7, 2023**, in accordance with the instructions set forth in the Notice.

**PLEASE DO NOT CONTACT THE COURT, THE CLERK'S OFFICE, DEFENDANTS, OR DEFENDANTS' COUNSEL REGARDING THIS NOTICE.** All questions about this notice, the Settlement, or your eligibility to participate in the Settlement should be directed to Lead Counsel or the Claims Administrator.

Requests for the Notice and Claim Form should be made to the Claims Administrator:

*HP Securities Litigation*
c/o A.B. Data, Ltd.
P.O. Box 173010
Milwaukee, WI 53217
1-877-388-1759
info@HPSecuritiesSettlement.com
www.HPSecuritiesSettlement.com

All other inquiries should be made to Lead Counsel:

Bernstein Litowitz Berger & Grossmann LLP
John J. Rizio-Hamilton, Esq.
Jeremy P. Robinson, Esq.
1251 Avenue of the Americas
New York, NY 10020
1-800-380-8496
settlements@blbglaw.com

Kessler Topaz Meltzer & Check, LLP
Jennifer L. Joost, Esq.
Stacey M. Kaplan, Esq.
One Sansome Street, Suite 1850
San Francisco, CA 94104
1-415-400-3000
info@ktmc.com

BY ORDER OF THE COURT
United States District Court
Northern District of California

---

### BUSINESS OPPORTUNITIES



**STOCK TRADING PLATFORM**
**LOOKING FOR A COMPANY**
**TO EVALUATE, MARKET & SELL PLATFORM**

Privately Owned - Copyrighted - Own Source Code
Completely Automated - C#/API Broker Interfaced
43% +/- Per/Year Average Return - Program Set to Trade Conservatively
Every Trade Decision - Long or Short is Calculated & Executed By Program

Email: TSSLEGALSTOCKTRADINGPLATFORM@GMAIL.COM

---

### BUSINESS OPPORTUNITIES

**Home Defense**
My patented product makes home defense EASY and opens a large market. Partner needed. Videos at:
SeniorCitizenDefender.com

**Partnership or Family Biz Break-up?**
Alternative Dispute Resolution Expert
125+ cases in the last 8+ years
"Work with the best"
www.Scott4Business.com

---

### THE MARKETPLACE
ADVERTISE TODAY | (800) 366-3975 | wsj.com/classifieds
© 2023 Dow Jones & Company, Inc. All Rights Reserved.

### NOTABLE COMMERCIAL PROPERTIES
(800) 366-3975 | wsj.com/classifieds
© 2023 Dow Jones & Company, Inc. All Rights Reserved.

Declaration of Publication

I, Carla Peak, as Vice President, Legal Notification Services at Gilardi & Co. LLC, a KCC Class Action Services Company in San Rafael, California, hereby certify that I caused the attached notice to be printed in said publication on May 19, 2023:

Name of Publication: The Wall Street Journal

Address: 1211 Avenue of the Americas

City, State, Zip: New York, NY 10036

Phone #: 1-800-568-7625

State of: New York

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 19th day of May 2023, at Sellersville, Pennsylvania.

_____

Carla Peak



# Kaplan Fox & Kilsheimer LLP and Robbins Geller Rudman & Dowd LLP Announce Proposed Settlement in the Hepsiburada Securities Litigation

May 19, 2023 08:00 AM Eastern Daylight Time

NEW YORK--(BUSINESS WIRE)--The following statement is being issued by Kaplan Fox & Kilsheimer LLP and Robbins Geller Rudman & Dowd LLP regarding the Hepsiburada Securities Litigation:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

X

| | |
|---|---|
| IWA-FOREST INDUSTRY PENSION PLAN, Individually and on Behalf of All Others Similarly Situated,  Plaintiff,  v.  D-MARKET ELEKTRONIK HIZMETLER VE TICARET ANONIM ŞIRKETI a/k/a D-MARKET ELECTRONIC SERVICES & TRADING d/b/a/ HEPSIBURADA, MEHMET MURAT EMIRDAĞ, HALIL KORHAN ÖZ, HANZADE VASFIYE DOĞAN BOYNER, ERMAN KALKANDELEN, MEHMET EROL ÇAMUR, CEMAL AHMET BOZER, VUSLAT DOĞAN SABANCI, MUSTAFA AYDEMIR, TOLGA BABALI, COLLEEN A. DE VRIES, COGENCY GLOBAL INC., MORGAN STANLEY & CO. LLC, J.P. MORGAN SECURITIES LLC, GOLDMAN, SACHS & CO. LLC, BOFA SECURITIES INC., UBS SECURITIES LLC, and TURKCOMMERCE B.V.,  Defendants. | Civil Action No. 1:21-cv-08634-PKC  CLASS ACTION  Honorable P. Kevin Castel |

X

---X

| | |
|---|---|
| JAMES BENSON, Individually and on Behalf of All Others Similarly Situated, | Index No. 655701/2021 |
| Plaintiff, | CLASS ACTION |
| v. | The Honorable Robert R. Reed, J.S.C. |
| D-MARKET ELEKTRONIK HIZMETLER VE TICARET ANONIM ŞIRKETI, HANZADE VASFIYE DOĞAN BOYNER, MEHMET MURAT EMIRDAĞ, HALIL KORHAN ÖZ, ERMAN KALKANDELEN, MEHMET EROL ÇAMUR, CEMAL AHMET BOZER, VUSLAT DOĞAN SABANCI, MUSTAFA AYDEMIR, TOLGA BABALI, TAYFUN BAYAZIT, COLLEEN A. DE VRIES, COGENCY GLOBAL INC., TURKCOMMERCE B.V., MORGAN STANLEY & CO. LLC, J.P. MORGAN SECURITIES LLC, GOLDMAN, SACHS & CO. LLC, BOFA SECURITIES, INC., and UBS SECURITIES LLC, | Part 43 |
| Defendants. | |

---X

**SUMMARY NOTICE OF PENDENCY AND PROPOSED CLASS ACTION SETTLEMENT**

**TO: ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED HEPSIBURADA AMERICAN DEPOSITORY SHARES ("ADSs") PURSUANT AND/OR TRACEABLE TO HEPSIBURADA'S JULY 1, 2021 INITIAL PUBLIC OFFERING ("IPO") THROUGH NOVEMBER 23, 2021, INCLUSIVE**

**THIS NOTICE WAS AUTHORIZED BY THE COURT. IT IS NOT A LAWYER SOLICITATION. PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.**

YOU ARE HEREBY NOTIFIED that a hearing will be held on August 1, 2023, at 2:00 p.m., before the Honorable P. Kevin Castel, U.S. District Court, Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl St., New York, NY 10007, to determine whether: (1) the proposed settlement (the "Settlement") of the above-captioned action (the "Action") as well as the action pending in the Supreme Court of the State of New York, County of New York, styled as *Benson v. D-MARKET Elektronik Hizmetler ve Ticaret Anonim Şirketi, et al.*, Index No. 655701/2021 (Sup. Ct. N.Y.) ("State Court Action"), as set forth in the Stipulation of Settlement ("Stipulation")[1] for $13,900,000 in cash should be approved by the Court as fair, reasonable, and adequate; (2) the Judgment as provided under the Stipulation should be entered; (3) to award Plaintiffs' Counsel attorneys' fees and expenses out of the Settlement Fund (as defined in the Notice of Pendency and Proposed Settlement of Class Actions ("Notice"), which is discussed below), and, if so, in what amount;

(4) to award Plaintiffs' representing the Settlement class out of the Settlement Fund and, in a given amount; and (5) the Plan of Allocation should be approved by the Court as fair, reasonable, and adequate. The Court reserves the right to hold the Settlement Fairness Hearing telephonically or by other virtual means.

This Action and the State Court Action are securities class actions brought on behalf of those persons who purchased or otherwise acquired D-MARKET Elektronik Hizmetler ve Ticaret Anonim Şirketi a/k/a D-MARKET Electronic Services & Trading d/b/a Hepsiburada ("Hepsiburada" or the "Company") ADSs pursuant and/or traceable to the Registration Statement for Hepsiburada's IPO, against Hepsiburada, certain of its officers, directors, pre-IPO shareholder, agent for service of process, and the underwriters of Hepsiburada's IPO (collectively, "Defendants") for allegedly misstating and omitting material facts from the Registration Statement filed with the U.S. Securities and Exchange Commission in connection with the IPO. Plaintiffs allege that these purportedly false and misleading statements inflated the price of the Company's ADSs, resulting in damage to Settlement Class Members when the truth was revealed. Defendants expressly deny all of Plaintiffs' allegations.

IF YOU PURCHASED OR ACQUIRED HEPSIBURADA ADSs PURSUANT AND/OR TRACEABLE TO HEPSIBURADA'S JULY 1, 2021 IPO THROUGH AND INCLUDING NOVEMBER 23, 2021, YOUR RIGHTS MAY BE AFFECTED BY THE SETTLEMENT OF THIS ACTION AND THE STATE COURT ACTION.

To share in the distribution of the Settlement Fund, you must establish your rights by submitting a Proof of Claim and Release form by mail **(postmarked no later than September 27, 2023)** or electronically **(no later than September 27, 2023)**. Your failure to submit your Proof of Claim and Release by September 27, 2023, will subject your claim to rejection and preclude your receiving any of the recovery in connection with the Settlement of this Action and the State Court Action. If you are a member of the Settlement Class and do not request exclusion therefrom as instructed, you will be bound by the Settlement and any judgment and release entered in the Action and the State Court Action, including, but not limited to, the Judgment, whether or not you submit a Proof of Claim and Release.

If you have not received a copy of the Notice, which more completely describes the Settlement and your rights thereunder (including your right to object to the Settlement), and a Proof of Claim and Release, you may obtain these documents, as well as a copy of the Stipulation (which, among other things, contains definitions for the defined terms used in this Summary Notice) and other settlement documents, online at www.HepsiburadaSecuritiesLitigation.com, or by writing to:

*Hepsiburada Securities Litigation*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 6181
Novato, CA 94948-6181

Inquiries should NOT be directed to Defendants, the Court, or the Clerk of the Court.

Inquiries, other than requests for the Notice or for a Proof of Claim and Release, may be made to:

Plaintiffs' Counsel:

| Frederic S. Fox | Michael G. Capeci |
|---|---|
| KAPLAN FOX & KILSHEIMER LLP | ROBBINS GELLER RUDMAN & DOWD LLP |
| 800 Third Avenue | 58 South Service Road, Suite 200 |
| New York, NY 10022 | Melville, NY 11747 |
| Telephone: (212) 687-1980 | Telephone: (800) 449-4900 |

IF YOU DESIRE TO BE EXCLUDED FROM THE SETTLEMENT CLASS, YOU MUST SUBMIT A REQUEST FOR EXCLUSION SUCH THAT IT IS **POSTMARKED BY JULY 10, 2023**, IN THE MANNER AND FORM EXPLAINED IN THE NOTICE. ALL MEMBERS OF THE SETTLEMENT CLASS WHO HAVE NOT REQUESTED EXCLUSION FROM THE SETTLEMENT CLASS WILL BE BOUND BY THE SETTLEMENT EVEN IF THEY DO NOT SUBMIT A TIMELY PROOF OF CLAIM AND RELEASE.

IF YOU ARE A SETTLEMENT CLASS MEMBER, YOU HAVE THE RIGHT TO OBJECT TO THE SETTLEMENT, THE PLAN OF ALLOCATION, THE REQUEST BY PLAINTIFFS' COUNSEL FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES, AND/OR THE AWARD TO LEAD PLAINTIFF FOR REPRESENTING THE SETTLEMENT CLASS. ANY OBJECTIONS MUST BE FILED WITH THE COURT AND SENT TO PLAINTIFFS' COUNSEL AND DEFENDANTS' COUNSEL **BY JULY 18, 2023**, IN THE MANNER AND FORM EXPLAINED IN THE NOTICE.

DATED: April 20, 2023                              BY ORDER OF THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

[1] The Stipulation can be viewed and/or obtained at www.HepsiburadaSecuritiesLitigation.com.

## Contacts

Media Contact:

Robbins Geller Rudman & Dowd LLP

Shareholder Relations Department

Greg Wood

(619) 231-1058

Declaration of Publication

I, Carla Peak, as Vice President, Legal Notification Services at Gilardi & Co. LLC, a KCC Class Action Services Company in San Rafael, California, hereby certify that I caused the attached notice to be published as a press release by the following wire service:

Name of Publication: BusinessWire

Address: 101 California Street 20th Floor

City, ST Zip: San Francisco, CA 94111

Phone #: 415-986-4422

State of: California

The press release was distributed on May 19, 2023 to the following media circuits offered by the above-referenced wire service:

1.  National Newsline

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 19th day of May 2023, at Sellersville, Pennsylvania.


_____
Carla Peak