## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IWA-FOREST INDUSTRY PENSION PLAN, Individually and on Behalf of All Others Similarly Situated, | Civil Action No. 1:21-cv-08634-PKC |
| Plaintiff, | CLASS ACTION |
| vs. | Honorable P. Kevin Castel |
| D-MARKET ELEKTRONIK HIZMETLER VE TICARET ANONIM ŞIRKETI a/k/a D MARKET ELECTRONIC SERVICES & TRADING d/b/a/ HEPSIBURADA, MEHMET MURAT EMIRDAĞ, HALIL KORHAN ÖZ, HANZADE VASFIYE, DOĞAN BOYNER, ERMAN KALKANDELEN, MEHMET EROL ÇAMUR, CEMAL AHMET BOZER, VUSLAT DOĞAN SABANCI, MUSTAFA AYDEMIR, TOLGA BABALI, COLLEEN A. DE VRIES, COGENCY GLOBAL INC., MORGAN STANLEY & CO. LLC, J.P. MORGAN SECURITIES LLC, GOLDMAN, SACHS & CO. LLC, BOFA SECURITIES INC., UBS SECURITIES LLC, and TURKCOMMERCE B.V., | |
| Defendants. | |

## DECLARATION OF BRANDON WIEBE IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND MOTION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES

I, Brandon Wiebe, declare as follows, pursuant to 28 U.S.C. §1746:

1.     I am the General Counsel of IWA-Forest Industry Pension Plan ("IWA"), the Lead Plaintiff and Class Representative in the above-captioned securities class action (the "Action").[1] IWA is an institutional investor that provides retirement benefits to more than 68,000 active, deferred, and retired members, and manages assets in excess of $4 billion.

2.     I respectfully submit this declaration in support of (a) approval of the proposed class action Settlement, (b) approval of the Plan of Allocation, and (c) Lead Counsel's motion for an award of attorneys' fees and expenses, which includes IWA's application for reimbursement of costs and expenses pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"). I have personal knowledge of the matters related to IWA's application and of the other matters set forth in this declaration, as I have been directly involved in monitoring and overseeing the prosecution of the Action, and I could and would testify competently thereto.

A.  **Work Performed by IWA on Behalf of the Class**

3.     IWA understands that the PSLRA was intended to encourage institutional investors with large losses to seek to manage and direct securities fraud class actions. IWA is a large, sophisticated institutional investor that committed itself to vigorously prosecuting this litigation, through trial if necessary. In seeking appointment as a lead plaintiff in the case, IWA understood its fiduciary duties to serve the interests of the class by participating in the management and prosecution of the case.

4.     I, and prior to July 2023, my predecessor in the role of General Counsel, Mark Guiton, have monitored and been engaged in all material aspects of the prosecution and resolution of this litigation. Among other things, Mr. Guiton and I communicated with our attorneys on a

---

[1] All capitalized terms used herein, unless otherwise defined, have the same meanings as set forth in the Stipulation and Agreement of Settlement (the "Stipulation"), dated March 22, 2023.

regular basis to discuss the status of the case, and counsel's strategy for the prosecution and eventual settlement of the Action. Further, Mr. Guiton and I reviewed pleadings, briefs, and other material documents filed throughout the case.

**B.  IWA Endorses Approval of the Settlement**

5.        Based on its involvement throughout the prosecution and resolution of the Action, IWA believes that the proposed Settlement is fair, reasonable, and adequate, and in the best interest of the Settlement Class. IWA believes that the proposed Settlement represents a substantial recovery for the Settlement Class, particularly in light of the substantial risks of continuing to litigate the Action, and it endorses approval of the Settlement by the Court.

**C.  IWA Supports Lead Counsel's Motion for an Award of Attorneys' Fees and Payment of Litigation Expenses**

6.        IWA also believes that Lead Counsel's request for an award of attorneys' fees is fair and reasonable. IWA has evaluated Lead Counsel's fee request in light of the very substantial work performed, the risks and challenges in the litigation, as well as the favorable recovery obtained for the Settlement Class. IWA understands that Lead Counsel will also devote additional time in the future to administering the Settlement. IWA further believes that the litigation expenses requested are reasonable, and represent the costs and expenses that were necessary for the successful prosecution and resolution of this case. Based on the foregoing, and consistent with its obligation to obtain the best result at the most efficient cost on behalf of the Settlement Class, IWA supports Lead Counsel's motion for attorneys' fees and expenses.

7.        In addition, IWA understands that reimbursement of a lead plaintiff's reasonable costs and expenses, including lost wages, is authorized §21D(a)(4) of the PSLRA, 15 U.S.C. §78-4(a)(4). Consequently, in connection with Lead Counsel's request for payment of litigation expenses, IWA seeks reimbursement in the amount of CDN\$2595.88, which represents the cost of

the at least 24 hours that IWA devoted to the litigation from November 2021 through June 2023.

8.      Prior to July 2023, Mark Guiton was the primary point of contact between IWA and Lead Counsel. After July 2023, I was the primary point of contact between IWA and Lead Counsel. Mr. Guiton and I regularly consulted with Lead Counsel throughout the course of the Action. Mr. Guiton and I also reviewed court filings and mediation submissions. I dedicated considerable time to the Action and am seeking reimbursement for the 13 hours spent litigating this matter. This was time that I did not spend conducting IWA's usual business. My effective hourly rate is CDN$104 per hour. The total cost of my time is CDN$1352.

9.      I am advised by Mark Guiton that while he was in the role of General Counsel prior to July 2023 that he spent a total of 11 hours in this Action, including consultations with Lead Counsel and reviewing certain submissions in the Action, and I verily believe this to be true. This was time that he did not spend conducting IWA's usual business. I am further advised by Mark Guiton that his effective hourly rate while he was General Counsel was CDN$113.08 per hour and I verily believe this to be true. The total cost of his time is CDN$1243.88.

10.     In total, Mr. Guiton and I spent 24 hours working on this Action at a total cost to IWA of CDN$2595.88.

**Conclusion**

11.     In conclusion, IWA endorses the Settlement as fair, reasonable, and adequate, and believes it represents a favorable recovery for the Settlement Class. IWA further supports Lead Counsel's attorneys' fees and litigation expense request and believes that it represents fair and reasonable compensation for counsel in light of the extensive worked performed, the recovery obtained for the Settlement Class, and the attendant litigation risks. Finally, IWA requests reimbursement for its costs in the amount of CDN$2595.88. Accordingly, IWA respectfully requests that the Court approve the motion for final approval of the proposed Settlement and Plan

of Allocation and the motion for an award of attorneys' fees and expenses and award to Lead Plaintiffs.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I have the authority to execute this Declaration on behalf of IWA.

Executed this 27th day of June, 2023 at Burnaby, British Columbia, Canada.

Brandon Wiebe
General Counsel
IWA-Forest Industry Pension Plan