UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

| | |
|---|---|
| IWA-FOREST INDUSTRY PENSION PLAN, Individually and on Behalf of All Others Similarly Situated, | : Civil Action No. 1:21-cv-08634-PKC |
| | : <u>CLASS ACTION</u> |
| Plaintiff, | : Honorable P. Kevin Castel |
| vs. | : |
| D-MARKET ELEKTRONIK HIZMETLER VE TICARET ANONIM ŞIRKETI a/k/a D MARKET ELECTRONIC SERVICES & TRADING d/b/a/ HEPSIBURADA, MEHMET MURAT EMIRDAĞ, HALIL KORHAN ÖZ, HANZADE VASFIYE, DOĞAN BOYNER, ERMAN KALKANDELEN, MEHMET EROL ÇAMUR, CEMAL AHMET BOZER, VUSLAT DOĞAN SABANCI, MUSTAFA AYDEMIR, TOLGA BABALI, COLLEEN A. DE VRIES, COGENCY GLOBAL INC., MORGAN STANLEY & CO. LLC, J.P. MORGAN SECURITIES LLC, GOLDMAN, SACHS & CO. LLC, BOFA SECURITIES INC., UBS SECURITIES LLC, and TURKCOMMERCE B.V., | : : : : : : : : : : |
| Defendants. | : |

---------------------------------------------------------------x

**LEAD PLAINTIFF'S AMENDED NOTICE OF MOTION FOR (1) FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION AND (2) AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF <u>LITIGATION EXPENSES</u>**

Please take notice that, pursuant to Federal Rules of Civil Procedure 23(e) and this Court's Order Preliminarily Approving Settlement and Providing for Notice dated April 20, 2023 (the "Preliminary Approval Order") (ECF No. 75), and upon (i) the Declaration of Frederic S. Fox and Michael G. Capeci n Support of (1) Plaintiffs' Motion for Final Approval of Settlement and Plan of Allocation and (2) Plaintiffs' Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses; (ii) the Declaration of Ross D. Murray Regarding Notice Dissemination, Publication, and requests for Exclusion Received to Date; (iii) the Declarations of Brand Wiebe and James Benson in Support of Motion for Final Approval of Class Action Settlement and Motion for an Award of Attorneys' Fees and Expenses; (iv) the Memorandum of Law in Support of Plaintiffs' Motion for Final Approval of Settlement and Plan of Allocation; (v) the Memorandum of Law in Support of Plaintiffs' Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses; and (vi) and all other papers and proceedings herein, Lead Plaintiff, IWA Forest Industry Pension Plan, on behalf of itself and the Settlement Class, will and do hereby move this Court, before the Honorable P. Kevin Castel, on August 1, 2023 at 2:00 p.m. at the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York 10007, or at such other location and time as set by the Court, for entry of Judgment approving the Settlement as fair, reasonable and adequate, for entry of an Order approving the proposed Plan of Allocation as fair and reasonable, and for an Order approving an award of Attorneys' Fees and reimbursement of Litigation Expenses.

Attached hereto as Exhibit A is the [Proposed] Final Judgment and Order of Dismissal with Prejudice that Lead Plaintiff respectfully requests the Court sign and enter.

Dated: June 30, 2023                                  Respectfully submitted,

**KAPLAN FOX & KILSHEIMER LLP**

 /s/ *Frederic S. Fox*
Frederic S. Fox
Donald R. Hall
850 Third Avenue, 14th Floor
New York, NY 10022
Telephone: (212) 687-1980
Facsimile: (212) 687-7714

*Lead Counsel for Lead Plaintiff and the Settlement Class*

## **CERTIFICATE OF SERVICE:**

I hereby certify that on June 30, 2023, I caused the foregoing Lead Plaintiff's Notice of Motion For (1) Final Approval of Class Action Settlement and Plan of Allocation and (2) Award of Attorneys' Fees and Reimbursement of Litigation Expenses, and all supporting documents, to be served electronically on all counsel of record.

s/ *Frederic S. Fox*
Frederic S. Fox

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| IWA-FOREST INDUSTRY PENSION PLAN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>D-MARKET ELEKTRONIK HIZMETLER VE TICARET ANONIM ŞIRKETI a/k/a D-MARKET ELECTRONIC SERVICES & TRADING d/b/a/ HEPSIBURADA, MEHMET MURAT EMIRDAĞ, HALIL KORHAN ÖZ, HANZADE VASFIYE DOĞAN BOYNER, ERMAN KALKANDELEN, MEHMET EROL ÇAMUR, CEMAL AHMET BOZER, VUSLAT DOĞAN SABANCI, MUSTAFA AYDEMIR, TOLGA BABALI, COLLEEN A. DE VRIES, COGENCY GLOBAL INC., MORGAN STANLEY & CO. LLC, J.P. MORGAN SECURITIES LLC, GOLDMAN, SACHS & CO. LLC, BOFA SECURITIES INC., UBS SECURITIES LLC, and TURKCOMMERCE B.V.,<br><br>Defendants. | Civil Action No. 1:21-cv-08634-PKC<br><br>CLASS ACTION<br><br>Honorable P. Kevin Castel |

**[PROPOSED] ORDER AND FINAL JUDGMENT**

WHEREAS, the Court is advised that the Parties,[1] through their counsel, have agreed, subject to Court approval following notice to the Settlement Class and a hearing, to settle the above-captioned action ("Action") and the action pending in the Supreme Court of the State of New York, County of New York styled as *Benson v. D-MARKET Elektronik Hizmetler ve Ticaret Anonim Şirketi, et al.*, Index No. 655701/2021 (Sup. Ct. N.Y.) ("State Court Action") upon the terms and conditions set forth in the Stipulation of Settlement dated March 22, 2023 (the "Stipulation" or "Settlement"); and

WHEREAS, on _____, 2023, the Court entered its Order Granting Preliminary Approval of Class Action Settlement (the "Notice Order"), which preliminarily approved the Settlement, and approved the form and manner of notice to the Settlement Class of the Settlement, and said notice has been made, and the fairness hearing having been held; and

NOW, THEREFORE, based upon the Stipulation and all of the filings, records, and proceedings herein, and it appearing to the Court upon examination that the Settlement set forth in the Stipulation is fair, reasonable, and adequate, and upon a Settlement Fairness Hearing having been held after notice to the Settlement Class of the Settlement to determine if the Settlement is fair, reasonable, and adequate and whether the Judgment should be entered in this Action;

THE COURT HEREBY FINDS AND CONCLUDES THAT:

---

[1] Unless otherwise indicated, all capitalized terms used herein shall have the same meaning as in the Stipulation. As used herein, the term "Parties" means Lead Plaintiff IWA-Forest Industry Pension Plan ("Federal Court Plaintiff"), plaintiff James Benson ("State Court Plaintiff"), and Defendants D-MARKET Elektronik Hizmetler ve Ticaret Anonim Şirketi a/k/a D-MARKET Electronic Services & Trading d/b/a Hepsiburada ("Hepsiburada" or the "Company"), TurkCommerce B.V., Hanzade Vasfiye Doğan Boyner, Mehmet Murat Emirdağ, Halil Korhan Öz, Erman Kalkandelen, Mehmet Erol Çamur, Cemal Ahmet Bozer, Vuslat Doğan Sabanci, Mustafa Aydemir, Tolga Babali, Tayfun Bayazit, Morgan Stanley & Co. LLC, J.P. Morgan Securities LLC, Goldman, Sachs & Co. LLC, BofA Securities, Inc., UBS Securities LLC, Colleen A. De Vries, and Cogency Global Inc.

1. This Judgment incorporates and makes a part hereof: (1) the Stipulation filed with the Court on _____, 2023; and (ii) the Notice and Summary Notice, both of which were filed with the Court on _____, 2023. Capitalized terms not defined in this Judgment shall have the meaning set forth in the Stipulation.

2. This Court has jurisdiction of the subject matter of this Action and over all of the Parties and all Settlement Class Members for purposes of the Settlement.

3. The Court finds, pursuant to Fed. R. Civ. P. 23(a) and (b)(3), that:

(a) the Settlement Class is so numerous that joinder of all members is impracticable;

(b) there are questions of law and fact common to the Settlement Class;

(c) the claims of Plaintiffs are typical of the claims of the Settlement Class;

(d) Plaintiffs and Plaintiffs' Counsel have fairly and adequately protected the interests of the Settlement Class;

(e) that the Action is hereby certified (in connection with Settlement only) as a class action pursuant to Fed. R. Civ. P. 23, on behalf of a settlement class consisting of all Persons that purchased or otherwise acquired Hepsiburada ADSs pursuant and/or traceable to Hepsiburada's July 1, 2021 Initial Public Offering through November 23, 2021, inclusive (the "Settlement Class"). Excluded from the Settlement Class are: (i) Defendants, (ii) the current and former executive officers and directors of each Defendant (in addition to those named as defendants), (iii) any entity in which any Defendant has or had a controlling interest, *provided, however*, that any Investment Vehicle shall not be excluded from the Settlement Class, (iv) Defendants' Immediate Family Members, and (v) the legal representatives, heirs, successors, or assigns of any such excluded party. Also excluded from the Settlement Class are any Persons who would otherwise be Settlement Class Members but

who timely and validly exclude themselves therefrom.  [No persons or entities have requested exclusion from the Settlement Class] [Attached hereto as Exhibit 1 is a list of the persons and entities who requested exclusion from the Settlement Class and are hereby excluded from the Settlement Class]; and

    (f) Plaintiffs are hereby certified as the Class Representatives, and Plaintiffs' Counsel are certified as Class Counsel.  The Court concludes that Class Representatives and Class Counsel have fairly and adequately represented the Settlement Class both in terms of litigating the Actions and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

  4. The dissemination of the Notice and the publication of the Summary Notice were implemented in accordance with the Notice Order.

  5. The form and manner of the Notice is hereby determined to have been the best notice practicable under the circumstances and to have been given in full compliance with each of the requirements of Fed. R. Civ. P. 23, the Private Securities Litigation Reform Act of 1995 ("PSLRA"), due process, and all other applicable laws and rules, and it is further determined that all members of the Settlement Class are bound by this Judgment.  The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, were fully discharged.  Thus, it is hereby determined that all members of the Settlement Class are bound by this Order and Final Judgment.

  [There have been no objections to the Settlement.]  [*In the event objections are filed:* The Court has considered each of the objections to the Settlement submitted in the Action pursuant to Rule 23(e)(5) of the Federal Rules of Civil Procedure.  The Court finds and concludes that each of the objections is without merit, and they are hereby overruled.]

  6. The Settlement, as set forth in the Stipulation, is fair, reasonable, and adequate.

      (a)    The Settlement was negotiated at arm's length by Plaintiffs on behalf of the Settlement Class and by Defendants, all of whom were represented by highly experienced and skilled counsel. The case settled only after, among other things: (i) a mediation conducted by an experienced mediator who was familiar with this Action and the State Court Action; (ii) the exchange between the Plaintiffs and Hepsiburada of detailed mediation statements before the mediation which highlighted the factual and legal issues in dispute; (iii) Plaintiffs' Counsel's extensive investigation, which included, among other things, a review of Hepsiburada's press releases, U.S. Securities and Exchange Commission filings, analyst reports, media reports, and other publicly disclosed reports and information about the Defendants; (iv) the drafting and submission of detailed complaints; and (v) motion practice directed to the Federal Court and State Court Complaints. Accordingly, both the Plaintiffs and Defendants were well-positioned to evaluate the settlement value of the Actions. The Stipulation has been entered into in good faith and is not collusive.

      (b)    If the Settlement had not been achieved, both Plaintiffs and Defendants faced the expense, risk, and uncertainty of extended litigation. The Court takes no position on the merits of either Plaintiffs' or Defendants' arguments, but notes these arguments as evidence in support of the reasonableness of the Settlement.

      7.    Plaintiffs and Plaintiffs' Counsel have fairly and adequately represented the interests of the Settlement Class Members in connection with the Settlement.

      8.    Plaintiffs, all Settlement Class Members, and Defendants are hereby bound by the terms of the Settlement set forth in the Stipulation.

      **IT IS HEREBY ORDERED THAT**:

1. The Settlement on the terms set forth in the Stipulation is finally approved as fair, reasonable, and adequate. The Settlement shall be consummated in accordance with the terms and provisions of the Stipulation.

2. The Action and all of the claims asserted against Defendants in the Action by Plaintiffs and the other Settlement Class Members are hereby dismissed with prejudice. The Parties are to bear their own costs, except as otherwise provided in the Stipulation.

3. The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Plaintiffs, and all other Settlement Class Members (regardless of whether or not any individual Settlement Class Member submits a Proof of Claim or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns. The persons and entities listed on Exhibit 1 hereto are excluded from the Settlement Class pursuant to request and are not bound by the terms of the Stipulation or this Judgment.

4. All Released Parties as defined in the Stipulation are released in accordance with, and as defined in, the Stipulation.

5. Without further action by anyone and, and subject to paragraph 7 below, upon the Effective Date, Plaintiffs and each Settlement Class Member, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, (i) shall be deemed to have, and by operation of law and this Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties, whether or not such Settlement Class Member executes and delivers a Proof of Claim and Release; and (ii) shall be deemed to have, and by operation of law and this Judgment shall have, covenanted not to commence, institute, maintain, or prosecute any or all of the Released Claims

against the Released Parties, whether or not such Settlement Class Member executes and delivers a Proof of Claim and Release.

6.  Upon the Effective Date, each of the Released Parties shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released Plaintiffs, Plaintiffs' Counsel, and each and all of the Settlement Class Members from all Released Defendants' Claims.

7.  Notwithstanding paragraphs 5-6 above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

8.  All Settlement Class Members who have not objected to the Settlement in the manner provided in the Notice are deemed to have waived any objections by appeal, collateral attack, or otherwise. No Settlement Class Member will be relieved from the terms and conditions of the Settlement, including the releases provided pursuant thereto, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice.

9.  All Settlement Class Members who have failed to properly and timely submit requests for exclusion (requests to opt out) from the Settlement Class are bound by the terms and conditions of the Stipulation and this Judgment.

10. [The requests for exclusion by the persons or entities identified in Exhibit 1 to this Judgment are accepted by the Court.]

11. All other provisions of the Stipulation are incorporated into this Judgment as if fully rewritten herein.

12. Plaintiffs and each of the Settlement Class Members, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, in their capacities as such, shall not institute, commence, maintain, or prosecute, and are hereby barred and enjoined from instituting, commencing, maintaining, prosecuting, or continuing to

prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, administrative forum, or any other forum, asserting any or all of the Released Claims against any of the Released Parties, whether or not a Settlement Class Member has executed and delivered a Proof of Claim or shares in the Settlement Fund.

13. Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement:

(a) Shall be offered or received against Defendants and/or the Released Parties as evidence of, or evidence, or construed as, or deemed to be supporting any presumption, concession, or admission by any Defendant and/or Released Party with respect to the truth of any allegations by Plaintiffs or any Settlement Class Member or the validity of any claim that was or could have been asserted in the Action or the deficiency of any defense that has been or could have been asserted in the Action or in any other litigation, or any liability, negligence, fault, or wrongdoing of any kind by any Defendant and/or Related Party, or in any way referred to for any other reason as against Defendants, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; however, Defendants may refer to it to effectuate the liability protection granted them hereunder;

(b) Shall be construed as or received in evidence as an admission or concession by, or presumption against, Plaintiffs or any of the Settlement Class Members that any of their claims are without merit, or that any defenses asserted by any Defendant has any merit, or that damages recoverable in this Action and the State Court Action would have exceeded the Settlement Fund;

(c) Shall be construed as or received in evidence as an admission, concession, or presumption against any Defendant and/or any Released Party that the consideration to be given

under the Settlement represents the amount which could be or would have been recovered after trial; and

    (d) Notwithstanding the foregoing, Defendants, Plaintiffs, Settlement Class Members, and/or the Released Parties may file the Stipulation and/or this Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

  14. Separate orders shall be entered regarding approval of a Plan of Allocation and the motion of Plaintiffs' Counsel for an award of attorneys' fees and reimbursement of litigation expenses. Such orders shall in no way disturb, affect, or delay the finality of this Judgment, shall be considered separately from this Judgment, and shall not affect or delay the Effective Date of the Settlement.

  15. In the event that the Stipulation is terminated in accordance with its terms or the Effective Date of the Settlement otherwise fails to occur: (a) this Judgment shall be rendered null and void and shall be vacated *nunc pro tunc*; (b) this Judgment shall be without prejudice to the rights of Plaintiffs, the other Settlement Class Members, and Defendants; (c) the Settlement Fund, less any Notice and Administration Costs actually incurred, paid, or payable and less any Taxes paid, due, or owing, subject to appropriate adjustment in the event any tax refund is obtained pursuant to the Stipulation, shall be refunded by the Escrow Agent as provided by the Stipulation; and (d) this Action and the State Court Action shall proceed as provided in the Stipulation.

  16. The Court finds that during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Fed. R. Civ. P. 11 and all other similar statutes.

17.     Without further order of the Court, the Parties may agree in writing to such amendments, modifications, and expansions of the Stipulation and reasonable extensions of time to carry out any of the provisions of the Stipulation, provided that such amendments, modifications, expansions, and extensions do not materially alter the rights of the Settlement Class Members or the Released Parties under the Stipulation.

18.     Without affecting the finality of this Judgment in any way, this Court retains continuing jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, interest, and expenses in the Action; and (d) all Parties hereto for the purpose of construing, enforcing, and administrating the Stipulation.

19.     There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

DATED: _____    _____
                                          THE HONORABLE P. KEVIN CASTEL
                                          UNITED STATES DISTRICT JUDGE