# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF NEW YORK

---------------------------------------- x

IWA-FOREST INDUSTRY PENSION PLAN, Individually and on Behalf of All Others Similarly Situated,

          Plaintiff,

vs.

D-MARKET ELEKTRONIK HIZMETLER VE TICARET ANONIM ŞIRKETI a/k/a D MARKET ELECTRONIC SERVICES & TRADING d/b/a/ HEPSIBURADA, MEHMET MURAT EMIRDAĞ, HALIL KORHAN ÖZ, HANZADE VASFIYE, DOĞAN BOYNER, ERMAN KALKANDELEN, MEHMET EROL ÇAMUR, CEMAL AHMET BOZER, VUSLAT DOĞAN SABANCI, MUSTAFA AYDEMIR, TOLGA BABALI, COLLEEN A. DE VRIES, COGENCY GLOBAL INC., MORGAN STANLEY & CO. LLC, J.P. MORGAN SECURITIES LLC, GOLDMAN, SACHS & CO. LLC, BOFA SECURITIES INC., UBS SECURITIES LLC, and TURKCOMMERCE B.V.,

          Defendants.

---------------------------------------- x

Civil Action No. 1:21-cv-08634-PKC

<u>CLASS ACTION</u>

Honorable P. Kevin Castel

# REPLY MEMORANDUM IN FURTHER SUPPORT OF
# (1) PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION; AND (2) PLAINTIFFS' COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND <u>EXPENSES</u>


**TABLE OF CONTENTS**

**Page(s)**

Table of Authorities ................................................................................................................. ii

1.  The Reaction of the Settlement Class ................................................................................ 1

2.  Argument ............................................................................................................................ 1

    a.  The Reaction of the Settlement Class Strongly Supports Final Approval of the Settlement and Plan of Allocation ................................................. 1

    b.  The Reaction of the Settlement Class Strongly Supports Awarding the Requested Attorneys' Fees, Litigation Expenses, and Costs and Expenses to Plaintiffs ................................................................................................. 3

3.  Conclusion .......................................................................................................................... 3

## TABLE OF AUTHORITIES

**Cases**                                                                                                                            Page(s)

*In re Am Int'l Grp. Inc. Sec. Litig.*,
  No. 04 Civ. 8141(DAB), 2010 WL 5060697 (S.D.N.Y. Dec. 2, 2010),
  *aff'd*, 452 F. App'x. 75 (2d Cir. 2012) ....................................................................................... 2

*In re Bear Stearns Cos., Sec., Derivative & ERISA Litig.*,
  909 F. Supp. 2d 259 (S.D.N.Y. 2012) ........................................................................................ 2

*In re EVCI Career Colls. Holdings Corp. Sec. Litig.*,
  No. 05 Civ. 10240 (CM), 2007 WL 2230177 (S.D.N.Y. July 27, 2007) ..................................... 2

*In re Facebook, Inc., IPO Sec. & Derivative Litig.*,
  343 F. Supp. 3d 394 (S.D.N.Y. 2018)
  *aff'd, In re Facebook Inc.*, 822 F. App'x 40 (2d Cir. 2020) .......................................................... 2

*In re Flag Telecom Holdings, Ltd. Sec. Litig.*,
  No. 02-CV-3400 (CM), 2010 WL 4537550 (S.D.N.Y. Nov. 8, 2010) ........................................ 3

*In re Veeco Instruments Inc. Sec. Litig.*,
  No. 05 MDL 01695(CM), 2007 WL 4115808 (S.D.N.Y. Nov. 7, 2007) .................................... 3

*In re Veeco Instruments Inc. Sec. Litig.*,
  No. 05 MDL 01695 (CM), 2007 WL 4115809 (S.D.N.Y. Nov. 7, 2007) ................................... 2

*Vaccaro v. New Source Energy Partners L.P.*,
  No. 15 CV 8954 (KMW), 2017 WL 6398636 (S.D.N.Y. Dec. 14, 2017) ................................... 3

*Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*,
  396 F.3d 96 (2d Cir. 2005) ........................................................................................................ 2

Pursuant to the Court's April 20, 2023 Order preliminarily approving the Settlement[1] (ECF No. 75) (the "Preliminary Approval Order"), and as a supplement to the final approval filings submitted by Plaintiffs and Plaintiffs' Counsel on June 30, 2023 (ECF Nos. 77-80), Plaintiffs and Plaintiffs' Counsel respectfully submit that the favorable reaction by the Settlement Class as described below further demonstrates the fairness, adequacy, and reasonableness of the Settlement, Plan of Allocation, and supports Plaintiffs' Counsel's request for attorneys' fees and payment of litigation expenses, and Plaintiffs' request for their costs and expenses.

**1.   The Reaction of the Settlement Class**

As described in Plaintiffs' previous filings and as supplemented by the accompanying Supplemental Declaration of Ross D. Murray Regarding Notice Dissemination and Requests for Exclusion Received to Date ("Supplemental Decl."), a total of 14,229 Claim Packages (as defined in the Supplemental Decl.) have been mailed by the Claims Administrator.  Supplemental Decl., ¶4.  The deadlines for submitting requests for exclusion from the Settlement Class was July 10, 2023, and for objecting to the Settlement, Plan of Allocation, and Plaintiffs' Counsel's fee and expense request was July 18, 2023.  Preliminary Approval Order, ¶¶15-16.  To date, *no request for exclusions* have been received.  Supplemental Decl., ¶¶5-6.  Plaintiffs' Counsel have likewise received *no objections to any aspect of the Settlement*.

**2.   Argument**

    **a.   The Reaction of the Settlement Class Strongly Supports Final Approval of the Settlement and Plan of Allocation**

The "favorable reaction of the overwhelming majority of class members to the Settlement is perhaps the most significant factor in [the] *Grinnell* inquiry," and accordingly strongly supports

---

[1] All capitalized terms not otherwise defined herein shall have the meanings provided in the Stipulation of Settlement (ECF No. 73-1).  Additionally, citations are omitted and emphasis is added unless otherwise noted.

a finding that the Settlement is fair, reasonable, and adequate. *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 119 (2d Cir. 2005) ("*Visa*"); *see also In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 343 F. Supp. 3d 394, 410 (S.D.N.Y. 2018) *aff'd, In re Facebook Inc.*, 822 F. App'x 40 (2d Cir. 2020) ("The overwhelmingly positive reaction–or absence of a negative reaction–weighs strongly in favor of confirming the Proposed Settlement."); *In re Veeco Instruments Inc. Sec. Litig.*, No. 05 MDL 01695 (CM), 2007 WL 4115809, at *7 (S.D.N.Y. Nov. 7, 2007) ("The lack of objections provides effective evidence of the fairness of the Settlement.") (citation omitted). As the Second Circuit reasoned in *Visa*, "'[i]f only a small number of objections are received, that fact can be viewed as indicative of the adequacy of the settlement.'" 396 F.3d at 118 (citation omitted); *see also In re Bear Stearns Cos., Sec., Derivative & ERISA Litig.*, 909 F. Supp. 2d 259, 266-67 (S.D.N.Y. 2012) (the fact that "just two objections" to the settlement were made weighs strongly in favor of approval). The lack of objections from Settlement Class Members also supports approval of the Plan of Allocation. *See In re EVCI Career Colls. Holdings Corp. Sec. Litig.*, No. 05 Civ. 10240 (CM), 2007 WL 2230177, at *11 (S.D.N.Y. July 27, 2007) (noting that "[c]ourts… [should] consider the reaction of a class to a plan of allocation" and, where there are no objections, "the Plan of Allocation should be approved") (citation omitted); *Veeco*, 2007 WL 4115809, at *14 (that "not one class member has objected to the Plan of Allocation which was fully explained in the Notice of Settlement sent to all Class Members . . . supports approval of the Plan of Allocation").

Similarly, the lack of any requests for exclusion reflects the Settlement Class's approval of the Settlement and offers clear support for the Court's final approval thereof. *See, e.g.*, *Bear Stearns*, 909 F. Supp. 2d at 266-67 (noting the absence of significant exclusion requests weighs "strongly in favor of approval" where 115 requests for exclusion were received); *In re Am Int'l*

*Grp. Inc. Sec. Litig.*, No. 04 Civ. 8141(DAB), 2010 WL 5060697, at *2 (S.D.N.Y. Dec. 2, 2010), *aff'd*, 452 F. App'x. 75 (2d Cir. 2012) (noting the "extremely positive" reaction to the settlement where there were "only 105 requests for exclusion received, out of which 61 were timely and valid").

        **b.**    **The Reaction of the Settlement Class Strongly Supports Awarding the Requested Attorneys' Fees, Litigation Expenses, and Costs and Expenses to Plaintiffs**

Additionally, Plaintiffs' Counsel respectfully submits that the absence of *any objections* to the requested fee award, Litigation Expense award, or award to Plaintiffs weighs strongly in favor of approval. *See, e.g.*, *Vaccaro v. New Source Energy Partners L.P.*, No. 15 CV 8954 (KMW), 2017 WL 6398636, at *8 (S.D.N.Y. Dec. 14, 2017) ("The fact that no class members have explicitly objected to these attorneys' fees supports their award.") (citation omitted); *In re Veeco Instruments Inc. Sec. Litig.*, No. 05 MDL 01695(CM), 2007 WL 4115808, at *10 (S.D.N.Y. Nov. 7, 2007) (reaction of class members to fee and expense requests "'is entitled to great weight by the Court'" and absence of any objections "suggests that [a] fee request is fair and reasonable") (citation omitted); *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, No. 02-CV-3400 (CM), 2010 WL 4537550, at *29 (S.D.N.Y. Nov. 8, 2010) (absence of objections to counsel's fee and expense request "attests to the approval of the Class" and supports approval).

**3.**    **Conclusion**

The absence of any objections or requests for exclusion demonstrates the Settlement Class's overwhelming support for the Settlement, the Plan of Allocation, and the application for an award of attorneys' fees, Litigation Expenses, and an award to Plaintiffs. For these reasons and as set forth in the previously submitted memoranda, Plaintiffs and Plaintiffs' Counsel respectfully submit that the Settlement represents an excellent result for the Settlement Class, that the proposed Plan of Allocation of Settlement proceeds is a fair and equitable method for distributing the Net

Settlement Fund, and that the requested attorneys' fees and litigation expenses, including Plaintiffs' expenses, are reasonable and should be awarded.

Dated: July 25, 2023

Respectfully submitted,

**KAPLAN FOX & KILSHEIMER LLP**

By: /s/ *Frederic S. Fox*
Frederic S. Fox
Donald R. Hall
800 Third Avenue, 38th Floor
New York, NY 10022
T: (212) 687-1980
F: (212) 687-7714
ffox@kaplanfox.com
dhall@kaplanfox.com

*Lead Counsel for Lead Plaintiff and the Class*

**ROBBINS GELLER RUDMAN & DOWD LLP**
/s/ *Samuel H. Rudman*
Samuel H. Rudman
Michael G. Capeci
58 South Service Road, Suite 200
Melville, NY  11747
T: (631) 367-7100
F: (631) 367-1173
srudman@rgrdlaw.com
mcapeci@rgrdlaw.com

**JOHNSON FISTEL, LLP**
Ralph M. Stone
1700 Broadway, 41st Floor
New York, NY  10019
T: (212) 292-5690
F: (212) 292-5680
ralphs@johnsonfistel.com

**JOHNSON FISTEL, LLP**
Michael I. Fistel, Jr.
40 Powder Springs Street
Marietta, GA  30064
T: (470) 632-6000

F: (770) 200-3101
michaelf@johnsonfistel.com

*Counsel for the State Court Plaintiff and the proposed Settlement Class*

## CERTIFICATE OF SERVICE

 I, DONALD R. HALL, hereby certify that on July 25, 2023, I authorized a true and correct copy of the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such public filing to all counsel registered to receive such notice.

            /s/ *Donald R. Hall*
            DONALD R. HALL