UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

IWA-FOREST INDUSTRY PENSION PLAN, Individually and on Behalf of All Others Similarly Situated,

                Plaintiff,

vs.

D-MARKET ELEKTRONIK HIZMETLER VE TICARET ANONIM ŞIRKETI a/k/a D MARKET ELECTRONIC SERVICES & TRADING d/b/a/ HEPSIBURADA, MEHMET MURAT EMIRDAĞ, HALIL KORHAN ÖZ, HANZADE VASFIYE, DOĞAN BOYNER, ERMAN KALKANDELEN, MEHMET EROL ÇAMUR, CEMAL AHMET BOZER, VUSLAT DOĞAN SABANCI, MUSTAFA AYDEMIR, TOLGA BABALI, COLLEEN A. DE VRIES, COGENCY GLOBAL INC., MORGAN STANLEY & CO. LLC, J.P. MORGAN SECURITIES LLC, GOLDMAN, SACHS & CO. LLC, BOFA SECURITIES INC., UBS SECURITIES LLC, and TURKCOMMERCE B.V.,

                Defendants.

---

Civil Action No. 1:21-cv-08634-PKC

CLASS ACTION

Honorable P. Kevin Castel

---

[PROPOSED] ORDER AWARDING ATTORNEYS' FEES AND EXPENSES AND AN AWARD TO PLAINTIFFS PURSUANT TO 15 U.S.C. §77z-1(a)(4)

This matter having come before the Court on August 1, 2023, on the motion of Plaintiffs' Counsel for an award of attorneys' fees and expenses and an award to Plaintiffs (the "Fee Motion"), the Court, having considered all papers filed and proceedings conducted herein, having found the Settlement of the Actions to be fair, reasonable and adequate, and otherwise being fully informed of the premises and good cause appearing therefore;

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that:

1. This Order incorporates by reference the definitions in the Stipulation of Settlement dated March 22, 2023 (the "Stipulation"), and all capitalized terms used, but not defined herein, shall have the same meanings as set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of this application and all matters relating thereto, including all Members of the Settlement Class who have not timely and validly requested exclusion.

3. Notice of Plaintiffs' Counsel's Fee Motion was given to all Settlement Class Members who could be located with reasonable effort. The form and method of notifying the Settlement Class of the Fee Motion met the requirements of Rule 23 of the Federal Rules of Civil Procedure and the Securities Exchange Act of 1933, as amended by the Private Securities Litigation Reform Act of 1995 (15 U.S.C. §77z-1(a)(7)), due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

4. No Settlement Class Member objected to the requested fee of 30% of the Settlement Amount.

5. The Court hereby awards Plaintiffs' Counsel attorneys' fees of ~~30~~ 25% [handwritten] of the Settlement Amount, plus expenses in the amount of $62,816.47, together with the interest earned /PK/

1

on both amounts for the same time period and at the same rate as that earned on the Settlement Fund until paid. The Court finds that the amount of fees awarded is fair, reasonable, and appropriate under the "percentage-of-recovery" method. The awarded attorneys' fees and expenses and interest earned thereon, shall be paid to Plaintiffs' Counsel immediately upon execution of the Final Judgment and this Order and subject to the terms, conditions, and obligations of the Stipulation, and in particular, ¶5.1 thereof, which terms, conditions, and obligations are incorporated herein.

6.  In making this award of fees and expenses to Plaintiffs' Counsel, the Court has considered and found that:

(a) the Settlement has created a fund of $13,900,000 in cash that is already on deposit, and numerous Settlement Class Members who submit, or have submitted, valid Proof of Claim and Release forms will benefit from the Settlement created by Plaintiffs' Counsel;

(b) 14,229 copies of the Notice were disseminated to potential Settlement Class Members indicating that Plaintiffs' Counsel would move for attorneys' fees in an amount not to exceed 30% of the Settlement Amount and for expenses in an amount not to exceed $150,000, plus interest on both amounts;

(c) Plaintiffs' Counsel expended substantial time and effort pursuing the Actions on behalf of the Class;

(d) Plaintiffs' Counsel pursued the Actions entirely on a contingent basis;

(e) the Actions involve complex factual and legal issues and, in the absence of settlement, would involve lengthy proceedings whose resolution would be uncertain;

(f) had Plaintiffs' Counsel not achieved the Settlement, there would remain a significant risk that the Settlement Class may have recovered less or nothing from the Defendants;

2

(g) public policy concerns favor the award of reasonable attorneys' fees and expenses in securities class action litigation; and

(h) the attorneys' fees and expenses awarded are fair and reasonable.

7. Pursuant to 15 U.S.C. §77z-1(a)(4), the Court awards $1,958.98 to Lead Plaintiff ~~and $1,500 to State Court Plaintiff~~ *it* for the time ~~they~~ spent directly related to their representation of the Settlement Class. *PKC*

8. Any appeal or any challenge affecting this Court's approval regarding the Fee Motion shall in no way disturb or affect the finality of the Judgment entered with respect to the Settlement.

9. In the event that the Settlement is terminated or does not become Final or the Effective Date does not occur in accordance with the terms of the Stipulation, this Order shall be rendered null and void to the extent provided in the Stipulation and shall be vacated in accordance with the Stipulation.

**IT IS SO ORDERED.**

DATED: 8-1-23

_____
THE HONORABLE P. KEVIN CASTEL
UNITED STATES DISTRICT JUDGE

3

## CERTIFICATE OF SERVICE

I, DONALD R. HALL, hereby certify that on July 25, 2023, I authorized a true and correct copy of the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such public filing to all counsel registered to receive such notice.

*s/ Donald R. Hall*
DONALD R. HALL

4